# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 24, 2021

The Honorable Maryellen Noreika                       <u>VIA ELECTRONIC FILING</u>
United States District Court
844 N. King Street
Wilmington, DE 19801

        Re:    *Bear Box LLC, et al. v. Lancium LLC, et al.*,
                <u>C.A. No. 21-534-MN</u>

Dear Judge Noreika:

      The parties write in response to the Court's direction that the parties confer on a proposed scheduling order. The parties disagree as to when the Court should enter a schedule. Each side states its position below. To comply with the Court's Order, however, the parties met and conferred on a proposed scheduling order (attached), consistent with the Court's form, deviating only in paragraph 7(c) (specifying that the maximum number of requests for admission do not include those related solely to authenticity), and paragraph 8 (which promises to inform the Court by a date certain as to whether claim construction will be necessary). Dates based on the Court's availability are requested in paragraphs 13 and 15.

<u>BearBox's Position</u>:

      Following the Court's order for the submission of a proposed scheduling order, the parties met and conferred and *agreed* on the attached schedule in which *all* issues in this case will be ready for trial in 15 months. During negotiation, Lancium initially proposed bifurcating the state law claims, a position it has seemingly abandoned.[1] Lancium now says it will move to dismiss BearBox's state law claims on the basis of preemption, an affirmative defense Lancium did not raise in its pleadings. Any such motion lacks merit at least because BearBox seeks damages under its state law claims, such as conversion, and damages are not an element of a claim to correct inventorship. Lancium's threatened motion is nothing but an attempt to stall discovery that might reveal the extent to which it has monetized its ill-gotten patent rights.

---

[1] Lancium acknowledges the Federal Circuit's holding that a plaintiff is entitled to a jury trial on inventorship when that claim presents factual disputes that overlap with a legal claim, but Lancium mischaracterizes that holding, suggesting that it is limited to fraud claims. Rather, a plaintiff is entitled to a jury trial to "determine the facts regarding inventorship" when those facts underlie both inventorship and *any* state law legal claim. *Shum v. Intel Corp.*, 499 F.3d 1272, 1278-79 (Fed. Cir. 2007). BearBox seeks damages for its legal claims, including conversion.

{01699247;v1 }

The parties can brief any motion Lancium may file while moving forward with discovery. For these reasons, BearBox respectfully asks that the Court enter the agreed-upon scheduling order, and let the case proceed. In view of the agreed proposed schedule, BearBox does not believe a scheduling conference is necessary, but if the Court wishes to discuss, we would be happy to appear for a conference. Should Lancium wish to move to modify the agreed schedule in the future for any reason, BearBox will attempt to reach a compromise and if we cannot agree, we will respond to Lancium's request at that time.

Lancium's Position:

This case is a narrow inventorship dispute about whether Lancium's '433 patent was based on Lancium's own work or a single email and several texts sent to Lancium's CEO by Plaintiff Austin Storms, the contents of which are predated by Lancium's own work. (D.I. 23 at pp. 27-32.) In addition to Counts I and II for correction of inventorship, Plaintiffs also allege conversion, unjust enrichment, and negligent misrepresentation (Counts III-V). The allegations in Counts III-V show that inventorship is essential to the resolution of these counts. *See* D.I. 19 at ¶ 61 (conversion: alleging Lancium's dominion over the BearBox Technology by claiming it in the '433 patent; unjust enrichment: alleging Lancium unlawfully used property by asserting inventorship over the BearBox Technology; negligent misrepresentation: alleging Lancium recklessly incorporated the BearBox Technology into a patent application). Because inventorship is essential to the resolution of these claims, they are preempted and should be dismissed. *See, e.g, Speedfit LLC v. Woodway USA, Inc.*, 226 F. Supp. 3d 149, 160 (E.D.N.Y. 2016) (dismissing conversion count because it "turn[ed] on a determination of inventorship").

The pleadings closed yesterday when Plaintiffs filed their Answer to Counterclaims early. Lancium plans to file a Rule 12(c) motion for judgment on the pleadings to dismiss Plaintiffs' conversion, unjust enrichment, and negligent misrepresentation counts early next week. This motion will be based on preemption and other legal deficiencies in these claims. If granted, the only remaining counts will be for correction of inventorship, to which no right to a trial by jury attaches. *See, e.g., MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989) ("section 256 [] explicitly authorizes judicial resolution of co-inventorship contests over issued patents"). While the Federal Circuit has held that commonality between an inventorship claim and a fraud claim required a trial by jury, *Shum v. Intel Corp.*, 499 F.3d 1272, 1279 (Fed. Cir. 2007), this is a different case without a fraud claim. And, in any event, Plaintiffs' other claims should be dismissed as preempted.[2]

Recognizing that it will take time to brief Lancium's motion and for the Court to decide it, Lancium proposes that the Court should allow the parties to continue discovery on the

---

[2] During the parties' meet and confer, Plaintiffs took the position that a jury trial is needed on all counts and a full schedule through trial should be entered now. Despite the fact that inventorship is an equitable issue, Plaintiffs contended that they have a right to a jury trial on inventorship because of factual issues in common with their conversion, unjust enrichment, and negligent misrepresentation counts. This factual commonality, however, only reinforces that Plaintiffs' conversion, unjust enrichment, and negligent misrepresentation claims are preempted by federal law and should be dismissed.

{01699247;v1 }

inventorship issue that has already begun and convene a scheduling conference after the Court's decision on Lancium's motion. Lancium believes this is the most efficient path forward.

  While Lancium believes considering and entering a scheduling order after a decision on its motion is the most efficient path forward, the parties met and conferred and jointly submit the proposed schedule attached to this letter. If the Court decides to issue a full scheduling order now, Lancium agrees to the attached scheduling proposal while reserving the right to seek to amend that schedule depending on the outcome of its motion. For instance, if inventorship is the only surviving claim, Counts I and II could and should be tried to the bench on an abbreviated schedule.

Respectfully,

*Andrew C. Mayo*

Andrew C. Mayo (#5702)

*Chad S.C. Stover*

Chad S.C. Stover (#4919)

ACM/nlm

cc: All Counsel of Record (via electronic mail)