IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 21-534-MN |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. | ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) |

## ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIMS

Plaintiffs/Counter-Defendants Bearbox LLC ("Bearbox") and Austin Storms ("Storms") (collectively "Plaintiffs" or "Counter-Defendants"), by and through their undersigned counsel, hereby answer the Amended Counterclaims of Defendants/Counter-Plaintiffs Lancium LLC ("Lancium"), Michael T. McNamara ("McNamara"), and Raymond E. Cline Jr. ("Cline") (collectively "Defendants" or "Counter-Plaintiffs"), as follows:

### INTRODUCTION

1. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis deny them.

2. Denied, the allegations in the Complaint are nothing more than an attempt by BearBox and Austin Storms to be given their fair share of the value created by Mr. Storms' invention.

3. Admitted.

4. Admitted that paragraph 4 accurately quotes portions of the incomplete, general description of the BearBox Technology provided in paragraph 30 of the Amended Complaint.

5. Admitted that paragraph 5 accurately quotes portions of the incomplete, general description of the BearBox Technology provided in paragraphs 28-29 of the Amended Complaint.

6. Admitted that the Amended Complaint alleges that Plaintiff Storms disclosed the BearBox Technology to Lancium, and that Lancium stole the technology, claimed it as its own, and received a patent on the BearBox Technology (the '433 Patent). Denied as to the remaining allegations of paragraph 6.

7. Denied.

8. Denied.

9. Denied.

10. Denied that the '632 application describes the BearBox Technology. Admitted that the '632 application states on its face that it was filed on February 13, 2018, and denied as to the remaining allegations of paragraph 10.

11. Denied.

12. Denied.

## PARTIES

13. Admitted.

14. Admitted.

15. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis deny them.

## JURISDICTION

16. Admitted.

17. Admitted that this Court has personal jurisdiction over BearBox and Storms for purposes of this Action.

18. Admitted that venue is proper for purposes of this Action.

19. Admitted.

## LANCIUM IS THE TRUE INNOVATOR IN THIS FIELD

20. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis deny them.

21. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and on that basis deny them.

22. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis deny them.

23. Admitted that Lancium was wrongfully issued the '433 Patent. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 23, and on that basis deny them.

24. Admitted that Lancium was wrongfully issued the '433 Patent. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24, and on that basis deny them.

25. Admitted that International Application Number PCT/US2018/017950 states on its face that it was filed on February 13, 2018 and published on July 18, 2019. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 25, and on that basis deny them.

26. Admitted that Paragraph 26 contains an accurate quotation of ¶ [0022] of the '632 application. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 26, and on that basis deny them.

27. Denied.

28. Admitted that the '632 Application purports to claim priority to the '348 Provisional, which purportedly was filed on Jan. 11, 2018. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 28, and on that basis deny them.

29. Admitted that the '632 Application on its face lists David Henson, Michael McNamara, and Raymond Cline as inventors. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 29, and on that basis deny them.

30. Admitted.

31. Denied.

32. Denied.

33. Admitted that the '632 application was purportedly filed on or about February 13, 2018.

34. Admitted that the '632 application was purportedly filed on or about February 13, 2018, and that the '348 Provisional was purportedly filed on or about January 11, 2018. Admitted that Storms conceived the BearBox Technology in late 2018, but denied as to the remaining allegations set forth in Paragraph 34.

35. Admitted that the '632 application was purportedly filed on or about February 13, 2018, and that the '348 Provisional was purportedly filed on or about January 11, 2018. Denied that the '632 application or '348 Provisional discloses the BearBox Technology, which includes the subject matter claimed in the '433 Patent. Admitted that Storms met McNamara in May 2019, and that Storms disclosed the BearBox Technology to McNamara. Denied as to any remaining allegations set forth in Paragraph 35.

36. Counter-Defendants at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and on that basis deny them.

## AUSTIN STORMS PROVIDED NOTHING OF VALUE TO LANCIUM

37. Admitted that Austin Storms met Michael McNamara at the Conference. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 37, and on that basis deny them.

38. Admitted.

39. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and on that basis deny them.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Denied.

45. Denied.

46. Admitted.

47. Counter-Defendants admit that text messages between Storms and McNamara are attached to the Amended Answer and Counterclaims as Exhibit C.

48. Admitted.

49. Counter-Defendants admit that Storms sent McNamara an email dated May 9. 2019.

50. Counter-Defendants admit that a copy of an email from Storms to McNamara is attached as Exhibit D.

51. Denied.

52. Admitted that Mr. Storms provided proprietary modeled data that he personally compiled and manipulated the modeled data.

53. Denied, Mr. Storms personally compiled and manipulated the modeled data.

54. Denied.

55. Defendants at present are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55, and on that basis deny them.

56. Denied that Lancium did not use the materials sent by Storms. Admitted that Lancium stopped communicating with Storms after May 9, 2019. Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 56, and on that basis deny them.

57. Denied.

58. Denied.

## THE BEARBOX TECHNOLOGY WAS OLD NEWS TO LANCIUM

59. Admitted that Storms conceived of the BearBox technology, for which an incomplete, general description was provided in the Complaint, and which was improperly incorporated into the '433 patent by Lancium.

60. Admitted that an incomplete, general description of the BearBox Technology is provided in the Complaint.

61. Admitted that paragraph 61 accurately quotes portions of the incomplete, general description of the BearBox Technology provided in the Complaint. Denied that the '632 application discloses the BearBox Technology. Further admitted that paragraph 61 accurately quotes portions of the '632 application. With respect to any remaining allegations in paragraph 61, denied.

62. Denied that the '632 application uses the term "energy-efficient" or "cryptocurrency mining systems" to refer to its claimed invention in paragraph [0027] or claims 1-34. Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 62, and on that basis deny them.

63. Admitted that the '632 application uses phrases such as "mining" and "operations" in paragraphs [0020], [0021], and [0022]. Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 63, and on that basis deny them.

64. Denied.

65. Denied.

66. Admitted that paragraph 66 accurately quotes portions of the incomplete, general description of the BearBox Technology provided in the Complaint. Denied that the '632 application discloses the BearBox Technology. Further admitted that Paragraph 66 accurately quotes portions of the '632 application. With respect to any remaining allegations in Paragraph 66, denied.

67. Denied.

68.     Admitted that the '632 application uses words and phrases such as "graphics processing units" and "ASICs" at paragraphs [0023] and [0024]. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 68, and on that basis deny them.

69.     Denied.

70.     Denied that the Abstract of the '632 application uses the words "cooling" or "air filtration" to describe any components. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 70, and on that basis deny them.

71.     Denied.

72.     Denied.

73.     Admitted that Paragraph 33 of the Complaint alleges that Storms sent McNamara annotated system diagrams, component specifications, and modeled data sets to mimic real-world Bitcoin and energy prices. Denied that the Complaint does not allege that Storms sent any additional information to McNamara.

74.     Admitted that Storms sent Defendant McNamara text messages on May 3, 2019 and May 9, 2019, and that those text messages are attached to the Amended Answer and Counterclaims as Exhibit C. Counter-Defendants deny the remaining allegations set forth in Paragraph 74.

75.     Admitted that Storms sent McNamara an email dated May 9, 2019 which included the following attachments: a two-page PDF entitled BearBox Product Details Summary v1, an Excel spreadsheet containing proprietary modeling data generated by Mr. Storms, two publically available third-party "spec" sheets for commercially available air filters, and a

publically available third-party "spec" sheet for a commercially available exhaust fan. With respect to any remaining allegations, denied.

76. Admitted that Paragraph 76 accurately lists some of the attachments to Mr. Storms email dated May 9, 2019. Denied that the '632 application discloses the BearBox Technology. Further admitted that paragraph 76 accurately quotes portions of the '632 application. With respect to any remaining allegations in paragraph 76, denied

77. Admitted that the '632 application uses the words "miner" and "climate control system." Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 77, and on that basis deny them.

78. Admitted that the '632 application uses the phrase "monitoring unutilized behind-the-meter power availability." Denied that the '632 Application refers to "commands." Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 78, and on that basis deny them.

79. Admitted that the '632 application uses the words "control system" and "power delivery to one or more computing systems" and "changed conditions." Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 79, and on that basis deny them.

80. Denied.

81. Admitted.

82. Denied.

## COUNT I - DECLARATORY JUDGMENT:
## AUSTIN STORMS IS NOT AN INVENTOR OF THE '433 PATENT

83. Defendants incorporate each of their responses to Compl. ¶¶ 1-82 as though fully set forth herein.

84. Admitted that there is an actual controversy between Lancium and both BearBox and Storms regarding inventorship of the '433 Patent, which relates to methods and systems for adjusting power consumption based on power option agreements, and that the '433 Patent is assigned to Lancium, LLC. Denied that the subject matter claimed in the '433 Patent was invented by Michael T. McNamara and Raymond E. Cline, Jr.

85. Denied that Storms (1) is properly not named as an inventor of the '433 Patent (2) did not contribute to, or collaborate with Messrs, McNamara and Cline in any way in the conception of the inventive subject matter claimed in the '433 Patent, and (3) did not reduce to practice (actually or constructively) the inventive subject matter claimed in the '433 Patent.

86. Denied that Lancium is the proper owner of the subject matter claimed in the '433 Patent. With respect to any remaining allegations in Paragraph 86, admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted that Counts 4 through 7 are predicated on McNamara, Cline, and Lancium's misappropriation of the BearBox Technology, Lancium's unauthorized use of the BearBox Technology and related materials, and/or Lancium's incorporation of the BearBox Technology into the '433 Patent. With respect to any remaining allegations in Paragraph 90, denied.

91. Admitted.

92. Denied that BearBox and Storms are both currently disparaging the inventorship of the '433 Patent. Admitted that an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 and that this Court is vested with the power to declare the rights, status, and other legal relations of the parties to this action with reference to the inventorship issues raised by Counter-Defendants in the Complaint, and to clarify and settle those issues. Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 92, and on that basis deny them.

93. Denied.

### DEFENDANTS/COUNTER-PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs/Counter-Defendants' deny that Defendants/Counter-Plaintiffs' are entitled to any of its requested relief.

### COUNT II - DECLARATORY JUDGMENT:
### BEARBOX HAS NO OWNERSHIP RIGHTS IN THE '433 PATENT

94. Counter-Defendants incorporate each of their responses to Compl. ¶¶ 1-93 as though fully set forth herein.

95. Admitted that there is an actual controversy between Lancium and both BearBox and Storms regarding inventorship of the '433 Patent, which relates to methods and systems for adjusting power consumption based on power option agreements, and that the '433 Patent is assigned to Lancium, LLC. Denied that the subject matter claimed in the '433 Patent was invented by Michael T. McNamara and Raymond E. Cline, Jr.

96. Denied.

97. Denied that Lancium is the proper owner of the subject matter claimed in the '433 Patent. Counter-Defendants admit that Lancium improperly owns all rights, title, and interest to the '433 Patent. As to any remaining allegations of Paragraph 97, denied.

98. Admitted.

99. Denied that Paragraph 99 sets forth all facts relevant to Counter-Defendants' conversion claim. As to the remaining allegations of Paragraph 99, admitted.

100. Admitted that Counts 4 and 5 are predicated on McNamara, Cline, and Lancium's misappropriation of the BearBox Technology, the unauthorized use of the BearBox Technology and related materials, and/or the incorporation of the BearBox Technology into the '433 Patent. With respect to any remaining allegations in Paragraph 100, denied.

101. Admitted.

102. Admitted that BearBox and Storms are both disputing the proper ownership of the '433 Patent and that an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 and that this Court is vested with the power to declare the rights, status, and other legal relations of the parties to this action with reference to the inventorship issues raised by Counter-Defendants in the Complaint, and to clarify and settle those issues. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 102, and on that basis deny them.

### DEFENDANTS/COUNTER-PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs/Counter-Defendants' deny that Defendants/Counter-Plaintiffs' are entitled to any of its requested relief.

### COUNT III - DECLARATORY JUDGMENT: THAT LANCIUM, MCNAMARA, AND CLINE DID NOT STEAL OR OTHERWISE IMPROPERLY OBTAIN OR USE ANY INFORMATION FROM BEARBOX AND STORMS

103. Counter-Defendants incorporate each of their responses to Compl. ¶¶ 1-102 as though fully set forth herein.

104. Admitted.

105. Admitted that the Complaint at paragraphs 25-31 provides an incomplete, general description of the "inventions" and materials actually stolen from BearBox and Storms by Lancium, McNamara, and Cline.

106. Denied.

107. Denied.

108. Denied.

109. Counter-Defendants admit there is an actual controversy between the parties at least for the reasons set forth in the Complaint.

110. Admitted that (1) BearBox and Storms are both currently asserting that Lancium, McNamara, and Cline have stolen technology and confidential information in an unauthorized manner and (2) this Court has jurisdiction to decide and the power to declare the rights, status, and other legal relations of the parties to this action with reference to the theft issues raised by BearBox and Mr. Storms in the Complaint, and to clarify and settle those issues. Counter-Defendants at present are without knowledge or information sufficient to form a belief as to the truth of whether these allegations adversely affects Lancium's business, and on that basis deny them.

## DEFENDANTS' PRAYER FOR RELIEF

Plaintiffs/Counter-Defendants' deny that Defendants/Counter-Plaintiffs' are entitled to any of its requested relief.

## AFFIRMATIVE AND OTHER DEFENSES

As further, separate defenses to the Amended Counterclaims, without assuming the burden of proof of any such defense that rests with Counterclaim Plaintiffs', Plaintiffs/Counter-Defendants' assert the following defenses, reserving the right to assert additional defenses when they become appropriate:

### First Affirmative Defense
### (Failure to State a Claim - Counts I and II)

Counter-Plaintiffs' Counts I and II fail to state a claim to declare that Austin Storms should not be named as the sole inventor of, in the alternative a joint inventor of, the '433 patent at least because:

    A.    The alleged BearBox Technology was solely conceived of and reduced to practice by Mr. Storms; and

    B.    Mr. Storm's BearBox Technology is improperly claimed as subject matter in the '433 patent.

### Second Affirmative Defense
### (Failure to State a Claim - Count III)

Counter-Plaintiffs' Counts III fails to state a claim to declare Lancium, McNamara, and Cline did not steal or otherwise improperly obtain or use any information from Bearbox and Storms at least because:

    A.    Lancium, McNamara, and Cline did steal and/or otherwise improperly obtain and use the Bearbox Technology developed by Mr. Storms; and

    B.    Lancium, McNamara, and Cline did improperly claim the Bearbox Technology developed by Mr. Storms as subject matter in the '433 patent.

### Third Affirmative Defense
### (Equitable Defenses)

Counter-Plaintiffs' Counts I through III are barred, in whole or in part, by laches, equitable estoppel, estoppel, implied license, waiver, ratification, acquiescence, unclean hands, and/or other related equitable doctrines.

## RESERVATION OF DEFENSES

Counter-Defendants reserve the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

## JURY TRIAL DEMANDED

Counter-Defendants respectfully requests a trial by jury on all issues so triable.

ASHBY & GEDDES

/s/ Andrew C. Mayo

Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

*Of Counsel:*
Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated:  July 16, 2021