# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS,<br><br>  Plaintiffs,<br><br>  v.<br><br>LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR.,<br><br>  Defendants. | C.A. No. 21-534-MN |

## DEFENDANTS LANCIUM LLC, MICHAEL T. MCNAMARA, AND RAYMOND E. CLINE, JR.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Chad S.C. Stover (No. 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*

Of Counsel:

Mark C. Nelson (admitted pro hac vice)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
E-mail:  mark.nelson@btlaw.com

Adam M. Kaufmann (admitted pro hac vice)
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Tel: (312) 214-8419
Email: adam.kaufmann@btlaw.com

Dated: July 30, 2021

# **TABLE OF CONTENTS**

Page

I. Introduction ................................................................................................................... 1

II. Plaintiffs' State Law Claims Are Preempted By Federal Patent Law ............................... 1

    A. Because Plaintiffs' State Law Claims Require A Determination Of Inventorship, They Are Preempted ............................................................................ 1

    B. Plaintiffs' State Law Claims Seek Patent-Like Protection And Arise Under Federal Patent Law ............................................................................................. 3

    C. State Law Claims Need Not Be Based On Acts Of Patent Infringement To Be Preempted ........................................................................................................ 4

    D. Plaintiffs' Attempts to Distinguish Defendants' Voluminous Case Law Supporting Preemption Fail ................................................................................ 5

III. Plaintiffs' State Law Claims Fail For Additional Reasons ............................................... 8

    A. Plaintiffs' Conversion Claim Fails As A Matter Of Law ...................................... 8

    B. Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law ........................... 9

    C. Plaintiffs' Negligent Misrepresentation Claim Fails As A Matter Of Law ............ 10

    D. Factual Disputes Do Not Preclude Judgment On The Pleadings .......................... 10

IV. Conclusion ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                          Page(s)

*Andretti Sports Mktg. Louisiana, LLC v. NOLA Motorsports Host Comm., Inc.*,
    No. 15-2167, 2015 WL 13540096 (E.D. La. Dec. 2, 2015) ........................................................9

*BASF Agrochemical Prods. v. Unkel*,
    No. 05-1478, 2006 WL 3533133 (W.D. La. Dec. 7, 2006) ........................................................8

*Brand Coupon Network, LLC v. Catalina Mktg. Corp.*,
    No. 11-00556, 2014 WL 6674034 (M.D. La. Nov. 24, 2014) ....................................................8

*Bunge Corp. v. GATX Corp.*,
    557 So.2d 1376 (La. 1990) ......................................................................................................10

*Core Wireless Licensing S.a.r.l. v. Apple Inc.*,
    No 12-100, 2015 WL 4775973 (E.D. Tex. Aug. 11, 2015) ....................................................4, 7

*Dow Chem. Co. v. Exxon Corp.*,
    139 F.3d 1470, 1473, 1477-78 (Fed. Cir. 1998) .......................................................................3

*Dorsey v. Money Mack Music, Inc.*,
    304 F. Supp. 2d 858 (E.D. La. 2003) ........................................................................................8

*Endotech USA v. Biocompatibles Int'l PLC*,
    No. 00-0957, 2000 WL 1594086 (E.D. La. Oct. 24, 2000) ....................................................8, 9

*Filmtec Corp. v. Allied-Signal Inc.*,
    939 F.2d 1568 (Fed. Cir. 1991) .................................................................................................8

*Hall v. Habul*,
    No. 2014 WL 2441177 (M.D. La. May 30, 2014) ....................................................................9

*HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*,
    600 F.3d 1347 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) .......................5

*Holland v. Holland*,
    539 So. 2d 1011 (La. Ct. App. 1989) ........................................................................................9

*James v. J2 Cloud Services*,
    No. 16-5769, 2018 WL 6092461 (C.D. Cal. Nov. 19, 2018) ....................................................7

*Mabile v. BP, p.l.c.*,
    2016 WL 5231839 (E.D. La. Sept. 22, 2016) ..................................................................8, 9, 10

*OptoLum, Inc. v. Cree, Inc.*,
    244 F. Supp. 3d 1005 (D. Az. 2017) ................................................................................4, 6, 7

*Orx Res., Inc. v. Autra*,
   No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009) ....................................................... 9

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*
   475 So. 2d 756 (La. 1985) ....................................................................................................... 9

*Richard v. Wal-Mart Stores, Inc.*,
   No. 06-1452, 2007 WL 855357 (W.D. La. Mar. 16, 2007) ...................................................... 9

*South Central Bell Telephone Co. v. Barthelemy*
   643 So. 2d 1240 (La. 1994) ..................................................................................................... 9

*Speedfit LLC v. Woodway USA, Inc*
   226 F. Supp. 3d 149 (E.D.N.Y. 2016) .............................................................................. 1, 4, 6

*Tavory v. NTP, Inc.*,
   297 F. App'x 976 (Fed. Cir. 2008) ....................................................................................... 5, 6

*Tracer Prot. Servs., Inc. v. Burton*,
   No. 2015-0215, 2015 WL 5515793 (La. Ct. App. 2015) ......................................................... 8

*United States v. Cytogel Pharma, LLC*,
   No. 16-13987, 2018 WL 5297753 (E.D. La. Oct. 25, 2018) ............................................... 9, 10

*Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*,
   196 F.3d 1366 (Fed. Cir. 1999) ................................................................................................ 3

*Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*
   342 F.3d 1298 (Fed. Cir. 2003) ................................................................................................ 5

*Walters v. MedSouth Rec. Mgmt., LLC*,
   38 So. 3d 241 (La. 2010) ......................................................................................................... 9

iii

**I.     INTRODUCTION**

Despite their heavy-handed rhetoric, Plaintiffs' opposition brief glaringly avoids focusing on the actual allegations of their state law claims. This is because, as set forth in Defendants' opening brief, these claims as-pled are clearly preempted by federal patent law, and also fail as a matter of law for additional reasons. None of the arguments Plaintiffs make in their opposition have merit. Thus, Plaintiffs state law claims should be dismissed.

**II.    PLAINTIFFS' STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL PATENT LAW**

As explained in *Speedfit LLC v. Woodway USA, Inc*, "a state law claim that either seeks 'patent-like' protections not provided by federal patent law, or turns on a determination of inventorship, is preempted by federal patent law." 226 F. Supp. 3d 149, 160 (E.D.N.Y. 2016). Here, Plaintiffs' state law conversion, unjust enrichment, and negligent misrepresentation claims do both. All three claims are premised on Plaintiffs' alleged right to ownership of the '433 patent, which requires a determination of inventorship of that patent. Moreover, Plaintiffs' opposition brief acknowledges that their state law claims seek damages for Defendants' having allegedly "manufactured, and derived value from, a monopoly to which they are not entitled." D.I. 42 ("Opp. Br.") at 9. Thus, by seeking damages based on money Defendants have made due to a purported "monopoly" obtained via the '433 patent, Plaintiffs' state law claims seek patent-like protection. Plaintiffs' opposition does not meaningfully dispute these two core issues, but instead makes a series of red herring arguments in an attempt to sidestep the true issues.

**A.     Because Plaintiffs' State Law Claims Require A Determination Of Inventorship, They Are Preempted**

Plaintiffs first assert, without explanation, that their state law claims do not "require an inventorship determination for the '433 patent." Opp. Br. at 4. But each of these claims clearly do

1

require a determination of inventorship. Indeed, the first allegation in the Amended Complaint asserts "[t]his case is about the Defendants' theft of *inventions* that rightfully belong to Plaintiffs,"[1] D.I. 19 ¶ 1, and each of the state law claims expressly "incorporate" the allegations from Plaintiffs' correction of inventorship claims. D.I. 19 ¶¶ 59, 63, 70.

Moreover, the specific allegations in these claims repeatedly emphasize that they are based on Storms' alleged inventorship or co-inventorship of the '433 patent. For example, Plaintiffs' conversion claim alleges that "Defendants assumed dominion and control over the BearBox Technology *by claiming it as their own in the '433 patent*," and "[t]hrough their wrongful conduct *in obtaining the '433 Patent* and claiming the BearBox Technology as their own, the Defendants have wrongfully obtained the purported ability to exclude Plaintiffs and others from using the BearBox Technology." D.I. 19 at ¶ 61. And Plaintiffs pled that their alleged harm from this purported conversion is "losing valuable intellectual property from which Plaintiffs would have derived substantial revenue via licensing and/or selling *patented* products." *Id.* ¶ 62. But Plaintiffs could only have lost the ability to license or practice the '433 patent if Storms is an inventor of it.

Likewise, Plaintiffs' unjust enrichment claim asserts that "Defendants have been and continue to be unjustly enriched by profiting from their wrongful conduct[,] *[i]n particular, Defendants have unlawfully used Plaintiffs' property by asserting inventorship* over the BearBox Technology, and deriving an unjust benefit from exploiting Storms' cryptocurrency mining *inventions*" D.I. 19 ¶ 67. And their alleged harm is "loss of money and property as a result of Defendants' *wrongful use of Plaintiffs' intellectual property, including the right to any patent* based on their own intellectual property." *Id.* ¶ 68. Plaintiffs' negligent misrepresentation claim is explicitly based on Defendants allegedly "incorporating *the BearBox Technology into*

---

[1] All emphases added unless otherwise noted.

2

*[McNamara's] own patent applications and swearing*, as recently as December 4, 2019 [the filing date of the '433 patent], *that he is an inventor of the BearBox Technology*." D.I. 19 ¶ 71. Plaintiffs' opposition brief does not address any of these allegations—it completely ignores them.

Plaintiffs do admit, however, that conflict preemption―which applies here―"preempts a state law cause of action where it is based on 'conduct that is protected or governed by federal patent law.'" Opp. Br. at 6 (quoting *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998)). And the Federal Circuit has made clear that federal patent law governs the issue of inventorship. *See Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999). Thus, Plaintiffs' state law claims, which require a determination of inventorship, are preempted.

**B.   Plaintiffs' State Law Claims Seek Patent-Like Protection And Arise Under Federal Patent Law**

Plaintiffs next mischaracterize Federal Circuit precedent in asserting that "[a] state tort claim that requires 'adjudicate[ion] [sic] of federal patent law' is not preempted where it requires proof of different elements and provides for different remedies than a claim under federal patent law, as long as the claim 'is not an impermissible attempt to offer patent-like protection.'" Opp. Br. at 5 (quoting *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1473, 1477-78 (Fed. Cir. 1998)). As an initial matter, courts routinely find claims for conversion, unjust enrichment, and other state law causes of action with different elements than patent infringement (and seeking damages like Plaintiffs seek here) to be preempted. *See* D.I. 33 at 7-13. Moreover, *Dow Chemical*, which did not concern state law claims premised on alleged inventorship, does not support Plaintiffs' assertion. *Id.* at 1473. Rather, *Dow Chemical* notes, "it is well established that a state court has authority to adjudicate patent questions so long as the action itself ***does not arise under the patent laws***." *Id.* at 1475. This is significant because "[a] claim arises under federal patent law where 'the

3

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, including that of inventorship[.]'" *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1014 (D. Az. 2017) (quoting *Brown v. Frank*, No. 2011-0039, 2011 WL 5137186, at *6 (Ariz. Ct. App. Oct. 31, 2011)).[2]

In addition, Plaintiffs' state law claims do seek "patent-like protection" by seeking as damages the money that Defendants have earned through their ownership of the '433 patent (*i.e.*, the benefit Defendants have earned through their patent protection). *See, e.g.*, *Speedfit*, 226 F. Supp. 3d at 160; *Core Wireless Licensing S.a.r.l. v. Apple Inc.*, No 12-100, 2015 WL 4775973, at *4 (E.D. Tex. Aug. 11, 2015). Indeed, Plaintiffs' opposition brief does not identify (nor does the Amended Complaint plead) any alleged damages unrelated to ownership of the '433 patent.

### C. State Law Claims Need Not Be Based On Acts Of Patent Infringement To Be Preempted

Plaintiffs next assert their state law claims are not preempted because these claims "are not based on acts of patent infringement, but are based on acts of misappropriating documents and information." Opp. Br. at 6-7. This assertion again ignores Plaintiffs' allegations. Plaintiffs have not made any allegation that Defendants copied verbatim any information provided by Storms into the '433 patent; nor have they pled any harm due to the public disclosure of confidential information. Indeed, Plaintiffs point to no allegations in the Amended Complaint for their assertion that their state law claims are "based on acts of misappropriating documents and information." Rather, their claims are based on the alleged right to ownership of the '433 patent due to Storms' alleged inventorship. D.I. 19 ¶¶ 61-62, 67-68, and 71-73.

This distinguishes *University of Colorado Foundation, Inc. v. American Cyanamid Co.* and

---

[2] For this same reason, Plaintiffs' suggestion that their state law claims do not "arise under" federal patent law because determining inventorship is not "a necessary element of the claim[s]" is also meritless. *See* Opp. Br. at 5-6.

4

renders it inapposite. There, the court found the plaintiff's unjust enrichment claim, which was based on the defendant's "copying significant portions" of a confidential manuscript into a patent, was not preempted because it did not seek to enforce patent rights but rather sought "to remedy the breach of a contract implied in law for disclosure of their confidential manuscript in exchange for a promise not to disseminate the idea without the [authors'] consent." *Univ. of Colo. Found., Inc. v. Am. Cyanamid*, 342 F.3d 1298, 1306-07 (Fed. Cir. 2003). That claim was based on explicit copying and public disclosure of confidential information. Here, however, Plaintiffs' claims are based solely on Storms' alleged inventorship of the '433 patent.

In addition, unlike here, the plaintiff's unjust enrichment claim in *University of Colorado* did not require a determination of inventorship to determine liability—the determination of inventorship was relevant only to damages. Thus, inventorship was not a dispositive issue. It is therefore distinguishable from *Tavory v. NTP, Inc.*, a later Federal Circuit decision, which found preemption of an unjust enrichment claim because "the dispositive issue is [plaintiff]'s alleged co-inventorship, which is governed exclusively by federal patent law." 297 F. App'x 976, 984 (Fed. Cir. 2008). Likewise, because liability on the *University of Colorado* plaintiff's claims was not dependent on the determination of inventorship, the state law claims—unlike here—did not define rights based on inventorship. *See HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) (explaining that the Federal Circuit "has held that 'the field of federal patent law preempts any state law that purports to define rights based on inventorship.'") (quoting *Univ. of Colo.*, 196 F.3d at 1372).

### D. Plaintiffs' Attempts to Distinguish Defendants' Voluminous Case Law Supporting Preemption Fail

Finally, Plaintiffs assert that the case law cited in Defendants' opening briefing finding preemption of state law claims that required a determination of inventorship is inapposite. Not so.

5

As an initial matter, Plaintiffs do not meaningfully dispute that state law claims premised on co-inventorship of the '433 patent are preempted. *See* Opp. Br. at 7. Indeed, they recognize that the Federal Circuit in *Tavory* held that state law claims based on the plaintiff's alleged co-inventorship of the patents-at-issue were preempted. *Id.* at 8; *Tavory*, 297 Fed. App'x at 982-84.

Plaintiffs' attempts to distinguish Defendants' case law finding preemption of state law claims premised on the complete substitution of inventors (as opposed to addition or deletion of inventors) are also meritless. For example, Plaintiffs' assertion that *Speedfit* and *OptoLum* are distinguishable because "the plaintiff was already a patent owner, bringing both a patent infringement claim, as well as state law claims for damages based on the same actions" is wrong and irrelevant. Opp. Br. at 8-9. In *Speedfit*, the plaintiff's patent infringement claims were dismissed and the court did not base its preemption finding on these claims. 226 F. Supp. 3d at 157. Moreover, the court explained that "according to controlling precedent, a state law claim that either seeks 'patent-like' protections not provided by federal patent law, or turns on a determination of inventorship, is preempted by federal patent law." *Id.* at 160. It then found the "plaintiffs' conversion claim is both 'patent-like' in nature, and also turns on a determination of inventorship regarding the manually-powered treadmill design at issue." *Id.* This was because, just as Storms' claims are based upon his alleged inventorship and ownership of the '433 patent, there the "plaintiffs' assertion of ownership over the subject matter of the Woodway Patents … underlies their claim of conversion and clearly turns on a determination of inventorship." *Id.* Likewise, the plaintiffs' claims sought "patent-like" protection because "the damages that plaintiffs' assert, in particular the 'loss of value of the Patents-in-Suit and the revenues derived from licenses to that property,' essentially restate the infringement claim for which patent law would provide a remedy if warranted." *Id.* Similarly, Plaintiffs' state law claims here seek damages for loss of value of the

6

'433 patent and licensing revenue derived therefrom. *See* D.I. 19 ¶¶ 62, 68, 73.

In *OptoLum*, the court also did not base its finding of preemption on co-pending infringement claims. Indeed, the court explained that "[b]ecause OptoLum's unjust enrichment claim depends on the determination that OptoLum, not Cree, invented the LED technology at issue here, the claim is preempted by federal patent law." 244 F. Supp. 3d at 1014. Moreover, in *OptoLum* the plaintiff only asserted infringement of patents it already owned. *Id*. at 1008. That is, not patents implicated by its unjust enrichment claim.

Plaintiffs' attempt to distinguish *James v. J2 Cloud Services,* No. 16-5769, 2018 WL 6092461 (C.D. Cal. Nov. 19, 2018) also fails. Although *James* mentions that the state law claim there "would not be preempted if it were not based on plaintiff's assertion of intellectual property rights," *id.* at *5, here Plaintiffs have not pled any basis for their claims that is not based on intellectual property rights. Like in *James*, Plaintiffs' claims are all based on assertions that Storms is the true inventor of the '433 patent. *See id.* at *6 ("Plaintiff's conversion claim is preempted by federal patent law because it is entirely based on plaintiff's claim that he is the rightful inventor and owner of the '638 Patent."). Indeed, despite insinuating in their brief that Plaintiffs seek damages unrelated to the '433 patent—and despite failing to identify any supporting allegations in the Amended Complaint—they have objected to any discovery "to the extent it asks for information regarding technology by the Plaintiffs that is not subject matter claimed in the '433 Patent." Ex. 1 (Interrogatory Responses) at 5-7, 16, 18. Further, Plaintiffs' attempt to distinguish *Core Wireless* is also meritless. Although *Core Wireless* did not concern claims of incorrect inventorship, the plaintiff's unjust enrichment claim was preempted because it sought "patent-like" damages. 2015 WL 4775973 at *4. Here, Plaintiffs do the same because their state law claims seek as damages the money that Defendants made by virtue of the ownership of the '433 patent.

For the foregoing reasons and those in Defendants' opening brief, Plaintiffs' state law claims are preempted by federal patent law and should be dismissed.

## III. PLAINTIFFS' STATE LAW CLAIMS FAIL FOR ADDITIONAL REASONS

Even if Plaintiffs' state law claims were not preempted—which they are—these claims still fail as a matter of law, and Plaintiffs' arguments to the contrary are meritless.

### A. Plaintiffs' Conversion Claim Fails As A Matter Of Law

Despite their argument to the contrary, Plaintiffs' conversion claim as-pled is based solely on Defendants' alleged misappropriation of Plaintiffs' intellectual property. *See* D.I. 19 ¶¶ 61-62. Louisiana law does not recognize conversion of intangible, intellectual property. *See, e.g.*, *Tracer Prot. Servs., Inc. v. Burton*, No. 2015-0215, 2015 WL 5515793, at *6 (La. Ct. App. 2015); *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 866 (E.D. La. 2003) ("[T]he torts of conversion and trespass relate to interference with tangible rather than intangible property."); *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, No. 11-00556, 2014 WL 6674034, at *6 (M.D. La. Nov. 24, 2014) ("[C]onversion requires unlawful interference with ***chattel***.") (emphasis in original); *BASF Agrochemical Prods. v. Unkel*, No. 05-1478, 2006 WL 3533133, at *7 (W.D. La. Dec. 7, 2006) (explaining that in Louisiana, chattel "is deemed 'corporeal movable' property"). The Federal Circuit has also explained that "[i]ntellectual property is the most intangible form of property." *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1572 n.5 (Fed. Cir. 1991).

Plaintiffs' cited case law, which predates most of Defendants' cited cases, is also inapposite. In *Mabile v. BP, p.l.c.*, 2016 WL 5231839 (E.D. La. Sept. 22, 2016), the court explicitly stated that "it does not need to determine at this time whether a purely intangible property right may be converted under Louisiana law." *Id.* at *22. Similarly, in *Endotech* the plaintiff alleged conversion of physical documents. *Endotech USA v. Biocompatibles Int'l PLC*, No. 00-0957, 2000

8

WL 1594086, at *10 (E.D. La. Oct. 24, 2000). And *Quealy v. Paine, Webber, Jackson & Curtis, Inc.* dealt with alleged conversion of a stock certificate (a quintessential example of an intangible right merging with a tangible document, as identified in Defendants' opening brief). 475 So. 2d 756, 760 (La. 1985). Finally, *South Central Bell Telephone Co. v. Barthelemy* did not address whether electronic files could be converted, rather it analyzed whether software was a "good" for purposes of the municipal tax code. 643 So. 2d 1240, 1246 (La. 1994).

###    B.    Plaintiffs' Unjust Enrichment Claim Fails As A Matter Of Law

Although Plaintiffs contend that "[a]t a minimum," their unjust enrichment claim survives because it has been pled in the alternative, Plaintiffs make no attempt to address the controlling case law from the Louisiana Supreme Court or the Fifth Circuit cited in Defendants' opening brief finding that unjust enrichment is not available if other legal theories are available. Rather, Plaintiffs cite to outdated cases, several of which have been found in conflict with subsequent precedent explaining that unjust enrichment cannot be pled in the alternative. *See United States v. Cytogel Pharma, LLC*, No. 16-13987, 2018 WL 5297753, at *16 (E.D. La. Oct. 25, 2018) (explaining that *McCullum v. McAlister's Corp. of Miss.*, No. 08-5050, 2010 WL 1489907, at *2 (E.D. La. Apr. 13, 2010) and *Mayer v. Lamarque Ford, Inc.*, No. 00-1325, 2001 WL 175232, at *2 (E.D. La. Feb. 16, 2001) "**are contrary to holdings of the Louisiana Supreme Court** and the Fifth Circuit," and holding that "Cytogel cannot maintain its unjust enrichment claim in the alternative.")); *see also Andretti Sports Mktg. Louisiana, LLC v. NOLA Motorsports Host Comm., Inc.*, No. 15-2167, 2015 WL 13540096, at *8 (E.D. La. Dec. 2, 2015) (recognizing abrogation of *Orx Res., Inc. v. Autra*, No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009).[3] Moreover, even the *Mabile* case that

---

[3] Plaintiffs also cite to *Richard v. Wal-Mart Stores, Inc.*, No. 06-1452, 2007 WL 855357, at *3 (W.D. La. Mar. 16, 2007) and *Holland v. Holland*, 539 So. 2d 1011, 1012 (La. Ct. App. 1989), which predate binding Louisiana precedent cited in Defendants' opening brief. *See Walters v. MedSouth Rec. Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010). Plaintiffs further cite *Hall v. Habul*,

9

Plaintiffs cited held that unjust enrichment claims cannot be plead in the alternative. 2016 WL 5231839, at *28. Thus, Plaintiffs' unjust enrichment should be dismissed as a matter of law.

### C. Plaintiffs' Negligent Misrepresentation Claim Fails As A Matter Of Law

Plaintiffs' assertion that they have "pled the existence of a duty stemming from the confidential relationship established between the parties" misunderstands the meaning of a "confidential" relationship that can give rise to a duty. Opp. Br. at 15. As the Louisiana Supreme Court explained, "confidential" in this context does not refer to secrecy, it refers to "a relation of trust and confidence." *Bunge Corp. v. GATX Corp.*, 557 So.2d 1376, 1383-84 (La. 1990). As explained in Defendants' opening brief, as a matter of law, no such relationship exists here.

### D. Factual Disputes Do Not Preclude Judgment On The Pleadings

Finally, Plaintiffs rely on *Rainier v. Rispoli*, 2012 WL 752371 (D. Del. 2012) for the argument that judgment on the pleadings must be denied because there are disputed allegations in the Amended Complaint. This is simply wrong. First, *Rainier* is inapposite because it denied a *pro se* plaintiff's motion for judgment on the pleadings because it "provide[d] no basis for judgment as a matter of law." *Id.* at *2. Here, Defendants have thoroughly set forth the basis for judgment on the pleadings. Second, Defendants' motion sets forth why judgment on the pleadings is warranted as a matter of law, even assuming Plaintiffs' pled allegations are true.

## IV. CONCLUSION

For the reasons above, the Court should dismiss with prejudice Count III (conversion), Count IV (unjust enrichment), and Count V (negligent misrepresentation) in the Amended Complaint because they are preempted by federal patent law and, even if they were not, they fail independently as a matter of law.

---

No. 2014 WL 2441177 (M.D. La. May 30, 2014), which both (1) relies upon pre-*Walters* case law, and (2) itself predates *Cytogel*.

| | |
|---|---|
| DATED:  July 30, 2021 | BARNES & THORNBURG LLP |
| | |
| | */s/ Chad S.C. Stover* |
| | Chad S.C. Stover (No. 4919) |
| | 1000 N. West Street, Suite 1500 |
| | Wilmington, Delaware 19801-1050 |
| | Telephone: (302) 300-3474 |
| | E-mail: chad.stover@btlaw.com |
| | |
| | Mark C. Nelson (admitted pro hac vice) |
| | 2121 N. Pearl Street, Suite 700 |
| | Dallas, TX  75201 |
| | Tel:  (214) 258-4140 |
| | E-mail:  mark.nelson@btlaw.com |
| | |
| | Adam M. Kaufmann (admitted pro hac vice) |
| | One North Wacker Drive, Suite 4400 |
| | Chicago, Illinois 60606 |
| | Tel: (312) 214-8419 |
| | Email: adam.kaufmann@btlaw.com |
| | |
| | *Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.* |