**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW
500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 23, 2021

The Honorable Maryellen Noreika          VIA ELECTRONIC FILING
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:   *Bear Box LLC, et al. v. Lancium LLC, et al.,*
      C.A. No. 21-534-MN

Dear Judge Noreika:

I write on behalf of the parties in connection with the July 28, 2021 oral Order (D.I. 45) to address a dispute in the attached, proposed Protective Order ("PO"). The parties have reached agreement on the terms in the Protective Order, with the exception of one provision highlighted in paragraph 7(a)(i). Defendants propose that the additional language should be included, and Plaintiffs disagree.

*Plaintiffs' Position*

Plaintiffs seek entry of a PO under which all attorneys and employees of the law firms of counsel of record are permitted to access information designated Confidential – Attorneys' Eyes Only, under the PO. Defendants agree that all employees other than attorneys of the law firms should be permitted access, but they seek to restrict access to associates or partners of counsel of record by requiring that these attorneys sign and submit an agreement to be bound by the PO if they do not have their own appearance on file in the case.

Defendants' proposed restriction would create an unnecessary and unusual burden on counsel of record to restrict access to designated material within their own law firms. As the Court is aware, counsel of record typically utilize their own associates and partners to assist with a case without concern that doing so may violate a PO. Although counsel may be required to restrict access of designated materials for any patent prosecution attorneys at their firms, a PO that prohibits counsel from sharing designated information with any other attorneys at the firm would needlessly restrict counsel's ability to litigate the case or even discuss the case among their litigation colleagues. Moreover, such a provision would unreasonably require the use of individualized access control measures within each firm's internal shared files whereby paralegals and law firm staff would have access to designated materials, but certain associates and partners would not. This is not a "zero burden" obligation as Defendants suggest. While the act of signing an undertaking may not impose a significant burden, the burden arises in tracking

{01716393;v1 }

which attorneys have signed and regulating which attorneys may work on the case or even discuss it with their colleagues.

Plaintiffs' position is consistent with Local Rule 26.2, which states that before the entry of a PO, access to confidential information is "limited to *members and employees of the firm* of trial counsel who have entered an appearance" (emphasis added). The entry of a PO is intended to provide the conditions for ongoing access to confidential information for a broader universe of persons (vendors, experts, in-house employees, etc.). The entry of a PO should not impose an even stricter obligation on counsel than is imposed under the default local rule.

Given that Defendants agree that any non-attorney employees of the law firms of counsel of record can be trusted with access to PO-designated information, and in view of the ethical obligations of attorneys and the common need for counsel to collaborate with their colleagues at their own firms, Plaintiffs respectfully request that the Court enter a PO under which all attorneys and employees of the law firms of counsel of record are permitted access to designated materials.

The Defendants' concern about the prosecution bar rings hollow because while the bar applies to both sides, the real concern is about the patent claims the Defendants might seek in *their* pending applications, and the scope of the bar is limited to prosecuting claims related to the subject matter of the '433 patent (which the Defendants currently own). (PO ¶ 8.) In any event, restricting access within a firm by excluding one group of attorneys (patent prosecutors) is easier to manage than the individualized access controls the Defendants seek to require.

### *Defendants' Position*

Lancium is extraordinarily concerned about the possible misuse of its highly confidential information produced in this litigation. Lancium is a leading innovator in the field of flexible datacenters to perform blockchain hashing operations with little to no energy costs using clean and renewable energy that would otherwise be wasted. This is a lucrative, fast-evolving, high-tech space, and the parties are potential direct competitors. Lancium has many patents and patent applications in this space, including non-public pending applications.

Defendant Austin Storms has alleged that he should be included as an inventor on one of Lancium's patents, the '433 patent, based on a discussion he allegedly had with Lancium's Michael McNamara at a group dinner at an industry conference in May 2019. Because, (i) Lancium views Storms's allegations as untrue and far-fetched and has provided support for that assertion in Defendants' Counterclaims (D.I. 28, ¶¶ 1-12, 20-82) and Motion for Judgment on the Pleadings (D.I. 33), (ii) the suspect timing of bringing claims shortly after Lancium settled an infringement suit asserting the '433 patent despite Plaintiffs' knowledge of the '433 patent for many months, (iii) Plaintiffs' fluid and inchoate definition of their alleged technology, and (iv) Plaintiffs' acknowledgement that Lancium's patent covers their alleged technology (D.I. 19, ¶ 4), Lancium is justifiably worried that this suit is nothing more than a fishing expedition into Lancium's confidential intellectual property, non-public patent application portfolio, research and development plans, business model, industry partnerships, and finances.

With this in mind, Lancium asked Defendants to limit distribution of Lancium's most confidential "Attorneys Eyes' Only" information to counsel of record and non-lawyer employees

The Honorable Maryellen Noreika
August 23, 2021
Page 3

assisting counsel of record. Defendants refused, arguing that limiting distribution to only counsel of record would create logistical hurdles and that allowing all attorneys at a firm of record to see AEO information was standard practice. While Lancium disputed that this was "standard practice," and noted that limiting distribution to specific attorneys was common in law firms for reasons such as ethical walls, as a compromise, Lancium proposed allowing all attorneys at firms of record to access Lancium's AEO information provided that any attorney not of record simply executes an Acknowledgement and sends that Acknowledgement to Lancium's counsel. This compromise allows all attorneys at a firm of record to access AEO information, as Defendants want, and allows Lancium to know who has accessed its AEO information. Defendants rejected this compromise.

      Lancium's compromise position should be adopted for at least three reasons. First, the agreed-to portions of the proposed protective order contain a prosecution bar that applies to attorneys who have viewed the other side's AEO information. Without signed acknowledgments from Defendants' counsel, Lancium will have no idea who the prosecution bar applies to. Second, providing signed acknowledgments is almost zero burden. For instance, Defendants acknowledge that they will already be restricting access to patent prosecution attorneys at their firm. To the extent it creates any burden, the burden is the same on both sides. Third and finally, Defendants have not shown any need for every attorney at Marshall Gerstein & Borun LLP, a firm of over 100 IP attorneys, to see Lancium's AEO information. Many attorneys at Marshall Gerstein & Borun LLP are patent attorneys. They likely prosecute patents for Defendants or others in this space. *See* https://www.marshallip.com/cameron-b-pick/ (noting this Marshall Gerstein patent attorney is "an active member of Blockchain Lawyers of Chicago and enjoys writing about blockchain"); https://www.marshallip.com/adil-d-kolovic/ (noting that this Marshall Gerstein patent attorney has secured patents for blockchain software inventions).

Respectfully,

*Andrew C. Mayo*

Andrew C. Mayo (#5702)

ACM/nlm

cc: All Counsel of Record (via electronic mail)

{01716393;v1 }