IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) C.A. No. 21-534-MN <br> LANCIUM LLC, MICHAEL T. ) <br> MCNAMARA, and RAYMOND E. ) <br> CLINE, JR., ) <br> ) <br> Defendants. ) | |

## PROTECTIVE ORDER

Based on the agreement of the parties, and for good cause shown and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED as follows:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that it reasonably and in good faith believes contains or discloses confidential information that is non-public and that the producing party would not ordinarily disclose to third parties, or if disclosed, would require such parties to maintain in confidence. Information or documents that are available to the public may not be designated as Confidential.

3. Designation.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. To the extent that a document is produced in native format and is not capable of being marked with "CONFIDENTIAL," the party producing such material may inform the opposing party or parties that such information constitutes confidential information through a cover page to immediately precede the document or by other means mutually agreed to by the parties.

(b) The designation of a document as Confidential Information is a certification by an attorney and/or producing party that the document contains Confidential Information as defined in this Order.

4. Attorney's Eyes Only. Documents and things produced by a party and designated as "CONFIDENTIAL" pursuant to Paragraph 3 above and information contained therein which the producing party deems to be proprietary information and/or trade secrets and/or to comprise,

contain or disclose: technical information, including source code for computer programs; financial information concerning the producing party or its divisions, subsidiaries or product lines; prices; costs; profits or profit margins; lists of or including customers or potential customers' identities; business or product plans or strategies; technical information concerning products, market evaluations; lists of or including vendors' or suppliers' identities; product comparisons or evaluations; or other information of a highly proprietary, confidential nature may be further designated by the producing party as "ATTORNEY'S EYES ONLY" information by marking the initial page of the document if all pages contain such information, or by marking specific pages thereof, with the legend "CONFIDENTIAL - ATTORNEY'S EYES ONLY" in accordance with the procedure set forth in Paragraph 3 above.

     5.     To the extent CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information includes computer source code, source code-related specifications, and/or live data (that is, data as it exists residing in a database or databases), the producing party may designate such information as "RESTRICTED – CONFIDENTIAL SOURCE CODE." Access to such material will be by agreement of the parties, or, if the parties cannot agree, in accordance with the District of Delaware's DEFAULT STANDARD FOR ACCESS TO SOURCE CODE.

     6.     Depositions. Deposition testimony taken in this action shall be automatically treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY information (as a default) for a period of fifteen (15) days after receipt of the final transcript (i.e., the non-rough version, but before being signed/proofed by the witness, if applicable) of the deposition from the court reporter. After the fifteen (15) day period, only such deposition testimony as was affirmatively designated on the record at the deposition or subsequently is specifically designated in writing by a party or non-party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be treated

as such. For any deposition transcript in which any portion of the testimony has been designated as under this Order, the court reporter shall imprint the specific designation on each page of the original deposition transcript. In addition, each person authorized to receive a copy of a deposition transcript containing testimony designated as under this Order, shall imprint the specific designation on each page of all copies of the transcript so designated.

7. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information of an opposing party to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(i) Counsel. Any attorney at a law firm of counsel of record, and any employees of any such law firm such as law clerks, paralegals, secretaries, and clerical staff assisting counsel with this litigation. [Defendants propose: Outside counsel from firms of record who are not of record in the action shall, prior to accessing "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information of an opposing party, complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and send the completed Acknowledgment to counsel for the other side, by email.]

(ii) Parties. Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. For any document designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY," a party (including but not limited to in-house counsel) may only review such document to the extent the opposing party has agreed to such review or the party was a clear author, sender or recipient of the document.

(iii) The Court and its personnel.

(iv) Court Reporters and Recorders. Court reporters and recorders engaged for depositions.

(v) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(vi) Consultants and Experts. Consultants, investigators or experts consulted, retained or used by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(vii) Witnesses. During their depositions or other testimony, witnesses in this action to whom disclosure is reasonably necessary. For any document designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY," a witness may only review such document to the extent the opposing party has agreed to such review or the party was a clear author, sender or recipient of the document. Witnesses shall not retain a copy of

documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

      (viii)   Author or recipient. The author or recipient of the document (not including a person who only received the document in the course of litigation).

      (ix)   Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    (c)   Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

    (d)   Opposing counsel shall be notified at least 10 business days prior to disclosure to any person pursuant to paragraph 7(b)(vi). Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made (including an executed copy of Attachment A and a curriculum vitae, which includes the consultant's or expert's name, current business affiliations and addresses, and any known present or former relationships between the consultant or expert and any of the parties). If a party objects in writing to such disclosure within 10 business days after receipt of notice, no

6

disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8. Prosecution Bar. Absent written consent from the producing party, any individual who receives access to an opposing party's "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter claimed in U.S. Patent No. 10,608,433 ("the '433 Patent"), including without limitation any patent or application claiming priority to or otherwise related to the '433 Patent, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party either challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or *inter partes* reexamination), but this provision would preclude such individual from advising directly or indirectly on any amendments to the claims of the patent being challenged in such proceedings. This Prosecution Bar shall begin when access to the opposing party's "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when

{01716404;v1 }

7

that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

10. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

11. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days of the meet and confer.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in

detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, the designation will remain in full force and effect, and all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

13. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to prohibit the use of any document, material or information at any trial or hearing. A party that intends to present, or that anticipates that another party may present, Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

15. Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE" pursuant to this Order shall promptly notify that party of the

motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order is issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

17. Obligations on Conclusion of Litigation.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      (b)     Obligations at Conclusion of Litigation. Within forty-five (45) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the receiving party destroys the producing party's Confidential Information and certifies in writing to the producing party that it has done so.

      (c)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      (d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

18.     Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated

Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20.     Production by Non-parties.  The existence of this Order shall be disclosed to any non-party producing documents or information in this litigation who may reasonably be expected to desire confidential treatment of such information, including any non-party subpoenaed in connection with this litigation. Such non-parties may avail themselves of the protections of this Order through Attachment A ("Acknowledgment and Agreement to Be Bound"). If a party chooses to produce documents without signing Attachment A, the documents produced will not be subject to this Agreement.

21.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

22.     Pursuant to Fed. R. Evid. 502(d), the disclosure of documents or materials subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver, in whole or in part, of the privilege or immunity in this, or any other federal, state, or administrative, litigation or proceeding, either as to the specific information disclosed or as to any other information relating thereto or to the same or related subject matter. This protection against waiver of privilege or immunity applies at all times (i.e., it applies whether disclosure occurs before, during, or after productions are made in discovery). If information is produced in discovery that is subject to a claim of privilege, work-product immunity, or any other applicable privilege or immunity, the party making the claim shall notify any party that received the information of the claim and the basis for it within five (5) business

days of its discovery, and, within five (5) business days of receipt of such notice, the notified party or parties (regardless of any disagreement regarding the proper designation of the document) shall return, delete, or destroy the document forthwith, as well as any and all copies and shall certify to that effect; except that if a party intends to challenge an assertion of privilege or immunity, it shall promptly notify the party asserting privilege or immunity and thereafter may retain one copy of each document that is subject to the challenged claim of privilege or immunity for the sole purpose of pursuing the challenge. Challenges to the designation of information as privileged, attorney work product, or immune shall be made in the same manner as challenges to the designation of Confidential Information set forth in paragraph 12 of this Order.

Dated: _____, 2021

SO ORDERED,

_____
The Honorable Maryellen Noreika
United States District Judge