## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following words shall have the following definitions in this Exhibit A:

1.     The terms "BearBox," "Plaintiffs," "You," or "Your" mean BearBox, LLC and all predecessors and/or successors thereto, together with, if applicable, all parents, divisions or subsidiaries thereof, whether wholly or partially owned, and all past and present partners, directors, owners, officers, members, employees, agents, subcontractors, experts, representatives, and any other persons under BearBox, LLC's control, including but not limited to counsel.  Unless otherwise noted, the above terms also include Mr. Austin Storms.

2.     The term "Lancium" means Lancium LLC, together with any past or present predecessors, partners, corporate parents, subsidiaries, and affiliates.

3.     The term "Alleged BearBox Technology" means the cryptocurrency mining system described in, among other things, Paragraph 2 of Plaintiffs' Amended Complaint. "Alleged BearBox Technology" also includes the technology that Austin Storms identified in email communications with GlidePath, Ben Hakes, Conservis, and/or River Financial, and/or technology that Mr. Storms allegedly shared with Ben Hakes as referenced in Plaintiffs' Supplemental Answers to Defendants' Interrogatory No. 2.

4.     "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.   Documents include any tangible Communication or Document concerning a Communication.

5.     The term "Thing" means any tangible item, and shall be construed as broadly as

possible under the Federal Rules of Civil Procedure 34, and also includes anything that would be a "writing" or "recording" as defined by Rule 1001 of the Federal Rules of Evidence.

6.      "Date(s)" means the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including year, month, week in a month, or part of a month.

7.      "Communication(s)" means any transmission or exchange of information, either orally or in writing, and includes without limitation, any conversation, email, text, letter, note, memorandum, telephone call, social media message, telexes, telecopy, facsimile transmission, cable, conference, tape recording, What's App or similar electronic discussion, or face-to-face conversation or interaction.

8.      The terms "Person" and "Party" shall include both (1) natural persons and (2) any business, legal, or governmental entity or organization, including but not limited to Plaintiffs; the terms "other person" and "third party" mean any person or party other than Plaintiffs.

9.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

10.     The term "GlidePath" means GlidePath Power Solutions, LLC, and all predecessors  and/or successors thereto; all parents, divisions or subsidiaries thereof, whether wholly or partially  owned; and all partners, directors, owners, officers, members, employees, agents, representatives, and other persons under the control of GlidePath.

11.     The term "Ben Hakes" means Ben Hakes with an email address at one time of ben@paretoadvisors.com.

12.     The term "Conservis" means Conservis, LLC and all predecessors and/or

successors thereto; all parents, divisions or subsidiaries thereof, whether wholly or partially owned; and all partners, directors, owners, officers, members, employees, agents, representatives, and other persons under the control of (or who were at one time under the control of) Conservis, including specifically Ben Hakes.

13.    The term "River Financial" means River Financial Co. and all predecessors and/or successors thereto; all parents, divisions or subsidiaries thereof, whether wholly or partially owned; and all partners, directors, owners, officers, members, employees, agents, representatives, and other persons under the control of River Financial, including specifically Ben Hakes.

14.    The term "Pareto Advisors" means Pareto Real Asset Advisors, LLC, and all predecessors and/or successors thereto; all parents, divisions or subsidiaries thereof, whether wholly or partially owned; and all partners, directors, owners, officers, members, employees, agents, representatives, and other persons under the control of (or who were at one time under the control of) Pareto Advisors, including specifically Ben Hakes.

15.    The term "Fortress" means Fortress Blockchain (US) Holdings Corp. and any and all predecessors and/or successors thereto; all parents, divisions or subsidiaries thereof, whether wholly or partially owned, including Fortress Technologies, Inc., Fortress Blockchain Corp., Fortress Blockchain Corp. (BC), Fortress Capitall II Corp., and Fortress Blockchain Holdings Corp.; and all partners, directors, owners, officers, members, employees, agents, representatives, and other persons under the control of, or controlling Fortress Blockchain (US) Holdings Corp., including Antonin Scalia, Thomas Armstrong, Sean Ty, Roy Sebad, Marcus Dent (aka Marty Bent), and David Jaques.

16.    The term "'433 Patent" means United States Patent No. 10,608,433 (filed Dec.

4, 2019) "Methods and Systems for Adjusting Power Consumption Based on a Fixed-Duration Power Option Agreement."

17.    The term "Defendants' Patents" means all patents owned by Lancium LLC, including: the '433 Patent; U.S. Patent No. 10,873,211 (filed Sept. 13. 2018) "Systems and Methods for Dynamic Power Routing with Behind-the-Meter Energy Storage"; U.S. Patent No. 10,444,818 (filed Oct. 30, 2018) "Methods and Systems for Distributed Power Control of Flexible Datacenters"; U.S. Patent No. 10,367,353 (filed Oct. 30, 2018) "Managing Queue Distribution between Critical Datacenter and Flexible Datacenter"; U.S. Patent No. 10,452,127 (filed Jan. 11, 2019) "Redundant Flexible Datacenter Workload Scheduling"; U.S. Patent No. 10,618,427 (filed Oct. 8, 2019) "Behind-the-Meter Branch Loads for Electrical Vehicle Charging"; and U.S. Patent No. 10,857,899 (filed Mar. 4, 2020) "Behind-the-Meter Branch Loads for Electrical Vehicle Charging."

18.    "Great American Mining" means Great American Mining LLC, a Delaware corporation with its principal business address at 18 Shipyard Dr., Ste. 2A, Hingham, MA 02043, and all predecessors and/or successors thereto; all parents, divisions or subsidiaries thereof, whether wholly or partially owned; and all partners, directors, owners, officers, members, employees, agents, representatives, and other persons under the control of (or who were at one time under the control of) Great American Mining.

19.    The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control by any one or a combination of the following persons or organizations:

     a.    Austin Storms;

     b.    BearBox, LLC;

> c.   any corporation or other entity controlled by or affiliated with BearBox,LLC;
>
> d.   any principal, officer, employee, agent, representative, or consultant of or forBearBox, LLC or any such controlled or affiliated corporation or entity; and counsel for BearBox, LLC or any such controlled or affiliated corporation or entity.

20.   The term "Entity" means any person or any organization or association of any type, including business, legal, and governmental organizations or associations.

21.   The term "including" shall be construed to mean "including, without limitation" or "including, but not limited to."

22.   "Identify" or "Identification" mean (1) when referring to a Person, the Person's full name, present or last-known address and telephone number, and the last-known title and place of employment; (2) when referring to a Document, the type of Document, its general nature and subject matter, Date of creation, and all author(s) addrssess(s), and recipient(s); and (3) when referring to a source or Thing, sufficient information to identify the location, ownership, and nature of such source or Thing.

23.   The term "Layer1 Litigation" means the litigation styled *Lancium LLC v. Layer1 Technologies, Inc.*, No. 6-20-cv-0039 (WDTX).

24.   The term "Litigation" refers to Civil Action No. 21:534-MN, filed in the District of Delaware.

25.   The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the

pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

26.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the topic all information that might otherwise be construed to be outside its scope.

27.     The term "all" is to be construed to mean "any" and "each" and vice versa.

## **TOPICS FOR EXAMINATION**

**DEPOSITION TOPIC NO. 1:**  All Communications between BearBox, including Austin Storms, and Lancium, including Michael McNamara and/or Raymond Cline, and the substance of same.

**DEPOSITION TOPIC NO. 2:**  All Documents shared between BearBox, including Austin Storms, and Lancium, including Michael McNamara and/or Raymond Cline, and the substance of same.

**DEPOSITION TOPIC NO. 3:**  All aspects of the Alleged BearBox Technology and the conception, development, and reduction to practice of same, including (i) the Date(s)  the Alleged BearBox Technology was conceived, developed, and reduced to practice; (ii) the location and circumstances regarding such conception, development, and reduction to practice; (iii) all Person(s) involved in the conception, development, and reduction to practice; (iv) all Documents that support or evidence such conception, development, and reduction to practice; and (v) all other information relating to the conception, development, and/or reduction to practice of the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 4:**   The Identification of the suppliers of all equipment and/or technology that are part of the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 5:**   Any testing of the Alleged BearBox Technology and the results of such testing.

**DEPOSITION TOPIC NO. 6:**   The design and functionality of each and every aspect of the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 7:**   The Identification of each aspect of the Alleged BearBox Technology that allegedly was communicated to Michael McNamara, Raymond Cline, and/or Lancium, the Date(s) of such Communications, the manner and circumstances of such communications, witnesses to such Communications, if any, and anything that corroborates or evidences the aspects of the Alleged BearBox Technology that You allegedly shared with Messrs. McNamara or Cline and/or anyone else at Lancium.

**DEPOSITION TOPIC NO. 8:**   The Identification of all persons or entities to whom (or to which) You have disclosed any aspect of the Alleged BearBox Technology, the circumstances surrounding such disclosure (*e.g.*, the purpose, date(s), location, method (in person, via email, orally, other), result, and whether such disclosure was confidential).

**DEPOSITION TOPIC NO. 9:**   Any and all Communications between You and "system operators" (*e.g.*, "ERCOT," "MISO," "SPP," or others) as You use those terms in Your Supplemental and Second Supplemental Answers to Defendants' Interrogatory No. 1.

**DEPOSITION TOPIC NO. 10:**   Your understanding of the terms "power option agreement," "fine-grain load control," "QSE," "Load-as-a-Service," "behind the meter," "location marginal pricing (LMP)," "CLR," "LaaR," and "ancillary services market" as You use those terms in Your Answers, Supplemental Answers, and Second Supplemental Answer to Defendants' Interrogatory Nos. 1-3.

**DEPOSITION TOPIC NO. 11:**   Any and all facts on which You intend to rely to support Your assertion that Austin Storms should be named an inventor of the '433 Patent, including but not limited to, any and all facts evidencing that Austin Storms conceived and/or developed each of the limitations of the claims of the '433 Patent.

**DEPOSITION TOPIC NO. 12:**   All discussions, evaluations, and/or analysis of the '433 Patent all persons or entities involved in such discussions, evaluations, and/or analysis, and the results of any such discussions, evaluations, and/or analysis.

**DEPOSITION TOPIC NO. 13:**   Any attempts to design around the '433 Patent or any of Defendants' Patents.

**DEPOSITION TOPIC NO. 14:**  All communications between You and third parties regarding Lancium (including, but not limited to Michael McNamara and Raymond Cline) and its business.

**DEPOSITION TOPIC NO. 15:**  The factual circumstances by which You became aware of the '433 Patent and Your actions after You became aware of the '433 Patent.

**DEPOSITION TOPIC NO. 16:**  Any and all facts regarding whether the Alleged BearBox Technology falls within the scope of Application No. WO 2019/139632, attached as Exhibit A to Defendants' Amended Answer to Amended Complaint and Counterclaims (D.I. 28).

**DEPOSITION TOPIC NO. 17:**  Your efforts to patent or otherwise protect the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 18:**  All sales, offers to sell, licenses, and/or offers to license the Alleged BearBox Technology and the results of same.

**DEPOSITION TOPIC NO. 19:**  All valuations of the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 20:**  Revenue and any other compensation received by Plaintiffs relating to the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 21:**  The costs associated with conceiving, developing, and/ reducing to practice the Alleged BearBox Technology on an element-by-element (*e.g.*, container, software, etc.) basis.

**DEPOSITION TOPIC NO. 22:**  The projected and/or actual direct costs, indirect costs, fixed costs, variable costs, operating costs, product costs, opportunity costs, out of pocket costs, sunk costs, incremental costs, and/or costs of goods sold for the Alleged BearBox Technology and/or any product incorporating the Alleged BearBox Technology sold, licensed, or otherwise authorized by Plaintiffs.

**DEPOSITION TOPIC NO. 23:**  The projected and/or actual gross revenue, operating revenue, gross profit, net profit, or any financial benefit for any product incorporating the Alleged BearBox Technology sold, licensed, or authorized by Plaintiffs.

**DEPOSITION TOPIC NO. 24:**  BearBox's financial statements (including revenues, profits, and losses) since its formation, and an Identification of Documents sufficient to describe BearBox's financial statements since its formation.

**DEPOSITION TOPIC NO. 25:**  The Identification of any and all financial benefits You contend result from the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 26:**  Your relationship with Great American Mining, Fortress, and/or GlidePath and all communications with any of these entities involving the Alleged BearBox

Technology, Lancium (including Michael McNamara and/or Ray Cline), ancillary services, the Layer1 Litigation, and/or this Litigation.

**DEPOSITION TOPIC NO. 27:** Your relationship and/or communications with Ben Hakes regarding the Alleged BearBox Technology, Lancium (including Michael McNamara and/or Ray Cline), the Layer1 Litigation, and/or this Litigation.

**DEPOSITION TOPIC NO. 28:** All entities and/or persons who hold an interest in BearBox and the nature of such interest; all entities in which BearBox and/or Austin Storms holds an interest and the nature of such interest.

**DEPOSITION TOPIC NO. 29:** All duties (legal or otherwise), if any, that Michael McNamara and/or Lancium owe to You.

**DEPOSITION TOPIC NO. 30:** The complete factual basis for each category of alleged damages or other remedy sought by Plaintiffs.

**DEPOSITION TOPIC NO. 31:** Your answers to Defendants' Interrogatory Responses, Document Requests, and Requests for Admission.

**DEPOSITION TOPIC NO. 32:** The authentication and admissibility of documents produced by You in this case and/or documents authored by You that have been produced in this case.

**DEPOSITION TOPIC NO. 33:**  The manner in which Plaintiffs maintain and have maintained Documents in their possession, custody, or control relating to any of the Topics herein, including an identification of the locations in which such Documents are and have been kept, identification of any computer systems or filing systems used by Plaintiffs to store such Documents, any organization, classification, or naming schemes or protocols used by Plaintiffs for such Documents, any Document retention or destruction protocols related to or applied to such Documents, and the timing and reasons for the destruction of any such Documents to the extent any have been destroyed.

**DEPOSITION TOPIC NO. 34:**  To the extent not covered above, all communications with third parties regarding the Alleged BearBox Technology, the Layer1 Litigation, and/or this Litigation.

**DEPOSITION TOPIC NO. 35:**  Any and all awards and/or recognition that the Alleged BearBox Technology has received and/or that Plaintiffs have received that relate in any way to the Alleged BearBox Technology.

**DEPOSITION TOPIC NO. 36:**  The reason(s) Plaintiffs brought this Litigation.

**DEPOSITION TOPIC NO. 37:**  All Documents or other Things prepared by and/or authored by BearBox or Austin Storms that relate to cryptocurrency mining and/or the power considerations relating to same.