# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 21-534-MN-CJB ) ) |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR., | ) ) ) |
| Defendants. | ) ) ) |

## SOURCE CODE ADDENDUM TO PROTECTIVE ORDER

WHEREAS, the Court entered a case Protective Order ("Order"), D.I. 58, to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, the parties now agree that an addendum to the Order is needed to address the designation, production, and handling of information designated "RESTRICTED- CONFIDENTIAL SOURCE CODE";

IT IS HEREBY AGREED, subject to the Court's approval, that the Protective Order is supplemented as follows:

1. The term "Source Code" or "source code" as used in this Order includes at least computer code, scripts, assembly, binaries, object code, source code listings.

2. A producing party may designate source code as "RESTRICTED- CONFIDENTIAL SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Material designated as "RESTRICTED- CONFIDENTIAL SOURCE CODE" shall be subject to at least all of the protections afforded to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information, but may be disclosed solely to the individuals as set forth in Paragraphs 7(b)(i), (iii)-(iv), and (vi). For the avoidance of doubt, disclosure to the parties or employees of a party are

prohibited absent a specific agreement of the parties or court order.

   3.  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

   4.  The following additional restrictions shall apply to the inspection and production of RESTRICTED- CONFIDENTIAL SOURCE CODE, unless otherwise advised by the producing party or Ordered by the Court:

   (A)  Any source code produced in discovery shall be made available for inspection, in native electronic format allowing it to be reasonably reviewed and electronically searched. The producing party shall produce source code for inspection during normal business hours or other mutually agreeable times at an office of the producing party's counsel or another mutually agreed upon location. Prior to the first access by the receiving party of the source code, the receiving party must provide notice to the producing party at least seven days prior to the date that the receiving party seeks review of the source code. After the first access of the source code by the receiving party, the receiving party must provide notice to the producing party at least three days prior to the source code access.

   (B)  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Source Code Computer shall have tools installed which will allow for viewing and searching the source code. For Lancium, the list of tools that shall be installed on the secured computer produced by Plaintiffs shall include the following:

- Notepad++ ( http://notepad-plus-plus.org/download/v6.6.4.html)
- Beyond Compare ( http://www.scootersoftware.com/)
- PowerGrep ( https://www.powergrep.com)

- Zip/compression utility ( http://www.7-zip.org/)
- PDF viewer
- Understand from SciTools ( http://www.scitools.com/download/index.php)
- CodeSuite from Software Analysis and Forensic Engineering (SAFE Corporation) (http://safe-corp.com/downloads_software.htm)
- Microsoft Office (www.microsoft.com/Download/Online) or Open Office (https://www.openoffice.org)
- To the extent reviewable code is provided via a source code repository, any tools necessary for accessing any provided repositories, e.g.:
    - SVN ( https://subversion.apache.org/download.cgi & https://tortoisesvn.net/downloads.html)
    - Git ( https://git-scm.com/downloads and https://tortoisegit.org/download/)
    - Mercurial ( https://tortoisegit.org/download/ and https://tortoisehg.bitbucket.io/download/index.html)
- Auslogic Duplicate File Finder ( https://www.auslogics.com/en/software/duplicate-file-finder/)

(C)     A receiving party may request that additional software tools be installed on the secured computer or computers to assist the receiving party's review of the source code including, but not limited to, tools for viewing, searching, and analyzing the source code. The producing party may object in writing to the installation of any such tool, and such tool shall not be installed until such objection is resolved. If the Parties are unable to agree on the additional requested software tools, they may seek an Order from the Court after making a good-faith effort to resolve their dispute.

(D)     The source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The receiving party's outside counsel and/or Experts shall be entitled to take handwritten notes relating to the source code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. Such notes shall be labeled "RESTRICTED-CONFIDENTIAL SOURCE CODE".  The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. For avoidance of doubt, the producing party cannot review any notes made by the receiving party's representatives during any

source code review and cannot monitor verbal communications of receiving party's representatives during source code review. For example, the producing party's representatives can monitor the receiving party's representatives from the opposite side of a glass wall, window, or the like.

(E)     Within 5 business days of placing files on the Source Code Computer, the source code provider shall provide a manifest of the contents of the computer to include a list of source code files available for review to the extent practicable. This list must be updated within 5 business days each time new files are added to the Source Code Computer.

(F)     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial; however, the receiving party may not request paper copies for the purposes of reviewing the source code in the first instance. In the event that the receiving party requests more than fifty percent of the code of any file up to 10 pages long, more than 50 consecutive pages, or an aggregate of more than 500 pages of print outs of source code, the parties shall have a meet and confer in good faith to discuss the necessity of the request. A text editor will be provided on the source code computer so that the list of files to be printed may be saved directly to the source code computer. If the producing party objects that identified files are not reasonably necessary, the producing party shall make such objection known to the receiving party within five (5) business days of the identification of any files by the receiving party. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity. At the request of the receiving party, in the absence of any objection the producing party shall provide within five (5) business days of such request, paper copies of the source code identified at the time of inspection by the receiving party. The producing party shall print, and append production numbers and the

designation "RESTRICTED- CONFIDENTIAL SOURCE CODE". The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area in a manner that prevents duplication of or unauthorized access to the source code. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as provided in this Paragraph.

(G)   The receiving party may only include in court filings or expert reports those lines of source code that are reasonably necessary to the prosecution or defense of this case, and any such document, court filing, or expert report must be designated "RESTRICTED- CONFIDENTIAL SOURCE CODE" and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(H)   The receiving party may make no more than three additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

(I)   Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit.

Dated:  January 18, 2022

| ASHBY & GEDDES | BARNES & THORNBURG LLP |
|---|---|
| */s/ Andrew C. Mayo* <br> Andrew C. Mayo (No. 5207) <br> 500 Delaware Avenue, 8th Floor <br> P.O. Box 1150 <br> Wilmington, DE 19899 <br> Tel:  (302) 654-1888 <br> Email:  amayo@ashbygeddes.com <br><br> Benjamin T. Horton <br> John R. Labbe <br> Raymond R. Ricordati, III <br> Chelsea M. Murray <br> MARSHALL, GERSTEIN & BORUN LLP <br> 233 South Wacker Drive <br> 6300 Willis Tower <br> Chicago, IL 60606-6357 <br> Tel: (312) 474-6300 <br><br> *Attorneys for Plaintiffs* | */s/ Chad S.C. Stover* <br> Chad S.C. Stover (No. 4919) <br> 1000 North West Street, Suite 1500 <br> Wilmington, DE  19801 <br> Tel: (302) 300-3474 <br> Fax: (302) 300-3456 <br> Email:  chad.stover@btlaw.com <br><br> Mark C. Nelson (admitted *pro hac vice*) <br> 2121 N. Pearl Street, Suite 700 <br> Dallas, TX  75201 <br> Tel:  (214) 258-4140 <br> Email:  mark.nelson@btlaw.com <br><br> Adam M. Kaufmann (admitted *pro hac vice*) <br> Dana Amato Sarros (admitted *pro hac vice*) <br> One North Wacker Drive, Suite 4400 <br> Chicago, IL 60606 <br> Tel:  (312) 214-8319 <br> Email:  adam.kaufmann@btlaw.com <br> Email:  dana.sarros@btlaw.com <br><br> *Attorneys for Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.* <br> *Attorneys for Defendant* |

SO ORDERED this _____ day of _____, 2022.

 

The Honorable Christopher J. Burke
United States District Judge