# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 21-534-MN-CJB |
| | ) |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. | ) **REDACTED VERSION** |
| | ) |
| Defendants. | ) |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE

Dated: March 3, 2022
**Redacted Version filed
on March 15, 2022**

BARNES & THORNBURG LLP

Chad S.C. Stover (No. 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btaw.com

Mark C. Nelson (*pro hac vice* admitted)
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Tel: (214) 258-4140
E-mail: mark.nelson@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: (312) 214-8319
E-mail: adam.kaufmann@btlaw.com
E-mail: dana.sarros@btlaw.com

*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*

Dear Judge Burke:

Lancium moves to strike the two trade secret misappropriation counts—Counts III (DTSA) and IV (Louisiana state law) (collectively the "Trade Secret Counts")—in BearBox's Second Amended Complaint (D.I. 103). In Your Honor's Report and Recommendation ("R&R," D.I. 92), adopted by Judge Noreika (D.I. 97), BearBox was only granted leave to attempt to replead its Conversion and Unjust Enrichment counts. D.I. 92 at 12. While BearBox's Second Amended Complaint attempts to replead Conversion and Unjust Enrichment, BearBox went beyond the leave granted by the Court and added the Trade Secret Counts. These counts should be stricken.

Even if BearBox now seeks leave to add trade secret misappropriation counts, such a request should be denied. BearBox included trade secret misappropriation counts (DTSA and Texas state law) in its original Complaint (D.I. 1 at 14-18). Then BearBox dropped those claims in its First Amended Complaint (D.I. 19). Now, eight months later, long after the November 1, 2021 deadline for amendments to pleadings, on the day before the February 18, 2022 close of fact discovery, and without leave of Court, BearBox attempts to inject trade secret misappropriation counts back into the case. As shown below, under Rule 16, BearBox cannot meet its burden to show good cause because it was not diligent.

## I.  RELEVANT FACTS

On April 14, 2021, BearBox filed its original Complaint (D.I. 1) against Lancium, which included seven counts asserting claims for: (1) correction of inventorship for U.S. Patent No. 10,608,433 ("the '433 patent") to list Austin Storms as the sole inventor; (2) an alternative claim for correction of inventorship for the '433 patent to list Storms as a co-inventor; (3) conversion; (4) unjust enrichment; (5) trade secret misappropriation under the federal Defend Trade Secrets Act; (6) trade secret misappropriation under Texas state law; and (7) negligent misrepresentation. On May 3, 2021, Lancium filed its Answer and Counterclaims (D.I. 13), disputing each of BearBox's claims and asserting several affirmative defenses and counterclaims, including that BearBox failed to state a claim for trade secret misappropriation.

On May 24, 2021, BearBox filed an Amended Complaint ("First Amended Complaint," D.I. 19). The First Amended Complaint withdrew Plaintiffs' trade secret counts. On June 28, 2021, Defendants filed their Motion for Judgment on the Pleadings (D.I. 32). On January 18, 2022, Your Honor issued his R&R (D.I. 92) granting Lancium's Motion, but allowing BearBox to attempt to replead its unjust enrichment and conversion claims. On February 2, 2022, Judge Noreika adopted the Report and Recommendation. D.I. 97.

On February 16, 2022, BearBox filed its Second Amended Complaint (D.I. 103), which not only attempts to replead conversion and unjust enrichment[1] but also attempts to add the Trade Secret Counts.[2]

---

[1] After the Court decides this motion to strike, Lancium plans to move to dismiss BearBox's amended conversion and unjust enrichment counts because they remain deficient.

[2] Attached as Exhibit A is a redline comparison between the trade secret counts in BearBox's original and second amended complaints.

1

## II. ARGUMENT

This Court should strike the Trade Secret Counts for the following three reasons.

*First*, BearBox failed to seek leave of Court to exceed the limited right to amend in Your Honor's R&R. The R&R granted BearBox leave to amend only its Unjust Enrichment and Conversion Counts:

> Plaintiffs have requested leave to amend the Amended Complaint if Defendants' Motion is granted. (D.I. 42 at 18) **The Court believes that this request should be granted as to Counts III and IV because**: (1) it is not clear that allowing the opportunity to amend would be a futile act; (2) this is the first time the Court has found Plaintiffs' claims to be deficiently pleaded; and (3) leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2).

D.I. 92 at 12 (emphasis added). Your Honor also instructed BearBox to tailor its amended allegations to address the entirety of Lancium's arguments for dismissal of the Unjust Enrichment and Conversion Counts: "If Plaintiffs are given the opportunity to replead, ***they should be mindful of Defendants' other arguments for dismissal of these counts, and should address those arguments in the new pleading to the extent they need to***, as it is unlikely that Plaintiffs would be given a further chance to replead thereafter." *Id*. at n. 11 (emphasis added). BearBox's inclusion of the Trade Secret Counts is, therefore, improper because they were not part of the limited leave to amend given to BearBox.

*Second*, because BearBox repled the Trade Secret Counts after the Court's November 1, 2021 deadline for amendments to pleadings (D.I. 35 at ¶ 2), it should have sought leave from the Court and attempted to show good cause. *See* Fed. R. Civ. P. 16(b)(4); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Whether "good cause" exists under Rule 16 rests primarily on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005). In determining whether good cause exists, courts typically consider whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009). The burden rests with Plaintiffs to "demonstrate good cause and due diligence*." Race Tires Am., Inc.*, 614 F.3d at 84 (3d Cir. 2010).

Here, BearBox cannot show good cause. First, BearBox initially pled the Trade Secret Counts in its original Complaint. Lancium filed its Answer and Counterclaims to the original Complaint, and asserted several affirmative defenses and counterclaims, including that BearBox failed to state a claim for trade secret misappropriation. D.I. 13 (Answer & Counterclaims). Instead of curing the deficiencies in the Trade Secret Counts, BearBox chose to withdraw them entirely from the case by deleting them from the First Amended Complaint. BearBox then waited over eight months—after this Court's deadline for amendments and one day before the close of fact discovery—to replead them.

BearBox cannot argue that facts underlying the Trade Secret Counts were unavailable or that new facts have come to light. Indeed, a comparison of the allegations supporting the Trade Secret Counts in the Second Amended Complaint with those of the original Complaint reveals that Plaintiffs are still relying on the same information they had in their possession before they

2

filed their original Complaint. *See* Ex. A (redline). BearBox merely replaced "BearBox Technology" with "methods for energy value arbitrage" as the description of the allegedly misappropriated trade secret. Energy value arbitrage merely refers to the concept of buying and selling energy (electricity, for example) to take advantages of a difference in price. BearBox has alleged that this concept was part of the "BearBox Technology" since the beginning of this case. *See, e.g.,* BearBox's response to Interrogatory No. 1 (Ex. B) (defining the "BearBox Technology" to include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, while BearBox's re-stated Trade Secret Counts are arguably narrower than in the original complaint, they cover the same alleged wrongful conduct.

In situations like this, courts have not hesitated to deny motions for leave to amend. *See, e.g., Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, No. CV 14-877-LPS-CJB, 2016 WL 7319670, at *3 (D. Del. Dec. 15, 2016) (denying motion for leave to amend because of movant's lack of diligence); *Estate of Stallings*, 2009 WL 2905471 at *16 (denying plaintiff's motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline").

*Third*, permitting BearBox to proceed with its Trade Secret Claims would unfairly prejudice Lancium. Because BearBox withdrew its Trade Secret Counts over eight months ago and gave no notice of their intent to reintroduce them, Lancium focused its strategy and resources on defending against the other remaining counts in BearBox's case. And, since BearBox filed its Second Amended Complaint one day before the end of fact discovery, Lancium has not had the opportunity to take meaningful discovery on those claims. Lancium, therefore, will be unduly prejudiced if BearBox is allowed to add the Trade Secret Counts, thereby impermissibly re-opening fact discovery. *See Wilson v. TA Operating, LLC*, No. 4:14-CV-00771, 2016 WL 4974966, at *1 (M.D. Pa. June 14, 2016) ("[T]he existence of 'good cause' turns on a variety of factors, including: . . . potential prejudice caused by the discovery extension"); *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014) ("To establish good cause, HRD must show that a more diligent pursuit of discovery was impossible . . . In deciding whether to modify a scheduling order, the Court may consider any prejudice to the party opposing the modification").

Accordingly, Plaintiffs cannot demonstrate that they exercised diligence in adding the Trade Secret Counts, and thus cannot establish good cause under Rule 16. *E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming district court's denial of motion for leave to amend because no showing of good cause to modify scheduling order was made).

### III.  CONCLUSION

For the foregoing reasons, Lancium respectfully requests that the Court strike BearBox's Trade Secret Counts.

                                                                           Respectfully,

                                                                           Chad S.C. Stover (No. 4919)

Enclosures