# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LANCIUM LLC, MICHAEL T. MCNAMARA, ) <br> and RAYMOND E. CLINE, JR., ) <br> ) <br> Defendants. ) | C.A. No. 21-534-MN-CJB |

## DEFENDANTS LANCIUM LLC, MICHAEL T. MCNAMARA, AND RAYMOND E. CLINE, JR.'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT

Dated: March 16, 2022

BARNES & THORNBURG LLP
Chad S.C. Stover (No. 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

Mark C. Nelson (admitted pro hac vice)
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Tel: (214) 258-4140
E-mail: mark.nelson@btlaw.com

Darrick J. Hooker (*pro hac vice* pending)
Adam M. Kaufmann (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: (312) 214-8319
E-mail: darrick.hooker@btlaw.com
E-mail: adam.kaufmann@btlaw.com
E-mail: dana.sarros@btlaw.com

*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*

# TABLE OF CONTENTS

                                                                     **Page**

I. INTRODUCTION ...................................................................................................................1

II. PROCEDURAL HISTORY....................................................................................................1

III. SUMMARY OF ARGUMENT ..............................................................................................2

IV. CONCISE STATEMENT OF THE FACTS .........................................................................2

V. ARGUMENT...........................................................................................................................4

    A. Legal Standards............................................................................................... 4

    B. Plaintiffs' State Law Claims Should Be Dismissed Because They Fail As A Matter Of Law................................................................................................ 5

        1. Plaintiffs' Unjust Enrichment Claim Fails As a Matter of Law Because Other Remedies Are Available For the Alleged Conduct .............6

        2. To The Extent Plaintiffs' Unjust Enrichment Claim Is Premised On The Use of Non-Confidential Information, It Is Preempted By Federal Patent Law ...................................................................................10

        3. Plaintiffs' Conversion Claim Fails Because They Were Not Deprived Of Tangible Property ................................................................12

VI. CONCLUSION......................................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abbott Lab. v. NutraMax Prod., Inc.*,
 844 F. Supp. 443 (N.D. Ill. 1994) ................................................................................................6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .....................................................................................................................5

*Baker v. Maclay Properties Co.*,
 648 So. 2d 888 (La. 1995) ...........................................................................................................7

*Bavarian Nordic A/S v. Acambis Inc.*,
 486 F. Supp. 2d 354 (D. Del. 2007) .............................................................................................6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .....................................................................................................................5

*Bihm v. Deca Systems, Inc.*,
 226 So. 3d 466 (La. Ct. App. 2017) ...........................................................................................12

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
 489 U.S. 141 (1989) .............................................................................................................10, 11

*CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*,
 2019 CA 0731, 2019 WL 2865359 (La. Ct. App. July 2, 2019), *writ denied*,
 282 So. 3d 1071 (La. 2019) ..................................................................................................12, 13

*Constance v. Austral Oil Expl., Co.*,
 Nos. 12-1252 & 12-1253, 2013 WL 6578178 (W.D. La. Dec. 13, 2013) ...................................8

*Eaton Corp. v. Geisenberger*,
 486 F. Supp. 3d 770 (D. Del. 2020), *aff'd in part, vacated in part on other
 grounds, remanded sub nom. Siemens USA Holdings Inc v. Geisenberger*, 17
 F.Supp. 4th 393 (3d Cir. 2021) ....................................................................................................5

*Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc*
 581 Fed. App'x 440, 443–44 (5th Cir. 2014) ..............................................................................8

*Jeffers v. Kerzner Int'l Hotels Ltd.*,
 319 F. Supp. 3d 1267 (S.D. Fla. 2018) ........................................................................................6

*Pennsylvania Emp., Benefit Tr. Fund v. Zeneca, Inc.*,
 710 F. Supp. 2d 458 (D. Del. 2010) .........................................................................................5, 6

*Pronova Biopharma Norge AS v. Teva Pharm. USA, Inc.*,
 549 F. App'x 934 (Fed. Cir. 2013) ..................................................................................11

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*,
 475 So. 2d 756 (La. 1985) ..............................................................................................12

*Selective Ins. Co. v. Phila. Indem. Ins. Co.*,
 No. N17C-08-325, 2018 WL 2215885 (Del. Super. Ct. May 15, 2018) ..................................6

*Shaw v. Restoration Hardware, Inc.*,
 No. 21-1540, 2022 WL 343458 (E.D. La. Feb. 4, 2022)....................................................7, 9

*Ultra-Precision Mfg., Ltd v. Ford Motor Co.*,
 411 F.3d 1369 (Fed. Cir. 2005)...................................................................................10, 11

*Walters v. MedSouth Rec. Mgmt., LLC*,
 2010-0352 (La. 6/4/10), 38 So. 3d 241 ...............................................................................9

*Walters v. MedSouth Record Mgmt., LLC*,
 38 So. 3d 243 (La. 2010) ....................................................................................................7

*Waner v. Ford Motor Co.*,
 331 F.3d 851 (Fed. Cir. 2003)..........................................................................................11

*Zaveri v. Condor Petroleum Corp.*,
 27 F. Supp. 3d 695 (W.D. La. 2014)..............................................................................7, 8

**Statutes**

35 U.S.C. § 102.........................................................................................................................11

35 U.S.C. § 256...........................................................................................................................4

Louisiana Civil Practice and Remedies Code, Title 51, Section 13-A ..........................................5

## I. INTRODUCTION

Despite having a second bite at the apple, Plaintiffs BearBox LLC ("BearBox") and Austin Storms' ("Storms") (collectively, "Plaintiffs") re-pleaded conversion claim (Count V) and unjust enrichment claim (Count VI) both still fail as a matter of law. Indeed, Plaintiffs' unjust enrichment claim is still precluded by the availability of other remedies for the alleged conduct. And Plaintiffs' conversion claim does not—and cannot—allege a necessary element of conversion: that Plaintiffs were deprived of use or possession of tangible, movable property. Accordingly, the Court should dismiss Counts V and VI of Plaintiffs' Second Amended Complaint, with prejudice.

## II. PROCEDURAL HISTORY

On April 14, 2021, Plaintiffs filed their original Complaint against Defendants, which included seven counts asserting claims for: (1) correction of inventorship for U.S. Patent No. 10,608,433 ("the '433 patent") to list Austin Storms as the sole inventor; (2) an alternative claim for correction of inventorship for the '433 patent to list Storms as a co-inventor; (3) conversion; (4) unjust enrichment; (5) trade secret misappropriation under the federal Defend Trade Secrets Act; (6) trade secret misappropriation under Texas state law; and (7) negligent misrepresentation. *See* D.I. 1. On May 3, 2021, Defendants filed their Answer and Counterclaims disputing each of Plaintiffs' claims and asserting several affirmative defenses and counterclaims, including that Plaintiffs failed to state a claim for trade secret misappropriation. *See* D.I. 13.

On May 24, 2021, in lieu of answering Defendants' Counterclaims, Plaintiffs filed an Amended Complaint ("First Amended Complaint"). D.I. 19. The First Amended Complaint withdrew Plaintiffs' trade secret counts, but maintained Plaintiffs' other claims. On June 28, 2021, Defendants filed their Motion for Judgment on the Pleadings seeking dismissal of Plaintiffs' claims for conversion, unjust enrichment, and negligent misrepresentation. D.I. 32. On January 18, 2022,

Your Honor issued his Report and Recommendation ("R&R") recommending granting Defendants' Motion, but allowing Plaintiffs leave to attempt to re-plead their unjust enrichment and conversion claims. D.I. 92. On February 2, 2022, Judge Noreika adopted the R&R. D.I. 97. On February 16, 2022, Plaintiffs then filed their Second Amended Complaint, which not only attempts to re-plead conversion and unjust enrichment but also attempts to reintroduce the Trade Secret Counts. *See* D.I. 103. On March 3, 2022, Lancium filed its Motion to Strike the Trade Secret Misappropriation Counts in the Second Amended Complaint ("Motion to Strike," D.I. 111). Briefing on the Motion to Strike is now complete and that motion is pending.

### III. SUMMARY OF ARGUMENT

1. Plaintiffs' unjust enrichment claim should be dismissed because other remedies are available for the alleged conduct, which precludes this claim.

2. To the extent Plaintiffs' unjust enrichment claim is based on Defendants' alleged use of non-confidential information, it is preempted by federal patent law and should be dismissed.

3. Plaintiffs' conversion claim should be dismissed because Plaintiffs have not alleged—and cannot allege—that they were deprived of use or possession of tangible, movable property, which is a necessary element of conversion under Louisiana law.

### IV. CONCISE STATEMENT OF THE FACTS

On February 13, 2018, Lancium filed a patent application, for which McNamara and Cline are inventors, that published as WO 2019/139632 A1 (the "'632 application"). D.I. 23 at Counterclaims ¶¶ 9-10; D.I. 26 ¶ 10. The '632 application is titled "Method and System for Dynamic Power Delivery to a Flexible Datacenter Using Unutilized Energy Sources" and explains that, for example, its inventions are useful for "[b]lockchain miners" because "[t]he intensive computational demand of blockchain applications makes the widespread adoption of blockchain

technology inefficient and unsustainable from an energy and environmental perspective. D.I. 23-1 at Cover, ¶¶ 19-20.

In May 2019, more than 14 months after filing the '632 application, McNamara attended an industry conference where he met Storms. D.I. 103, ¶¶ 33-34; D.I. 23, at Answer ¶ 32. Plaintiffs allege that Storms then told McNamara about "BearBox's technology" that purportedly "generally relates to an energy-efficient cryptocurrency mining system and related methods that reduce the inefficiency and environmental impact of energy-intensive mining operations by better utilizing available energy resources to increase the stability of the energy grid, minimize a mining operation's impact on peak-demand, and also alleviate energy oversupply and undersupply conditions." D.I. 103, ¶ 2. Storms alleges that he communicated with McNamara about "BearBox's technology" through "conversations, emails, and text messages," including a conversation at a dinner (D.I. 103, ¶ 33) and alleges that "Storms last communicated with McNamara on May 9, 2019." D.I. 103, ¶ 36.

Months later, in October 2019, Lancium filed a provisional patent application that matured into U.S. Patent No. 10,608,433 (the "'433 patent") for which McNamara and Cline are also the named inventors. See D.I. 103-1 at 1. In August 2020, Lancium filed a patent infringement suit against a company called Layer1 Technologies, Inc. ("Layer1") asserting infringement of the '433 patent. D.I. 103, ¶ 52; D.I. 23 Answer ¶ 44. Plaintiffs acknowledge that they became aware of the Layer1 lawsuit "on or about August 17, 2020" but did not contact Lancium at this time or make any claim to have invented the patented technology. D.I. 103, ¶ 54. Then, around March 8, 2021, Plaintiffs read a press release announcing that "Layer 1 has licensed Lancium's intellectual property and Lancium will provide Smart Response™ software and services to Layer1." D.I. 103, ¶ 57.

A few weeks later, on April 14, 2021, Plaintiffs initiated this lawsuit alleging Storms should have been listed as an inventor on the '433 patent. D.I. 1. Plaintiffs' Second Amended Complaint, the operative complaint, alleges that "[t]his is an action seeking correction of the named inventors of a United States patent under 35 U.S.C. § 256," and "[a]s such, this action arises under the laws of the United States." D.I. 103, ¶ 13. Likewise, Plaintiffs' claims for correction of inventorship assert that "[t]hrough omission, inadvertence, and/or error Storms was not listed as an inventor on the '433 patent and the currently listed inventors on the '433 patent were improperly listed." *Id.*, ¶ 60. Count I further asserts that "Storms is the sole inventor of the subject matter claimed in the '433 Patent," and Count II asserts that "[i]n the alternative, Storms is a joint inventor of the subject matter claims in the '433 Patent and should be added to the individuals currently named as inventors on the '433 Patent." D.I. 103, ¶¶ 59, 63. Additional allegations that Defendants McNamara and Cline were wrongly identified as the inventors of the '433 patent are found throughout the Second Amended Complaint. *See, e.g.*, D.I. 103, ¶¶ 1, 5, 7, 46, 48, 53.

Plaintiffs' original claims for conversion and unjust enrichment were likewise based on the allegedly incorrect inventorship of the '433 patent. As such, the Court concluded that these claims were preempted by federal patent law. *See* D.I. 92, at 7, 9; *see also* D.I. 97. Plaintiffs have re-pleaded these claims, which are now based on Defendants' alleged use of "BearBox's technology, including system designs, documents, data, and know-how" to "modify their Smart Response™ software." *See* D.I. 103, ¶¶ 85, 87, 92, 96.

V.  **ARGUMENT**

    A.  **Legal Standards**

"When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. First, the Court separates the factual and legal elements of a claim, accepting all of the complaint's well-pleaded facts as true, but disregarding

4

any legal conclusions. Second, the Court determines whether the facts alleged in the complaint are sufficient to show a . . . plausible claim for relief." *Eaton Corp. v. Geisenberger,* 486 F. Supp. 3d 770 (D. Del. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Siemens USA Holdings Inc v. Geisenberger*, 17 F. 4th 393 (3d Cir. 2021) (internal citations omitted).

A legally sufficient complaint must establish more than a "sheer possibility" that Plaintiffs' claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at, 678 (quoting *Twombly*, 550 U.S. at 557). If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**B.     Plaintiffs' State Law Claims Should Be Dismissed Because They Fail As A Matter Of Law**

As with their First Amended Complaint, Plaintiffs' Second Amended Complaint does not specify under which state's law Plaintiffs assert their claims for conversion and unjust enrichment. *See* D.I. 103. However, Plaintiffs have affirmatively asserted a claim for trade secret misappropriation under Louisiana law. *See id.* at Count IV ("Trade Secret Misappropriation Under Louisiana Civil Practice and Remedies Code, Title 51, Section 13-A"). In addition, as the Court noted in its Report and Recommendation on Defendants' previous Motion for Judgment on the Pleadings, "both parties agree[d] that Louisiana law applies to the state law claims at issue here," which included claims for conversion and unjust enrichment. D.I. 92 at 5 n.4.

Moreover, under the "most significant relationship" test applied in Delaware to resolve conflict of laws issues, Louisiana law applies to the extent a conflict of laws exists. *Pennsylvania*

*Emp., Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 466 (D. Del. 2010) (Delaware applies the "most significant relationship" test for conflicts of law); *see also Bavarian Nordic A/S v. Acambis Inc.*, 486 F. Supp. 2d 354, 361 (D. Del. 2007). This is because both BearBox and Storms are located in Louisiana, D.I. 103, ¶¶ 8-9, and any harm they allegedly suffered also would have occurred in Louisiana.[1] *See Selective Ins. Co. v. Phila. Indem. Ins. Co.*, No. N17C-08-325, 2018 WL 2215885, at *3 (Del. Super. Ct. May 15, 2018) ("[T]he Delaware Supreme Court held 'the law of the state where the injury occurred should apply unless, with respect to the particular issue, some other state has a more significant relationship … .'" (quoting *State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 457 (Del. 2010)); *see also Abbott Lab. v. NutraMax Prod., Inc.*, 844 F. Supp. 443, 446 (N.D. Ill. 1994) ("The place of injury usually defines the locus of a cause of action" involving intellectual property, "and the damage to intellectual property rights is usually realized where the owner of the protected rights suffers the damage"); *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1271 (S.D. Fla. 2018) ("Generally, in tort cases, the location where the injury occurred is the decisive consideration in determining the applicable choice of law."). Accordingly, Louisiana law governs Plaintiffs' unjust enrichment and conversion claims.

But as set forth below, Plaintiffs' unjust enrichment and conversion claims each fail as a matter of law and should be dismissed with prejudice.[2]

---

[1] Moreover, no other state has a more significant relationship to Plaintiffs' claims as Defendants are located in both Texas and California, *see* D.I. 23, ¶¶ 8-10, and there is no single state where the alleged conduct causing Plaintiffs' purported injury occurred or where any relationship between the parties is centered. *Pennsylvania Emp., Benefit Tr. Fund*, 710 F. Supp. 2d at 467-68.

[2] As set forth in Defendants' Letter to the Honorable Christopher J. Burke (D.I. 112) and their reply letter (D.I. 114) in support of the Motion to Strike the Trade Secret Misappropriation Counts in the Second Amended Complaint (D.I. 111), Plaintiffs trade secret claims should also be stricken.

1. ***Plaintiffs' Unjust Enrichment Claim Fails As a Matter of Law Because Other Remedies Are Available For the Alleged Conduct***

Despite Plaintiffs' attempt to re-plead their unjust enrichment claim, this claim fails as a matter of law because it is still based on the same conduct as their other claims. One of the elements of unjust enrichment under Louisiana law is that "there must be no other remedy at law available to plaintiff." *Baker v. Maclay Properties Co.*, 94-1529 (La. 1/17/95), 648 So. 2d 888, 897. Accordingly, the Supreme Court of Louisiana has explained that "the remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy. The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided." *Walters v. MedSouth Rec. Mgmt., LLC*, 2010-0353 (La. 6/4/10), 38 So. 3d 243, 244 (internal quotations and citations omitted).

Significantly, the court in *Walters* made clear that the relevant inquiry is not whether a plaintiff can actually prevail on an alternative claim, but rather whether there is a "gap in the law" such that no other legal framework governs the conduct alleged. Thus, it is "of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* "In other words, even though a plaintiff may not succeed when it pursues its other available remedies, there is no cause of action in unjust enrichment if such a remedy exists." *Shaw v. Restoration Hardware, Inc.*, No. 21-1540, 2022 WL 343458, at *6 (E.D. La. Feb. 4, 2022) (granting motion to dismiss unjust enrichment claim); *see also Zaveri v. Condor Petroleum Corp.*, 27 F. Supp. 3d 695, 701–02 (W.D. La. 2014) ("As correctly held by Judge Feldman of the Eastern District, under Louisiana law, an unjust enrichment claim is a 'subsidiary' claim, not an alternative claim, which cannot be pursued when Louisiana law affords any other legal remedy.") (citing *JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d

7

516, 521 (E.D. La. 2013) ("[T]he availability of another remedy bars a plaintiff's claim for unjust enrichment, regardless of whether the plaintiff prevails in his pursuit of those other remedies.")); *Constance v. Austral Oil Expl. Co.*, No. 2:12-CV-1252, 2013 WL 6578178, at *9 (W.D. La. Dec. 13, 2013) ("Unjust enrichment is a specific cause of action that may not be asserted against a defendant as a mere catchall or safety net in the event that a plaintiff fails to succeed on the merits of his or her other claims.").

Indeed, unjust enrichment is considered "a **remedy of last resort** under Louisiana law." *Zaveri*, 27 F. Supp. 3d at 702 (W.D. La. 2014) (internal quotations omitted). Thus, as the Fifth Circuit held in *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, "[t]he important question is whether another remedy is available, not whether the party seeking a remedy will be successful." 581 Fed. App'x 440, 443–44 (5th Cir. 2014) (applying Louisiana law). Moreover, unjust enrichment may not be asserted against a defendant "as a mere catchall or safety net in the event that a plaintiff fails to succeed on the merits of his or her other claims." *Id.* (citation omitted).

Here, Plaintiffs unjust enrichment claim is clearly based on the same alleged conduct as its conversion and trade secret misappropriation claims: the alleged use of "BearBox's technology" to improperly modify Lancium's Smart Response™ software. Indeed, Plaintiffs' unjust enrichment claim alleges that they "conferred a benefit on Defendants by providing them valuable technology, specifically BearBox's technology, including system designs, documents, data, and know-how" and "Defendants used Plaintiffs' system designs, documents, data, and know-how to modify their Smart Response™ software to function as BearBox's technology did, [and] [a]s a result, Defendants are deriving an unjust benefit from exploiting BearBox's property." D.I. 103, ¶¶ 92, 96. This is the same basis as their conversion claim, which alleges that "Defendants intentionally and willfully assumed dominion and control over BearBox's technology, including

8

system designs, documents, data, and know-how and improperly used it to modify their Smart Response™ software." D.I. 103, ¶ 87. Plaintiffs' conversion claim additionally alleges that "[d]espite providing Defendants with system designs, documents, data, and know-how that allowed Defendants to modify their Smart Response™ software, and corresponding system designs, Defendants have not compensated or recognized Plaintiffs for the use of BearBox's technology," which "constitute[s] an improper and unauthorized use of Plaintiffs' property." D.I. 103, ¶ 89.

Likewise, Plaintiffs' trade secret misappropriation claims allege that "Defendants misappropriated Plaintiffs' trade secrets when they used BearBox technology, without Plaintiffs' authorization, in at least its Smart Response™ software." D.I. 103, ¶¶ 72, 81. And Plaintiffs' trade secret misappropriation claims even allege that they have been harmed by "financial loss for any **unjust enrichment** caused by the misappropriation of the trade secrets." D.I. 103, ¶¶ 73, 82 (emphasis added).

Because there are other remedies available to address Defendants' allegedly wrongful conduct (*e.g.*, conversion and trade secret misappropriation), unjust enrichment is not an available claim, regardless of whether Plaintiffs can successfully proceed on its other claims. *See Walters v. MedSouth Rec. Mgmt., LLC*, 2010-0352 (La. 6/4/10), 38 So. 3d 241, 242. *Shaw v. Restoration Hardware, Inc.*, No. CV 21-1540, 2022 WL 343458 (E.D. La. Feb. 4, 2022). In *Shaw*, the court explained that the plaintiffs' unjust enrichment claim was based on "[t]he same alleged conduct [that] is the basis of plaintiffs' other claims in this litigation." *Id.* at *6. As such, the court held that "plaintiffs cannot succeed in proving the fifth element of the unjust enrichment claim: absence of another remedy" and therefore dismissed the unjust enrichment claim. *Id.* The court further explained that even though the plaintiffs' other claims that were based on the same conduct also

failed as a matter of law and were dismissed, "the failure on those claims would not lead to recovery under an unjust enrichment theory." *Id.*

Thus, because here BearBox's unjust enrichment claim is based on the same conduct as its conversion and trade secret claims, the unjust enrichment claim (Count VI) should be dismissed with prejudice.

>    2.   ***To The Extent Plaintiffs' Unjust Enrichment Claim Is Premised On The Use of Non-Confidential Information, It Is Preempted By Federal Patent Law***

It is well-established that "[f]ederal law preempts state law that offers patent-like protection to discoveries unprotected under federal patent law." *Ultra-Precision Mfg., Ltd v. Ford Motor Co.*, 411 F.3d 1369, 1377-78 (Fed. Cir. 2005) (noting that "Federal Circuit law governs whether federal patent law preempts a state law claim") (internal quotations and citation omitted). The Supreme Court has also noted that "[a] state law that substantially interferes with the enjoyment of an unpatented utilitarian or design conception which has been freely disclosed by its author to the public at large impermissibly contravenes the ultimate goal of public disclosure and use which is the centerpiece of federal patent policy." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156-57 (1989). Thus, "[a]bsent secrecy, state law cannot create a collateral set of rights available as an adjunct or expansion to patent rights." *Ultra- Precision*, 411 F.3d at 1379 (quoting *Waner v. Ford Motor Co.*, 331 F.3d 851, 856 (Fed. Cir. 2003)).

Here, as addressed above, Plaintiffs' unjust enrichment claim is premised upon Defendants' alleged use of "BearBox's technology" to modify their Smart Response™ software—the same conduct that forms the basis of Plaintiffs' conversion and trade secret misappropriation claims. However, although Plaintiffs' conversion and trade secret misappropriation claims are explicitly limited to Defendants' alleged use of "confidential"

10

information (*see, e.g.*, D.I. 103, ¶¶ 68-72, 77-81, 88), Plaintiffs' unjust enrichment claim is silent regarding whether "BearBox's technology" at-issue was confidential. *See* D.I. 103, ¶¶ 91-101. Nonetheless, to the extent Plaintiffs base their unjust enrichment claim on Defendants' alleged use of non-confidential technology or information (or attempt to distinguish their unjust enrichment claims from their conversion and trade secret misappropriation claims on this basis), the claim is preempted by federal patent law. Under federal patent law, an idea is considered publicly available if "given to a member of the public without restriction." *See Pronova Biopharma Norge AS v. Teva Pharms. USA, Inc.*, 549 F. App'x 934, 940 (Fed. Cir. 2013); *see also Bonito Boats*, 489 U.S. at 149 (under the one year statutory bar of federal patent law's 35 U.S.C. § 102, "[o]nce an inventor has decided to lift the veil of secrecy from his work, he must choose the protection of a federal patent or the dedication of his idea to the public at large"). Thus, if Plaintiffs are permitted to pursue non-patent claims for use of an idea or technology that was publicly known, the Court would be allowing Plaintiffs to encroach impermissibly on the exclusive domain of federal patent law.

Indeed, the Federal Circuit, which "governs whether federal patent law preempts a state law claim," has repeatedly held similar unjust enrichment claims based on the use of non-confidential information to be preempted. For example, in *Ultra-Precision*, the court held plaintiff's unjust enrichment claim, which was premised upon the defendant's "using, manufacturing, and selling vehicles equipped with [Ultra-Precision's] technology" was preempted because the idea/technology was not kept confidential and was therefore "free for all the world to enjoy." *Id.* at 1380-82. Additionally, in *Waner* the court affirmed dismissal of the plaintiff's unjust enrichment claim premised upon the use of his non-confidential idea because such "ideas can only be protected under intellectual property law by the patent system." *Waner*, 331 F.3d at 856–57. Accordingly, to the extent Plaintiffs' unjust enrichment claim is premised upon the alleged use of

11

non-confidential technology, information, or ideas, this claim is preempted and should be dismissed with prejudice.

### 3. *Plaintiffs' Conversion Claim Fails Because They Were Not Deprived Of Tangible Property*

Plaintiffs' conversion claim fails as a matter of law because their allegations do not—and cannot—state a claim for conversion. Under Louisiana law, "[a] conversion is an act in derogation of the plaintiff's ***possessory*** rights and any wrongful exercise or assumption of authority over another's goods, ***depriving him of the possession***, permanently or for an indefinite time." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985) (emphasis added); *see also Bihm v. Deca Sys., Inc.*, 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So. 3d 466, 478 (citing *Quealy,* 475 So. 2d at 760). Thus, conversion "is grounded on the unlawful interference with the ownership or possession of a movable." *CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 2019 CA 0731, 2019 WL 2865359, at *2 (La. Ct. App. July 2, 2019), *writ denied*, 282 So. 3d 1071 (La. 2019).

Here, Plaintiffs' conversion claim fails because Plaintiffs were not deprived, and do not allege that they were deprived, of ownership or possession of any tangible, movable property. As an initial matter, the only things that Plaintiffs allege that Defendants converted were "BearBox's technology, including system designs, documents, data, and know-how." D.I. 103, ¶ 87. Moreover, Plaintiffs only allege that they provided Defendants with information about "BearBox's technology" via "conversations, emails, and text messages." *See, e.g., id.*, ¶¶ 33-34. Importantly, Plaintiffs do not allege that Defendants converted any paper or hard copy documents, and they do not allege that they were ever deprived of copies of or access to the allegedly converted "system designs, documents, data, and know-how." *See id.*, ¶¶ 84-90. Indeed, they do not allege that Defendants took or converted the only copies of their "system designs, documents, data, and know-

12

how." *Id.* They make no allegation that they were deprived of ownership or possession of their "system designs, documents, data, and know-how." *Id.* Nor could they because in order to email or text message any information to Defendants, Plaintiffs must have had their own copies. Thus, Plaintiffs fail to allege a cause of action for conversion.

*CamSoft* is instructive. 2019 WL 2865359, at *2-3. Similar to this case, in *CamSoft*, the plaintiff alleged the defendants were liable for conversion based on the alleged "ongoing use of CamSoft's confidential technical and business information" that included "device compilations, software code, know-how, networking designs, installation process, business methods, marketing plans, pricing information, and strategic wireless network integrator business plans." *Id*. The *CamSoft* court, however, granted summary judgment on the conversion claim for two reasons. One, the claim was based on "immovable, intangible information." *Id.* at *3. Two, despite the defendants' alleged use of CamSoft's information, "CamSoft was not deprived of its confidential business information," and "a conversion requires a deprivation of possession." *Id.* This same reasoning applies here because Plaintiffs have not alleged—and cannot allege—that they were deprived of their allegedly converted technology or information because they retained copies of this information. Indeed, just as in *CamSoft*, Plaintiffs do not allege that "their business information was taken from them in physical form or that they no longer had the use of their confidential information." *Id.* at 3 n.3.

Accordingly, the Court should dismiss Plaintiffs' conversion claim (Count V) with prejudice.

## VI.  CONCLUSION

For the reasons stated above, the Court should dismiss Count V (conversion) and Count VI (unjust enrichment) in the Second Amended Complaint, with prejudice.

13

| | |
|---|---|
| Dated:  March 16, 2022 | BARNES & THORNBURG LLP |
| | |
| | */s/ Chad S.C. Stover*<br>Chad S.C. Stover (No. 4919)<br>1000 N. West Street, Suite 1500<br>Wilmington, Delaware 19801-1050<br>Telephone: (302) 300-3474<br>E-mail: chad.stover@btlaw.com |
| | |
| | Mark C. Nelson (admitted pro hac vice)<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX  75201<br>Tel:  (214) 258-4140<br>E-mail:  mark.nelson@btlaw.com |
| | |
| | Darrick J. Hooker (*pro hac vice* pending)<br>Adam M. Kaufmann (admitted *pro hac vice*)<br>Dana Amato Sarros (admitted *pro hac vice*)<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel: (312) 214-8319<br>E-mail: darrick.hooker@btlaw.com<br>E-mail: adam.kaufmann@btlaw.com<br>E-mail: dana.sarros@btlaw.com |
| | |
| | *Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.* |