# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BEARBOX LLC and AUSTIN
STORMS,

                    Plaintiffs,

     v.

LANCIUM LLC, MICHAEL T.
MCNAMARA, and RAYMOND
E. CLINE, JR.,

                  Defendants.

Civil Action No. 21-534-MN-CJB

JURY TRIAL DEMANDED

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS V AND VI OF PLAINTIFFS' SECOND AMENDED COMPLAINT

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Of Counsel:*

Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300


Dated:  March 30, 2022

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ......................................................................................1

III.    LEGAL STANDARD..............................................................................................3

IV.     ARGUMENT ...........................................................................................................4

        A.      BearBox Sufficiently Pleads a Claim for Conversion Under Louisiana
                Law ...............................................................................................................4

                1.      Louisiana conversion law protects electronically stored
                        information, not only paper or hard copy documents ...................5

                2.      Retaining a copy of stolen information does not preclude a
                        conversion claim under Louisiana law ........................................7

        B.      BearBox Sufficiently Pleads a Claim for Unjust Enrichment Under
                Louisiana Law................................................................................................9

        C.      BearBox's Unjust Enrichment Claim Is Not Preempted by Federal Patent
                Law ...............................................................................................................10

V.      CONCLUSION......................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aronson v. Quick Point Pencil Co.*,
    440 U.S. 257 (1979)..............................................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................................4

*Bd. of Regents, Univ. of Tex. v. Nippon*,
    414 F.3d 1358 (Fed. Cir. 2005) .............................................................................................13

*Bell Atl. Corp. V. Twombly*,
    550 U.S. 544 (2007)................................................................................................................4

*Bihm v. Deca Sys., Inc.*,
    226 So. 3d 466 (La. Ct. App. 2017).......................................................................................8

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
    489 U.S. 141, 168 (1989).....................................................................................................11

*Bruesewitz v. Wyeth*,
    131 S.Ct. 1068 (2011)..........................................................................................................12

*Bureau Veritas Commodities & Trade, Inc. v. Nanoo*,
    No. CV 20-3374, 2021 WL 2142466 (E.D. La. May 26, 2021).........................................5, 9

*CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*,
    2019-0731, 2019 WL 2865359 (La. Ct. App. July 2, 2019), *writ denied*, 2019-01229,
    282 So. 3d 1071 (La. 2019) .................................................................................................6, 9

*Dileo v. Horn*,
    189 So. 3d 1189 (La. Ct. App. 2016).....................................................................................7

*DNA Genotek Inc. v. Ancestry.com DNA, LLC*,
    No. CV 15-355-SLR, 2016 WL 1128491, (D. Del. Mar. 22, 2016).......................................4

*Dual Drilling Co. v. Mills Equip. Invs., Inc.*,
    721 So. 2d 853 ......................................................................................................................7

*Erickson v. Pardus*,
    551 U.S. 89 (2007)................................................................................................................4

*First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*,
    No. CV 15-638, 2016 WL 5869787 (E.D. La. Oct. 7, 2016) ................................................6

*Hall v. Bed Bath & Beyond, Inc.*,
    705 F.3d 1357 (Fed. Cir. 2013) ...........................................................................................12

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998) ....... 11, 12

*Hylton v. AmeriFinancial Sols., LLC,*
    No. CV 18-2206, 2018 WL 6044734 (E.D. Pa. Nov. 19, 2018) ............................................ 4

*In re Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir. 1997) ................................................................................................ 4

*Landmark Am. Ins. Co. v. Gulf Coast Analytical Labs, Inc.,*
    2012 U.S. Dist. LEXIS 45184, 2012 WL 1094761 (M.D. La. 2012).................................... 6

*Mabile v. BP, p.l.c.,*
    No. CV 11-1783, 2016 WL 5231839 (E.D. La. Sept. 22, 2016) ........................................ 7, 8

*Mayer v. Lamarque Ford, Inc.,*
    No. 00-1325, 2001 WL 175232 (E.D. La. Feb. 16, 2001)................................................... 10

*McCullum v. McAlister's Corp. of Mississippi,*
    No. 08-5050, 2010 WL 1489907 (E.D. La. April 13, 2010) .............................................. 10

*Medtronic, Inc. v. Lohr,*
    518 U.S. 470 (1996)............................................................................................................. 11

*Midwest Industs., Inc. v. Karavan Trailers, Inc.,*
    175 F.3d 1356 (Fed. Cir. 1999) .......................................................................................... 11

*ORX Resources, Inc. v. Autra,*
    No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009)................................................ 10

*Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008)...................................................... 3

*Prop. One, Inc. v. USAgencies, L.L.C.,*
    830 F. Supp. 2d 170 (M.D. La. 2011)................................................................................ 10

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.,*
    475 So. 2d 756 (La. 1985) ..................................................................................................... 8

*Richard v. Wal-Mart Stores, Inc.,*
    2007 WL 855357 (W.D. La. Mar. 16, 2007)...................................................................... 10

*South Central Bell Telephone Co. v. Barthelemy,*
    643 So. 2d 1240 (La. 1994) ............................................................................................... 5, 6

*State v. Williamson,*
    81 So. 3d 156 (La. App. 5th Cir. 2011) ............................................................................... 5

*United States v. Ford Motor Co.,*
    497 F.3d 1331 (Fed. Cir. 2007) ............................................................................................ 4

*Univ. of Colo. Found. v. Am. Cyanamid*,
   342 F.3d 1298 (Fed. Cir. 2003) ................................................................ 11, 12, 13

*Wawrzynski v. H.J. Heinz Co.*,
   574 F. App'x 99 (3d Cir. 2014) ............................................................................. 13

**Statutes**

35 U.S.C. §§ 1-376 ......................................................................................................... 11

**Cases**

*Aronson v. Quick Point Pencil Co.*,
   440 U.S. 257 (1979) ............................................................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 4

*Bd. of Regents, Univ. of Tex. v. Nippon*,
   414 F.3d 1358 (Fed. Cir. 2005) ............................................................................ 13

*Bell Atl. Corp. V. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 4

*Bihm v. Deca Sys., Inc.*,
   226 So. 3d 466 (La. Ct. App. 2017) ....................................................................... 8

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141, 168 (1989) ...................................................................................... 11

*Bruesewitz v. Wyeth*,
   131 S.Ct. 1068 (2011) ........................................................................................... 12

*Bureau Veritas Commodities & Trade, Inc. v. Nanoo*,
   No. CV 20-3374, 2021 WL 2142466 (E.D. La. May 26, 2021) .......................... 5, 9

*CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*,
   2019-0731, 2019 WL 2865359 (La. Ct. App. July 2, 2019), *writ denied*, 2019-01229,
   282 So. 3d 1071 (La. 2019) ................................................................................ 6, 9

*Dileo v. Horn*,
   189 So. 3d 1189 (La. Ct. App. 2016) ..................................................................... 7

*DNA Genotek Inc. v. Ancestry.com DNA, LLC*,
   No. CV 15-355-SLR, 2016 WL 1128491, (D. Del. Mar. 22, 2016) ....................... 4

*Dual Drilling Co. v. Mills Equip. Invs., Inc.*,
   721 So. 2d 853 ........................................................................................................ 7

iv

*Erickson v. Pardus*,
    551 U.S. 89 (2007)....................................................................................................... 4

*First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*,
    No. CV 15-638, 2016 WL 5869787 (E.D. La. Oct. 7, 2016) .................................. 6

*Hall v. Bed Bath & Beyond, Inc.*,
    705 F.3d 1357 (Fed. Cir. 2013) ............................................................................ 12

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998) ....... 11, 12

*Hylton v. AmeriFinancial Sols., LLC*,
    No. CV 18-2206, 2018 WL 6044734 (E.D. Pa. Nov. 19, 2018) ............................. 4

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ................................................................................. 4

*Landmark Am. Ins. Co. v. Gulf Coast Analytical Labs, Inc.*,
    2012 U.S. Dist. LEXIS 45184, 2012 WL 1094761 (M.D. La. 2012)..................... 6

*Mabile v. BP, p.l.c.*,
    No. CV 11-1783, 2016 WL 5231839 (E.D. La. Sept. 22, 2016) ......................... 7, 8

*Mayer v. Lamarque Ford, Inc.*,
    No. 00-1325, 2001 WL 175232 (E.D. La. Feb. 16, 2001)................................... 10

*McCullum v. McAlister's Corp. of Mississippi*,
    No. 08-5050, 2010 WL 1489907 (E.D. La. April 13, 2010) ............................... 10

*Medtronic, Inc. v. Lohr*,
    518 U.S. 470 (1996)............................................................................................. 11

*Midwest Industs., Inc. v. Karavan Trailers, Inc.*,
    175 F.3d 1356 (Fed. Cir. 1999) ........................................................................... 11

*ORX Resources, Inc. v. Autra*,
    No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009)................................. 10

*Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008)........................................ 3

*Prop. One, Inc. v. USAgencies, L.L.C.*,
    830 F. Supp. 2d 170 (M.D. La. 2011)................................................................. 10

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*,
    475 So. 2d 756 (La. 1985) .................................................................................... 8

*Richard v. Wal-Mart Stores, Inc.*,
    2007 WL 855357 (W.D. La. Mar. 16, 2007)...................................................... 10

*South Central Bell Telephone Co. v. Barthelemy*,
  643 So. 2d 1240 (La. 1994) ............................................................... 5, 6

*State v. Williamson*,
  81 So. 3d 156 (La. App. 5th Cir. 2011) ................................................. 5

*United States v. Ford Motor Co.*,
  497 F.3d 1331 (Fed. Cir. 2007) ............................................................ 4

*Univ. of Colo. Found. v. Am. Cyanamid*,
  342 F.3d 1298 (Fed. Cir. 2003) ............................................... 11, 12, 13

*Wawrzynski v. H.J. Heinz Co.*,
  574 F. App'x 99 (3d Cir. 2014) ............................................................ 13

**Statutes**

35 U.S.C. §§ 1-376 ................................................................................... 11

**Other Authorities**

U.S. Const. art. VI, cl. 2 ........................................................................... 11

**Rules**

Fed. R. Civ. P. 8(e)(2) ............................................................................. 10

## I.      INTRODUCTION

The Court should deny Lancium's Motion to Dismiss with respect to Count V because Louisiana law expressly recognizes that the tort of conversion protects electronic documents even when transmitted via electronic means and even when the plaintiff keeps a copy. Lancium's use of BearBox's system designs, documents, and data, without BearBox's authorization, constitutes conversion under Louisiana law. Conversion is not limited to paper or hard copy documents, such that documents and information sent via email or text message cannot be converted. The fact that BearBox sent the documents and information at issue here via "email or text message" does not mean that BearBox was not deprived "possession" of its electronic documents and information. Louisiana conversion law is not so narrow, and Lancium's argument is based on a severe misreading of Louisiana law. The *improper use* of a plaintiff's property, without authorization or consent, constitutes conversion under Louisiana law, and courts applying Louisiana law have refused to dismiss where, as here, a complaint includes an allegation of improper use.

The Court should deny Lancium's Motion to Dismiss with respect to Count VI because Louisiana law recognizes a separate cause of action for unjust enrichment, which may be pleaded in the alternative to other claims. Should this Court find that no other remedy is available to BearBox (as Lancium contends), BearBox may nevertheless be entitled to recover monetary relief for the amount by which Lancium has been enriched by its uncompensated use of BearBox's time, labor, and property. BearBox's unjust enrichment claim is not preempted by federal patent law because it does not offend the purpose or objectives of federal patent law.

## II.     STATEMENT OF FACTS

Plaintiff Austin Storms, through his company, BearBox LLC developed a revolutionary system for energy-efficient cryptocurrency mining using power option agreements. SAC at ¶¶

29-31. Storms documented the development of his system, including, but not limited to, annotated software schematics and proprietary data modeling. SAC at ¶¶ 2, 34. Using some of these materials and his own explanations, Storms tried to sell his system to Lancium, through Mr. Michael McNamara. SAC at ¶¶ 33-34. McNamara feigned interest for a few days and "continued to press Storms for additional details about BearBox's technology," inducing BearBox to disclose "annotated system diagrams, component specifications, and modeled data sets" "[u]nder the rouse of a potential business relationship," until McNamara had what he needed. SAC at ¶¶ 33-36. "McNamara abruptly ended all communications with Storms" thereafter. SAC at ¶ 35.

McNamara and Lancium then used BearBox's "system designs, documents, data, and know-how," without consent or authorization, to modify Lancium's Smart Response™ software, to function as reflected in BearBox's system designs, documents, and know-how." SAC at ¶¶ 4, 38-40, 46, 87. This unauthorized use included confidential aspects of BearBox's technology. SAC at ¶ 46. McNamara and Lancium proceeded to file a patent application, paying the extra fee to fast track it, and receiving a newly-issued patent less than four months later, U.S. Patent No. 10,608,433 ("the '433 patent" or "the patent-in-suit") with claims covering certain, but not all, aspects of BearBox's system. SAC at ¶¶ 4, 36-43.  McNamara and Lancium subsequently used, sold, licensed, and procured investments related to and otherwise monetized, its modified Smart Response™ software for substantial profit. SAC at ¶¶ 87-89. Although Storms provided McNamara with the system designs, documents, data, and know-how that allowed Lancium to modify its software, Lancium has not compensated or recognized Storms or BearBox for the "improper and unauthorized use" of BearBox's technology, including system designs, documents, data, and know-how. SAC at ¶¶  89, 97, 99, 101. Lancium's unauthorized use of

BearBox's technology has deprived Storms and BearBox of the fruits of their labor—for example, in addition to costs incurred and labor expended in creating BearBox's technology, Plaintiffs are no longer able to obtain any economic benefit from any use of BearBox's technology. SAC ¶ 98. Simply put, McNamara and Lancium retained BearBox's technology, used it (without authorization) to their own advantage, and at BearBox's expense. SAC at ¶ 95.

On February 16, 2022, BearBox filed its Second Amended Complaint alleging conversion, unjust enrichment, trade secret misappropriation,[1] and correction of inventorship, seeking, among other things, "[f]inancial relief including damages, consequential damages, disgorgement of Defendants' ill-gotten profits, Defendants' unjust enrichment, reliance damages, and/or all other appropriate financial relief, all in an amount to be determined at trial, with interest," a correction of inventorship of the '433 patent, and a transfer of title of the '433 patent. SAC at Prayer for Relief, ¶¶ A-K. On March 16, 2022, Lancium filed a Motion to Dismiss Counts V and VII of BearBox's Second Amended Complaint. D.I. 120. Lancium's Motion (D.I. 120) is presently before the Court.

## III.   LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations in the Second Amended Complaint, and draw all reasonable inferences in favor of the Plaintiffs. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008); *see*

---

[1] Lancium argues that Plaintiffs are attempting to "reintroduce" their trade secret counts in the SAC. D.I. 121, at 6. This is false. As explained in Plaintiffs' Letter Response to Lancium's Motion to Strike, the trade secret counts asserted in the SAC are *new* trade secret counts. D.I. 122, at 2. Lancium makes the incorrect assumption that the new trade secret counts are based on the same trade secret BearBox pleaded in its Original Complaint, and later voluntarily dismissed after discovering a public disclosure of that information. However, the trade secret counts in the SAC are based on a different trade secret, and BearBox only learned of Lancium's misappropriation of this trade secret through discovery requested in May 2021 and June 2021, but not produced by Lancium until December 20, 2021, seven weeks after the pleading deadline.

*also United States v. Ford Motor Co.*, 497 F.3d 1331, 1336 (Fed. Cir. 2007). The Court "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

To state a claim properly, a plaintiff "does not need detailed factual allegations," but instead needs only to allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the Second Amended Complaint need only set forth sufficient detail to provide Defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* at 555 (internal quotations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[S]pecific facts are not necessary. . ."). Put another way, as long as the factual allegations move a claim "across the line from conceivable to plausible," the claim for relief is adequately pleaded. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (*quoting Twombly*, 550 U.S. at 570). Thus, a motion to dismiss should be denied if plaintiffs have shown "a plausible entitlement to relief." *Twombly*, 550 U.S. at 559.

Additionally, where, as here, a defendant's motion to dismiss relies on misinterpretations of the applicable law, a motion to dismiss is properly denied. *See, e.g.*, *DNA Genotek Inc. v. Ancestry.com DNA, LLC*, No. CV 15-355-SLR, 2016 WL 1128491, at *3 (D. Del. Mar. 22, 2016) (denying motion to dismiss, finding plaintiff appropriately pleaded its claim and stating defendant cited inapposite cases and "misinterpreted" the law); *Hylton v. AmeriFinancial Sols., LLC,* No. CV 18-2206, 2018 WL 6044734, at *3 (E.D. Pa. Nov. 19, 2018) (denying motion to dismiss that "misinterpret[ed] or misconstrue[d] the decisions on which it relie[d]").

## IV.    ARGUMENT

### A.    BearBox Sufficiently Pleads a Claim for Conversion Under Louisiana Law

Lancium's Motion to Dismiss BearBox's conversion count is based on the mistaken

premise that Louisiana conversion law protects only "paper or hard copy documents," while BearBox pleads theft of electronic information, and that a Louisiana conversion plaintiff must be deprived of possession of its property, while BearBox pleads that Lancium obtained the stolen electronic data and documents by "email and text message," suggesting BearBox retained copies. D.I. 121 at 16-17. But these are misstatements of Louisiana law and Lancium's Motion (D.I. 120) should therefore be denied.

### 1. Louisiana conversion law protects electronically stored information, not only paper or hard copy documents

Lancium's argument that the tort of conversion under Louisiana law protects only paper documents has been roundly rejected. Ten months ago, the Eastern District of Louisiana noted that "under Louisiana law, digital information may be the basis for a conversion action[.]" *Bureau Veritas Commodities & Trade, Inc. v. Nanoo*, No. CV 20-3374, 2021 WL 2142466, at *13 (E.D. La. May 26, 2021) (holding that electronic "customer lists, financial information, and Outlook files" are properly the subject of a Louisiana conversion claim).

In fact, Louisiana conversion law has followed developments in technology over the past 30 years to extend protection to all forms of electronically stored information. In 1994, the Louisiana Supreme Court recognized that conversion protects digital property. *South Central Bell Telephone Co. v. Barthelemy*, 643 So. 2d 1240, 1246 (La. 1994) (finding that digital information "is not merely knowledge, but rather is knowledge recorded in a physical form which has physical existence, takes up space on [a] tape, disc, or hard drive, makes physical things happen, and can be perceived by the senses"). Louisiana courts have applied this reasoning to all types of electronic files or electronically stored data. *See, e.g.*, *State v. Williamson*, 81 So. 3d 156 (La. App. 5th Cir. 2011) (holding that electronically stored AutoCAD files are protected by Louisiana conversion law); *Landmark Am. Ins. Co. v. Gulf Coast*

*Analytical Labs, Inc.*, 2012 U.S. Dist. LEXIS 45184, 2012 WL 1094761 (M.D. La. 2012)

(holding that chemical analysis data is protected by Louisiana conversion law). This is because

"[t]angibility is not a defining quality of physicality according to Louisiana law … though

electronic data is not tangible, it is still physical because it can be observed and altered though

human action." *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2016 WL

5869787, at *5 (E.D. La. Oct. 7, 2016) (rejecting argument that information residing in the cloud

is not stored in a physical location, stating "[c]loud computing still relies on tangible software

encoded onto physical servers to store the information, it is just that those servers are only

connected to the end user through a network, such as the internet, rather than stored on the user's

personal hard drive or local network server") (citing *South Central Bell*).

The cases Lancium cites do not compel a finding that electronic documents cannot be

converted. For example, in *CamSoft Data Systems*, the court recognized that the Louisiana

Supreme Court has found that electronic information such as software can be protected under

conversion law. *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 2019-0731, 2019 WL 2865359,

at 3 n.3 (La. Ct. App. July 2, 2019), *writ denied*, 2019-01229, 282 So. 3d 1071 (La. 2019).

Although the court in *CamSoft* declined to extend conversion law to the "intangible information"

at issue in that case, the court provided little reasoning for its decision and did not address

decisions finding that electronic documents are subject to conversion. *Id.* at 3. In any event,

BearBox pleads that "this case is about Defendants' theft and unauthorized use of system

designs, data, know-how, *and physical documents describing those designs, data, and know-

how*." D.I. 103 at ¶ 1 (emphasis added). Because Louisiana law recognizes that "physical

documents" can include electronically stored information, Lancium's argument fails. For its part,

Lancium itself has printed out BearBox digital information and attached those documents as

physical exhibits to its Amended Answer and Counterclaims. *See* D.I. 28 at Ex. D.

### 2. Retaining a copy of stolen information does not preclude a conversion claim under Louisiana law

Lancium also argues that Louisiana conversion claims must involve "depriving" the plaintiff of its "ownership or possession" of the digital information, which is a requirement BearBox does not plead, and could not plead, because BearBox sent its digital information to Lancium by text message and email, thereby retaining a copy for itself. D.I. at 12-13. This argument is also based on a misreading of Louisiana law.

Pursuant to Louisiana law, "[c]onversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights." *Dileo v. Horn*, 189 So. 3d 1189, 1198 (La. Ct. App. 2016) (emphasis added).

The Louisiana Supreme Court has explained that the tort of conversion:

> "... is committed when *any of the following* occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel."

*Mabile v. BP, p.l.c.*, No. CV 11-1783, 2016 WL 5231839, at *21 (E.D. La. Sept. 22, 2016) (quoting *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So. 2d 853, 856) (emphasis and alterations in original). In other words, under Louisiana law, withholding possession from the owner is just *one of seven* possible "acts inconsistent with the owner's rights" that are actionable as conversion. BearBox's SAC pleads conversion according to at least four of the seven possible acts under Louisiana law:

- Lancium obtained possession in an unauthorized manner by inducing BearBox to provide its documents and information through a false representation that Lancium was interested in investing in or otherwise collaborating with BearBox. D.I. 103 ¶ 86.

7

- Possession of BearBox's documents and information was transferred without authority because, without BearBox's consent, Lancium took BearBox's "system designs, documents, data, and know-how, and improperly used it to modify their Smart Response™ software" which Lancium then sold, licensed, or otherwise transferred, to its customers. D.I. 103 ¶ 87.

- Lancium improperly used BearBox's documents and information by taking it, without permission or authority, and using it to modify Lancium's Smart Response™ software. D.I. 103 ¶¶ 87, 89.

- Lancium has unlawfully asserted ownership over BearBox's documents and information by using it to modify its Smart Response software, and holding that Smart Response software out to its customers as belonging to Lancium. *Id*. ¶¶ 87-88.

For example, in *Mabile*, the court recognized a conversion cause of action where the plaintiff pleaded that he had sent his schematics to the defendant electronically, even though the plaintiff also retained a copy. *Mabile*, No. CV 11-1783, 2016 WL 5231839, at *23.

Lancium's attempt to delete six-sevenths of Louisiana conversion law is based on citation to three cases, none of which stand for the proposition that conversion precludes a plaintiff from having a copy of its stolen information.  In *Quealy*, quoted by *Bihm*, the Louisiana Supreme Court said "conversion is an act in derogation of the plaintiff's possessory rights" and goes on to provide an example, stating "*and* any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time, is a conversion." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985) (emphasis added); *Bihm v. Deca Sys., Inc.*, 226 So. 3d 466, 478 (La. Ct. App. 2017).  Any derogation, or impairment, of BearBox's possessory rights is an act of conversion. This broad

statement of Louisiana law is consistent with the seven types of conversion acts the Louisiana

Supreme Court has said constitute conversion; BearBox pleads at least four such acts in its

Second Amended Complaint. *See supra*.  Not pleading all seven acts of conversion is not a basis

on which dismissal can be granted.  Lancium's attempt to persuade this Court otherwise is a

misstatement of law, and a misrepresentation of these cases.

Finally, in *CamSoft*, Lancium's last citation in support of its rewrite of Louisiana tort law,

the court found that the plaintiff's failure to produce sufficient evidence merited a grant of

summary judgment. *CamSoft*, 2019-0731, 2019 WL 2865359, at 7. The *CamSoft* court did not

contemplate the pleading requirements for conversion. *Id.* at 3. Notably, the Eastern District of

Louisiana declined to follow the *CamSoft* court's summary judgment reasoning in denying a

motion to dismiss, finding the plaintiff adequately pleaded conversion based on defendant's

unauthorized "copying" of the digital information that otherwise remained in the plaintiff's

possession. *Bureau Veritas Commodities & Trade, Inc. v. Nanoo*, No. CV 20-3374, 2021 WL

2142466, at *13 (E.D. La. May 26, 2021).[2]

For these reasons, Lancium's motion to dismiss BearBox's conversion claim should be

denied.

**B.      BearBox Sufficiently Pleads a Claim for Unjust Enrichment Under Louisiana Law**

Lancium erroneously argues that BearBox's unjust enrichment claim is not plausible as a

matter of law. To the contrary, the alternative pleading of an unjust enrichment claim is

permissible and well accepted under Louisiana law. Even with the pleading of other remedies at

---

[2] Even in a summary judgment setting, the *CamSoft* court's reasoning has been called into question. Andrew Crayden, "A Modern-Day Gold-Rush: Applying Property Principles to Data Using Mineral Rights Concepts and the Rule of Capture," 81 La. L. Rev. 949, 982 (2021) ("*CamSoft* should [not] govern a consideration of data as property.")

law, a claim of unjust enrichment can properly be pleaded in the alternative. *See McCullum v. McAlister's Corp. of Mississippi*, No. 08-5050, 2010 WL 1489907, at *7 (E.D. La. April 13, 2010) (Louisiana law permits unjust enrichment to be pleaded in the alternative); *ORX Resources, Inc. v. Autra*, No. 09-4451, 2009 WL 3447256, at *2 (E.D. La. Oct. 20, 2009) ("[T]he federal rules permit a claim for unjust enrichment to be pleaded in the alternative."); *Mayer v. Lamarque Ford, Inc.*, No. 00-1325, 2001 WL 175232 (E.D. La. Feb. 16, 2001) (denying motion to dismiss unjust enrichment claim because the plaintiff pleaded unjust enrichment not as exclusive remedy but in the alternative to other claims for the same alleged wrong).

Lancium's argument that BearBox's unjust enrichment claim "fails as a matter of law" fails to recognize that both Fed. R. Civ. P. 8(e)(2) and "Louisiana law clearly permit[] unjust enrichment to be pleaded in the alternative." *Richard v. Wal-Mart Stores, Inc.*, 2007 WL 855357, at *3 (W.D. La. Mar. 16, 2007); *Hall v. Habul*, 2014 WL 2441177, at *5 (M.D. La. May 30, 2014); *see also Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 175 (M.D. La. 2011) (finding that unjust enrichment claim could be pleaded alongside other claims, as Fed. R. Civ. P. 8 provides for alternative pleading even if the alternative claims are pleaded inconsistently with other claims). Although BearBox recognizes that Louisiana courts have ruled on both sides of this issue, dismissal of BearBox's unjust enrichment claim is not appropriate at this time when viewing the pleadings in BearBox's favor. BearBox pleads facts to support its unjust enrichment claim, and Louisiana authority recognizes that unjust enrichment may be pleaded in the alternative, as discussed above.

## C.    BearBox'sBearBox's Unjust Enrichment Claim Is Not Preempted by Federal Patent Law

Lancium's argument that BearBox's state law claim for unjust enrichment is preempted by federal patent law must fail because Lancium, who has the burden of proof when asserting

preemption,[3] has failed to show that such a claim conflicts with the purpose or objectives of federal patent law.

BearBox's state law claim for unjust enrichment does not conflict with the purpose or objectives of federal patent law. Under the Supremacy Clause, state law that conflicts with federal law is without effect. U.S. Const. art. VI, cl. 2; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 168 (1989). Preemption can be one of three types: explicit, field, or conflict preemption. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998), overruled in part on other grounds by *Midwest Industs., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999). Federal patent law does not provide explicit preemption. 35 U.S.C. §§ 1-376; *Hunter Douglas*, 153 F.3d at 1332. Nor does Congress intend to occupy exclusively the field of unjust enrichment. *See, e.g.*, *See Univ. of Colo. Found. v. Am. Cyanamid*, 342 F.3d 1298, 1307 (Fed. Cir. 2003) ("[T]he application of an unjust enrichment claim does not impermissibly interfere with the federal patent scheme ...."). Therefore, the only conceivable preemption theory here is conflict preemption.

Conflict preemption occurs when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979) (citations omitted). There is a presumption against federal preemption of state actions. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). In fact, the Federal Circuit has held that, with regard to the regulation of business affairs and unfair business practices, "the presumption against preemption has greater force because of the states' long-standing governance of such affairs." *Hunter Douglas*, 153 F.3d at 1334. And, as noted above,

---

[3] *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 251, 131 S. Ct. 1068, 1087 n.2 (2011) ("[F]ederal preemption is an affirmative defense upon which the defendants bear the burden of proof.").

Lancium has the burden to prove that Plaintiffs' unjust enrichment claim is preempted. *Bruesewitz v. Wyeth*, 131 S.Ct. 1068 at 1087 n.2 (2011). However, Lancium does not even attempt to explain how BearBox's state law claim for unfair competition conflicts with federal patent law.

Conflict preemption only preempts a state law cause of action where it is based on "conduct that is protected or governed by federal patent law." *Hunter Douglas*, 153 F.3d at 1335. Here, BearBox's unjust enrichment claim is not based on acts of patent infringement, but is based on acts of misappropriating documents and information. Preemption does not apply to this case where state law causes of action "spring[] not from an attempt to enforce intellectual property rights, but instead from [the defendant's] alleged wrongful use" of the plaintiff's documents and information. *Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999). In *University of Colorado*, the Federal Circuit reversed the district court only because the district court applied a state common law standard for inventorship, rather than relying on federal law to determine inventorship. *Id.* at 1372 ("[F]ederal patent law preempts any state law that purports to define rights based on inventorship."). But the court found that the underlying state *causes of action* were not preempted. Instead, even though the state law causes of action in that case would require a determination of inventorship under federal law, the Federal Circuit held that the state law causes of action are *not* preempted, even though they require application of federal patent law. *Id.* at 1371-74; *see also Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013) (holding that plaintiff's misappropriation and unfair competition claims are not preempted by federal patent law where defendant copied a proprietary product sample in the course of discussion of a business relationship and then successfully obtained a patent for the copied product).

In addition, patent laws do not preempt a plaintiff's right "to recover under theories sounding in either contract or tort for misappropriation of property protected under state law at the time of its misappropriation." *Bd. of Regents, Univ. of Tex. v. Nippon*, 414 F.3d 1358, 1365 (Fed. Cir. 2005). Courts have often found that these claims are not preempted when they are limited to an incremental benefit obtained by the defendant's unauthorized use. *See Univ. of Colo. Found. v. Am. Cyanamid*, 342 F.3d 1298, 1307 (Fed. Cir. 2003) (unjust enrichment claim not preempted when plaintiff sought only "incremental profits" attributable to the defendant's rights acquired from the unauthorized use of the plaintiff's idea, and did not seek to prevent the use of the information placed in the public domain).

In the Second Amended Complaint, BearBox alleges that "without Plaintiffs' consent, Defendants used Plaintiffs' system designs, documents, data, and know-how to modify their Smart Response™ software to function as BearBox's technology did. As a result, Defendants are deriving an unjust benefit from exploiting BearBox's property." D.I. 103 at 21 ¶ 96. These assertions do not depend on a determination of inventorship of any patent.

For example, in *Wawrynski v. H.J. Heinz Co.*, Wawrynski alleged that he had met with Heinz and presented a new idea for a dual-function condiment packet—a design that Heinz had been unsuccessfully trying to develop. *Wawrzynski v. H.J. Heinz Co.*, 574 F. App'x 99, 100 (3d Cir. 2014). Wawrynski alleged that he provided Heinz with graphic designs of the idea, enabling Heinz to successfully develop the container. *Id*. Heinz failed to compensate Wawrynski. *Id*. at 101.The Third Circuit reversed the district court's dismissal of the case, reasoning that Wawrynski was not seeking patent-like remedies for his state law claims. *Id*. The court stated:

> Wawrzynski brought his suit . . . alleging quasi-contract claims for breach
> of implied contract and **unjust enrichment** against Heinz. Wawrzynski's
> complaint does not seek to recover for patent infringement; rather, the
> complaint requests "[d]amages ... arising from Defendants' failure to pay

> Mr. Wawrzynski for his concepts and ideas regarding new condiment packaging and marketing for new condiment packaging," including "incidental damages, consequential damages, lost profits and exemplary damages." Because Wawrzynski seeks to recover for the benefit that he allegedly conveyed on Heinz regarding his ideas for the design and marketing of a new condiment container . . . and because his claims are not inconsistent with the federal patent scheme, Wawrzynski's claims are **not** preempted by patent law.

*Id*. at 102 (emphasis added).

Here, just as in *Wawrynski*, BearBox does not seek patent-like remedies. Rather, just like the plaintiff in *Wawyrnski*, BearBox seeks to recover for the benefit conveyed to Lancium. Compensating BearBox for the unauthorized use of its system diagrams, documents, and data does not offend or obstruct the primary objectives of patent law. As alleged in the Second Amended Complaint, after acquiring BearBox's system diagrams, documents, and data, Lancium used the information therein, without BearBox's authorization, to reconstruct BearBox's technology. Accordingly, BearBox's conversion claim is not preempted by federal patent law

## V.     CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' Motion to Dismiss Counts V and VI of Plaintiffs' Second Amended Complaint.


ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Of Counsel:*

Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

Dated:  March 30, 2022