**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | |
| Plaintiffs, | |
| v. | C.A. No. 21-534-MN |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR., | |
| Defendants. | |

**DEFENDANTS LANCIUM LLC, MICHAEL T. MCNAMARA, AND RAYMOND E.
CLINE, JR.'S REPLY IN SUPPORT OF THEIR MOTION
<u>TO DISMISS COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT</u>**

Dated:  April 6, 2022

BARNES & THORNBURG LLP
Chad S.C. Stover (No. 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

Mark C. Nelson (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
E-mail:  mark.nelson@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Darrick Hooker (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  (312) 214-8319
Email:  adam.kaufmann@btlaw.com
Email: darrick.hooker@btlaw.com
Email:  dana.sarros@btlaw.com

*Attorneys for Defendants Lancium LLC,
Michael T. McNamara, and Raymond E.
Cline Jr.*

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     CONVERSION ........................................................................................................... 1

III.    UNJUST ENRICHMENT .......................................................................................... 6

      A.    It is well-settled that unjust enrichment cannot be pled in the alternative under Louisiana law. ...................................................................................... 6

      B.    BearBox's unjust enrichment claim is preempted. ................................................. 8

IV.    CONCLUSION ......................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andretti Sports Mktg. Louisiana, LLC v. NOLA Motorsports Host Comm., Inc.*,
 No. CV 15-2167, 2015 WL 13540096 (E.D. La. Dec. 2, 2015)............................................7, 8

*Bihm v. Deca Sys., Inc.*,
 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So. 3d 466 ...............................................................4

*Board of Regents, University of Texas v. Nippon*
 414 F.3d 1358, 1365 (Fed. Cir. 2005)..................................................................................9, 10

*Bureau Veritas Commodities & Trade, Inc. v. Nanoo*
 No. CV 20-3374, 2021 WL 2142466, at *1 (E.D. La. May 26, 2021) ..................................2, 6

*CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*
 2019 CA 0731, 2019 WL 2865359, at *2-3 (La. Ct. App. July 2, 2019), *writ
 denied*, 282 So. 3d 1071 (La. 2019)................................................................................1, 2, 5

*Dileo v. Horn*
 189 So.3d 1189 (La. Ct. App. 2016)........................................................................................5

*Dual Drilling Co. v. Mills Equipment Investments, Inc.*
 721 So.2d 853, 857 (La. 1998) ................................................................................................4

*Ferrara Fire Apparatus, Inc. v. JLG Industries, Inc.*,
 581 Fed. Appx. 440 (5th Cir. 2014).........................................................................................7

*First American Bankcard, Inc. v. Smart Business Technology, Inc.*
 No. CV 15-638, 2016 WL 5869787 (E.D. La. Oct. 7, 2016).....................................................2

*Hall v. Bed Bath & Beyond, Inc.*
 705 F.3d 1357, 1361, 1372 (Fed. Cir. 2013)............................................................................9

*Heat Technologies, Inc. v. Papierfrabrik August Koehler SE*,
 No. 18-1229, 2020 WL 12309512 (N.D. Ga. June 5, 2020).....................................................10

*Importsales, Inc. v. Lindeman*,
 231 La. 663, 92 So. 2d 574 (1957) .................................................................................1, 4, 5

*Mabile v. BP, p.l.c.*,
 No. CV 11-1783, 2016 WL 5231839 (E.D. La. Sept. 22, 2016) ..........................................5, 8

*McCullum v. McAlister's Corp. of Mississippi*,
 No. 08-5050, 2010 WL 1489907 (E.D. La. Apr. 13, 2010)......................................................7

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*,
    475 So. 2d 756 (La. 1985) ...................................................................................4, 5

*South Central Bell Telephone Co. v. Barthelemy*,
    643 So.2d 1240 (La. 1994) ...........................................................................3

*State v. Williamson*,
    81 So.3d 156 (La. App. 5th Cir. 2011) ...........................................................3

*Tavory v. NTP, Inc.*,
    297 F. App'x 976 (Fed. Cir. 2008) ................................................................9

*U.S. v. Cytogel Pharma, LLC*,
    No. 16-13987, 2018 WL 5297753 (E.D. La. Oct. 25, 2018) ...................................7

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
    411 F.3d 1369 (Fed. Cir. 2005)................................................................8, 10

*University of Colorado Found., Inc. v. Am. Cyanamid Co.*
    196 F.3d 1366, 1372 (Fed. Cir. 1999)...........................................................9

*Walters v. MedSouth Rec. Mgmt., LLC*
    38 So. 3d 243, 244 ..................................................................................7

*Wawrzynski v. H.J. Heinz Co.*
    574 F. App'x 99 (3d Cir. 2014) ..................................................................10

**Other Authorities**

Moreover, *Bureau Veritas* ...............................................................................6

Thus, *Bureau Veritas* ....................................................................................2

## I.    INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Response," D.I. 128) relies on inflammatory accusations, red herring arguments, and inapplicable case law in an attempt to avoid addressing the fundamental deficiencies in their claims. None of the arguments Plaintiffs make have merit. Conversion requires that the owner be deprived of its property, which Plaintiffs have not and cannot allege. And Plaintiffs' unjust enrichment claim fails because an unjust enrichment claim pled in the alternative is precluded where, as here, other remedies are available at law and because it is preempted by federal patent law. Thus, Plaintiffs' conversion and unjust enrichment claims should be dismissed with prejudice.

## II.    CONVERSION

As explained in Defendants' opening brief, it is well-established that, under Louisiana law, the tort of conversion requires a deprivation of the owner's use or possession of property. Indeed, the Louisiana Supreme Court has explained that "[t]he gist of a conversion has been declared to be not the ***acquisition*** of the property by the wrongdoer, but the ***wrongful deprivation*** of a person of property to the possession of which he is entitled." *Importsales, Inc. v. Lindeman*, 231 La. 663, 668, 92 So. 2d 574, 575–76 (1957) (emphasis added, citations omitted). Moreover, *CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, addressed a nearly identical situation where the conversion claim was based on the alleged "ongoing use of CamSoft's confidential technical and business information" that included "device compilations, software code, know-how, networking designs, installation process, business methods, marketing plans, pricing information, and strategic wireless network integrator business plans." 2019 CA 0731, 2019 WL 2865359, at *2-3 (La. Ct. App. July 2, 2019), *writ denied*, 282 So. 3d 1071 (La. 2019). The *CamSoft* court, however, found that there could be no conversion because the claim was based on use of electronic files and

"immovable, intangible information" and "CamSoft was not deprived of this information" but "a conversion requires a deprivation of possession." *Id.* at *3. Here, Plaintiffs attempt to dismiss *CamSoft* and the requirement that a conversion plaintiff be deprived of its property by mischaracterizing Defendants' argument and Louisiana conversion law. But controlling authority establishes that as a matter of law there can be no conversion where, as here, the owner of the property retained possession of the property and the ability to use it at all times.

First, to be clear, Defendants do not assert that electronic files can never be the subject of a conversion claim, as Plaintiffs suggest. Rather, Defendants maintain that Plaintiffs' conversion claim here fails as a matter of law because, as *CamSoft* held, there can be no conversion of electronic files where the owner retains a copy because in this situation the owner is not deprived of its property. *See CamSoft*, 2019 WL 2865359, at *3. The cases that Plaintiffs cite for the proposition that electronic files can be converted do not contradict *CamSoft* and are inapposite.

Plaintiffs first cite to *Bureau Veritas Commodities & Trade, Inc. v. Nanoo*—which is not controlling precedent—where the conversion was of "two personal external hard drives" onto which the defendants saved electronic files from plaintiff's internal network and then "deleted information from it" (i.e., from plaintiff's internal network). No. CV 20-3374, 2021 WL 2142466, at *1 (E.D. La. May 26, 2021). Thus, *Bureau Veritas* is distinguishable from the present situation because there the owner was deprived of its electronic files since they were taken by the defendants and then deleted from the plaintiff's computer network.

*First American Bankcard, Inc. v. Smart Business Technology, Inc.*—which is also non-controlling precedent—is similarly distinguishable. No. CV 15-638, 2016 WL 5869787 (E.D. La. Oct. 7, 2016). In *First American*, the defendant agreed to develop for the plaintiff certain computer programs called "the FABICash and FABITrack programs," as well as associated files. *Id.* at *6.

But after doing so, the defendants withheld files from the plaintiff and "the withheld information [wa]s 'integral to FABI's Work Products." *Id.* at *6. Thus, in *First American*—like in *Bureau Veritas*—the owner of electronic files was deprived of its allegedly converted property.

Plaintiffs also mischaracterize other cases as applying to the law of conversion that do not. For example, Plaintiffs assert that "[i]n 1994, the Louisiana Supreme Court recognized that conversion protects digital property" and then cite to *South Central Bell Telephone Co. v. Barthelemy*, 643 So.2d 1240 (La. 1994). Response at 5. But *Barthelemy* was a tax case that held that computer software was subject to certain taxes on tangible property—it did not address Louisiana conversion law or conversion of electronic files. *See id.* at 1244 ("[W]e hold the computer software at issue in this case constitutes corporeal property under our civilian concept of that term, and thus, is tangible personal property, taxable under § 56-21 of the City Code."). Similarly, Plaintiffs describe *State v. Williamson*, 81 So.3d 156 (La. App. 5th Cir. 2011) as "holding that electronically stored AutoCAD files are protected by Louisiana conversion law" (Response at 5), but *Williamson* was a criminal case that did not address or discuss conversion, which is a civil cause of action. *See* 81 So.3d at 158 ("In this appeal, Dean Williamson challenges his conviction of unauthorized use of a movable and the four-year sentence that was imposed pursuant to his conviction.").

Second, Plaintiffs assert that conversion under Louisiana law does not require that the owner of the "converted" property be deprived of its property. But Plaintiffs misunderstand Louisiana conversion law and again cite no controlling authority that supports their assertion.

As an initial matter, Plaintiffs note that there are seven acts that are recognized as constituting conversion under Louisiana law and assert that Defendants "attempt to delete six-sevenths of Louisiana conversion law." Response, at 7-8. This is simply incorrect. Although it is

true that the Louisiana Supreme Court has recognized seven acts that can constitute conversion, each of these acts involve depriving the owner of possession or the ability to use its property.

Indeed, in *Dual Drilling Co. v. Mills Equipment Investments, Inc.*, the Louisiana Supreme Court explained that conversion "is grounded on the unlawful ***interference with the ownership or possession*** of a movable" and then went on to explain that:

> A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

721 So.2d 853, 857 (La. 1998). Thus, the court was clearly explaining that each of the seven possible acts of conversion require "interference with the ownership or possession of" the "converted" property. This makes sense because each of these seven acts plainly involves depriving the owner of its property either by taking the property (and thereby depriving the owner of possession) or altering or destroying the property (and thereby depriving the owner of possession or the ability to use the property).

Even the *Qualy* and *Bihm* cases that Plaintiffs cite support that a deprivation is required for conversion. *See* Response at 8. In *Qualy* the Louisiana Supreme Court explained that "[a] conversion is an act in derogation of the plaintiff's ***possessory*** rights and any wrongful exercise or assumption of authority over another's goods, ***depriving him of the possession***, permanently or for an indefinite time." *Qualy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985) (emphasis added); *see also Bihm v. Deca Sys., Inc.*, 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So. 3d 466, 478 (citing *Qualy,* 475 So. 2d at 760 for the same); Response, at 8. Moreover, *Qualy* cites to *Importsales*, where the Louisiana Supreme Court explicitly explained that "[t]he gist of a conversion has been declared to be not the ***acquisition*** of the property by the wrongdoer, but the

4

*wrongful deprivation* of a person of property to the possession of which he is entitled." *Importsales,* 92 So. 2d at 575-76 (emphasis added, citations omitted); *see also Quealy*, 475 So. 2d at 760 (citing *Importsales*).

In addition, *Dileo v. Horn*, which Plaintiffs cite, does not conclude that conversion does not require a deprivation. 189 So.3d 1189 (La. Ct. App. 2016). *Dileo* involved an analysis of the intent requirement for conversion of furniture and rugs where there was an actual deprivation. *Id.* at 1194-95. And Plaintiffs' citation to *Dileo*'s statement that "[c]onversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights" is taken out of context and omits the next two sentences where the court further explained that "[a]ny wrongful exercise or assumption of authority over another's goods, *depriving him of the possession*, permanently or for an indefinite time, is a conversion" and "[a]lthough a party may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them may constitute conversion." *Id.* at 1198 (emphasis added). Thus, in context, *Dileo* does not support Plaintiffs' assertion that conversion does not require a deprivation.

Finally, *Mabile v. BP, p.l.c.*, No. CV 11-1783, 2016 WL 5231839 (E.D. La. Sept. 22, 2016), did not specifically address the issue of whether conversion requires a deprivation, but regardless, it is non-controlling authority that predates *CamSoft*, which is controlling authority.

Plaintiffs' attempt to distinguish *CamSoft* is also unavailing. Although Plaintiffs assert that "[t]he *CamSoft* court did not contemplate the pleading requirements for conversion" (Response at 9), the *CamSoft* court clearly explained that "a conversion requires a deprivation of possession" and held summary judgment of no conversion was appropriate because "CamSoft was not deprived of its confidential business information." 2019 WL 2865359, at *3. Likewise, here Plaintiffs have

5

not and cannot allege that they were deprived of the allegedly converted "BearBox Technology" because they retained copies of this information and any files transmitted to Defendants.

Plaintiffs' attempt to call into question *CamSoft* by asserting that *Bureau Veritas* declined to follow it, is also unavailing. *Bureau Veritas* did not hold or conclude that deprivation is not required for conversion, and as explained above, in that case the plaintiff was actually (or at least allegedly) deprived of its electronic files. *See* 2021 WL 2142466, at *1. Moreover, *Bureau Veritas* did not "decline[] to follow" *CamSoft*, rather it noted that *CamSoft* "recognize[ed] that software can be tangible property when it is recorded in physical form … ." *See* 2021 WL 2142466, at *13. And regardless, *Bureau Veritas* is not controlling precedent.

As explained above, and in Defendants' opening brief, there can be no conversion under Louisiana law where the Plaintiff was not deprived of the allegedly converted property. Plaintiffs do not and cannot allege that they were deprived of the allegedly converted "BearBox Technology" because it is undisputed that the only documents or property that were provided to Defendants were electronic documents that were emailed to Defendants such that Plaintiffs retained the original copies. Plaintiffs do not cite any controlling authority holding that conversion under Louisiana law can apply to use or possession of electronic files where the plaintiff was not deprived of the files. Thus, Plaintiffs' conversion claim should be dismissed with prejudice.

## III.    UNJUST ENRICHMENT

### A.    It is well-settled that unjust enrichment cannot be pled in the alternative under Louisiana law.

Plaintiffs first argue that their unjust enrichment claim should not be dismissed because although "Louisiana courts have ruled on both sides of this issue," "a claim of unjust enrichment can properly be pleaded in the alternative." Response at 10. This is at best grossly misleading, as there is no ambiguity under controlling law on this issue. Indeed, the Louisiana Supreme Court

decidedly resolved this issue in *Walters v. MedSouth Rec. Mgmt., LLC*, which explained that "the remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy. The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided." 2010-0353 (La. 6/4/10), 38 So. 3d 243, 244 (internal quotations and citations omitted). Plaintiffs do not even address *Walters* and cite no controlling authority more recent than *Walters* to support their position.

Plaintiffs also ignore more recent case law than the non-controlling authority they cite, which reiterates that unjust enrichment claims cannot be pled in the alternative and rejects earlier case law finding that it could. For example, Plaintiffs cite to *McCullum v. McAlister's Corp. of Mississippi*, No. 08-5050, 2010 WL 1489907, at *7 (E.D. La. Apr. 13, 2010) as holding that "Louisiana law permits unjust enrichment to be pleaded in the alternative." Response at 10. But Plaintiffs omit that the Eastern District of Louisiana subsequently explained that *McCullum* and other similar cases "are contrary to holdings of the Louisiana Supreme Court, see *Walters*, 38 So. 3d at 242, and the Fifth Circuit, *Ferrara Fire Apparatus, Inc. v. JLG Industries, Inc.,* 581 Fed. Appx. 440, 444 (5th Cir. 2014), and their abrogation was recognized in *Andretti Sports Mktg. Louisiana, LLC v. NOLA Motorsports Host Comm., Inc*., No. CV 15-2167, 2015 WL 13540096, at *8 (E.D. La. Dec. 2, 2015)." *U.S. v. Cytogel Pharma, LLC,* No. 16-13987, 2018 WL 5297753, at *16, n.218 (E.D. La. Oct. 25, 2018).

Likewise, Plaintiffs omit *Andretti*, which held that unjust enrichment claims cannot be pled in the alternative and—in addition to referencing Fifth Circuit precedent—explained that "the Louisiana Supreme Court and Louisiana Circuit Courts of Appeal have held that the existence of another remedy at law will preclude an unjust enrichment claim, even if the other claim is prescribed. *Andretti*, 2015 WL 13540096, at *8. Incredibly, Plaintiffs ignore *Andretti* despite the

7

fact that it rejects many of the same cases that Plaintiffs cite in arguing that unjust enrichment claims can be pled in the alternative. *Compare Andretti,* 2015 WL 13540096, at *8 n.12 (*citing Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170 (M.D. La. 2011); *McCullum v. McAlister's Corp. of Miss.,* No. 08-5050, 2010 WL 1489907 (E.D. La. Apr. 13, 2010); *ORX Res., Inc. v. Autra*, No. 09-4451, 2009 WL 3447256 (E.D. La. Oct. 20, 2009); *Mayer v. Lamarque Ford, Inc.*, No. 00-1325, 2001 WL 175232 (E.D. La. Feb. 16, 2001)), with Response at 10 (citing same).[1]

Plaintiffs frame the issue as muddy, but the reality is clear: controlling, current precedent uniformly requires dismissal of an unjust enrichment claim pled in the alternative where, as here, other remedies are available at law. As such, for the reasons above and in Defendants' opening brief, the Court should dismiss Plaintiffs' unjust enrichment claim with prejudice.

## B.   BearBox's unjust enrichment claim is preempted.

Plaintiffs next wrongly assert that "Lancium does not even attempt to explain how BearBox's state law claim for unfair competition [*sic*, unjust enrichment] conflicts with federal patent law." Response at 12. To the contrary, Defendants' opening brief explicitly states that it is well-established that "*[a]bsent secrecy*, state law cannot create a collateral set of rights available as an adjunct or expansion to patent rights." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377-78 (Fed. Cir. 2005) (emphasis added). And the Federal Circuit has found that unjust enrichment claims, like Plaintiffs' claim here, are thus preempted by federal patent law when they are premised on the use of non-confidential ideas or information because they conflict with the legal framework established by the patent system for protecting use of non-confidential ideas. *See id.* Indeed, Plaintiffs' argument that their unjust enrichment claim is not preempted ignores a fundamental aspect of Defendants' motion. Defendants only assert that Plaintiffs' unjust

---

[1] Even *Mabile v. BP, p.l.c.*, which Plaintiffs rely on for their conversion argument held that unjust enrichment cannot be pled in the alternative. 2016 WL 5231839, at *21.

enrichment claim is preempted by federal patent law to the extent it is based on Defendants' alleged use of non-confidential information. *See* D.I. 121 at 10. This is because to the extent the claim is based on the use of confidential information, it overlaps with Plaintiffs' trade secret and conversion claims and fails as a matter of law for that reason. Accordingly, the Court need not determine to what extent Plaintiffs' unjust enrichment claim is based on confidential versus non-confidential information.

The case law that Plaintiffs cite in support of their argument against preemption is also distinguishable and unpersuasive. The primary case that Plaintiffs rely on, *University of Colorado Found., Inc. v. Am. Cyanamid Co.*, is inapposite because the unjust enrichment claim at issue, which was found not preempted, was not based on use of confidential information. *See* 196 F.3d 1366, 1372 (Fed. Cir. 1999). Indeed, Plaintiffs' own parenthetical describing *University of Colorado* notes that the unjust enrichment claim there "did not seek to prevent use of the information placed in the public domain." Response at 13. Likewise, the Federal Circuit itself has explained that in *University of Colorado*, "we held th[e unjust enrichment] claim was not preempted by federal patent law because it sought restitution for unfair use of ***confidential information***, not any patent-like protection over an unpatentable or publicly-available technology." *Tavory v. NTP, Inc.*, 297 F. App'x 976, 983 (Fed. Cir. 2008) (emphasis added).

Similarly, in *Hall v. Bed Bath & Beyond, Inc.*, the plaintiff's state law claims concerned a non-public idea. *See* 705 F.3d 1357, 1361, 1372 (Fed. Cir. 2013). In finding that the claims were not preempted, the Federal Circuit explained that "Hall argues that BB & B did ***not copy a publicly available product*** available from the marketplace, but copied his proprietary towel that he showed to BB & B in the course of discussion of a business relationship. *Id.* at 1372 (emphasis added). And in *Board of Regents, University of Texas v. Nippon*, the Federal Circuit held that a trade secret

claim, which obviously concerns confidential information, was not preempted by federal patent law. 414 F.3d 1358, 1365 (Fed. Cir. 2005). As such, *Hall* and *Board of Regents* are distinguishable from Plaintiffs' unjust enrichment claim here to the extent Plaintiffs' claim is based on the alleged use of non-confidential information.

Finally, *Wawrzynski v. H.J. Heinz Co.*, did not address whether the idea and design that was the subject of the unjust enrichment claims was confidential. *See generally* 574 F. App'x 99 (3d Cir. 2014). In addition, although *Wawrzynski* is a Third Circuit case, it is unreported, which indicates that the Third Circuit does not consider the opinion to have precedential value. *See* United States Court of Appeals for the Third Circuit, Internal Operating Procedures, § 5.3, January 2018 (explaining that the Third Circuit designates an opinion as "unreported-not precedential" when it "appears to have value only to the parties involved in the case or the trial court"). Furthermore, "Federal Circuit law governs whether federal patent law preempts a state law claim," (*Ultra-Precision*, 411 F.3d at 1376), but *Wawrzynski* did not cite to or address *Ultra-Precision*'s discussion of preemption of unjust enrichment claims. *See Wawrzynski*, 574 F. App'x at 99. And more recent cases by other courts have found unjust enrichment claims based on the use of non-confidential ideas or information to be preempted under *Ultra-Precision*. *See Heat Technologies, Inc. v. Papierfrabrik August Koehler SE*, No. 18-1229, 2020 WL 12309512, at *3-4 (N.D. Ga. June 5, 2020) (finding unjust enrichment claim premised on the "improper taking, possession, and use of HTI's proprietary information and intellectual property" to be preempted).

Accordingly, to the extent Plaintiffs' unjust enrichment claim is based on the alleged use of non-confidential information, it should be dismissed with prejudice as preempted.

## IV.   CONCLUSION

For the reasons stated above and in Defendants' opening brief, Plaintiffs' conversion (Count V) and unjust enrichment (Count VI) claims should be dismissed with prejudice.


Dated:  April 6, 2022                                  BARNES & THORNBURG LLP

                                                  */s/ Chad S.C. Stover*
                                                  Chad S.C. Stover (No. 4919)
                                                  1000 N. West Street, Suite 1500
                                                  Wilmington, Delaware 19801-1050
                                                  Telephone: (302) 300-3474
                                                  E-mail: chad.stover@btlaw.com

                                                  Mark C. Nelson (admitted *pro hac vice*)
                                                  2121 N. Pearl Street, Suite 700
                                                  Dallas, TX  75201
                                                  Tel:  (214) 258-4140
                                                  E-mail:  mark.nelson@btlaw.com

                                                  Adam M. Kaufmann (admitted *pro hac vice*)
                                                  Darrick Hooker (admitted *pro hac vice*)
                                                  Dana Amato Sarros (admitted *pro hac vice*)
                                                  One North Wacker Drive, Suite 4400
                                                  Chicago, IL 60606
                                                  Tel:  (312) 214-8319
                                                  Email:  adam.kaufmann@btlaw.com
                                                  Email: darrick.hooker@btlaw.com
                                                  Email:  dana.sarros@btlaw.com

                                                  *Attorneys for Defendants Lancium LLC,*
                                                  *Michael T. McNamara, and Raymond E.*
                                                  *Cline Jr.*