# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS,<br><br>Plaintiffs,<br><br>v.<br><br>LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR.,<br><br>Defendants. | C.A. No. 21-534-MN |

## DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION (D.I. 143) REGARDING DEFENDANTS' MOTION TO DISMISS COUNTS V AND VI OF THE SECOND AMENDED COMPLAINT

Dated: June 9, 2022

BARNES & THORNBURG LLP
Chad S.C. Stover (No. 4919)
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

Mark C. Nelson (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
E-mail:  mark.nelson@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Darrick Hooker (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  (312) 214-8319
Email:  adam.kaufmann@btlaw.com
Email:  darrick.hooker@btlaw.com
Email:  dana.sarros@btlaw.com

*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 1

III. ARGUMENT ........................................................................................................................ 3

    A. Legal Standards ......................................................................................................... 3

    B. Plaintiffs' Conversion Claim Should Be Dismissed Because Conversion Under Louisiana Law Requires That The Plaintiff Be Deprived Of Its Property And There Is No Dispute That Plaintiffs Were Not Deprived Of The Allegedly Converted Property ............................................................................ 4

IV. CONCLUSION ..................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bihm v. Deca Sys., Inc.*,
   2016-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466 ............................................................. 3, 5

*Brown v. Astrue*,
   649 F.3d 193 (3d Cir. 2011) ........................................................................................................ 4

*CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*,
   2019 CA 0731, 2019 WL 2865359 (La. Ct. App. July 2, 2019), *writ denied*,
   282 So.3d 1071 (La. 2019) ............................................................................................... 6, 7, 8

*CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*,
   282 So.3d 1071 (La. 2019) ........................................................................................................ 7

*Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*
   783 F.2d 480, 484 (5th Cir. 1986) ............................................................................................. 8

*Dual Drilling Co. v. Mills Equip, Invs., Inc.*,
   721 So.2d 853 (La. 1998) .......................................................................................................... 5

*Edward Levy Metals, Inc. v. New Orleans Public Belt R.R.*,
   148 So.2d 580 (La. 1963) .......................................................................................................... 5

*Glod v. Baker*,
   998 So.2d 308 (La. App. 3d Cir. 2008) ..................................................................................... 5

*Importsales, Inc. v. Lindeman*,
   231 La. 663, 92 So.2d 574 (1957) ............................................................................................. 5

*Mabile v. BP, P.L.C.*,
   No. 11-1783, 2016 WL 5231839 (E.D. La. Sept. 22, 2016) ...................................................... 7

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*,
   475 So.2d 756 (La. 1985) ...................................................................................................... 3, 5

*Speakman v. Williams*,
   No. 18-1252-MN, 2019 WL 4751939 (D. Del. Sept. 30, 2019) ................................................ 4

*Total Safety, U.S., Inc. v. Code Red Safety & Rental, LLC*,
   No. 19-12953, 2019 WL 5964971 (E.D. La. Nov. 13, 2019) .................................................... 7

*Tri-state Bancshares, Inc. v. Scott*,
   No. CV 15-2053, 2016 WL 4098604 (W.D. La. July 28, 2016) ............................................... 8

*Valley Forge Ins. Co. v. Jefferson*,
    628 F. Supp. 502 (D. Del. 1986)..................................................................................6

**Statutes**

28 U.S.C. § 636(b)(1) ....................................................................................................................4

Louisiana Uniform Trade Secrets Act ...........................................................................................7

**Other Authorities**

Federal Rule of Civil Procedure 72(b)(2) ......................................................................................1

Federal Rules of Civil Procedure Rule 72(b)(3) ............................................................................3

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendants object to the portion of the Report and Recommendation of Magistrate Judge Burke (D.I. 143, the "R&R") on Defendants' Motion To Dismiss Counts V and VI of the Second Amended Complaint (D.I. 120, the "Motion to Dismiss"), recommending that the Motion to Dismiss be denied as to Count V (Plaintiffs' claim for conversion). Plaintiffs' conversion clam is premised on the alleged conversion of electronic documents that Plaintiffs provided to Defendants, but for which they retained copies. Thus, Plaintiffs were not deprived of the allegedly converted property. Under applicable Louisiana law, however, conversion requires that the owner of property be deprived of possession of that property. Although the R&R acknowledges that "[t]his is a difficult issue," it mistakenly recommends against granting the Motion to Dismiss as to Plaintiffs' claim for conversion based on a misunderstanding that such a claim can arise if Defendants interfered with Plaintiffs' "ownership" of the allegedly converted property even if Plaintiffs were not deprived of possession of the property. But this is incorrect. Deprivation of possession is a necessary element of a claim for conversion under Louisiana law. Accordingly, the Court should grant Defendants' Motion to Dismiss in its entirety and dismiss Plaintiffs' claims for conversion and unjust enrichment.

**II.     BACKGROUND**

Defendant Lancium LLC ("Lancium") is a technology company that since its founding in 2017 has been a leading innovator in the field of flexible datacenters to perform blockchain hashing operations, such as mining for cryptocurrency, with little to no energy costs using clean and renewable energy that would otherwise be wasted. D.I. 23 at 20. Lancium's technology and intellectual property, including its Smart Response™ software, enables more renewable energy on

1

the nation's power grid, and Lancium's innovations have led to numerous pending and issued patents on its technology. D.I. 23 at 23.

Plaintiff Austin Storms' only interaction with any of Defendants occurred in May 2019, when Mr. Storms met Defendant Michael McNamara and they attended a group dinner, along with several other people, after a one-day industry conference. In the days that followed, Mr. Storms and Mr. McNamara exchanged a handful of text messages and Mr. Storms sent Mr. McNamara a single email. *See* D.I. 103 at ¶¶ 32-36; *see also* D.I. 23 at Exhibits C and D (the exchanged text messages and email). Based on these interactions, Plaintiffs have asserted a series of meritless and legally flawed claims against Defendants seeking damages for the alleged improper use of information Mr. Storms allegedly provided to Defendants. *See* D.I. 19 (First Amended Complaint dropping Plaintiffs' originally pled trade secret misappropriation claims); D.I. 97 (dismissing Plaintiffs' conversion and unjust claims pled in the First Amended Complaint); 4/22/22 Minute Entry (striking the trade secret misappropriation claims pled in the Second Amended Complaint). Plaintiffs' currently pled conversion claim (aside from its unjust enrichment claim, which the R&R recommends dismissing) is the last of these claims, but it is equally meritless and legally flawed.[1]

Plaintiffs' operative Second Amended Complaint ("SAC," D.I. 103) alleges that Defendants converted "BearBox's technology, including system designs, documents, data, and know-how, and improperly used it to modify their Smart Response™ software … ." D.I. 103 at ¶ 87. Importantly, however, Plaintiffs only allege that they provided Defendants with information about "BearBox's technology" via "conversations, emails, and text messages." *See, e.g.*, *id.*, ¶¶

---

[1] If the Court grants Defendants' Motion to Dismiss in its entirety, Plaintiffs' only remaining claims will be their claims regarding the allegedly incorrect inventorship of U.S. Patent No. 10,608,433 (*i.e.*, Counts I and II of the Second Amended Complaint, D.I. 103), but these claims do not seek monetary damages.

33-34. Plaintiffs do not allege that Defendants converted any paper or hard copy documents, and they do not allege that they were ever deprived of copies of or access to the allegedly converted "system designs, documents, data, and know-how." *See id.*, ¶¶ 84-90. Plaintiffs also do not and cannot allege that Defendants took or converted the only copies of their "system designs, documents, data, and know- how." *Id.* They make no allegation that they were deprived of possession of their "system designs, documents, data, and know-how." *Id.*

Defendants moved to dismiss Plaintiffs' claim for conversion because under Louisiana law conversion requires that the owner of the allegedly converted property be deprived of that property.[2] *See* D.I. 121 at 12-13; D.I. 133 at 1-6. Indeed, as set forth in Defendants' opening brief in support of the Motion to Dismiss, under Louisiana law, "[a] conversion consists of an act in derogation of the plaintiff's **possessory** rights, and any wrongful exercise or assumption of authority over another's goods, ***depriving him of the possession***, permanently or for an indefinite time, is a conversion." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985)[3]; *see also Bihm v. Deca Sys., Inc.*, 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, 478 (citing *Quealy,* 475 So.2d at 760). Despite recognizing that "[t]his is a difficult issue," the R&R recommends denying the portion of Defendants' Motion to Dismiss regarding the claim for conversion. D.I. 143. Defendants object to that recommendation.

### III. ARGUMENT

#### A. Legal Standards

"For reports and recommendations issued regarding dispositive motions, Rule 72(b)(3) of the Federal Rules of Civil Procedure instructs that 'a party may serve and file specific written

---

[2] The R&R correctly notes that Louisiana law applies to Plaintiffs' conversion claim and "both sides agree" on this point. *See* D.I. 143.

[3] All emphases added unless otherwise noted.

3

objections to the proposed findings and recommendations' '[w]ithin 14 days' and '[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.'" *Speakman v. Williams*, No. 18-1252-MN, 2019 WL 4751939, at *2 (D. Del. Sept. 30, 2019) (quoting Fed. R. Civ. P. 72); *see also* 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

### B. Plaintiffs' Conversion Claim Should Be Dismissed Because Conversion Under Louisiana Law Requires That The Plaintiff Be Deprived Of Its Property And There Is No Dispute That Plaintiffs Were Not Deprived Of The Allegedly Converted Property

Count V of Plaintiffs' SAC asserts a claim for conversion under Louisiana law based on Defendants allegedly converting Plaintiffs' electronic files. This claim fails as a matter of law, however, because conversion under Louisiana law requires that the owner be deprived of its property. Here, Plaintiffs only allege that they provided the allegedly converted files via email or text message, and as such, Plaintiffs could not have been deprived of the allegedly converted. This is because in order to email or text message any information to Defendants, Plaintiffs must have had their own copies. D.I. 103 at ¶¶ 33-34. Indeed, the R&R recognizes that "Plaintiffs acknowledge [they] did" retain copies of the allegedly converted property. *See* D.I. 143. Nonetheless, the R&R recommends that the Motion to Dismiss be denied as to Plaintiffs' conversion claim because although "[t]his is a difficult issue, and Defendants do cite some Louisiana state court precedent that provides some support for their position," it concludes that "regardless of whether Defendants are correct on that point," conversion can occur "when a defendant unlawfully interferes with the plaintiffs 'ownership' of a movable" and "Plaintiffs' conversion claim can be read to allege that this is what occurred here." D.I. 143. The R&R, however, is incorrect and conversion under Louisiana law requires that the owner of property be deprived of possession of that property in order for a claim for conversion to arise. In other words,

4

deprivation of possession is a necessary element of a conversion claim.

As an initial matter, there is more than "some support" for the requirement that a property owner be deprived of possession of its property in order for a conversion claim to arise. Indeed, the Louisiana Supreme Court has explained that "[t]he gist of a conversion has been declared to be not the ***acquisition*** of the property by the wrongdoer, but the ***wrongful deprivation*** of a person of property to the possession of which he is entitled." *Importsales, Inc. v. Lindeman*, 231 La. 663, 668, 92 So.2d 574, 575–76 (1957) (citations omitted). The Louisiana Supreme Court has also repeatedly noted the deprivation requirement for conversion when addressing conversion claims. *See Dual Drilling Co. v. Mills Equip, Invs., Inc.*, 721 So.2d 853, 857 (La. 1998) (explaining that the cause of action of conversion "is available to an owner ***dispossessed*** as a result of an offense or quasi-offense or, in other words, a 'tort'"); *Quealy*, 475 So.2d at 760 ("A conversion consists of an act in derogation of the plaintiff's ***possessory*** rights, and any wrongful exercise or assumption of authority over another's goods, ***depriving him of the possession***, permanently or for an indefinite time, is a conversion."); *Edward Levy Metals, Inc. v. New Orleans Public Belt R.R.*, 148 So.2d 580, 582 (La. 1963) ("It is well settled under concepts of conversion forming the basis for any tort action herein, that it is not the erroneous accumulation of the property by the wrongdoer which gives rise to delictual responsibility, but the wrongful ***deprivation*** of a person of property ***to the possession*** of which he is entitled once the possessor has knowledge that the property is under his control."). Intermediate appellate courts in Louisiana have also recently emphasized the deprivation requirement. *See, e.g. Bihm v. Deca Sys., Inc.*, 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, 478 ("A conversion is an act ***in derogation of the plaintiff's possessory rights*** and any wrongful exercise or assumption of authority over another's goods, ***depriving him of the possession***, permanently or for an indefinite time."); *Glod v. Baker*, 998 So.2d 308, 317 (La. App.

5

3d Cir. 2008) (citing *Angelo and Son, Inc. v. Rapides Bank & Trust Co.,* 95–992 (La.App. 3 Cir. 4/10/96), 671 So.2d 1283, *writs denied,* 96–1173, 96–1204 (La. 6/21/96), 675 So.2d 1083) (same). Thus, it is well-established by controlling authority that conversion under Louisiana law requires a deprivation of possession, which Plaintiffs do not and cannot allege.

Although the Louisiana Supreme Court has not addressed a case where, as here, the conversion claim was based on the alleged conversion of electronic documents where the owner retained a copy, this situation has been addressed by the Court of Appeal of Louisiana for the First Circuit in *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 2019 CA 0731, 2019 WL 2865359 (La. Ct. App. July 2, 2019), *writ denied*, 282 So.3d 1071 (La. 2019).[4] Indeed, *CamSoft* addressed a nearly identical situation where the conversion claim was based on the alleged "ongoing use of CamSoft's confidential technical and business information" that included "device compilations, software code, know-how, networking designs, installation process, business methods, marketing plans, pricing information, and strategic wireless network integrator business plans." 2019 WL 2865359, at *2-3. The *CamSoft* court, however, found that there could be no conversion because the claim was based on use of electronic files and "immovable, intangible information" and "CamSoft was not deprived of this information" but "***a conversion requires a deprivation of possession***." *Id.* at *3. Furthermore, the *CamSoft* plaintiff sought to appeal this decision to the Louisiana Supreme Court arguing that "[t]he First Circuit erred in holding as a *matter of law* that there can be no *deprivation* for purposes of conversion unless the subject property is completely removed by the plaintiff's possession and use" because in Louisiana "the law of conversion seeks to address the defendant's repudiation of plaintiff's ownership rights to the subject property." *See*

---

[4] Where a state's highest court has not spoken, a federal court applying state law has a duty to decide a case as it believes the state's highest court would have done. *Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502, 510 (D. Del. 1986).

Exhibit 2 (*CamSoft* plaintiff's application for writ of certiorari) at 5-8 (emphasis in original). But the Supreme Court **denied** the application for writ of certiorari. *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 282 So.3d 1071 (La. 2019). Thus, beyond providing "some support" for Defendants' Motion to Dismiss, *CamSoft* establishes that Plaintiffs' conversion claim fails as a matter of law because they were not deprived of possession of the allegedly converted property.

Although the R&R cites *Mabile v. BP, P.L.C.*, No. 11-1783, 2016 WL 5231839, at *1, *23 (E.D. La. Sept. 22, 2016) and *Total Safety, U.S., Inc. v. Code Red Safety & Rental, LLC*, No. 19-12953, 2019 WL 5964971, at *1, *4-5 (E.D. La. Nov. 13, 2019) as contrary authority to *CamSoft*, both of these cases are federal district court decisions that are not controlling authority. *See* D.I. 143. In addition, *Mabile* was decided before *CamSoft* and thus did not have the benefit of its guidance on Louisiana law. Furthermore, *Total Safety* is inapposite because it did not address the deprivation requirement for a conversion claim. *See* 2019 WL 5964971, at *4-5. Rather, *Total Safety* only held that a conversion claim was not preempted by the Louisiana Uniform Trade Secrets Act.[5] *Id.*

The R&R cites to *CamSoft* in support of its conclusion that interference with "ownership" is an independent basis that can give rise to a conversion claim, but *CamSoft* does not support this conclusion. *See* D.I. 143. Rather, *CamSoft* is explicit that "conversion requires a deprivation of possession." 2019 WL 2865359, at *3. Moreover, similar to Plaintiffs' claims here, the *CamSoft* plaintiffs' conversion claim was based on the alleged "use of CamSoft's confidential technical and

---

[5] *Total Safety* was also raised by Plaintiffs for the first time during the hearing on the Motion to Dismiss. *See* Ex. 1 (5/23/22 Hr'g Tr.) at 27:18-23; *see also* D.I. 128 (Plaintiffs' opposition to Motion to Dismiss). Although the R&R cites to *Total Safety*, when counsel pointed out that *Total Safety* was not raised in the parties' briefing and was not appropriate authority to raise for the first time during oral argument, Magistrate Judge Burke responded that "I agree." *See* Ex. 1 at 29:2-17.

7

business information." *Id.* at *2. Thus, the conclusion that such use can give rise to a claim for conversion where there is no deprivation of possession is directly contrary to *CamSoft*'s holding.

The R&R also cites to Plaintiffs' opposition to the Motion to Dismiss in support of its conclusion that interference with ownership can give rise to a claim for conversion where there is no deprivation of possession. *See* D.I. 143. But as set forth in Defendants' reply brief, Plaintiffs' case law is all distinguishable, does not support this proposition, is not controlling, and/or predates *CamSoft*. *See* D.I. 133 at 2-5.

The Fifth Circuit has also made clear that interference with ownership is not an independent basis for a conversion claim under Louisiana law. In *Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*, where the plaintiff asserted a claim for conversion of funds, the Fifth Circuit explained that "to prevail against [defendant], [plaintiff] **must prove** that (1) it owned funds misused by him; (2) the misuse was inconsistent with its rights of ownership; **and (3) the misuse constituted a wrongful taking** of the funds." 783 F.2d 480, 484 (5th Cir. 1986); *see also Tri-state Bancshares, Inc. v. Scott*, No. CV 15-2053, 2016 WL 4098604, at *4 (W.D. La. July 28, 2016) (quoting *Chrysler Credit* and explaining that "[t]he Fifth Circuit articulates three elements to be proven by the plaintiff for the tortious conversion of funds under Louisiana law."). In other words, interference with ownership rights is an **additional requirement** for a conversion claim beyond the requirement for a "taking" (*i.e.*, a deprivation of possession). And here, Plaintiffs have not and cannot allege that they were deprived of the allegedly converted property. *See* D.I. 143. As such, the R&R's recommendation that dismissal of Plaintiffs' conversion claim be denied because interference with "ownership" is an alternative basis for such a claim is legally flawed. Plaintiffs' the conversion claim fails as a matter of law because they were not deprived of possession of the allegedly converted property.

## IV. CONCLUSION

For the reasons stated above, the R&R's conclusion that interference with ownership is an independent basis for a conversion claim is mistaken. The Court should sustain Defendants' objections to the R&R and grant Defendants' Motion to Dismiss in its entirety.

| | |
|---|---|
| Dated: June 9, 2022 | BARNES & THORNBURG LLP |
| | |
| | /s/ Chad S.C. Stover |
| | Chad S.C. Stover (No. 4919) |
| | 1000 N. West Street, Suite 1500 |
| | Wilmington, Delaware 19801-1050 |
| | Telephone: (302) 300-3474 |
| | E-mail: chad.stover@btlaw.com |
| | |
| | Mark C. Nelson (admitted *pro hac vice*) |
| | 2121 N. Pearl Street, Suite 700 |
| | Dallas, TX  75201 |
| | Tel:  (214) 258-4140 |
| | E-mail:  mark.nelson@btlaw.com |
| | |
| | Adam M. Kaufmann (admitted *pro hac vice*) |
| | Darrick Hooker (admitted *pro hac vice*) |
| | Dana Amato Sarros (admitted *pro hac vice*) |
| | One North Wacker Drive, Suite 4400 |
| | Chicago, IL 60606 |
| | Tel:  (312) 214-8319 |
| | Email:  adam.kaufmann@btlaw.com |
| | Email: darrick.hooker@btlaw.com |
| | Email:  dana.sarros@btlaw.com |
| | |
| | *Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.* |