# EXHIBIT 2

## SUPREME COURT OF LOUISIANA
## WRIT APPLICATION FILING SHEET

NO._____

## TO BE COMPLETED BY COUNSEL or PRO SE LITIGANT FILING APPLICATION

<u>TITLE</u>

CamSoft Data Systems, Inc.
_____
VS.

Southern Electronics Supply, Inc.
_____

Applicant: _CamSoft Data Systems, Inc._____
Have there been any other filings in this
Court in this matter? ☑ Yes      ☐ No

Are you seeking a Stay Order? NO
Priority Treatment? NO
**If so you MUST complete & attach a Priority Form**

## LEAD COUNSEL/PRO SE LITIGANT INFORMATION

APPLICANT:
Name:_Jason L. Melancon_____

Address:_6700 Jefferson Highway, Bldg. 6_____

_____Baton Rouge, LA  70806_____

PhoneNo._225.303.0455____ Bar Roll No._28152___

RESPONDENT:
Name:_Michael Beckers/Frederick & Beckers_____

Address:_112 Founders Drive, Suite 101_____

_____Baton Rouge, LA  70810_____

PhoneNo._225.372.6000____ Bar Roll No._30197___

Pleading being filed: [ ] In proper person,    [ ] In Forma Pauperis
**Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties they represent.**

## TYPE OF PLEADING

☑Civil, ☐Criminal, ☐R.S. 46:1844 protection, ☐ Bar, ☐Civil Juvenile, ☐Criminal Juvenile, ☐ Other
☐ CINC,     ☐ Termination,     ☐Surrender,     ☐ Adoption,     ☐ Child Custody

## ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court:_____ Docket No._____

Judge/Commissioner/Hearing Officer:_____ Ruling Date:_____

## DISTRICT COURT INFORMATION

Parish and Judicial District Court:19th Judicial District Court_____Docket Number:_582,741_____

Judge and Section:Janice Clark, Section 21_____Date of Ruling/Judgment:_April 2, 2019____

## APPELLATE COURT INFORMATION

Circuit:First_____ Docket No._2019-CA-0731_____ Action:_Judgment denying MSJ reversed on appeal._____

Applicant in Appellate Court:__MMR Constructors, Inc., MMR Group & MMR Offshore S_ Filing Date:_June 17, 2019___

Ruling Date:_July 2, 2019_____ Panel of Judges:_Theriot, Crain, Holdridge_____ En Banc:☐

## REHEARING INFORMATION

Applicant:_____ Date Filed:_____ Action on Rehearing:_____

Ruling Date:_____ Panel of Judges:_____ En Banc:☐

## PRESENT STATUS

☐ Pre-Trial, Hearing/Trial Scheduled date:_____, ☐ Trial in Progress, ☐ Post Trial

Is there a stay now in effect?_No____ Has this pleading been filed simultaneously in any other court?__No___

If so, explain briefly_____
       A case management order is in place, pre-trial deadlines have expired. Trial date set for October 9, 2018 off-calendar.
       _____.

## VERIFICATION

**I certify that the above information and all of the information contained in this application is true and correct
to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X,
are attached to this filing.  I further certify that a copy of this application has been mailed or delivered to the
appropriate court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other
counsel and unrepresented parties.**

_8/1/19_____
DATE

_____
SIGNATURE

O:\lasc\rules\filings0.wpd

Revised 12-9-98

## ADDITIONAL COUNSEL

Vance A. Gibbs (#1375)
Karli Glascock Johnson (#26304)
Tara M. Madison (#29354)
KEAN MILLER LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
Email: vance.gibbs@keanmiller com
Email: karli.johnson@keanmiller.com
Email: tara.madison@keanmiller.com
*Attorneys for Dell Inc. & Dell Marketing, L.P.*

James C. Grant
Christopher Riley
Elizabeth Helmer
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Email: Jim.Grant@alston.com
Email: Chris.Riley@alston.com
Email: Elizabeth.Helmer@alston.com
*Attorneys for Dell Inc. & Dell Marketing, L.P.*

H. Alston Johnson III (Bar #7293)
Appeal Counsel
Kevin Welsh (Bar #35380)
PHELPS DUNBAR LLP
400 Convention St., Ste. 1100 (70802)
P. 0. Box 4412
Baton Rouge, LA 70821-4412
Telephone: (225) 346-0285
Email: Alston.Johnson@phelps.com
Email: Kevin.Welsh@phelps.com
*Attorneys for Dell Inc. & Dell Marketing, L.P.*

Marx D. Sterbcow (#28425)
STERBCOW LAW GROUP, LLC
1734 Prytania Street
New Orleans, LA 70130
Telephone: (504) 523-4930
Facsimile: (888) 241-6248
Email: Marx@sterbcowlaw.com
*Attorneys for CamSoft Data Systems, Inc.*

Frank Tomeny, III (#18031)
TOMENY LAW FIRM, APLC
9191 Siegen Lane, Bldg 7
Baton Rouge, LA 70810
Telephone: (225) 767-8333
Facsimile: (225) 767-5947
Email: frank@tomenylawfirm.com
Email: jkinberger@tomenylawfirm.com
*Attorneys for CamSoft Data Systems, Inc.*

Brent P. Frederick (#25053)
Michael T. Beckers (#30197)
Danielle N. Goren (#34563)
FREDERICK & BECKERS, LLC
112 Founders Drive, Suite 101
Baton Rouge, LA 70810
Telephone: (225) 372-6000
Facsimile: (225) 372-6015
Email: brent@frederickbeckers.com
Email: Michael@fredrickbeckers.com
*Attorneys for MMR Constructors, Inc., MMR*
*Group, Inc., and MMR Offshore Services, Inc.*

Tiffany T. Kopfinger
MMR GROUP, INC.
15961 Airline Highway
Baton Rouge, LA 70817
Telephone: (225) 756-5090
Facsimile: (225) 753-7012
Email: tkopfinger@mmrgrp.com
*Attorneys for MMR Constructors, Inc., MMR*
*Group, Inc., and MMR Offshore Services, Inc.*

# Application for Writ of Certiorari
# Supreme Court
# State of Louisiana

---

## NUMBER:_____

---

### CAMSOFT DATA SYSTEMS, INC.
*Plaintiff-Relator*

### VERSUS

### SOUTHERN ELECTRONICS SUPPLY, INC., ET AL

*MMR Constructors, Inc., MMR Group, Inc.,
and MMR Offshore Services, Inc., Defendants-
Respondents*

---

### A CIVIL PROCEEDING

---

**WRIT APPLICATION OF PLAINTIFF-RELATOR,
CAMSOFT DATA SYSTEMS, INC.**

DIRECTED TO THE DECISION OF THE
FIRST CIRCUIT COURT OF APPEAL
DOCKET NO. 2019-CA-0731

---

ON APPEAL FROM THE 19TH JUDICIAL DISTRICT COURT,
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA,
DOCKET NO. 582,741, DIV. D
HONORABLE JANICE CLARK, PRESIDING

---

**Jason L. Melancon, (#28152)**
**Robert C. Rimes, La. Bar No. 28740**
**MELANCON | RIMES**
6700 Jefferson Hwy., Bldg. 6 (70806)
P. O. Box 82859
Baton Rouge, LA 70884
Tel: (225) 303-0455/Fax: (225) 303-0459
Email: Jason@MelanconRimes.com

**Marx D. Sterbcow (#28425)**
**STERBCOW LAW GROUP, LLC**
1734 Prytania Street
New Orleans, LA 70130
Tel: (504) 523-4930/Fax: (888) 241-6248
Email: Marx@SterbcowLaw.com

**Frank Tomeny III (#18031)**
**TOMENY LAW FIRM, APLC**
9191 Siegen Lane, Bldg. 7
Baton Rouge, LA 70810
Tel: (225) 767-8333/Fax: (225) 767-5947
Email: Frank@TomenyLawFirm.com

**Mark D. Plaisance (#23259)**
**Marcus J. Plaisance (#33316)**
**PLAISANCE LAW, LLC**
Appellate Counsel
P.O. Box 1123
Prairieville, LA 70769
Tel: (225) 775-5297/Fax: (888) 820-6375
Email: Marcus@PlaisanceLaw.com

*Attorneys for Camsoft Data Systems, Inc. Plaintiff-Relator*

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................... iii

STATEMENT OF RULE X CONSIDERATIONS ................................................. iv

STATEMENT OF THE CASE.................................................................................1

    A.    Factual Background .......................................................................................1

    B.    District Court Proceedings...............................................................2

    C.    Appellate Court Proceedings ..........................................................2

ASSIGNMENTS OF ERRORS ..............................................................................3

SUMMARY OF THE ARGUMENT ......................................................................3

ARGUMENT AND ANALYSIS.............................................................................3

    A.    The First Circuit erred in holding that as a *matter of law* business papers, whether in written or electronic form, constitute *immovable, intangible information* not subject to the law of conversion, as opposed to *movable, tangible personal property* subject to the law of conversion..........................................................................3

    B.    The First Circuit erred in holding as a *matter of law* that there can be no *deprivation* for purposes of conversion unless the subject property is completely removed from the plaintiff's possession and use.........................................................................5

    C.    The First Circuit erred in concluding on *de novo* review that CamSoft's corporate information was not converted in physical form. ...................................................8

CONCLUSION .......................................................................................................9

VERIFICATION & CERTIFICATE OF SERVICE .............................................. vi

APPENDIX:

Exhibit A:    Trial Court Judgment, April 2, 2019

Exhibit B:    First Circuit Opinion, July 2, 2019

# INTRODUCTION

## A.

Plaintiff-Relator CamSoft Data Systems, Inc. ("CamSoft") is aggrieved by the Louisiana First Circuit Court of Appeal. The court of appeal dismissed CamSoft's conversion claim with prejudice, reversing the trial court's prior denial of partial summary judgment. CamSoft respectfully submits the court of appeal committed three errors worthy of granting this writ application: (1) erroneously deciding significant issues of law, which have not been, but should be resolved by this Court; (2) erroneously interpreting and applying the law of this Court; and (3) erroneously applying the manifest error/clearly wrong standard of review. (1) The appellate court held as a matter of first impression that written corporate papers and documents and other electronically stored business information is not subject to the law of conversion, because it constitutes "immovable, intangible information." The Louisiana Civil Code and jurisprudence of this Court clearly provided that these business materials constitute moveable, tangible personal property. (2) The appellate court further held that a "deprivation" under the law of conversion does not occur unless there is a complete and total deprivation of the subject property. The holding erroneously interpreted and applied the law of conversion set forth by this Court, where deprivation occurs when the defendant exercises any unauthorized dominion over the plaintiff's personal property in repudiation of the owner's rights. (3) The court of appeal ignored and/or failed to note CamSoft's summary judgment evidence establishing a genuine issue of material fact that the defendants exercised unauthorized dominion over CamSoft's written corporate papers and documents and electronically stored information, thus erring in holding that CamSoft did not present a genuine issue of material fact that defendants obtained CamSoft's business information in physical form.

## B.

This application complies with Louisiana Supreme Court Rule X, Section 3, as amended. This application contains (a) a statement of considerations; (b) a memorandum that includes a statement about the case, the trial court action, the appeal court action, the specification of errors, a summary of the argument, an argument addressing each error, and a conclusion; (c) a verification by the attorney for the Relator; and (d) an appendix containing pertinent exhibits, if necessary.

C.

Relator prays this Court grant this writ of *certiorari* to reverse the court of appeal's reversal of the

trial court judgment denying summary judgment.

## STATEMENT OF RULE X CONSIDERATIONS

*Conflicting Decisions with this Court*

*Significant Unresolved Issues of Law*

*Erroneous Interpretation and Application of Law*

The court of appeal decided a significant issue of law, declining to extend the tort of conversion

to a corporation's proprietary and confidential papers, whether in written or electronic form, because it

constitutes immovable, intangible information:

> While CamSoft argues in opposition that 'in today's world, little if anything is more
> valuable to competitive businesses than information, whether in written or electronic form,'
> *we decline to extend the tort of conversion to immovable, intangible information*. (Appeal
> Decision, p. 6-7) (Emphasis added)

The court of appeal's holding directly conflicts with Louisiana Civil Code articles 471 and 475 and this

Court's holding in **South Central Bell Telephone Co. v. Barthelemy**, 94-0499, p. 12 (La. 10/17/94), 643

So.2d 1240, 1246. Corporate papers and electronically stored information do not satisfy the Louisiana

Civil Code's definition of an immovable. Moreover, in **South Central Bell**, this Court held that electronic

business information, i.e., software code, constituted "personal tangible property" because it was stored

and took up physical space on hard drives. Thus, the court of appeal erred in holding that a corporation's

written papers and electronically stored information, i.e., diagrams, blueprints, emails, financial

documents, etc., do not constitute "tangible personal property" subject to the law of conversion. The court

of appeal's ruling means that there is no civil liability against, for example, an industrial spy for espionage

or other unauthorized possession of sensitive corporate information in Louisiana.

The court of appeal's decision also erroneously interpreted and applied the law of conversion. The

court of appeal accepted defendant's erroneous argument that no actionable *deprivation* occurs under the

law of conversion unless the plaintiff completely loses possession of tangible personal property:

> [A] conversion requires a deprivation of possession…MMR offered evidence that CamSoft
> continued to actively market its video surveillance system technology after the alleged
> conversion in 2004. *CamSoft does not dispute that it was not deprived of this information
> but instead argues that a deprivation is not required*. (Appeal Decision, p. 7) (Citations
> omitted)

CamSoft never claimed that a *deprivation* was not required. Rather, CamSoft argued that this Court in

**Importsales, Inc. v. Lindeman**, 231 La. 563, 92 So.2d 574 (La. 1957) held that a deprivation occurs

when a defendant exercises any unauthorized dominion over the plaintiff's personal property in repudiation of the owner's rights. Thus, CamSoft argued that a defendants' unauthorized taking, copying, and use of corporate documents and electronically stored information constitutes a deprivation of personal property, because the defendant's unauthorized possession of these materials, regardless of plaintiff's continued possession, repudiates the owner's right to peaceful, exclusive possession thereof.

Finally, the court of appeal failed to properly conduct a *de novo* review of the summary judgment record. The court of appeal wrote:

> Though CamSoft uses Barthelemy and hypotheticals to argue that its confidential business information, once put in in (sic) tangible form, e.g. a printed email, would be a movable and therefore subject to conversion, ***CamSoft failed to cite to any evidence on summary judgment that their business information was taken from them in physical form or that they no longer had the use of their confidential information.*** (Appeal Decision, p. 7, n. 3)

CamSoft presented clear evidence that its business information was possessed by the defendants in its physical form. The court of appeal's factual finding is inexplicable considering the evidentiary record. Accordingly, the court of appeal did not apply properly the law of summary judgment, giving all reasonable evidentiary inferences in the favor of the non-moving party.

For these reasons, the Court should accept CamSoft's writ of *certiorari* to correct the court of appeal's factual and legal errors and to reinstate the trial court's denial of partial summary judgment.

## STATEMENT OF THE CASE

**A.    Factual Background**

In 2003, former New Orleans Mayor C. Ray Nagin, Jr. ("Mayor Nagin") announced an initiative to deploy surveillance cameras throughout the city (the "Crime Camera Project"). Plaintiff-Relator CamSoft Data Systems, Inc. ("CamSoft") formed an alliance with two companies to develop a solution for the Crime Camera Project: Southern Electronics Supply, Inc. ("Southern Electronics") and Active Solutions, LLC ("Active Solutions"). According to their agreement, CamSoft designed, installed, and maintained the wireless telecommunications networks and video surveillance cameras; Southern Electronics drafted and submitted a joint proposal and coordinated general project duties, including billing and accounts receivables; and Active Solutions constructed the weatherized surveillance cameras.

In January 2004, the New Orleans Mayor's Office of Technology (the "MOT") and the New Orleans Police Department invited CamSoft and its teaming partners to test their proposed wireless camera system. The city allowed CamSoft to deploy a pilot project inside a New Orleans housing project ("Pilot Project"). Chief Technology Officer Gregory Meffert ("CTO Meffert") supervised the Pilot Project through the MOT. After watching the Pilot Project record drug deals and other crimes in real time, and further considering the immediate decrease in violent crimes, CTO Meffert immediately realized the lucrativeness of CamSoft's wireless telecommunications and video surveillance system for public safety and homeland security applications. CTO Meffert ordered Mark St. Pierre ("St. Pierre"), a private vendor performing work for the MOT, to learn about CamSoft's business models and technical plans. St. Pierre's employees served as project managers and directly supervised the Crime Camera Project.

In April 2004, the city's RFP selection committed selected the joint proposal submitted by Southern Electronics. Southern Electronics executed a contract with the City of New Orleans in July 2004 ("July 2004 Contract"). The July 2004 Contract contained a confidentiality clause protecting CamSoft's confidential and proprietary information until January 2010. CamSoft thereafter deployed the City of New Orleans' first wireless crime camera system from July 2004 through January 2006. Through their work as project managers, St. Pierre's employees obtained access to confidential documentation provided by CamSoft to the MOT. This information included CamSoft's confidential sales presentations, marketing strategies, technical designs, equipment compilations, pricing structure, and business plans.

1

In August 2004, CTO Meffert and St. Pierre formed NetMethods, LLC ("NetMethods"). They replicated their entire business model off CamSoft's business plan for municipal Wi-Fi networks and wireless video surveillance systems. NetMethods would directly compete against CamSoft for system sales outside New Orleans. NetMethods' personnel, who were the same employees managing the Crime Camera Project for New Orleans, used their access to CamSoft's confidential information to not only build a competing system, but to entirely replicate CamSoft's business. NetMethods coordinated sales activities with Dell, Inc., who utilized its sole-source state sponsored contract to illegally sell CamSoft's system throughout South Louisiana.

In 2009, NetMethods transferred its assets, receivables, employees, and technical know-how to MMR, which included CamSoft's technical information during the transition. NetMethods and MMR executives opened up an entirely new division to sell wireless telecommunications and video surveillance systems: MMR Communications. After transferring their employment to MMR, the former NetMethods employees continued to utilize CamSoft's confidential information obtained as part of their prior work in New Orleans. NetMethods/MMR Communications used CamSoft's confidential information without CamSoft's consent or approval, and with the intent to actively compete and financially profit from said information.

**B.    District Court Proceedings**

CamSoft alleged a claim of conversion against NetMethods/MMR. CamSoft alleged that NetMethods/MMR originally lawfully gained access to CamSoft's confidential papers and other electronic business information, but its use became wrongful upon exercising unauthorized dominion over these materials in repudiation of CamSoft's ownership rights. MMR filed a "me too" motion, accepting the legal argument presented by Dell, Inc. and Dell Marketing, LP (collectively "Dell"). Dell argued that CamSoft could not state a conversion claim as a matter of law. The trial court rejected this legal argument, denying Dell and MMR's partial motion for summary judgment.

**C.    Appellate Court Proceedings**

The court of appeal reversed the trial court's denial of MMR's partial motion for summary judgment and dismissed with prejudice CamSoft's conversion claim as a matter of law. The court of appeal held that MMR could not be held liable for conversion because the property at issue was "immovable, intangible information." (Appeal Decision, p. 7). The court of appeal further held that a *deprivation* for purposes of conversion does not occur unless the property is completely removed from plaintiff's

2

possession and use. (*Id.*) Finally, the court of appeal held that CamSoft did not present a genuine issue of material fact that former NetMethods employees obtained CamSoft's information in physical form which was contrary to the evidence in the record. (*Id.*)

## ASSIGNMENTS OF ERRORS

1. The First Circuit erred in holding as a matter of law that confidential technical and business information reduced to written or electronic form constitutes "*immovable, intangible information*" not subject to the law of conversion.

2. The First Circuit erred in holding as a matter of law that a *deprivation* of confidential technical and business information cannot occur unless the property is completely removed from plaintiff's possession.

3. The First Circuit erred in holding on *de novo* review that CamSoft did not present a genuine issue of material fact that its confidential business and technical information was not taken in physical form.

## SUMMARY OF THE ARGUMENT

As a matter of law, corporate papers, whether in written or electronic form, constitute movable, tangible personal property, thus subject to the law of conversion. Moreover, as a matter of law, a deprivation of tangible personal property occurs whenever the defendant exercises unauthorized dominion over the plaintiff's property in repudiation of plaintiff's ownership rights, regardless if the plaintiff continues to possess the material. The Court of appeal ruling means that an industrial spy in Louisiana can literally break into a company's office and photograph, photocopy, or download sensitive corporate information without civil liability, as long as the original information remains intact. Clearly, Louisiana's competitive multi-billion-dollar chemical companies would not condone such lax property rights over their valuable, sensitive technical and financial information. Finally, the Court of appeal ignored CamSoft's direct evidence establishing that the NetMethods/MMR employees obtained CamSoft's business information in physical form.

## ARGUMENT AND ANALYSIS

A.   **The First Circuit erred in holding that as a *matter of law* business papers, whether in written or electronic form, constitute *immovable, intangible information* not subject to the law of conversion, as opposed to *movable, tangible personal property* subject to the law of conversion.**

The court of appeal erred in concluding that a corporation's proprietary and confidential papers, whether in written or electronic form, constitutes immovable, intangible information not subject to the law of conversion ("[W]e decline to extend the tort of conversion to immovable, intangible information."

(Appeal Decision, p. 7) The court of appeal erred in accepting defendants' erroneous legal argument, without judicial precedence.  The appellate court essentially ruled that no defendant can be held liable for conversion of a corporation's private papers, emails, etc., even if a thief, hacker, or industrial spy enters the premises and walks off with the information in hand.

A conversion is an act in derogation of the plaintiff's possessory rights and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time. **Tracer Protection Services, Inc. v. Burton**, 2015-0215, 2015 WL 5515793 (La. App. 1 Cir. 9/18/15) (unpublished); **Quealy v. Paine, Webber, Jackson & Curtis, Inc.**, 475 So2d 756 (La. 1985). A conversion is committed when ***any*** of the following occurs: (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel. **Id.; Dual Drilling Co. v. Mills Equipment Investments, Inc.**, 1998-0343 (La. 12/1/98); 721 So.2d 853. (Emphasis added). The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation. **Dual Drilling Co.**, 721 So.2d at 857.

Corporate papers, whether in written or electronic form, are ***movables***, not immovables as declared by the First Circuit. The Louisiana Civil Code makes clear the basic distinction between movables and immovables. La. C.C. art. 471 explains that, "Corporeal movables are things, whether animate or inanimate, that normally move or can be moved from one place to another." Printed documents and electronic emails fall into the category of movables. Documents and electronic emails are by their very nature subject to being moved from one place to another. Johannes Gutenberg literally invented the printing press so information could be easily shared and moved from one place to another without distortion of the substance contained therein. Moreover, the Louisiana Civil Code provides a catchall provision, placing anything not explicitly an immovable into the movable category: "All things, corporeal or incorporeal, that the law does not consider as immovables, are movables." La. C.C. art. 475. The court of appeal erred in classifying corporate documents and emails as immovables, instead of properly classifying the corporate property as movables.

Furthermore, corporate papers, whether in written or electronic form, are tangible personal property. CamSoft recorded its business information in documentation and emails expressly marked

4

confidential; therefore, once CamSoft recorded its information in written or electronic form, the information became tangible personal property belonging to the corporation. For example, this Court in **South Central Bell Telephone Company v. Barthelemy**, 1994-0499 (La. 10/17/99), 643 So.2d 1240, expressly explained that a company's software code constitutes tangible business property. This Court rejected defendant's argument that "software is merely 'knowledge' or 'intelligence,' and as such is not corporeal and thus not taxable." *Id.* at 1246. The Court explained: "The software at issues is not merely knowledge, but rather is knowledge recorded in a physical form which has physical existence, takes up space on the tape, disc, or hard drive, makes physical things happen, and can be perceived by the senses." *Id.*

Corporate documents are recorded in a physical form, whether on paper or electronically, for a reason: to have a permanent, physical existence. Like software, emails can be printed out in physical form, take up space electronically on a tape, disc, or hard drive, and can be perceived by the senses. The court of appeal erred in concluding that corporate papers, whether recorded in written or electronic form, constitute "immovable, intangible property," and its decision further directly conflicts with this Court's ruling in **South Central Bell**.

Thus, the court of appeal erred as a matter of law in dismissing CamSoft's conversion claim with prejudice as a matter of law. The Court should grant this writ of *certiorari* to correct the court of appeal's erroneous conclusion of law, thereby properly classifying corporate papers, whether in written or electronic form, as movable, tangible personal property subject to the laws of conversion, and to reinstate the trial court's denial of partial summary judgment filed by MMR.

**B.    The First Circuit erred in holding as a *matter of law* that there can be no *deprivation* for purposes of conversion unless the subject property is completely removed from the plaintiff's possession and use.**

In **Cluse v. H & E Equipment Services, Inc.**, 2009-574 (La. App. 3 Cir. 3/31/10), 34 So.3d 959, the court, *citing* **Importsales, Inc. v. Lindeman**, 231 La. 563, 92 So.2d 574 (La. 1957), held that conversion is not premised upon the acquisition and literal taking away of property by the wrongdoer, but rather the law of conversion seeks to address the defendant's repudiation of plaintiff's ownership rights to the subject property:

> ***The essence of conversion is not the acquisition of property by the wrongdoer***, but a wrongful deprivation of it to the owner, although a temporary deprivation will be sufficient; and in consequence it is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from his act.

> In order to constitute a conversion there must be either some repudiation of the owner's right, or some exercise of domination over it inconsistent with such right, as otherwise expressed, there must be a wrongful taking or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser. Conversions, it has been said, are of two classes, where possession is originally wrongful, and where possession originally rightful becomes wrongful by wrongful detention.
>
> In an action *ex delicto* ... plaintiff's recourse is to seek judgment for the value of the property wrongfully detained or appropriated. **Cluse**, 2009-574, p. 10; 34 So.3d at 967 (internal citations omitted) (emphasis added).

This Court literally stated that conversion is not solely predicated upon the acquisition or taking of property by the wrongdoer to the exclusion of the plaintiff. The Court explained that conversion is based upon dominion over the property in repudiation of the owner's rights, such as any "wrongful taking," "wrongful detention," "illegal assumption of ownership," or "illegal user or misuser." Accordingly, the court of appeal erred in holding as a matter of law that there is no actionable *deprivation* of property unless the plaintiff loses complete possession and use of the property.

For example, CamSoft argued, by analogy and hypothetical, that an industrial spy's hacking into a corporation's computer network and downloading sensitive financial or technical information would constitute a *wrongful taking, wrongful detention, illegal assumption of ownership, illegal use,* or *misuse* of a corporation's property. The hacker is clearly repudiating the plaintiff's ownership property rights to exclusive possession of and peaceful use of the electronically stored information, even if the information remained available to the plaintiff corporation. The industrial spy is clearly exercising illegal dominion over the corporation's valuable property without the owner's consent. The same would hold true if an industrial spy physically broke into the corporation's office and photocopied or photographed similar sensitive corporate information. In either case, the industrial spy is exercising dominion and control over business property that does not belong to him or her, thus repudiating the owner's right to exclusive dominion and peaceful possession.

For example, conversion and trespass are both possessory rights born in ownership of movables and immovables, respectively. "Trespass, a common law tort actionable under article 2315 of the Civil Code, is 'the unlawful physical invasion of the property or possession of another.'" **Powell v. Davis**, 35,510 (La.App. 2 Cir. 4/5/02), 814 So.2d 763, 772; *citing* **Versai Management, Inc. v. Monticello Forest Prods. Corp.**, 479 So.2d 477, 482 (La.App. 1 Cir. 195). "'The action for trespass is designed to protect the interest in *exclusive possession* of the land in its intact physical form.' W. Prosser & W.P. Keeton, The Law of Torts § 13 at 77 (5th ed. 1984)." **Powell**, *Id.* (Emphasis added) Similarly, an action for conversion is designed to protect the interest in **exclusive possession** of moveable, tangible property.

6

See **Dual Drilling Co.**, *supra* ("grounded on the unlawful interference with the ownership or possession of a movable....")

CamSoft presented genuine issues of material fact that NetMethods/MMR employees came to possess CamSoft's confidential papers by virtue of their status as official representatives of the City of New Orleans, who served as project managers over the Crime Camera Project. Although NetMethods/MMR originally came to possess these papers lawfully, their possession became wrongful by wrongful detention and unauthorized use of the information for purposes outside the context of their official city capacities. The defendants were no longer using CamSoft's proprietary papers and the information therein to serve the interests of the City of New Orleans but were instead using the papers to serve their own financial interests both inside and outside the City of New Orleans. Defendants' *wrongful detention*, *illegal assumption of ownership*, *illegal use*, and *misuse* of CamSoft's proprietary papers violated the law of conversion.

CamSoft stands by its argument that in today's world, little if anything is more valuable to competitive businesses than information, whether recorded in written or electronic form for internal corporate purposes. The United States of America is in part fighting a trade war against China because of official Chinese government efforts to hack into critical, sensitive national security computer systems and download sensitive information from our country's leading private companies and governmental entities. Notwithstanding, the court of appeal eviscerated civil protections for valuable corporate business materials and documentation in the State of Louisiana in its decision in the subject case and the Supreme Court would be prudent to correct this error.

The court of appeal bought into defendants' wholly erroneous argument that an industrial spy can break into Louisiana based computer networks for ExxonMobil, Dow, Shell, BASF, Cheniere Energy, or any other multi-billion dollar chemical company, and steal confidential, mission critical documents, sensitive emails, plant designs, etc., yet never be held liable in a state court for the defendant's *wrongful taking*, *wrongful detention*, *illegal assumption of ownership*, *illegal use*, or *misuse* of the information contained in those writings. For example, ExxonMobil's emails may contain sensitive information regarding its acquisition of a smaller competitor. The email and information contained therein are not protected by the state's trade secret laws. Nevertheless, now there are no civil protections for an unlawful hacking of the emails.

Thus, the court of appeal erred as a matter of law in dismissing CamSoft's conversion claim with prejudice as a *matter of law*. The Court should grant this writ of *certiorari* to correct the court of appeal's erroneous conclusion of law that no deprivation occurs for purposes of conversion absent complete removal of the property from the plaintiff's possession, and to reinstate the trial court's denial of partial summary judgment filed by MMR.

**C.    The First Circuit erred in concluding on *de novo* review that CamSoft's corporate information was not converted in physical form.**

The First Circuit erroneously held that CamSoft did not present evidence that its "business information was taken from them in physical form…." (Appeal Decision, p. 7) As discussed *supra*, physical form may be in written or electronic format, thus the court of appeal erred in its finding of fact.

In his affidavit, Christopher Drake, the former NetMethods employee serving as the project manager over the entire Crime Camera Project, clearly and unequivocally stated that he had access to CamSoft's confidential technical documents and corporate papers:

> Thereafter, Meffert appointed me as the City's Project Manager with supervisory authority over the crime camera project. As the Project Manager, I was given control over the day-to-day operations of the City's video surveillance project. **This included access to confidential technical documentation and as-built networking designs and construction methodologies.** (R.3/643)
>
> ***
>
> Based on my observations, CamSoft/Verge Wireless and the rest of the Southern/Active team sought to build the most technologically feasible wireless camera system utilizing the most advanced combination of video and telecommunications equipment available at the time. (R.3/647)
>
> ***
>
> There is no question that my representation of the City's interests and participation during numerous sales meetings granted me access to CamSoft/Verge Wireless' <u>sales presentations, marketing strategies, technical designs, equipment compilations, pricing structure, and business plans</u>; nevertheless, I [did not] inform MacDonald of Meffert and St. Pierre's plans for NetMethods to actively compete for this same wireless telecommunications and video surveillance business. (R.3/647)
>
> ***
>
> There is no question that given the lack of experience in wireless networking and video surveillance I based the proposed [Baton Rouge] Security Canopy Phase I system on the <u>wireless networking designs</u> and as-built construction deployed by CamSoft/Verge Wireless and others in the Sixth and Third District. Admittedly, Imagine/NetMethods learned what wireless technologies, equipment, and networking designs worked, and more importantly, what did not work based on the lessons learned during the Pilot Project, Sixth District, and Third District deployments. (R.3/650)

Once Drake obtained CamSoft's sales presentations, marketing strategies, technical designs, equipment compilations, pricing structures, and business plans, he shared the information with other NetMethods

8

employees. The NetMethods/MMR employees used CamSoft's papers to develop not only their

competing product line, but their entire business model.

 Thus, the court of appeal erred in dismissing CamSoft's conversion claim with prejudice on the

factually erroneous basis that the defendants did not exert wrongful dominion over CamSoft's proprietary

and confidential papers, and in failing to affirm the trial court's denial of partial summary judgment filed

by MMR.  CamSoft presented genuine issues of material fact because the evidentiary record contained

proof that defendants accessed CamSoft's moveable, tangible business materials in physical, written form.

## CONCLUSION

 Corporate papers and the confidential, proprietary information contained therein, whether in

written or electronic form, constitute moveable, tangible personal property subject to the laws of

conversion. Moreover, an actionable deprivation occurs in instances of defendant's *wrongful taking*,

*wrongful detention*, *illegal assumption of ownership*, *illegal use*, or *misuse* of tangible personal property

in repudiation of the plaintiff's ownership rights. Finally, the court of appeal erred on *de novo* review in

holding that CamSoft did not present a genuine issue of material fact that its corporate papers were taken

in physical form, when the record clearly contained evidence that they were obtained in physical form.

For these reasons, CamSoft's prays that this Court grant its writ application, reverse the court of appeal,

and reinstate the trial courts' original denial of MMR's partial motion for summary judgment.

Respectfully Submitted:

MELANCON | RIMES

_Jason L. Melancon_

**Jason L. Melancon, La. Bar No. 28152**
**Robert C. Rimes, La. Bar No. 28740**
6700 Jefferson Hwy., Bldg. 6 (70806)
P. O. Box 82859
Baton Rouge, LA 70884
Telephone: (225) 303-0455
Fax: (225) 303-0459
Email: Jason@MelanconRimes.com

**Marx D. Sterbcow, La. Bar No. 28425**
**Sterbcow Law Group, LLC**
1734 Prytania Street
New Orleans, LA 70130
Telephone: (504) 523-4930
Fax: (888) 241-6248
Email: marx@sterbcowlaw.com

**Frank Tomeny III, La. Bar No. 18031**
**Tomeny Law Firm, APLC**
9191 Siegen Lane, Bldg. 7
Baton Rouge, LA 70810
Tel: (225) 767-8333/Fax: (225) 767-5947
Email: frank@tomenylawfirm.com

**Mark D. Plaisance (#23259)**
**Marcus J. Plaisance (#33316)**
**Plaisance Law, LLC**
Appellate Counsel
P.O. Box 1123
Prairieville, LA 70769
Tel: (225) 775-5297
Fax: (888) 820-6375
Email: marcus@plaisancelaw.com

**VERIFICATION & CERTIFICATE OF SERVICE
OF COPY OF WRIT APPLICATION**

By my signature hereunder, I verify that the allegations and contentions contained in this brief are true and correct to the best of my knowledge, and that, on the date indicated below, provided a copy of this brief to the district court judge and the clerk of the court of appeal, and have provided copies to all counsel of record by email, US Mail or Fedex, as follows:

Honorable Janice Clark
Section 21, Division D
19th Judicial District Court
300 North Blvd., Ste. 10101
Baton Rouge, LA 70801
Email: eknight@brgov.com
*Presiding Judge*

Honorable Rodd Naquin
First Circuit Court of Appeal
1600 N. Third Street
Baton Rouge, LA 70802
Email: rnaquin@la-fcca.org
*Court of Appeal*

Mr. Vance Gibbs
Ms. Karli Glascock Johnson
Ms. Tara M. Madison
Kean Miller LLP
400 Convention Street, Suite 700
P. O. Box 3513
Baton Rouge, LA 70821-3513
Email: Vance.Gibbs@KeanMiller.com
Email: Karli.Johnson@KeanMiller.com
Email: Tara.Madison@KeanMiller.com
*Counsel for Dell Inc. & Dell Marketing LP*

Mr. James C. Grant
Mr. Christopher A. Riley
Ms. Elizabeth Helmer
Alston & Byrd
1201 West Peachtree Street
Atlanta, GA 30309
Email: Jim.Grant@Alston.com
Email: Chris.Riley@Alston.com
Email: Elizabeth.Helmer@Alston.com
*Counsel for Dell Inc. & Dell Marketing LP*

Ms. Tiffany T. Kopfinger
MMR Group, Inc.
15961 Airline Highway
Baton Rouge, LA 70817
Email: TKopfinger@mmrgrp.com
*Counsel for MMR Constructors, Inc. dba
MMR Communications, MMR Group, Inc.,
and MMR Offshore Services, Inc.*

Mr. Brent P. Frederick
Mr. Michael T. Beckers
Ms. Danielle N. Goren
Frederick & Beckers, LLC
112 Founders Drive, Suite 101
Baton Rouge, LA 70810
Email: Brent@frederickbeckers.com
Email: Michael@frederickbeckers.com
*Counsel for MMR Constructors, Inc. dba
MMR Communications, MMR Group, Inc.,
and MMR Offshore Services, Inc.*

THUS DONE AND SIGNED at Baton Rouge, Louisiana, this _____/s/_____ day of _August_

2019.

_____
Jason L. Melancon



**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**
**300 NORTH BLVD**
**BATON ROUGE, LA 70801**

**3RD DAY OF APRIL, 2019**

TO:   ROBERT C RIMES
      MELANCON RIMES
      PO BOX 82859
      BATON ROUGE,  LA 70884

CAMSOFT DATA SYSTEMS, INC. VS SOUTHERN ELECTRONIC SUPPLY INC., ET AL

**CASE NUMBER:** C-582741

**JUDGE:** HON JANICE CLARK

**DIVISION:** 21/D

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE

AFOREMENTIONED CASE: 6 JUDGMENTS ENCLOSED


JUDICIAL ASSISTANT TO
HON JANICE CLARK

NOTIFIED:

ALEXANDER R SAUNDERS
AMANDA S STOUT
AMY GROVES LOWE
BRENT P FREDERICK
CHRISTINE LIPSEY
CHRISTINE LIPSEY
CHRISTOPHER D CAZENAVE
CHRISTOPHER H TOLL
CLARE E SANCHEZ
CLEO FIELDS
CRAIG J CANIZARO
CRAIG J CANIZARO
DANIEL LUND III
EDMOND CHRISTIAN HAASE III
EDWARD DIRK WEGMANN
EDWARD DIRK WEGMANN
EDWARD J WALTERS JR
FRANK TOMENY III
GUSTAVE A FRITCHIE III
JAMES CONNER PERCY
JAMES MICHAEL GARNER
JASON L MELANCON
JASON L MELANCON
JASON L MELANCON
JASON R ANDERS
KARLI GLASCOCK JOHNSON



**EXHIBIT**

**A**

EAST BATON ROUGE PARISH   C-582741
Filed Jan 14, 2019 3:24 PM        21/D
Deputy Clerk of Court

CAMSOFT DATA SYSTEMS, INC.　　　　DOCKET NO. 582,741 SEC. "D"

　　　　　　　　　　　　　　　　　　19TH JUDICIAL DISTRICT COURT

VERSUS
　　　　　　　　　　　　　　　　　　PARISH OF EAST BATON ROUGE

SOUTHERN ELECTRONICS
SUPPLY, INC. AND ACTIVE　　　　　　STATE OF LOUISIANA
SOLUTIONS, LLC

### JUDGMENT ON MMR DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAMSOFT'S TORT CLAIMS

This came before the Court for hearing on Friday, October 19, 2018.

Present in Court were:

Jason Melancon, Robert Rimes, Marx Sterbcow and Frank Tomeny III on behalf of Plaintiff, CamSoft Data Systems, Inc.;

Karli Glasock Johnson, James C. Grant and Elizabeth Helmer on behalf of Defendants, Dell Inc. and Dell Marketing, LP ("Dell Defendants"); and

Michael Beckers and Danielle Goren on behalf of Defendants, MMR Group, Inc., MMR Offshore Services, Inc. and MMR Constructors, Inc. dba MMR Communications ("MMR Defendants").

After hearing and oral argument, the Court renders judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED that MMR Group, Inc.,

MMR Offshore Services, Inc. and MMR Constructors, Inc. dba MMR Communications'

Motion for Partial Summary Judgment on CamSoft's Tort Claims is DENIED.

THUS RENDERED AND SIGNED in Chambers this __2__ day of

__April__ , 2019, in Baton Rouge, Louisiana

HONORABLE JANICE CLARK
19TH JUDICIAL DISTRICT COURT

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: all col
Done and signed on __4-3-19__

Deputy Clerk of Court

Filed 4-2-19
@ 10:04 am
Lori Achee, Dpc

1



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

July 02, 2019

**Docket Numbers:   2019 CA 0731 AND 2019 CW 0514**

CamSoft Data Systems, Inc.
    versus
Southern Electronics Supply, Inc. and Active Solutions, LLC

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

EXHIBIT
B

TO:

Amanda Stickland Stout
McGlinchey Stafford, PLLC
One American Place, 14th
301 Main Street
Baton Rouge, LA 70825
astout@mcglinchey.com

Christine Lipsey
MCGLINCHEY STAFFORD, PLLC
One American Place, 14th
Baton Rouge, LA 70825
clipsey@mcglinchey.com

Christopher H. Toll
6380 S. Fiddlers Green Circle
Suite 500
Greenwood Village, CO 80111

Frank Tomeny, III
Tomen Law Firm
9191 Siegen Lane
Building 7
Baton Rouge, LA 70810
frank@tomenylawfirm.com

Gustave A. Fritchie, III
400 Poydras Street, Suite
New Orleans, LA 70130
gfritchie@irwinllc.com

Jason L. Melancon
8706 Jefferson Hwy., Ste. B
P.O. Box 82859
Baton Rouge, LA 70884
jason@melanconrimes.com

Mark J. Chaney
601 Poydras St., 12th Floor
New Orleans, LA 70130

Marx D. Sterbcow
1734 Prytania Street
New Orleans, LA 70130

R. Lee Daquanno, Jr.
6700 Jefferson Hwy, Bldg 6
P.O. Box 82859
Baton Rouge, LA 70884

Robert Rimes
8706 Jefferson Hwy., Ste. A
P.O. Box 82859
Baton Rouge, LA 70884
robert@melanconrimes.com

Christopher Allen Riley
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
chris.riley@alston.com

Elizabeth Helmer
1201 West Peachtree Street
Atlanta, GA 30309
elizabeth.helmer@alston.com

H. Alston Johnson, III
PHELPS DUNBAR
400 Convention Street, Ste.
Baton Rouge, LA 70802
johnsona@phelps.com

James C. Grant
1201 West Peachtree Street
Atlanta, GA 30309
jim.grant@alston.com

Karli Glascock Johnson
KEAN, MILLER, HAWTHORNE,
P.O. Box 3513
Baton Rouge, LA 70821
karli.wilson@keanmiller.com

Kevin W. Welsh
P.O. Box 4412
Baton Rouge, LA 70821

Michael P. Kenny
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309

Tara Madison
KEAN MILLER
P.O. Box 3513
Baton Rouge, LA 70821
tara.madison@keanmiller.com

Vance A. Gibbs
KEAN, MILLER,
P.O. Box 3513
Baton Rouge, LA 70821-3513

vance.gibbs@keanmiller.com

Brent P. Frederick
Dodson Hooks & Frederick
One City Plaza
445 North Boulevard, Suite
Baton Rouge, LA 70802
brent@frederickbeckers.com

Danielle N. Goren
112 Founder Drive
Baton Rouge, LA 70810
danielle@frederickbeckers.co

Michael T. Beckers
Dodson Hooks & Frederick
112 Founders Drive
Baton Rouge, LA 70810
michael@frederickbeckers.co

Tiffany Thornton Kopfinger
15961 Airline Hwy.
Baton Rouge, LA 70817
tkopfinger@mmrgrp.com

Hon. Janice G. Clark
300 North Boulevard
Suite 10101
Baton Rouge, LA 70801

<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0731
2019 CW 0514

CAMSOFT DATA SYSTEMS, INC.

VERSUS

SOUTHERN ELECTRONICS SUPPLY, INC.
AND ACTIVE SOLUTIONS, LLC

Judgment Rendered:  JUL 0 2 2019

\*\*\*\*\*\*\*\*

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge
State of Louisiana

Case No. 582,741

The Honorable Janice Clark, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Michael T. Beckers<br>Brent P. Frederick<br>Danielle N. Goren<br>Tiffany T. Kopfinger<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellants<br>MMR Constructors, Inc., MMR Group,<br>Inc. & MMR Offshore Services, Inc. |
| Jason L. Melancon<br>Robert C. Rimes<br>R. Lee Daquanno, Jr.<br>Frank Tomeny, III<br>Baton Rouge, Louisiana<br>and<br>Marx D. Sterbcow<br>New Orleans, Louisiana<br>and<br>Mark D. Plaisance<br>Marcus J. Plaisance<br>Prairieville, Louisiana | Counsel for Plaintiff/Appellee<br>CamSoft Data Systems, Inc. |
| Karli Glascock Johnson<br>Vance A. Gibbs | Counsel for Defendants/Appellees<br>Dell, Inc. & Dell Marketing, L.P. |

Tara M. Madison
Baton Rouge, Louisiana
    and
James C. Grant
Christopher A. Riley
Elizabeth Helmer
Michael P. Kenny
Atlanta, Georgia

Gus A. Fritchie, III          Counsel for Defendant/Appellee
New Orleans, Louisiana        Continental Casualty Company

Christine Lipsey             Counsel for Defendant/Appellee
Amanda Stout                 Ciber, Inc.
Baton Rouge, Louisiana
    and
Mark J. Chaney
New Orleans, Louisiana
    and
Christopher H. Toll
Pro Hac Vice
Greenwood Village, Colorado

\*\*\*\*\*\*\*\*

BEFORE: CRAIN, THERIOT, and HOLDRIDGE, JJ.

2

**THERIOT, J.**

In this appeal, MMR Constructors, Inc., MMR Group, Inc., and MMR Offshore Services, Inc. (sometimes referred to collectively as "MMR") seek review of the trial court's judgment denying their Motion for Partial Summary Judgment on CamSoft's Tort Claims. For the following reasons, we reverse the trial court's judgment and deny the companion writ application, referred to this panel, as moot.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history are laid out in more detail in this court's opinion in **CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.,** 2019-0730 (La. App. 1st Cir. 7/2/19) (unpublished), also issued this date.

Relevant hereto, CamSoft Data Systems, Inc. ("CamSoft") filed a Master Petition for Declaratory Judgment, Supplemental Relief, Damages, and Attorney's Fees, alleging that MMR Group and MMR Constructors are liable for the ongoing use of CamSoft's confidential technical and business information under the doctrine of *respondeat superior*. CamSoft alleged that former NetMethods, LLC ("NetMethods") employees, Mark St. Pierre, Dwaine Hodges, and Michael Charbonnet, had actual knowledge regarding the fraudulent conversion of CamSoft's confidential business information due to their supervision of the Crime Camera Contract, and they continued to utilize that information as employees of MMR Constructors and for MMR Constructors' independent financial gain. In response, MMR filed a motion for partial summary judgment to dismiss CamSoft's tort claims. After a hearing, the trial court signed a judgment on April 2, 2019, denying MMR's motion for partial summary judgment on CamSoft's tort claims. From this judgment, MMR appeals pursuant to La. R.S. 51:135.[1]

---

[1] As set forth in La. R.S. 51:135, all interlocutory judgments in cases involving antitrust claims shall be appealable within five days and shall be heard and determined within twenty days after the appeal is lodged.

## SUMMARY JUDGMENT AND THE STANDARD OF REVIEW

A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. **M/V Resources LLC v. Louisiana Hardwood Products LLC**, 2016-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So.3d 1104, 1109, writ denied, 2017-1748 (La. 12/5/17), 231 So.3d 624. A motion for summary judgment is properly granted if, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **M/V Resources LLC**, 2016-0758 at p. 9, 225 So.3d at 1109.

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one to which reasonable persons could disagree. If reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Doyle v. Lonesome Development, Limited Liability Company**, 2017-0787, p. 6 (La. App. 1st Cir. 7/18/18), 254 So.3d

714, 718-19, writ denied, 2018-1369 (La. 11/14/18), 256 So.3d 291, quoting

**Jackson v. City of New Orleans**, 2012-2742, pp. 5-6 (La. 1/28/14), 144 So.3d 876,

882, cert. denied, —— U.S. ——, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014). Because it

is the applicable substantive law that determines materiality, whether a particular

fact in dispute is material can be seen only in light of the substantive law applicable

to the case. **Succession of Hickman v. State Through Board of Supervisors of**

**Louisiana State University Agricultural and Mechanical College**, 2016-1069, p.

5 (La. App. 1st Cir. 4/12/17), 217 So.3d 1240, 1244.

Although summary judgments are now favored, factual inferences reasonably

drawn from the evidence must be construed in favor of the party opposing the

motion, and all doubt must be resolved in the opponent's favor. **Quality**

**Environmental Processes, Inc. v. Energy Development Corporation**, 2016-0171,

p. 14 (La. App. 1st Cir. 4/12/17), 218 So.3d 1045, 1059.

### DISCUSSION

As stated above, CamSoft contends that MMR Group and MMR Constructors

are liable to CamSoft for their ongoing use of CamSoft's confidential technical and

business information, which was allegedly fraudulently obtained by former

NetMethods employees who were subsequently employed by MMR Constructors

d/b/a MMR Communications. MMR's arguments supporting summary judgment

are threefold: (1) there can be no conversion claim because a party cannot convert

intangible business information; (2) there can be no conversion claim because

CamSoft was not deprived of its "business information"; and (3) Louisiana's Unfair

Trade Secrets Act, La. R.S. 51:1431, et seq., preempts any conversion claim that

CamSoft may have.[2]

---

[2] MMR's motion for partial summary judgment on CamSoft's tort claims is a "me too" motion in which it adopts and incorporates "the evidence, authorities and arguments set forth in the *MEMORANDUM IN SUPPORT OF DELL INC. AND DELL MARKETING, L.P.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CAMSOFT'S TORT CLAIMS.*" (emphasis in original). Since the court must consider any documents to which no objection is made, La. Code Civ. P. art. 966(D)(2), we will consider those arguments made by Dell.

A conversion is an act in derogation of the plaintiff's possessory rights and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time.  **Bihm v. Deca Systems, Inc.**, 2016-0356, p. 13 (La. App. 1st Cir. 8/8/17), 226 So.3d 466, 478.  The Civil Code itself does not identify causes of action for conversion.  However, causes of action for conversion have been inferred from Civil Code articles providing that the right of ownership, possession, and enjoyment of movables are protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages.  Consequently, the dispossessed owner of a corporeal movable may be accorded one of three actions to enforce his rights of ownership, one of which is based in tort law.  **Dual Drilling Co. v. Mills Equipment Investments, Inc.**, 98-0343, p. 4 (La. 12/1/98), 721 So.2d 853, 856.  The delictual action is grounded on the unlawful interference with the ownership or possession of a movable.  **Id.**  In order to establish the tort of conversion, a plaintiff must show unlawful interference with movable property committed by the: (1) acquisition of possession in an unauthorized manner; (2) removal of a chattel from one place to another with the intent to exercise control over it; (3) unauthorized transfer of possession of a chattel; (4) withholding possession from the owner; (5) alteration or destruction of the chattel; (6) improper use of the chattel; or (7) assertion of ownership over the chattel.  **Quality Environmental Processes, Inc. v. IP Petroleum Co., Inc.**, 2016-0230, p. 15 (La. App. 1st Cir. 4/12/17), 219 So.3d 349, 369, writ denied, 2017-00915 (La. 10/9/17), 227 So.3d 833.

CamSoft alleges that the confidential business information that was allegedly converted includes "device compilations, software code, know-how, networking designs, installation process, business methods, marketing plans, pricing information, and strategic wireless network integrator business plans."  While CamSoft argues in opposition that "[i]n today's world, little if anything is more

6

valuable to competitive businesses than information, whether in written or electronic form," we decline to extend the tort of conversion to immovable, intangible information.[3]

Moreover, as stated above, a conversion requires a deprivation of possession. **Bihm**, 2016-0356 at p. 13, 226 So.3d at 478. MMR offered evidence that CamSoft continued to actively market its video surveillance system technology *after* the alleged conversion in 2004, thus demonstrating that CamSoft was not deprived of its confidential business information. CamSoft does not dispute that it was not deprived of this information but instead argues that a deprivation is not required. We find no merit to this argument based on the extensive jurisprudence requiring a deprivation. For these reasons, we find the trial court erred in denying MMR's motion for partial summary judgment on CamSoft's tort claims.

## CONCLUSION

For the above and foregoing reasons, the April 2, 2019 judgment denying MMR's Motion for Partial Summary Judgment on CamSoft's Tort Claims is reversed. The Motion for Partial Summary Judgment on CamSoft's Tort Claims filed by MMR Constructors, Inc., MMR Group, Inc., and MMR Offshore Services, Inc. is granted, and the tort claims of CamSoft Data Systems, Inc. against MMR Constructors, Inc., MMR Group, Inc., and MMR Offshore Services, Inc. are dismissed in their entirety, with prejudice. We deny the companion writ application referred to this panel, as moot. Costs of this appeal are assessed against CamSoft Data Systems, Inc.

---

[3] We acknowledge the Louisiana Supreme Court's declaration in **South Central Bell Telephone Co. v. Barthelemy**, 94-0499, p. 12 (La. 10/17/94), 643 So.2d 1240, 1246, wherein the court found that software was "tangible personal property" subject to municipal sales and use tax. In that case, the court noted that "[t]he software at issue is not merely knowledge, but rather is knowledge recorded in a physical form which has physical existence, takes up space on the tape, disc, or hard drive, makes physical things happen, and can be perceived by the senses." **Id**. Though CamSoft uses **Barthelemy** and hypotheticals to argue that its confidential business information, once put in in tangible form, e.g. a printed email, would be a movable and therefore subject to conversion, CamSoft failed to cite to any evidence on summary judgment that their business information was taken from them in physical form or that they no longer had the use of their confidential information.

**REVERSED; WRIT DENIED AS MOOT.**