IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-534-MN-CJB |
| | ) | |
| LANCIUM LLC, MICHAEL T. MCNAMARA, | ) | |
| and RAYMOND E. CLINE, JR. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' OBJECTIONS TO THE REPORT AND
RECOMMENDATION (D.I. 143) RECOMMENDING
DENIAL OF DEFENDANTS' MOTION
TO DISMISS WITH RESPECT TO PLAINTIFFS' COUNT V (CONVERSION)**

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

*Attorneys for Plaintiffs
BearBox LLC and Austin Storms*

Dated:  June 23, 2022

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND ............................................................................................................2

III.    ARGUMENT ..................................................................................................................3

        A.      Legal standard ...................................................................................................3

        B.      Magistrate Judge Burke correctly recommends a finding that "deprivation of
                possession" is not required to establish a claim of conversion under
                Louisiana law, and retaining copies of the converted documents does
                not negate conversion .......................................................................................3

        C.      *CamSoft* is distinguishable, not controlling, and misapplies Louisiana law............8

IV.     CONCLUSION.............................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                       **Page**

*Alert Ctr., Inc. v. Alarm Prot. Servs., Inc.*,
    967 F.2d 161 (5th Cir. 1992) ............................................................ 4

*Bergeron v. Richardson*,
    320 So. 3d 1109 (La. 2021) ............................................................ 1, 10

*Bureau Veritas Commodities & Trade, Inc. v. Nanoo*,
    No. CV 20-3374, 2021 WL 2142466 (E.D. La. May 26, 2021) ........................................ 6, 10

*CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*,
    2019-0731, 2019 WL 2865359 (La. App. 1 Cir. 7/2/19) ........................................ 8, 9

*Clements v. Bank*,
    No. 6:20-CV-00821, 2021 WL 4483829 (W.D. La. Sept. 29, 2021) ........................................ 4

*Dileo v. Horn*,
    189 So. 3d 1189 (La. Ct. App. 2016) ........................................ 5, 6, 10

*DNA Genotek Inc. v. Ancestry.com DNA, LLC*,
    No. CV 15-355-SLR, 2016 WL 1128491 (D. Del. Mar. 22, 2016 ............................................ 3

*Dual Drilling Co. v. Mills Equip. Invs., Inc.*,
    721 So. 2d 853 (La. 1998) ............................................ 5, 7, 8, 10

*First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*,
    No. CV 15-638, 2016 WL 5869787 (E.D. La. Oct. 7, 2016) ........................................ 7, 9

*Importsales, Inc. v. Lindeman*,
    92 So.2d 574 (La.1957) ............................................ 4

*In re Black*,
    No. 15-11935, 2016 WL 5376182 (Bankr. E.D. La. Sept. 26, 2016) ........................................ 5

*Lewis v. New York Fire & Marine Underwriters, Inc.*,
    233 So. 2d 743 (La. Ct. App. 1970) ........................................ 10

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) ........................................ 3

*MCI Commc'ns Servs., Inc. v. Hagan*,
    74 So. 3d 1148 (La. 2011) ........................................ 5

*Pure Air Daigle, LLC v. Stagg*,
    No. 6:16-CV-01322, 2017 WL 4021047 (W.D. La. Sept. 6, 2017) ............................ 6, 7, 8, 10

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*,
 475 So.2d 756 (La. 1985) ................................................................................ 4

*South Central Bell Telephone Co. v. Barthelemy*,
 643 So. 2d 1240 (La. 1994) ............................................................................. 9

*State v. Williamson*,
 81 So. 3d 156 (La. App. 5th Cir. 2011) ......................................................... 9

*Total Safety, U.S., Inc. v. Code Red Safety & Rental, LLC*,
 CIVIL ACTION NO. 19-12953, 2019 WL 5964971 (E.D. La. Nov. 13, 2019) ..................... 10

**Other Authorities**

Andrew Crayden,
 "A Modern-Day Gold-Rush: Applying Property Principles to Data Using Mineral Rights
 Concepts and the Rule of Capture," 81 La. L. Rev. 949, 982 (2021)......................................... 9

## I.     INTRODUCTION

On May 26, 2022, Magistrate Judge Burke issued his Report and Recommendation (D.I.
143) recommending that Defendants' Motion to Dismiss be denied with respect to Count V
(conversion). Although Defendants concede that Louisiana conversion law protects electronic
documents, they argue that electronic documents cannot possibly be converted if the Plaintiff
maintains a copy of the documents. Judge Burke correctly recommends a finding that Louisiana
conversion law is not so limited, nor could it be; depriving possession is but one act of
conversion of the seven the Louisiana Supreme Court has articulated. "Unlawful interference
with the plaintiffs' 'ownership'" is another act of conversion and, as Judge Burke noted, theft of
electronic documents, even when a plaintiff maintains its own copy, and the plaintiff is "not
completely dispossessed of all copies of that property," constitutes interference with ownership.
Judge Burke rightfully recommended denial of Defendants' Motion with respect to conversion
because Plaintiffs' pleaded that Defendants took certain technology described in copies of
electronic documents that Plaintiffs rightfully owned, and then Defendants wrongfully utilized
that technology in their Smart Response software, "in a manner indicating to the world that they
(not Plaintiffs) owned that technology." (D.I. 143).

Judge Burke's decision is true to a line of Louisiana caselaw finding that, like here,
electronic documents transmitted electronically (resulting in both sides retaining copies) can
form the basis for a claim of conversion.

Defendants are wrong to contend that all of Louisiana conversion law is confined based
on dicta in one distinguishable summary judgment decision. Louisiana follows the doctrine of
*jurisprudence constante*, which requires that binding precedent be supported by a "constant
stream of uniform and homogenous rulings," and that "a single decision" is not enough.
*Bergeron v. Richardson*, 320 So. 3d 1109, 1115 (La. 2021). The dicta in the *Camsoft* decision is

not binding precedent under this (or any) standard.

## II.    BACKGROUND

In late 2018 through early 2019, Austin Storms, through his company BearBox LLC, developed new technology that included an energy-efficient cryptocurrency mining system and methods of arbitraging energy purchased and sold on behalf of that system, which reduced the environmental impact of energy-intensive mining operations while also increasing mining profitability. *See, e.g.*, D.I. 103 at 29, 46. Mr. Storms developed a power distribution unit, control software, network interface, and methods of operating the system and trading energy, under certain external factors like expected energy demand, real-time power price, network difficulty, and Bitcoin price. *Id*. at 31. In May 2019, Storms attended the Fidelity FCAT Mining Summit in Boston hoping to find customers to bring BearBox's new technology to market. *Id*. at 32. At that Summit, Storms met Mr. Michael McNamara, CEO of Lancium LLC.  That evening, Storms and McNamara had dinner and, under the guise of a potential business relationship, discussed the details of BearBox's technology. *Id*. at 32-33. Two days following the dinner, McNamara texted Storms, asking him for documentation of BearBox's technology. Storms, hoping for a partnership, emailed McNamara an annotated system diagram, a specification sheet, and a modeled data set for the BearBox technology. *Id*. at 34. After receiving the electronic documents, Lancium cut off communications with Mr. Storms. *Id*. at 35-36.

In the days immediately following receipt of those electronic documents, Lancium began working with partners, outside consultants, and vendors to bring BearBox's technology to market, though disguised as Lancium's Smart Response™ software, something BearBox never expected, never authorized, and for which BearBox never received compensation. *Id*. at 38-39. Soon, Lancium would be using its Smart Response™ software, modified to operate BearBox's technology did, as explained by BearBox's electronic documents, to profit from its operation,

solicit investments in the company, and license Smart Response™.[1] D.I. 103 at 4, 50, 87.

## III.   ARGUMENT

This Court should adopt Magistrate Judge Burke's Report and Recommendation in its entirety ("R&R") (D.I. 143) and overrule Lancium's Objections (D.I. 146) because, contrary to the Objections, Judge Burke correctly determined that retaining copies of the converted electronic documents does not negate a claim for conversion under Louisiana law.

### A.   Legal standard

For motions to dismiss, the Court "must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff." *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 352 (D. Del. 2009). And where a defendant relies on misinterpretations of law, a motion to dismiss is properly denied. *See, e.g.*, *DNA Genotek Inc. v. Ancestry.com DNA, LLC*, No. CV 15-355-SLR, 2016 WL 1128491, at *3 (D. Del. Mar. 22, 2016).

### B.   Magistrate Judge Burke correctly recommends a finding that "deprivation of possession" is not required to establish a claim of conversion under Louisiana law, and retaining copies of the converted documents does not negate conversion

Lancium argues in its Objections to that R&R (D.I. 146) that "deprivation" of possession of electronic documents, and therefore conversion, cannot occur if a plaintiff retains a copy of the stolen documents. D.I. 143. Specifically, Lancium argues that because Storms retained a copy of the converted documents through his sent-mail, Lancium's wrongdoing has not completely deprived Plaintiffs of their electronic documents and, on that basis, cannot constitute

---

[1] In addition to converting BearBox's energy arbitrage method as described in electronic documents, Lancium patented other portions of BearBox's technology, falsely identifying Lancium's CEO (Michael McNamara) and Chief Computing Officer (Raymond Cline) as co-inventors, omitting Mr. Storms. This is the basis of BearBox's Counts I and II, correction of inventorship, in the Second Amended Complaint. *See, e.g.*, D.I. 103 at 40-48, 58-65. BearBox's Correction of Inventorship claims are not subject to Lancium's Motion to Dismiss.

conversion. D.I. 146 at 8-9. Lancium's Objections (D.I. 146) are based entirely on the erroneous assertion that "deprivation of possession is a necessary element of a conversion claim" under Louisiana law. D.I. 146 at 9. Lancium reaches this conclusion based on a truncated sentence from the Louisiana Supreme Court, which states, "[a] conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985). D.I. 146 at 3. But Lancium is mistaken. This sentence in *Quealy* has two clauses, separated by a comma, and neither says that Louisiana conversion requires "deprivation of possession" as a necessary element.

Rather, in *Quealy*, the Louisiana Supreme Court defined conversion as "an act in derogation of the plaintiff's possessory rights" *and went on to provide an example*, stating "and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time, is a conversion." *Quealy*, 475 So. 2d at 760. While Lancium's Objections (D.I. 146) cling to this "depriving him of the possession" language, Louisiana law is not so narrow, nor did the *Quealy* court limit it as such. Rather, in *Quealy*, the court summarized conversion law as any *derogation*, or impairment, of possessory rights.[2] *See, e.g.*, *Clements v. Bank*, No. 6:20-CV-00821, 2021 WL 4483829, at *3 (W.D. La. Sept. 29, 2021) ("Under Louisiana law, conversion is a delictual tort that is defined as 'an intentional act done in

---

[2] *Quealy* is consistent with Louisiana Supreme Court precedent. *See, e.g., Alert Ctr., Inc. v. Alarm Prot. Servs., Inc.*, 967 F.2d 161, 165 (5th Cir. 1992) (quoting *Importsales, Inc. v. Lindeman,* 92 So.2d 574, 576 (La.1957)) ("Under Louisiana law, in order to constitute conversion, 'there must be *either* some repudiation of the owner's right, or some exercise of dominion over it inconsistent with such right, ... *or*, as otherwise expressed, there must be a wrongful taking or a wrongful detention, *or* an illegal user or misuser.'") (emphasis added).

derogation of the plaintiff's possessory rights.'"). Louisiana courts have used other, similarly broad language to summarize conversion, calling it "any act of dominion over the property of another *in denial of or inconsistent with* the owner's rights." *Dileo v. Horn*, 189 So. 3d 1189, 1198 (La. Ct. App. 2016) (emphasis added). The Louisiana Supreme Court has repeatedly held that anything "inconsistent with" an owner's rights may constitute conversion.

Specifically, the Louisiana Supreme Court has said that conversion, "is committed when *any of the following* occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel." *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So. 2d 853, 857 (La. 1998); *MCI Commc'ns Servs., Inc. v. Hagan*, 74 So. 3d 1148, 1154 (La. 2011).

In other words, under Louisiana law, withholding possession from the owner is just *one of seven* possible "acts inconsistent with the owner's rights" that are actionable as conversion. For example, the *improper use* of a plaintiff's property (i.e., element 6 above), without authorization or consent, constitutes conversion under Louisiana law, and courts applying Louisiana law have refused to dismiss where, as here, a complaint includes an allegation of improper use. *See* D.I. 128.

As the Louisiana Supreme Court has explained, "the unlawful interference with the ownership *or* possession of a movable . . . is frequently termed an action for 'conversion' in Louisiana." *Dual Drilling*, 721 So.2d at 857 (La. 1998) (emphasis added); *Pure Air Daigle, LLC*

*v. Stagg*, No. 6:16-CV-01322, 2017 WL 4021047, at *2 (W.D. La. Sept. 6, 2017).[3] Magistrate Judge Burke correctly highlights this in his R&R, explaining that "Louisiana law says that a conversion claim can be made out not only when a defendant unlawfully interferes with a plaintiff's 'possession' of a movable, but also when a defendant unlawfully interferes with the plaintiffs 'ownership' of a movable." D.I. 143.[4]

Further, Louisiana law, as consistently applied, recognizes that retaining copies of converted documents does not negate a claim of conversion. For example, in *Mabile*, the court recognized a conversion cause of action where the plaintiff pleaded that he had sent his schematics to the defendant electronically, even though the plaintiff also retained a copy. *Mabile*, No. CV 11-1783, 2016 WL 5231839, at *23. Similarly, in *Bureau Veritas*, the court found that the plaintiff adequately pleaded conversion based on defendant's unauthorized "copying" of the digital information that otherwise remained in the plaintiff's possession. *Bureau Veritas Commodities & Trade, Inc. v. Nanoo*, No. CV 20-3374, 2021 WL 2142466, at *13 (E.D. La. May 26, 2021) (declining to follow the *CamSoft* court's summary judgment reasoning in denying a motion to dismiss). As such, Lancium's argument that there can be no conversion because Plaintiffs retained copies of the electronic documents after they were electronically sent to

---

[3] In fact, "conversion has been defined as any distinct act of dominion wrongfully exerted over a person's personal property in denial of or inconsistent with their rights therein." *Pure Air Daigle, LLC*, 2017 WL 4021047, at *2; *see also Dileo v. Horn*, 189 So. 3d 1189, 1198 (La. Ct. App. 2016) ("Conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights.").

[4] Ignoring the Louisiana Supreme Court, Lancium argues for the first time in its Objections, relying on caselaw not previously cited, that "[t]he Fifth Circuit has [] made clear that interference with ownership is not an independent basis for a conversion claim under Louisiana law." D.I. 146 at 12. In support of this statement, Lancium cites to two distinguishable, non-controlling cases that contemplate the "tortious conversion of funds." *See id*. It is common sense that the conversion of money would necessarily mean that the plaintiff could not keep a copy of that money, and is treated differently than conversion of electronic documents.

Lancium ignores applicable Louisiana law.

Not only is Lancium's position contrary to Louisiana law, it offends common sense. For example, as discussed in Plaintiffs' Opposition to Defendants' Motion to Dismiss, and agreed to by Lancium, electronic documents may properly be the basis for a conversion claim under Louisiana law. D.I. 128 at 12-14; *see, e.g.*, *Bureau Veritas*, 2021 WL 2142466, at *13 (holding that electronic "customer lists, financial information, and Outlook files" are properly the subject of a Louisiana conversion claim); *see also First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2016 WL 5869787, at *5 (E.D. La. Oct. 7, 2016) (rejecting argument that information residing in the cloud is not capable of conversion under Louisiana law). If electronic documents can be the subject of conversion, which Lancium concedes, there will almost always be an extra copy of that digital information, in email, on a server, or in an archive. To conclude, as Lancium does, that an extra electronic copy can negate a claim of conversion would be to eviscerate Louisiana's pronouncement that electronic documents may be converted at all.

Additionally, not a single case that Lancium cites upholds a motion to dismiss based on the conversion of documents or information for which the plaintiff retained their own copy. To find as such would be contrary to well-established Louisiana Supreme Court precedent that "the *unlawful interference with the ownership* or possession of a movable. . . is frequently termed an action for 'conversion' in Louisiana." *Dual Drilling*, 721 So. 2d at 857 (emphasis added); *Pure Air Daigle LLC*, 2017 WL 4021047, at *2. Accordingly, Judge Burke was correct in finding that "where, even if a plaintiff is not completely dispossessed of all copies of that property, a defendant could still be said to have taken steps to have wrongfully deprived the plaintiff of 'ownership' of the property. And Plaintiffs' conversion claim can be read to allege that this is what occurred here." D.I. 143.

**C.** *CamSoft* **is distinguishable, not controlling, and misapplies Louisiana law**

Although Lancium argues that it is "well-established by controlling authority that conversion under Louisiana law requires a deprivation of possession," they do not cite a single Louisiana Supreme Court case that states as such. D.I. 146 at 10.[5] Instead, Lancium relies on a single decision in *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 2019-0731, 2019 WL 2865359 (La. App. 1 Cir. 7/2/19). In addition to recycling *CamSoft* arguments Judge Burke properly rejected in his Report and Recommendation, Lancium raises new *CamSoft* arguments for the first time in its Objections, e.g. that denial of writ of an appeal of the *CamSoft* ruling somehow elevates *CamSoft* above its status as a single, distinguishable, non-controlling decision. Those new arguments are not only procedurally improper, they are equally unpersuasive.

*CamSoft* is not controlling because (1) its primary holding is contradicted by Louisiana law stating that electronic documents may be converted, something not even Lancium disputes; (2) the statement that Lancium relies upon is dicta, which is not binding on any Louisiana court; and (3) even if it were not dicta, a single decision like *CamSoft* is not binding in Louisiana, which follows the doctrine of *jurisprudence constante*, requiring that binding authority results only from a series of cases, all in accord. A single decision like *CamSoft* is not enough.

Here, there is a series of Louisiana cases, all in accord, that hold that interference with ownership constitutes conversion, and plaintiff's retention of a copy of the stolen electronic documents does not vitiate that cause of action.

First, *Camsoft* stands alone as a flawed decision. Over and over, the Louisiana Supreme

---

[5] "To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court." *Pure Air Daigle LLC*, 2017 WL 4021047, at *2. And, "[a]s the Louisiana Supreme Court stated, 'the unlawful interference with the ownership or possession of a movable ... is frequently termed an action for 'conversion' in Louisiana.'" *Id.* (quoting *Dual Drilling Co.*, 721 So. 2d at 857).

Court has held that electronic documents form the basis of a conversion claim. *South Central Bell Telephone Co. v. Barthelemy,* 643 So. 2d 1240, 1246 (La. 1994) (recognizing that conversion protects digital or electronic property); *see also First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2016 WL 5869787, at *5 (E.D. La. Oct. 7, 2016) (rejecting argument that digital information stored on the cloud is not subject to conversion under Louisiana law) (citing *South Central*); *State v. Williamson*, 81 So. 3d 156 (La. App. 5th Cir. 2011) (holding that electronically stored AutoCAD files are protected by Louisiana conversion law). Lancium concedes this undisputable point. D.I. 133 ("Defendants do not assert that electronic files can never be the subject of a conversion claim"). *CamSoft*, however, contradicts both Lancium and the Louisiana Supreme Court on this point.

Despite consistent Louisiana Supreme Court law, *CamSoft* "decline[d] to extend the tort of conversion to immovable, intangible information [in electronic form]." *CamSoft*, 2019 WL 2865359 at *3. *CamSoft*, therefore, "declined to extend" the law that the Louisiana Supreme Court, in *South Central Bell*, had already extended nearly thirty years ago. Perhaps unsurprisingly, this is not *CamSoft*'s only contradiction of established Louisiana law.[6]

Second, after its contradictory holding, *CamSoft* went on to state in dicta that there could be no conversion because the plaintiff offered no evidence that it was deprived of its confidential business information. *CamSoft*, 2019 WL 2865359 at *3. Lancium extrapolates from this that the existence of copies of stolen electronic documents vitiates a conversion claim. Louisiana courts

---

[6] Despite its short tenure, *CamSoft* has already drawn attention and been criticized for its misapplication of Louisiana law. *See, e.g.*, Andrew Crayden, "A Modern-Day Gold-Rush: Applying Property Principles to Data Using Mineral Rights Concepts and the Rule of Capture," 81 La. L. Rev. 949, 982 (2021) (noting that the "First Circuit's categorization of the [converted] information was in error" and "*South Central Bell Telephone* and not *Camsoft* should govern a consideration of data as property and supports data's characterization as such")

"are, of course, not bound by dicta." *Lewis v. New York Fire & Marine Underwriters, Inc.*, 233 So. 2d 743, 745 (La. Ct. App. 1970).

Third, even if this *CamSoft* statement was not dicta, "a single decision is not binding on [Louisiana] courts." *Bergeron v. Richardson*, 320 So. 3d 1109, 1115 (La. 2021) (internal citations omitted). Rather, binding Louisiana law requires *jurisprudence constante*, i.e. multiple "homogenous rulings having the same reasoning." *Id*. Here, "Louisiana jurisprudence is clear that conversion is. . .'the unlawful interference with the ownership or possession of a movable.'" *Pure Air Daigle, LLC*, 2017 WL 4021047, at \*2 (quoting *Dual Drilling*, 721 So. 2d at 857). And plaintiff's retention of a copy of stolen electronic documents does not vitiate a claim for conversion of those electronic documents because the theft is an act "inconsistent with the owner's rights." *Dileo v. Horn*, 189 So. 3d 1189, 1198 (La. Ct. App. 2016); see also *Mabile*, No. CV 11-1783, 2016 WL 5231839, at \*23 ("emailed digital copy of the [AutoCAD] drawing," later used without authorization, supports conversion claim); *Total Safety, U.S., Inc. v. Code Red Safety & Rental, LLC*, CIVIL ACTION NO. 19-12953, 2019 WL 5964971, at \*1, \*4-5 (E.D. La. Nov. 13, 2019) ("cop[ying] and download[ing], without authorization, digital files" constitutes conversion claim); *Bureau Veritas*, 2021 WL 2142466, at \*13 (stolen copies of electronic "customer lists, financial information, and Outlook files" are properly the subject of a Louisiana conversion claim).

## IV.    CONCLUSION

For the reasons stated above, this Court should adopt Magistrate Judge Burke's Report and Recommendation in its entirety ("R&R") (D.I. 143) and overrule Lancium's Objections (D.I. 146).

11

ASHBY & GEDDES

/s/ Andrew C. Mayo

_____
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated:  June 23, 2022