IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-534-MN-CJB |
| | ) | |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. | ) ) ) | REDACTED VERSION |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline, Jr. respectfully submit the following Supplemental Statement of Undisputed Material Facts in support of their Motion for Summary Judgment Regarding Damages and Motion to Exclude Opinions of David Duski.

I.  **PLAINTIFFS' DAMAGES CLAIMS**

24. Plaintiffs' damages expert, David Duski, opines in his April 5, 2022 opening report that Defendants' unjust enrichment, including as a remedy for Plaintiffs' trade secret misappropriation and conversion claims, totals $███████. *See* Ex. 24 at 25.[1]

25. The only damages calculations provided in Mr. Duski's April 5, 2022 opening report are for Defendants' alleged unjust enrichment. *See* Ex. 24 at 25.

26. David Duski's opinions regarding Defendants' alleged unjust enrichment remain unchanged in his May 27, 2022 supplemental report. *See* Ex. 25 at 16.

27. Mr. Duski's May 27, 2022 supplemental report opines that Plaintiffs' damages for conversion, measured as the value of the allegedly converted property at the time of conversion range, from ██████████████████████. *See* Ex. 25 at 16.

28. Mr. Duski's calculation of damages measured as the value of the allegedly converted property at the time of conversion is offered as an alternative unjust enrichment as a measure of damages for Plaintiffs' conversion claim. *See* Ex. 25 at 16.

29. To calculate the value of the allegedly converted property at the time of conversion, Mr. Duski relied on a discounted cash flow model prepared by █████████████████ ██████████ that was commissioned by Lancium and which purports to provide an ████████ ████████████████████████████████████████████████████████████████████████ ████████████████" In particular, Mr. Duski relies on the discounted cash flow analysis regarding "████████████████" services and discounts those cash flows back to the alleged dates of conversion. *See* Ex. 25 at 9, 13, 15.

---

[1] All references to "Ex. __" are to the exhibits attached to the Declaration of Adam M. Kaufmann submitted herewith.

| | |
|---|---|
| Dated: July 8, 2022<br>**Redacted Version filed on July 15, 2022** | BARNES & THORNBURG LLP<br><br>*/s/ Chad S.C. Stover*<br>Chad S.C. Stover (No. 4919)<br>222 Delaware Avenue, Suite 1200<br>Wilmington, Delaware 19801-1050<br>Telephone: (302) 300-3474<br>E-mail: chad.stover@btlaw.com<br><br>Mark C. Nelson (admitted *pro hac vice*)<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX 75201<br>Tel: (214) 258-4140<br>E-mail: mark.nelson@btlaw.com<br><br>Adam M. Kaufmann (admitted *pro hac vice*)<br>Darrick Hooker (admitted *pro hac vice*)<br>Dana Amato Sarros (admitted *pro hac vice*)<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel: (312) 214-8319<br>Email: adam.kaufmann@btlaw.com<br>Email: darrick.hooker@btlaw.com<br>Email: dana.sarros@btlaw.com<br><br>*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.* |