# EXHIBIT 24
# Redacted in its Entirety

# EXHIBIT 25
# Redacted in its Entirety

# EXHIBIT 26

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 21-534-MN-CJB ) |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANTS' INTERROGATORY NOS. 22, 24 AND 25**

Pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiffs Bearbox LLC and Austin Storms (collectively, "Plaintiffs") hereby submits its supplemental Responses and Objections to Interrogatory Nos. 22, 24 and 25 from Defendants, as follows:

PRELIMINARY STATEMENT

Plaintiffs' answers to Defendants' Interrogatories are made to the best of Plaintiffs' present knowledge, information and belief. Plaintiffs expressly reserve its right to supplement and amend these answers, in accordance with applicable rules, to incorporate further information and documents and to offer such further information and documents at any trial or hearing in this case.

Plaintiffs make the objections and answers set forth below without waiving: (1) the right to object to the use of any answer, document or thing for any purpose in this action or any other actions on grounds of privilege, relevancy, materiality, or any other appropriate basis; (2) the right to object to any other discovery request involving or relating to the subject matter of the responses herein and any documents or things produced by Plaintiffs; (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time; and (4) the right

**INTERROGATORY NO. 22:**

For each cause of action alleged in the Amended Complaint (D.I. 19), describe Your damages contention(s) with particularity, and identify all documents on which You intend to rely in support of Your damages contention(s).

**ANSWER:**

In addition to their General Objections, Plaintiffs object to Interrogatory No. 22 as overbroad and unduly burdensome at least because it purports to require Plaintiffs to state all of their damages contentions in detail and with particularity. BearBox also objects to this interrogatory to the extent that it prematurely seeks information relating to the opinions of testifying experts or subject to expert discovery in advance of any deadline set by the Court for expert reports. Plaintiffs object to Interrogatory No. 22 to the extent it seeks information that is protected by the attorney-client privilege or the work-product doctrine, including any information subject to the common-interest doctrine. Plaintiffs object to Interrogatory No. 22 to the extent it seeks information that is not in the Plaintiffs' possession, custody, or control.

Subject to the foregoing objections, Plaintiffs respond as follows:

Plaintiffs incorporate by reference all of their allegations and contentions set forth in all other discovery responses and filings in this case including the Plaintiffs' Amended Complaint (D.I. 19) and the Plaintiffs' Brief in Opposition to Defendants' Motion for Judgment on the Pleadings (D.I. 42).

BearBox seeks damages or other forms of monetary relief for Defendants' theft of BearBox's system (as embodied in documents and schematics provided to Defendants) and the subsequent use of that stolen system and information for profit, both by modifying and/or using Defendants' Smart Response software to operate as BearBox's system does and, in addition, use of that stolen property to obtain a patent for which Austin Storms is rightfully either the sole

inventor or at least a co-inventor and therefore the rightful owner or a rightful co-owner of the patent.

Plaintiffs are entitled to numerous forms of damages or other monetary relief based on Defendants' wrongful conduct. Plaintiffs have been damaged as a result of losing valuable intellectual property from which Plaintiffs could have derived substantial revenue via licensing and/or selling goods or services in connection with the patented technology.

Plaintiffs are entitled to disgorgement of Defendants' unjust enrichment resulting from any sales or licenses that Defendants have made related to the '433 patent including any agreements that expressly license the '433 patent as well as any business relationships (including sales of goods or services) that have resulted in whole or in part from the Defendants' ownership of the '433 patent. This unjust enrichment includes at least: (a) profits derived from the "essential function" of Lancium's Smart Response software that Lancium contends practices the invention(s) claimed or described in the '433 patent and/or related patents; (b) profits derived from Lancium's status as a CLR, in conjunction with MP2, based on functions of Smart Response software, including functions claimed or described in the '433 patent and/or related patents; (c) profits derived from Lancium's partnerships born out of, or that rely on, functions of Smart Response software, including functions covered by the invention(s) claimed or described in the '433 patent and/or related patents; (d) the value of Lancium's settlement, and subsequent relationship, with Layer1, based upon its improper assertion of the '433 patent and/or related patents; (e) the value of Lancium's perceived and actual market power, *e.g.*, ability to exclude others, due to the improper inventorship and ownership of the inventions claimed or described in the '433 patent and/or related patents; (f) the value of any investments, or funds raised, due to Lancium's perceived ownership, promotion, and/or reliance on the inventions claimed or

described in the '433 patent and/or related patents, or on the functions of the Smart Response software, including functions that practice the inventions claimed or described in the '433 patent and/or related patents.

Plaintiffs may also be entitled to recover lost profits or reasonable royalty damages as a result of Defendants' use of the inventions claimed in the '433 patent because Austin Storms should be listed as the sole inventor (and therefore sole owner) of the patent.

Moreover, even if Mr. Storms is only properly listed as a co-inventor of the '433 patent, and therefore a co-owner of the patent, Plaintiffs are entitled to recover disgorgement of unjust enrichment and damages for lost profits related to Defendants sales of goods and services related to the '433 patent and licensing of the '433 patent. If Mr. Storms had been properly listed as an inventor of the patent (and therefore a co-owner of the patent), Mr. Storms would have had the ability to license the patent or sell goods and services related to the inventions claimed in the patent and either would have made those sales or licenses rather than Defendants or would have been entitled to at least a share of any profits collected by Defendants related to their sales of good or services or licensing of the patent.

Discovery is ongoing, and BearBox may supplement or amend its interrogatory responses and/or rely on additional contentions in this litigation that it discloses in expert reports or in response to any other discovery requests or in any other pretrial disclosures. BearBox will fully disclose any opinions of testifying experts that it intends to rely on in this case when appropriate under the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Scheduling Order.

**SUPLLEMENTAL RESPONSE:**

  Plaintiffs are entitled to numerous forms of damages or other monetary relief based on Defendants' wrongful conduct. BearBox seeks damages or other forms of monetary relief for Defendants' theft of BearBox's documents, schematics, and other materials provided to Defendants as set forth in the Second Amended Complaint and the subsequent use of those materials for financial gain, both by modifying and/or using Defendants' Smart Response software, and including any use of those documents, schematics, and materials to conduct transactions prior to, or in addition to, the modification and/or use of Defendants' Smart Response software. Defendants further owe damages to Plaintiffs for Defendants' misappropriation of Plaintiffs' trade secrets. Defendants owe damages to Plaintiffs at least in the form of unjust enrichment based on Louisiana's unjust enrichment law, the tort of conversion, and trade secret misappropriation under both Louisiana and federal law. This unjust enrichment may include any compensation or revenue Defendants have received for the use of their Smart Response software to enable Lancium or any of its customers to operate as a controllable load resource (CLR) or to enable Lancium or any of its customers to engage in methods of selling back of electricity that had been purchased at a fixed price, including those sellback methods as used prior to or in addition to Lancium's use of those methods as part of its Smart Response software. Damages may also be warranted based on Lancium's future activities that benefit from operating (or assisting customers in operating) as a controllable load resource or engaging in (or assisting customers in engaging in) sell back of electricity.

  BearBox will disclose any opinions of testifying experts that it intends to rely on in this case when appropriate under the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Scheduling Order.

<div style="display: flex;">
<div>

*Of Counsel:*
Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated:  April 1, 2022

</div>
<div>

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

</div>
</div>

# EXHIBIT 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 21-534-MN ) |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiffs Bearbox LLC and Austin Storms ("Plaintiffs") provide the following initial disclosures based upon the information reasonably available to Plaintiffs at this time. Plaintiffs' investigation is ongoing, and they reserve the right to supplement and amend these disclosures to include additional information acquired during the course of this litigation pursuant to Fed. R. Civ. P. 26(e).

 **A.** **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following individuals may have discoverable information that Plaintiffs may use to support its claims or defenses in this action. Plaintiffs provide this identification without any concession, agreement, admission or waiver relating to the relevance or admissibility, for any purpose, of any particular information, evidence or testimony, and without waiver of any privilege or immunity. Moreover, Defendants have yet to provide their contentions concerning claim construction and infringement or an articulation of its theories of damages and, therefore, Plaintiffs reserve the right to amend the following list to identify different and/or additional individuals as Plaintiffs' allegations are clarified.

{01704037;v1 }

| Name | Contact Information | Subjects |
| --- | --- | --- |
| Austin Storms | Mr. Storms may be contacted via counsel at Marshall, Gerstein & Borun LLP. | Mr. Storms, who should have been named an inventor for U.S. Patent No. 10,608,433 (the "'433 Patent" or "patent-in-suit") may have information regarding the conception and reduction to practice of the purported invention; and the misappropriation thereof by Defendants. |
| Lancium, LLC | Houston, Texas | Lancium may have information regarding the misappropriation of the subject matter claimed in the patent-in-suit; the patent-in-suit; prosecution of the patent-in-suit and related patent applications; and licensing thereof. |
| Prosecuting patent attorneys, patent agents, and declarants who were involved in or signed documents associated with the prosecution of the patent-in-suit, and related patents, including but not limited to Alexander Georges and attorneys and agents at McDonnell Boehnen Hulbert & Berghoff LLP | Chicago, IL and other locations of McDonnell Boehnen Hulbert & Berghoff LLP | Patent-in-suit; prosecution of the patent-in-suit and related patent applications. |
| Layer1 Technologies, Inc. | San Francisco, CA | Licensing of the patent-in-suit; state-of-the-art and prior art. |
| Riot Blockchain, Inc. | Castle Rock, CO | Licensing of the patent-in-suit; state-of-the-art and prior art. |

Discovery and Plaintiffs' investigation of this matter are ongoing. Accordingly, Plaintiffs reserve the right to supplement these disclosures in accordance with the Federal Rules of Civil

{01704037;v1 }                                              2

Procedure and the Local Court Rules. Plaintiffs further identify, and incorporates by reference, all persons identified in the documents and things that have and will be produced in this lawsuit, all persons identified in discovery responses, all persons identified in connection with any prior art, and all persons identified in depositions or in briefs or any supporting documents in this action. Plaintiffs further identify, and reserves the right to call, all individuals disclosed by any other party in its disclosures in this action, or any other action involving the asserted patent or patents related thereto.

> **B.  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs may rely on documents, electronically stored information, or tangible things in its possession, custody, or control in its offices in: Mandeville, LA; or other locations, or in the offices of its outside consultants, counsel, or other professionals over which Plaintiffs has control. Plaintiffs provides the following identification without any concession, agreement, admission, or waiver relating to the relevance or admissibility, for any purpose, of particular information, evidence or testimony, and without waiver of any privilege or immunity.

| Category | Location |
| --- | --- |
| Documents relating to the conception and reduction to practice of the inventions claimed in the '433 Patent | Marshall Gerstein & Borun LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago IL 60606-6357 |
| Documents and things relating to Plaintiffs' products embodying inventions claimed in the '433 Patent | Marshall Gerstein & Borun LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago IL 60606-6357 |
| Documents relating to Defendants' theft of Plaintiffs' technology/intellectual property | Marshall Gerstein & Borun LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago IL 60606-6357 |

    **C.**    **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs are seeking all available monetary relief (including damages, equitable relief, attorneys' fees, expenses, and costs incurred in this matter) as set forth in Plaintiffs' Complaint. Plaintiffs have been injured by Defendants' theft of its technology and documents and communications describing that technology, use of those documents and communications and technology, and claiming that technology as their own in the '433 patent. The harm suffered by Plaintiffs as a result of this wrongful conduct is irreparable and no precise computation of damages would be sufficient to completely account for all damage suffered by Plaintiff. However, at a minimum, Plaintiff intends to seek to recover the full extent of its damages to which it is entitled, including but not limited to: (1) damages based on a calculation of the fair market value of the '433 Patent and/or compensatory damages, (2) special damages and/or punitive damages as a result of Defendants' wrongful conduct, (3) damages based on Defendants' unjust enrichment attributable to its wrongful conduct,; and (4) all interest, costs, and attorneys' fees.

To the extent that some portion of the harm suffered by Plaintiff may be quantified in monetary damages, much of the information required to develop such a quantified assessment of damages is in the possession of Defendants. Because, as of this date, Defendants have not provided any factual discovery, Plaintiff cannot compute its damages with certainty at this time.

In addition, the calculation of damages may require consultation with financial experts and expert opinion. To the extent that the calculation of damages does require expert opinion, information will be subsequently provided in accordance with the Federal Rules of Civil

{01704037;v1 }        4

Procedure and the Scheduling Order entered in this case. At the time of this disclosure, no expert discovery has been taken. A computation of damages will be made by a qualified expert and disclosed when available under Rule 26(a)(2) in accordance with the Scheduling Order, together with the appropriate documents that are relied upon by the expert to support the damages computation.

Plaintiff will also seek a permanent injunction against future sales by Defendants, and Plaintiff seeks any other relief available under applicable law.

> **D.** **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs are currently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

*Of Counsel:*
Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated:  July 12, 2021

{01704037;v1 }                                                                5

# EXHIBIT 28
# Redacted in its Entirety

# EXHIBIT 29
# Redacted in its Entirety