IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, <br><br> Plaintiffs, <br><br> v. <br><br> LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. <br><br> Defendants. | ) <br> ) **REDACTED PUBLIC VERSION** <br> ) <br> ) <br> ) C.A. No. 21-534-MN-CJB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' CONCISE STATEMENT OF FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated: July 19, 2022

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs
BearBox LLC and Austin Storms*

{01821791;v1 }

Pursuant to the Court's Scheduling Order (D.I. 35), Plaintiffs BearBox LLC ("BearBox") and Austin Storms ("Storms") (collectively, "Plaintiffs") submit the following response to the Defendants' Concise Statement of Undisputed Materials Facts (D.I. 150).

1. **Disputed as incomplete.** Although the listed application may "identify" McNamara and Cline as "inventors," there are genuine issues of material fact about whether they are, in fact, inventors of any inventions claimed in U.S. Patent No. 10,608,433 (the "'433 patent"). Evidence to support this issue for trial is identified in response to paragraph 3.

2. **Disputed as incomplete.** Although the listed application may "identify" McNamara and Cline as "inventors," there are genuine issues of material fact about whether they are, in fact, inventors of any inventions claimed in the '433 patent. Evidence to support this issue for trial is identified in response to paragraph 3.

3. **Disputed as incomplete.** Although McNamara and Cline may be "named" as inventors on the face of the '433 patent, there are genuine issues of material fact about whether they are, in fact, the inventors of any inventions claimed in the '433 patent. Storms is either the sole inventor, or a joint inventor with McNamara and/or Cline. The following evidence supports Storms' claim of inventorship: D.I. 151, Ex. 3 (McClellan Opening Report) at ¶¶ 54-169, 170-294; Ex. B[1] (BB00000090-97); Ex. E (Storms Tr.) at 105-106:5-11, 306-307:20-14; Ex. H (Cline Tr.) at 138-150:15-20; Ex. L (LANCIUM00014645-52); Ex. K (Ehsani Tr.) at 125-126:8-17, 131-132:7-18, 133-141:4-8, 140-141:17-6; D.I. 151, Ex. 4 (McClellan Reply Report) at ¶¶ 18-69, 146-214; D.I. 151, Ex. 20 (Plaintiffs' Second Supplemental Responses to Interrogatories 2-3); Ex. A, BB00000001-89; Ex. BB (BB_SC00000001-12, 15-22, 25-26, 39, 47, 45-49, 52-23 and 55-67).

---

[1] All references to "Ex. __" are to the Exhibits to the Declaration of Chelsea M. Murray submitted herewith.

{01821791;v1 } 1

4.     **Disputed.** Although McNamara and Cline may have purportedly assigned their interests in the '433 patent to Lancium LLC, because neither McNamara nor Cline ever had any interest in the '433 patent (because neither of them are actually inventors of any of the inventions claimed in the patent), those assignments did not serve to assign any rights whatsoever to Lancium. As noted in response to paragraph 3, there are genuine issues of material fact for trial about whether Storms is the inventor of the inventions claimed in the '433 patent, and if he is, Storms will be the sole owner of the '433 patent and no rights will have ever been assigned to Lancium.

5.     Admitted for purposes of this motion.

6.     Admitted for purposes of this motion.

7.     Admitted for purposes of this motion.

8.     Admitted for purposes of this motion.

9.     Admitted for purposes of this motion.

10.    Admitted for purposes of this motion.

11.    **Disputed**. Defendants state as an undisputed fact that "the conversations between Storms and McNamara at this dinner occurred in front of the other [approximately eight] attendees." While it is undisputed that there were other attendees at the May 3, 2019 dinner, Storms and McNamara's conversions did not occur "in front of" those attendees. Storms testified that he and Mr. McNamara were "huddled up at the end of the table." Ex. E (Storms Tr). at 106:8-11. Storms further testified that no other attendees heard the conversations. *Id*. at 106:12-13 ("Q. Did anyone else hear these conversations? A. Not to my knowledge, no."). Mr. McNamara does not remember where the dinner took place, the seating arrangement, or how he came to be sitting with Mr. Storms, and only "vaguely" recalls talking to Mr. Storms at all.  Ex. F (McNamara Tr.) at 133-135.

12.    Admitted for purposes of this motion.

13.    Admitted for purposes of this motion.

14. Admitted for purposes of this motion.

15. Admitted for purposes of this motion.

16. **Disputed**. Defendants state as an undisputed fact that "none of the attachments to [Storms' May 9, 2019 email] include any confidentiality marking or designation." The "CONFIDENTIALITY NOTICE" at the bottom of that email, however, states that the email may contain "private, confidential, or legally privileged information," which necessarily includes attachments contained in the email. The "CONFIDENTIALITY NOTICE" also directs any unintended recipients of the email to "permanently delete all copies of this email including all attachments," further evidencing the understanding that the CONFIDENTIALITY NOTICE applies not only to the email, but to attachments in the email. Ex. L (LANCIUM00014645).

17. Admitted for purposes of this motion.

18. **Disputed**. While Plaintiffs do not assert that certain attachments to the May 9, 2019 email, alone, are confidential, the May 9, 2019 email (BB00000090) in its entirety, and by virtue of its attachment (BB00000097), is confidential. Storms Tr. at 217:20-23 ("Q: So what, if anything, in this e-mail then do you consider confidential. A: The confidential information in this email would be the attached Excel spreadsheet."). Ex. B.

19. Admitted for purposes of this motion.

20. Admitted for purposes of this motion.

21. **Disputed as incomplete**. Although BearBox built and sold one container to Great American Mining, that container did not include the systems and methods at issue in this case. Storms Tr. 46:2-9. In addition to Mr. Storms' testimony, the nature of the BearBox container sold to Great American Mining was explained to Defendants in written discovery responses at least as early as November 22, 2021:

> [N]one of Plaintiffs' technology at issue in this litigation was sold or otherwise transferred to any other person or entity. The mining container and exhaust fans used by Plaintiffs to conceive of and develop the technology at issue in this litigation were sold to Great American Mining in late 2020. Great American Mining completely overhauled the electrical distribution system of the mining container to accommodate a new generation of miners. None of the source code, or other aspects of Plaintiffs' technology at issue in this litigation was ever sold or transferred to Great American Mining.

Ex. DD, BearBox Response to Interrogatory No. 17.

22. Admitted for purposes of this motion.

23. Admitted for purposes of this motion.

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated: July 19, 2022

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2022, the attached **PLAINTIFFS' RESPONSE TO DEFENDANTS' CONCISE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Chad S.C. Stover, Esquire<br>Barnes & Thornburg LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801 | VIA ELECTRONIC MAIL |
| Mark C. Nelson, Esquire<br>Barnes & Thornburg LLP<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX 75201 | VIA ELECTRONIC MAIL |
| Adam M. Kaufmann, Esquire<br>Barnes & Thornburg LLP<br>One N. Wacker Drive, Suite 4400<br>Chicago, IL 60606-2833 | VIA ELECTRONIC MAIL |

*/s/ Andrew C. Mayo*

Andrew C. Mayo

{01821791;v1 }