IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BEARBOX LLC and AUSTIN STORMS,          )
                                        )
                Plaintiffs,             )       **REDACTED PUBLIC VERSION**
                                        )
        v.                              )       C.A. No. 21-534-MN-CJB
                                        )
LANCIUM LLC, MICHAEL T. MCNAMARA,       )
and RAYMOND E. CLINE, JR.               )
                                        )
                Defendants.             )

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT
(REGARDING DAMAGES) AND MOTION TO EXCLUDE OPINIONS OF DAVID DUSKI**

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

Dated:  July 22, 2022

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND .................................................................................1

        A.      Plaintiffs seek damages for conversion based on the value of the converted
                property, and alternatively based on unjust enrichment ...........................1

III.    ARGUMENT ..........................................................................................................3

        A.      Plaintiffs are entitled to damages based on the value of the converted
                property ......................................................................................................3

                1.      Return of the converted documents in this case is not an adequate
                        remedy, and under Louisiana law, damages may be awarded for
                        conversion where the plaintiff is damaged by loss of control over
                        the converted property .....................................................................3

                2.      Louisiana law recognizes that converted property can include
                        electronic files even where the Plaintiff keeps a copy, which means
                        that liability (and damages) can be found in this case ....................4

        B.      Unjust enrichment is an alternative remedy for conversion .....................5

        C.      Assuming liability for purposes of a damages analysis, Mr. Duski's
                opinions will be helpful to the jury in assessing the value of the converted
                property ......................................................................................................6

                1.      Mr. Duski's opinions are based on the value of the converted
                        property at the time of conversion, although Louisiana law
                        recognizes that a plaintiff may recover any appreciation in value,
                        as well ..............................................................................................7

                2.      Whether the Defendants' conversion of Plaintiffs' property
                        enabled the Defendants' to engage in all of their ███████
                        ██████ services is an issue of fact for the jury to decide ..........8

IV.     CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Alert Ctr., Inc. v. Alarm Prot. Servs., Inc.*,
967 F.2d 161 (5th Cir. 1992) ........................................................................... 4

*Breidor v. Sears, Roebuck & Co.*,
722 F.2d 1134 (3d Cir. 1983) .......................................................................... 6

*Clements v. Bank*,
No. 6:20-CV-00821, 2021 WL 4483829 (W.D. La. Sept. 29, 2021) ................................ 4

*Dileo v. Horn*,
189 So. 3d 1189 (La. Ct. App. 2016) ................................................................. 4

*Dual Drilling Co. v. Mills Equip. Investments, Inc.*,
721 So. 2d 853 (La. 1998) .......................................................................... 3, 5

*Holbrook v. Lykes Bros. S.S. Co.*,
80 F.3d 777 (3d Cir. 1996) ........................................................................... 6

*Importsales, Inc. v. Lindeman*,
92 So.2d 574 (La.1957) ............................................................................... 5

*Jackson v. Brumfield*,
442 So. 2d 518 (La. Ct. App. 1983) ................................................................. 8

*Leonard v. Stemtech International, Inc.*,
834 F.3d 376 (3d Cir. 2016) ......................................................................... 6

*Shire Viropharma Inc. v. CSL Behring LLC*,
2021 WL 1227097 (D. Del. Mar. 31, 2021) ........................................................ 6

*Summit 6, LLC v. Samsung Electronics Co., Ltd.*,
802 F.3d 1283 (Fed. Cir. 2015) ..................................................................... 6

*Waldorf v. Shuta*,
142 F.3d 601 (3d Cir. 1998) ......................................................................... 6

## I.     INTRODUCTION

The Court should deny Defendants' motion for summary judgment of no damages. Louisiana law provides for numerous remedies for conversion including damages based on both the value of the converted property and unjust enrichment. Under Louisiana Law, damages are available even if the converted property could theoretically be returned. Remedies for conversion may include numerous forms of damages related to the plaintiff's loss of control over the converted property.

The Court should also deny Defendants' motion to exclude the expert opinion testimony of Mr. David Duski. Although Defendants ostensibly seek to exclude Mr. Duski's testimony as unhelpful to the jury, their motion to exclude is essentially another attempt to obtain summary judgment of no liability for conversion. Mr. Duski's opinions are helpful to the jury because he uses Defendants' own financial information about the Defendants' business, including a ████████████████████████████, to assess the value of the converted property. Defendants' contentions that they are not liable for conversion and that Mr. Duski has made incorrect assumptions about the scope of converted property are possible fodder for cross-examination, but they are not reasons to exclude Mr. Duski's testimony.

## II.    FACTUAL BACKGROUND

The facts of this case are set forth in greater detail in Plaintiffs' answering brief in opposition to Defendants first motion for summary judgment. (D.I. 176.) This brief focuses on the facts relevant to the current motion about whether Plaintiffs should be permitted to seek damages at trial as a remedy for conversion.

### A.     Plaintiffs seek damages for conversion based on the value of the converted property, and alternatively based on unjust enrichment

Plaintiffs' damages expert, Mr. Duski, offers opinions about the amount of damages in

this case based on his assessment of the value of the converted property and based on the

Defendants' unjust enrichment. He first submitted an expert report on April 5, 2022 providing an

opinion regarding the Defendants' unjust enrichment. (D.I. 170 Ex. 24.) In assessing unjust

enrichment, Mr. Duski limited his analysis to revenues that Defendants have derived from the

use of the converted property in connection with serving as a controllable load resource ("CLR")

and as part of a stand-alone energy arbitrage method called ██████ (D.I. 170 Ex. 24 at 26-

49.) Accordingly, Mr. Duski has not calculated unjust enrichment based on all sources of

Defendants' revenue, such as the revenue Defendants obtain from bitcoin mining itself, but

rather only those sources that are attributable to the converted property.

On May 27, 2022, Mr. Duski submitted a supplemental expert report offering additional

opinions about the appropriate measure of damages for conversion. This supplemental report

followed the Court's grant of Plaintiffs' motion to compel production of additional financial

documents from Defendants. (April 25, 2022 Minute Entry.) As Mr. Duski explained in his

supplemental report, he was able to offer additional opinions based on Defendants' production of

documents previously not provided including: ████████████████████

███████████████████████████████████████████

██████ (D.I. 170 Ex. 25 at 1-2.)

Equipped with the additional document production from Defendants, Mr. Duski was able

to offer a supplemental damages opinion in which he assessed the value of the converted

property at the time of conversion based on information available in Defendants' internal

documents, ██████████████████████████████████.

(D.I. 170 Ex. 25 at 1-17.) He offered these opinions as an alternative to unjust enrichment.

(D.I. 170 Ex. 25 at 16.)

## III.   ARGUMENT

### A.   Plaintiffs are entitled to damages based on the value of the converted property

#### 1.   Return of the converted documents in this case is not an adequate remedy, and under Louisiana law, damages may be awarded for conversion where the plaintiff is damaged by loss of control over the converted property

Louisiana law recognizes a broad scope of potential damages in conversion cases, and does not limit the remedy for conversion to return of the converted property. Under Louisiana law, the "conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, *in the alternative, the plaintiff may demand compensation*." *Dual Drilling Co. v. Mills Equip. Investments, Inc.*, 721 So. 2d 853, 857 (La. 1998) (emphasis added). The Supreme Court of Louisiana has recognized that "[t]he traditional damages for conversion consist of the return of the property itself, or if the property cannot be returned, the value of the property at the time of the conversion." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 761 (La. 1985). The court has explained, however, that damages for conversion are not so limited. Instead, damages for conversion may be "measured by the loss sustained by the obligee and the profit of which he has been deprived." *Id.* at 762. In *Quealy*, for example, the court recognized that the value of converted stock at the time of conversion was *not* an adequate remedy where the stock was later worth more. *Id.* Further underscoring the fact that the measure of damages in conversion cases is not narrowly limited, the court recognized that an "award of general damages" for conversion is "clearly supported by the jurisprudence." *Id.* at 762. Although Plaintiffs in this case are not seeking "general damages" (such as for pain and suffering), under *Quealy*, remedies for conversion extend beyond return of converted property.

Thus, the general rule of damages in conversion cases is not rigid, as Defendants suggest, and their motion for summary judgment on damages should be denied on this basis alone. Plaintiffs

are entitled to seek damages based on the value of the property converted, including any increase in the value of the property over time due to an increased appreciation of its value. Here, because Defendants have incorporated information from the converted documents into their own systems, the value of the converted property cannot be "returned" except through an award of damages.

> ## 2. Louisiana law recognizes that converted property can include electronic files even where the Plaintiff keeps a copy, which means that liability (and damages) can be found in this case

For purposes of considering Defendants' current motion directed to damages only, the Court should assume that Defendants are liable for conversion. Assuming liability, Plaintiffs are entitled to recover damages for the Defendants' conversion. Defendants' current motion is simply a rehash of their motion to dismiss in which they argued that Plaintiffs may not pursue a claim for conversion because they retained a copy of the converted property. Magistrate Judge Burke already rejected that argument in a Report and Recommendation, and the parties have separately briefed objections. (D.I. 143 (R&R); D.I. 146 (objections); D.I. 158 (response to objections).) Therefore, assuming liability in this case where electronic files were converted, the "return" of the property alone would essentially be no remedy at all where the Defendants have already used the property to their gain and integrated it into their business.

In *Quealy*, the court summarized conversion law as any *derogation*, or impairment, of possessory rights. *See, e.g.*, *Clements v. Bank*, No. 6:20-CV-00821, 2021 WL 4483829, at *3 (W.D. La. Sept. 29, 2021) ("Under Louisiana law, conversion is a delictual tort that is defined as 'an intentional act done in derogation of the plaintiff's possessory rights.'"). Louisiana courts have used other, similarly broad language to summarize conversion, calling it "any act of dominion over the property of another *in denial of or inconsistent with* the owner's rights." *Dileo v. Horn*, 189 So. 3d 1189, 1198 (La. Ct. App. 2016) (emphasis added); *see also Alert Ctr., Inc. v. Alarm Prot. Servs., Inc.*, 967 F.2d 161, 165 (5th Cir. 1992) (quoting *Importsales, Inc. v.*

*Lindeman,* 92 So.2d 574, 576 (La.1957)) ("Under Louisiana law, in order to constitute conversion, 'there must be *either* some repudiation of the owner's right, or some exercise of dominion over it inconsistent with such right, ... *or*, as otherwise expressed, there must be a wrongful taking or a wrongful detention, *or* an illegal user or misuser.'" (emphasis added).)

Accordingly, assuming the Court adopts the Report and Recommendation on Defendants' motion to dismiss Plaintiffs' claim for conversion, Defendants' motion for summary judgment of no damages should also be denied.

### B.    Unjust enrichment is an alternative remedy for conversion

Mr. Duski measures the ill-gotten gains (*i.e.*, unjust enrichment) that Defendants have realized as a result of their acts of conversion. Although Judge Burke recommended that Plaintiffs' stand-alone claim for unjust enrichment be dismissed (D.I. 143), Mr. Duski may still offer opinion testimony regarding the Defendants' unjust enrichment as an alternative remedy for conversion. As explained above, Louisiana courts do not narrowly restrict the types of damages that a plaintiff may recover for conversion. *Quealy*, 475 So. 2d at 762.

The tort of conversion under Louisiana law is rooted in the Louisiana Civil Code, not the common law, as in other states. *Dual Drilling*, 721 So. 2d at 856. Under the Civil Code, Louisiana courts have inferred causes of action for conversion based on provisions "providing that the right of ownership, possession, and enjoyment of movables are protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages." *Id.* Accordingly, "unjust enrichment" is one of the remedies available for conversion under Louisiana law. *Id.*

For these reasons, the Court should deny summary judgment as to unjust enrichment. At trial, Mr. Duski should be allowed to offer testimony regarding the value of the converted

property at the time of conversion, and alternatively, the amount of the Defendants' unjust enrichment.[1]

### C.   Assuming liability for purposes of a damages analysis, Mr. Duski's opinions will be helpful to the jury in assessing the value of the converted property

Challenges to an expert's assumptions in making valuations to calculate damages go to the weight of the testimony, not its admissibility. *Leonard v. Stemtech International, Inc.*, 834 F.3d 376, 391 (3d Cir. 2016) (affirming district court's denial of *Daubert* motion challenging expert's assumptions); *see also Summit 6, LLC v. Samsung Electronics Co., Ltd.*, 802 F.3d 1283, 1299 (Fed. Cir. 2015) (stating that flaws relating to credibility, data, or factual assumptions go to the weight of the evidence, not its admissibility). The Federal Rules of Evidence embody a "strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 780 (3d Cir. 1996).

While a witness must possess "'specialized knowledge' regarding the area of testimony," the Third Circuit has a "policy of liberal admissibility of expert testimony" and accordingly has "interpreted the specialized knowledge requirement liberally." *Shire Viropharma Inc. v. CSL Behring LLC*, 2021 WL 1227097, at *3 (D. Del. Mar. 31, 2021) (quoting *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998)). "Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge." *Leonard*, 834 F.3d at 391 (affirming denial of *Daubert* motion, noting "the jury was properly permitted to consider [expert] testimony about damages"); *Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138-39 (3d Cir. 1983).

---

[1] The Plaintiffs do not intend to seek a double recovery by asking the jury to award *both* unjust enrichment damages and damages based on the value of the converted property. The only issue before the Court on the present Motion, however, is whether summary judgment should be granted on the remedy of unjust enrichment. The form of the jury instructions and verdict form are issues the parties will address in later pretrial submissions.

Defendants do not contend that Mr. Duski is unqualified as an expert to offer opinions about valuations related to the converted property in this case. They argue only that his opinions should be excluded because they do not fit the facts of this case. Assuming liability, however, as Mr. Duski must do in offering a damages analysis, his opinions fit the facts of this case where Defendants have put (and will put) the converted property to extensive use as part of their business.

### 1. Mr. Duski's opinions are based on the value of the converted property at the time of conversion, although Louisiana law recognizes that a plaintiff may recover any appreciation in value, as well

Mr. Duski repeatedly explains in his expert reports that he values the converted property at the time of conversion. (D.I. 170 Ex. 25 at 8-9; Ex. EE (Reply Report) at 7, 11, 15.)[2] He necessarily relies on Lancium's documents that are dated after the time of conversion because those are the only financial documents and projections that Lancium produced, although there are apparently earlier versions of some of those documents, which Lancium did not produce. (Ex. EE at 6.) The fact that Mr. Duski relies on ██████████████████████████ ███████, which █████████████████████████████████████████ ████████████████████████████████████ does not mean that Mr. Duski is improperly assessing the value of the converted property. Instead, he ████████████ ████████████████████████████████████████████████████ ███████████████████████████████ (D.I. 170 Ex. 25 at 8-16.)

Mr. Duski also corroborates this analysis, in part through review of Lancium's financial estimates from 2019 to determine that Lancium's financial projections, if prepared (or actually existed) in August 2019 or June 2020, would likely have reflected the same economic optimism

---

[2] Exhibits are attached to the Supplemental Declaration of Chelsea Murray in Opposition to Motion for Summary Judgment and to Exclude Opinions of David Duski, filed herewith, unless otherwise noted.

regarding the value of the Converted Property as it believed in late 2021. (D.I. 170 Ex. 25 at 14

(citing LANCIUM00030779-LANCIUM00030781) (October 2019).) Mr. Duski further

explained during his deposition that he determined that the ███████████████ would

serve as a reliable proxy for the value of the converted property at the date of conversion.

(Ex. OO at 118:16-19:13; *see also* Ex. EE at 5-11 (Reply Expert Report).)

Although Mr. Duski focuses his analysis on the value of the converted property at the

time of conversion, Louisiana law recognizes that a plaintiff may also recover as damages the

appreciated value of converted property. For example, in *Quealy*, the Supreme Court of

Louisiana recognized that conversion damages should compensate the plaintiff for losses

sustained, which may include appreciation in the value of the converted property after

conversion. *Quealy*, 475 So. 2d at 761-62. Therefore, even if Mr. Duski's opinions contemplated

an increase in the value of the converted property, they would still be helpful to the jury under

Louisiana law.

The one case Defendants cite about depreciation of converted property is not relevant

here because depreciation is not an issue in this case. In *Jackson v. Brumfield*, the court found

that damages for the conversion of a car was limited to the value of the car at the time of

conversion, and at that time, it had previously been damaged in an accident, thereby reducing its

value. *Jackson v. Brumfield*, 442 So. 2d 518, 521 (La. Ct. App. 1983). Therefore, *Jackson* does

not address the possibility that converted property may increase in value following conversion.

**2.    Whether the Defendants' conversion of Plaintiffs' property enabled the Defendants' to engage in all of their ███████████ services is an issue of fact for the jury to decide**

The jury should decide the scope of Defendants' conversion, and the jury should consider

evidence about how the Defendants have used (or will use) the converted property. Plaintiffs

contend that the converted property has enabled (and will enable) the Defendants to engage in

ancillary services in connection with their ███████████ in highly profitable ways. (D.I. 170 Ex. 25 at 4-7.) Defendants seek to exclude Mr. Duski's testimony entirely because they assert that cash flows and revenues from ███████████ services "are not due entirely, if at all, to use of" the converted property. (D.I. 168 at 12.) But this issue presents a factual issue for trial. Notably, Defendants do not seek summary judgment on this point, having not identified *any* undisputed facts in support of this proposition.

Although Defendants go on to refer to various statements of Plaintiffs' witnesses explaining that a company could engage in certain ancillary services without relying on the converted property, the jury is entitled to consider evidence that Defendants, in fact, *do* and *will* use the converted property as a part of ancillary services, thereby generating significant revenue. And the jury will have substantial evidence to consider. (Separate Concise Statement of Material Facts for Trial Regarding Damages ¶ 1 and cited exhibits.) Moreover, the fact that Defendants in theory *could* have engaged in certain ancillary services without using the converted property does not mean that they have done so or that they will in the future.

The cases that Defendants cite about valuing converted property where only component parts of a product are converted, or about apportionment in intellectual property cases, all address specific facts in other cases. Here, there are disputed facts about whether the converted property enabled the Defendants to generate revenue from ancillary services for its ████ ██████. (*Id.*) That issue should go to trial, and there is no reason to exclude the opinion testimony of Mr. Duski who properly assumes liability for his damages analysis.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny summary judgment and deny Defendants' motion to exclude testimony of David Duski.

ASHBY & GEDDES

/s/ Andrew C. Mayo

_____
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*
*BearBox LLC and Austin Storms*

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated:  July 22, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2022, the attached **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT (REGARDING DAMAGES) AND MOTION TO EXCLUDE OPINIONS OF DAVID DUSKI** was served upon the below-named counsel of record at the address and in the manner indicated:

Chad S.C. Stover, Esquire                          VIA ELECTRONIC MAIL
Barnes & Thornburg LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801

Mark C. Nelson, Esquire                            VIA ELECTRONIC MAIL
Barnes & Thornburg LLP
2121 N. Pearl Street, Suite 700
Dallas, TX 75201

Adam M. Kaufmann, Esquire                          VIA ELECTRONIC MAIL
Barnes & Thornburg LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606-2833

*/s/ Andrew C. Mayo*
_____
Andrew C. Mayo