IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-534-MN-CJB |
| | ) | |
| LANCIUM LLC, MICHAEL T. | ) | |
| MCNAMARA, and RAYMOND E. CLINE, | ) | **REDACTED VERSION** |
| JR. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
### MOTION FOR SUMMARY JUDGMENT REGARDING DAMAGES
### <u>AND MOTION TO EXCLUDE OPINIONS OF DAVID DUSKI</u>

Dated:  July 29, 2022
**Redacted Version filed on August 5, 2022**

BARNES & THORNBURG LLP
Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

Mark C. Nelson (admitted *pro hac vice*)
David Lisch (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
E-mail:  mark.nelson@btlaw.com
                david.lisch@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Darrick Hooker (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  (312) 214-8319
Email: adam.kaufmann@btlaw.com
Email: darrick.hooker@btlaw.com
Email: dana.sarros@btlaw.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

<u>Page</u>

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................... 1

     A.    Plaintiffs Are Not Entitled To Damages On Their Conversion Claim Because
          The Allegedly Converted Property Can Be Returned............................................. 1

     B.    Unjust Enrichment Damages Are Not Available For Conversion.......................... 2

     C.    Mr. Duski's Damages Opinions Should Be Excluded Because They Are Not
          Limited To the Value Of The Allegedly Converted Property And Therefore Do
          Not Fit The Facts Of The Case And Are Unhelpful To The Jury........................... 3

III.    CONCLUSION................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Capers v. NorthPro Properties Mgmt, LLC*,
    53,919 (La. App. 2 Cir. 5/5/21), 321 So. 3d 502, writ denied, 2021-00768 (La.
    10/1/21), 324 So. 3d 1055............................................................................................1, 2

*Dual Drilling Co. v. Mills Equip. Investments, Inc.*,
    721 So.2d 853 (La. 1998) ......................................................................................2

*Gurst v. City of Natchitoches*,
    428 So.2d 502, 505 (La. Ct. App. 1983)..............................................................2

*Importsales, Inc. v. Lindeman*,
    231 La. 663, 92 So. 2d 574 (1957) ......................................................................3

*Quealy v. Paine, Webber, Jackson & Curtis, Inc.*,
    475 So.2d 756 (La. 1985) ....................................................................................2

*Unique Construction Co. Inc. v. S.S. Mini Storage, Inc*,
    570 So.2d 161 (La. Ct. App. 1990)......................................................................4

**INDEX OF EXHIBITS**

| Exhibit No. | Description |
| --- | --- |
| 43 | Excerpts from the June 3, 2022 deposition of Stanley McClellan |

## I.      INTRODUCTION

Plaintiffs should not be permitted to rewrite Louisiana conversion law to seek monetary damages because they are unhappy with the remedies it provides. Under Louisiana law, damages for conversion are only available if the converted property cannot be returned. It is undisputed that the allegedly converted property here (an email with associated attachments) could be returned. Thus, Plaintiffs are not entitled to monetary damages. Plaintiffs, likewise, cannot shoehorn the damages they sought on their failed trade secret and unjust enrichment claims into their conversion claim. And Plaintiffs' and their damages expert's attempt to inflate their alleged damages by including Defendants' entire ancillary services revenues, rather than apportioning for the "increase [in] the profitability" that their technical expert opined was actually the result of the alleged conversion, should be rejected and these opinions excluded.

## II.     ARGUMENT

### A.      Plaintiffs Are Not Entitled To Damages On Their Conversion Claim Because The Allegedly Converted Property Can Be Returned.

It is well-established (and reaffirmed just last year) that under Louisiana law "[t]he measure of damages for wrongful conversion is the return of the property, or if it *cannot be returned*, the value of the property at the time of conversion." *Capers v. NorthPro Properties Mgmt, LLC*, 53,919 (La. App. 2 Cir. 5/5/21), 321 So. 3d 502, 514, writ denied, 2021-00768 (La. 10/1/21), 324 So. 3d 1055 (emphasis added); *see also* D.I. 168 at 5 (string citing authority re same). Plaintiffs do not dispute that the allegedly converted property could physically be returned. Plaintiffs are thus not entitled to monetary damages on their conversion claim.

Plaintiffs attempt to side-step this law by arguing that the general rule of damages in conversion cases is not as rigid as Defendants suggest. D.I. 180 at 3-5. But Plaintiffs do not cite a single case finding that damages can be awarded when the converted property can be returned. *See*

D.I. 180 at 3-5. Neither the *Dual Drilling* nor *Qualy* cases cited by Plaintiff support this proposition because in both cases it was undisputed that the converted property could not be returned. *See Dual Drilling Co. v. Mills Equip. Investments, Inc.*, 721 So.2d 853 (La. 1998) (explaining that the converted property, an oil rig, was converted when one of the defendants "ordered that it be demolished, and sold it as scrap metal"); *Qualy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985) (explaining that the converted property, stock in a company, was converted when one of the defendants "sold the stock for cash"). Plaintiffs' argument, moreover, ignores *Gurst v. City of Natchitoches*—a case addressing this exact issue and holding that damages could not be awarded on a conversion claim because "the record reveals the property can be returned" and thus "the proper remedy is return of the property." 428 So.2d 502, 505 (La. Ct. App. 1983). Summary judgment, therefore, is proper.

### B. Unjust Enrichment Damages Are Not Available For Conversion.

Plaintiffs' attempt to sweep the "unjust enrichment" damages they sought on their trade secret misappropriation and unjust enrichment claims into their conversion claim (D.I. 180 at 5-6) should also be rejected. Plaintiffs do not cite a single case awarding unjust enrichment damages for conversion because such damages are not available under Louisiana law.[1] Rather, as discussed above, "[t]he measure of damages for wrongful conversion is the return of the property, or if it cannot be returned, the value of the property at the time of conversion." *Capers*, 321 So.3d at 514. This damages measure makes sense because "[t]he gist of a conversion has been declared to be

---

[1] Plaintiffs' suggestion that *Dual Drilling* supports unjust enrichment as a measure of damages for conversion is incorrect. The court in *Dual Drilling* explained that "because Plaintiff alleges a cause of action in tort ***rather than one for unjust enrichment***," it need not address a cause of action that "exists under the theory of unjust enrichment." *Dual Drilling*, 721 So.2d at 856 (emphasis added). And the damages award in *Dual Drilling* on the plaintiff's conversion claim was for the value of the converted property at the time of the conversion, not the Defendants' unjust enrichment. *Id.* at 858. Thus, *Dual Drilling* is inapposite.

not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled." *Importsales, Inc. v. Lindeman*, 231 La. 663, 668, 92 So. 2d 574, 575–76 (1957) (citations omitted).

      **C.**    **Mr. Duski's Damages Opinions Should Be Excluded Because They Are Not Limited To the Value Of The Allegedly Converted Property And Therefore Do Not Fit The Facts Of The Case And Are Unhelpful To The Jury.**

Plaintiffs assert that Defendants' motion to exclude Mr. Duski's damages opinions should be denied because it presents a factual issue that is more appropriate for cross-examination. Plaintiffs are wrong.

Plaintiffs do not dispute the basis of Defendants' motion. First, Plaintiffs do not dispute that Mr. Duski did not apportion his damages calculations to account for only the alleged "value of the Converted Property at the time of the conversion" and the alleged "unjust enrichment" due to Defendants' purported conversion. Second, Plaintiffs do not dispute or even address Defendants' case law demonstrating that expert opinions that fail to apportion are routinely excluded as unhelpful to the jury. Third, Plaintiffs do not and cannot dispute that Mr. Duski's calculation of the alleged "value of the Converted Property at the time of the conversion" is based on the entirety of Lancium's " ███████████████ revenues as reported in the ███ ██████, and that Mr. Duski assumed these revenues are based on the use of the allegedly converted property "based on the understanding that [he] received from the technical experts in this matter," as set forth in Defendants' opening brief. *Compare* D.I. 180 at 6-9, *with* D.I. 168 at 11-12. Similarly, they do not dispute that Mr. Duski's calculation of Defendants' alleged "unjust enrichment" is based on Lancium's ████████████. *Compare* D.I. 180 at 6-9, *with* D.I. 168 at 13. Fourth, Plaintiffs do not dispute that their technical expert, Dr. McClellan opined that use of the allegedly converted property ███████████████████████████████████ ████████████████ *Compare* D.I. 180 at 6-9, *with* D.I. 168 at 12; *see also* Ex. 43

3

(Deposition of S. McClellan) at 271:5-272:20 (referring to deposition exhibit 207 (LANCIUM00035821-865, at 855) ██████████   ██████████

████████████████████████████████████████████████████

████████████). Moreover, Plaintiffs' other technical expert, Mr. McCamant, explained that a CLR could or could not use the purported method disclosed in the allegedly converted property when providing ancillary services. *See* D.I. 168 at 13 n.10.

Despite these undisputed facts, Mr. Duski "did not try to calculate how much Mr. Storms' method allegedly increases the profitability of providing ancillary services," and he stated that he is "not sure which, if any, profits they could have achieved" without using the allegedly converted property. D.I. 170, Ex. 28 at 105:17-24; 107:3-19. Under these circumstances, there is simply no basis for Mr. Duski "includ[ing] 100 percent of ███████████████████

████████" in his analysis of the alleged "value of the Converted Property at the time of the conversion." D.I. 170, Ex. 28 at 100:23-101:12. Plaintiffs, moreover, do not even address *Unique Construction Co. Inc. v. S.S. Mini Storage, Inc.*, which denied damages on a conversion claim where, as here, the damages sought for conversion were not limited to the value of the converted property at the time of the conversion and instead included more than the converted property in the calculation (*see* 570 So.2d 161, 164-165 (La. Ct. App. 1990), or the host of cases Defendants cite excluding damages expert opinions that failed to apportion. *Compare* D.I. 180 at 6-9, *with* D.I. 168 at 9-11. It is, therefore, appropriate to exclude Mr. Duski's opinions as unhelpful.

## III. CONCLUSION

The Court should grant summary judgment finding that Plaintiffs are not entitled to damages on their conversion claim. In the alternative, the Court should grant summary judgment finding that Plaintiffs are not entitled to unjust enrichment damages on their conversion claim, and the Court should exclude the damages opinions of David Duski.

Dated:  July 29, 2022

BARNES & THORNBURG LLP

*/s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

Mark C. Nelson (admitted *pro hac vice*)
David Lisch (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
E-mail:  mark.nelson@btlaw.com
      david.lisch@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Darrick Hooker (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  (312) 214-8319
Email:  adam.kaufmann@btlaw.com
Email:  darrick.hooker@btlaw.com
Email:  dana.sarros@btlaw.com

*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-534-MN-CJB |
| | ) | |
| LANCIUM LLC, MICHAEL T. | ) | |
| MCNAMARA, and RAYMOND E. CLINE, JR. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that on July 29, 2022, I caused a sealed copy of the **Defendants' Reply in Support of Their Motion for Summary Judgment Regarding Damages and Motion to Exclude Opinions of David Duski** to be served on the following counsel of record by via email.

Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
Email: amayo@ashbygeddes.com

Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati III
Chelsea M. Murray
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
Email: bhorton@marshallip.com
Email: jlabbe@marshallip.com
Email: rricordati@marshallip.com
Email: cmurray@marshallip.com

Dated:  July 29, 2022                              BARNES & THORNBURG LLP

                                                   _/s/  Chad S.C. Stover_____
                                                   Chad S.C. Stover (No. 4919)
                                                   222 Delaware Avenue, Suite 1200
                                                   Wilmington, Delaware 19801-1050
                                                   Telephone: (302) 300-3474
                                                   E-mail: chad.stover@btaw.com

                                                   Mark C. Nelson (admitted pro hac vice)
                                                   2121 N. Pearl Street, Suite 700
                                                   Dallas, TX  75201
                                                   Telephone:  (214) 258-4140
                                                   E-mail:  mark.nelson@btlaw.com

                                                   Darrick J. Hooker (pro hac vice pending)
                                                   Adam M. Kaufmann (admitted pro hac vice)
                                                   Dana Amato Sarros (admitted pro hac vice)
                                                   One North Wacker Drive, Suite 4400
                                                   Chicago, IL 60606
                                                   Tel: (312) 214-8319
                                                   E-mail: darrick.hooker@btlaw.com
                                                   E-mail: adam.kaufmann@btlaw.com
                                                   E-mail: dana.sarros@btlaw.com

                                                   Attorneys for Lancium LLC, Michael T.
                                                   McNamara, and Raymond E. Cline Jr.