IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-534-MN |
| | ) | |
| LANCIUM, MICHAEL T. MCNAMARA, | ) | JURY TRIAL DEMANDED |
| and RAYMOND E. CLINE, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS
MOTION TO EXCLUDE CERTAIN TESTIMONY OF DR. MARK EHSANI**

*Of Counsel:*

MARSHALL, GERSTEIN & BORUN LLP
Benjamin T. Horton
John R. Labbe
Raymond R. Ricordati, III
Chelsea M. Murray
233 S. Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300
bhorton@marshallip.com
jlabbe@marshallip.com
rricordati@marshallip.com
cmurray@marshallip.com

July 29, 2022

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
Post Office Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Argument ........................................................................................................................... 1

    A. Defendants cannot rewrite Dr. Ehsani's opinions in order to save them from a Daubert challenge ................................................................................... 1

    B. Dr. Ehsani's opinions are based on undefined, legal-sounding standards to justify his conclusions on issues on fact ............................................................. 3

III. Conclusion ......................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997) .................................................................................................. 3

*Highland Capital Mgmt., L.P. v. Schneider*,
    379 F.Supp.2d 461 (S.D.N.Y. 2005) .......................................................................... 4

*Leese v. Lockheed Martin Corp.*,
    6 F. Supp. 3d 546 (D.N.J. 2014) ................................................................................ 2

*Player v. Motiva Enterprises, LLC*,
    240 F. App'x 513 (3d Cir. 2007) ................................................................................ 3

*United States v. Benson*,
    941 F.2d 598 (7th Cir. 1991) ..................................................................................... 4

**I.     INTRODUCTION**

The Court should exclude Dr. Ehsani's opinions that (1) Plaintiffs did not have an expectation or intention of confidentiality in the information provided to Defendants, and (2) Defendants' conduct did not prevent Plaintiffs from "utilizing" their ideas and information. D.I. 153 at 8.

In response to the motion, Defendants attempt to rewrite Dr. Ehsani's opinions but his report contains the objectionable opinions, and the Court should exclude them. Further, Dr. Ehsani's electrical engineering background does not qualify him to opine on non-technical issues of fact that are the province of the jury. Dr. Ehsani's non-technical opinions would not assist the jury, and are based on unreliable, self-serving "tests" that parrot legal-sounding terms.

**II.    ARGUMENT**

    **A.     Defendants cannot rewrite Dr. Ehsani's opinions in order to save them from a Daubert challenge**

Defendants argue that Plaintiffs' Daubert challenge should be denied because "Dr. Ehsani does not opine regarding Mr. Storms' subjective intent … of whether the information Mr. Storms provided to Defendant Michael McNamara could reasonably be considered confidential." D.I. 174 at 1. Dr. Ehsani's report, however, offers exactly that opinion:

> *It is my opinion that (i) Mr. Storms' conduct demonstrates that he did not consider the information he provided to Mr. McNamara to be confidential*

Dr. Ehsani confirms this opinion at least two more times:

> *In my opinion, Mr. Storms' conduct is inconsistent with these materials and ideas being considered confidential, but instead indicate that Mr. Storms was not seeking to protect his information or ideas.*

> *In my opinion, as someone who has been involved with various forms of confidential technology for 40 years, Mr. Storms sending the spreadsheet and source code to Mr. Garland, the information*

> to Mr. Franzen, and the information to Mr. McNamara, all without any agreements of confidentiality (oral or written), is inconsistent with Mr. Storms' statements that he considered the spreadsheet or information contained therein to be confidential.

D.I. 154, Ex. A, Ehsani Report ¶¶ 19, 188, 352.

Similarly, Defendants argue that Dr. Ehsani's opinion on the harmlessness of Defendants' conduct, and its lack of impact on Plaintiffs' use of the stolen property has been "mischaracterized." Dr. Ehsani, according to Defendants, opines only on a lack of evidence. D.I. 174 at 1-2 (Dr. Ehsani "merely notes that '[n]either Mr. Storms nor Dr. McClellan identify any money or opportunity that Mr. Storms lost because of … Lancium"). Again, Dr. Ehsani's own words resolve the disagreement:

> [I]n my opinion nothing Mr. McNamara or Lancium did or did not do prevented Mr. Storms from utilizing his alleged "system" and/or otherwise capitalizing on the ideas he allegedly communicated.

D.I. 154, Ex. A, Ehsani Report ¶ 353.

For at least these reasons, and the reasons discussed in their Opening Brief, Plaintiffs' motion to exclude these opinions should be granted.

Even if Dr. Ehsani's opinions were as limited as Defendants have rewritten them, they would still be improper because they involve non-technical issues of fact that are reserved for the jury, and Dr. Ehsani's testimony is not needed or helpful to the jury's understanding. Whether and to what extent Plaintiffs' materials were, or should have been, considered confidential, and whether Plaintiffs could have "utilized his alleged 'system'" in view of Defendants' conduct, are issues perfectly within a lay jury's understanding. The methods Dr. Ehsani uses to justify his opinions on these issues is outside the scope of his expertise, and are seemingly a creation for the sole purpose of justifying his opinions in this case. *Leese v. Lockheed Martin Corp.*, 6 F. Supp. 3d 546, 556 (D.N.J. 2014) (excluding expert opinion based on method "selected [] out of thin air").

For the reasons discussed in Plaintiffs' Opening Brief, and herein, Dr. Ehsani's opinions are improper, and should be excluded.

> **B.     Dr. Ehsani's opinions are based on undefined, legal-sounding standards to justify his conclusions on issues on fact**

In addition to rewriting Dr. Ehsani's opinions, Defendants argue that Dr. Ehsani merely opines on "the objective standard of whether there could be a 'reasonable expectation of confidentiality' in the information provided to Defendants." D.I. 174 at 3. As discussed above, this is not the opinion Dr. Ehsani provides, and the opinion he provides should be excluded for the reasons discussed in Plaintiffs' Opening Brief. D.I. 153.

But even if Dr. Ehsani's opinion were as limited as Defendants argue, his opinions are unreliable. Dr. Ehsani provides no explanation as to what his "objective standard" is, other than to say it is based on his "personal knowledge and experience regarding the treatment of confidential information," "reasonable people," and, inexplicably, his "knowledge of a person of ordinary skill in the art." D.I. 174 at 5. Dr. Ehsani does not attempt to link his personal knowledge, the knowledge of a "reasonable person" or "a person of ordinary skill" to his undefined "objective standard," nor do Defendants or Dr. Ehsani explain why "a person of ordinary skill," a hypothetical person contemplated for various patent law issues, would have any relevance to a question of fact regarding confidentiality of information exchanged between Plaintiffs and Defendants. *Player v. Motiva Enterprises, LLC*, 240 F. App'x 513, 520 (3d Cir. 2007); citing *General Electric Co. v. Joiner*, 522 U.S. 136, 137 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

Similarly, Dr. Ehsani's opinion that Defendants did nothing to "prevent Mr. Storms from utilizing his alleged 'system'" is based not on a reliable method, let alone a method involving

electrical engineering. Rather, Dr. Ehsani bases this opinion on his observation that "neither Mr. Storms or [Plaintiffs' technical expert] identify any money or opportunity that Mr. Storms lost." D.I. 154, Ex. A, Ehsani Report ¶ 353. Dr. Ehsani's conclusion, then, is that the absence of evidence is evidence of absence, which is not an admissible expert opinion. *United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991) (precluding expert testimony that "consists of nothing more than drawing inferences from the evidence that [the experts are] no more qualified than the jury to draw."). In addition, the only evidence Dr. Ehsani has access to is the limited evidence specially curated for him by Defendants' counsel. The trier of fact, on the other hand, will have access to all evidence and facts in this case. *Highland Capital Mgmt., L.P. v. Schneider*, 379 F.Supp.2d 461, 469 (S.D.N.Y. 2005) ("no expert may supplant the role of counsel in making argument at trial, and the role of the jury [in] interpreting the evidence").

### III. CONCLUSION

For at least these reasons, and the reasons discussed in their Opening Brief, Plaintiffs' motion to exclude these opinions should be granted.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
|  | _____ |
| *Of Counsel:* | Andrew C. Mayo (#5207) |
|  | 500 Delaware Avenue, 8th Floor |
| MARSHALL, GERSTEIN & BORUN LLP | Post Office Box 1150 |
| Benjamin T. Horton | Wilmington, DE 19899 |
| John R. Labbé | (302) 654-1888 |
| Raymond R. Ricordati, III | amayo@ashbygeddes.com |
| Chelsea M. Murray |  |
| 233 S. Wacker Drive | *Attorneys for Plaintiffs* |
| 6300 Willis Tower |  |
| Chicago, IL 60606 |  |
| (312) 474-6300 |  |
| bhorton@marshallip.com |  |
| jlabbe@marshallip.com |  |
| rricordati@marshallip.com |  |
| cmurray@marshallip.com |  |
|  |  |
| Dated: July 29, 2022 |  |