IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | | |
| Plaintiffs, | | |
| v. | | Civil Action No. 21-534-GBW |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR., | | |
| Defendants. | | |

## MEMORANDUM OPINION

This action stems from a dispute regarding the proper inventorship of U.S. Patent No. 10,608,433 ("the '433 patent"), as well as other related state-law claims. *See generally* D.I. 103. On March 16, 2022, Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline, Jr. (collectively, "Lancium") filed a motion, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs BearBox LLC's and Austin Storms's (collectively, "BearBox") conversion and unjust enrichment claims from BearBox's Second Amended Complaint (the "Motion"). D.I. 120. The parties briefed the issues and Magistrate Judge Burke heard oral argument on May 23, 2022. *See, e.g.*, D.I. 121; D.I. 128; D.I. 133; D.I. 136. On May 26, 2022, Magistrate Judge Burke issued a Report and Recommendation (the "Report") recommending that the Court grant-in-part Lancium's Motion and dismiss BearBox's unjust enrichment claim (Count VI) but deny Lancium's Motion as to BearBox's conversion claim (Count V). D.I. 143. Lancium filed objections to the Report on June 9, 2022 (D.I. 146), and BearBox filed its response to the objections on June 23, 2022 (D.I. 158).

The Court has reviewed the Report, the objection and the response thereto, and has considered *de novo* the parties' briefing and supporting documents related to Lancium's Motion, as well as the transcript of the oral argument. *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(l); FED. R. CIV. P. 72(b)(3). For the reasons set forth below, Lancium's objections to the Report are **OVERRULED** and the Report's recommendations are **ADOPTED**.

## I.    STANDARD OF REVIEW

In reviewing a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. *Id.* As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) Advisory Committee Notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## II.    DISCUSSION

As discussed in greater detail below, BearBox's Second Amended Complaint fails to state a claim for unjust enrichment. However, BearBox has adequately pled facts sufficient to state a claim for conversion under Louisiana law. As such, the Report is ADOPTED, and Lancium's Motion is granted as to BearBox's unjust enrichment claim (Count VI) but denied as to BearBox's conversion claim (Count V).

### a.  Legal Standard

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). However, the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (citation omitted).

"'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 WL 11446482 (3d Cir. Apr. 6, 2018). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420).

### b.  Unjust Enrichment

The Report recommended dismissing BearBox's unjust enrichment claim (Count VI) with prejudice because BearBox has pled the existence of other remedies at law, which precludes a

claim of unjust enrichment. D.I. 143. Neither party objects to this part of the Report. D.I. 143; D.I. 158. Thus, to accept the Report's findings, the Court need only satisfy itself that there "is no clear error on the face of the record." FED. R. CIV. P. 72(b) Advisory Committee Notes.

Accordingly, the Court agrees with the Report's conclusion. Under Louisiana law, which both parties agree applies to BearBox's state law claims (*see* D.I. 92 at 5 n.4), unjust enrichment is an equitable claim that is "only applicable to fill a gap in the law where no express remedy is provided." *Walters v. Medsouth Record Mgmt. LLC*, 38 So. 3d 243, 244 (La. 2010) (quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st Cir. 1988)). However, and as the Report correctly notes, BearBox has pled another type of legal remedy—damages for Lancium's purported conversion of BearBox's technology—for the same conduct that is at issue in its unjust enrichment claim. D.I. 103 at ¶¶ 84-90. Thus, BearBox is precluded from seeking an unjust enrichment remedy for that conduct regardless of whether it is ultimately unable to pursue its remedy for conversion in this proceeding. *See Ferrara Fire Apparatus, Inc. v. JLG Indus.*, 581 F. App'x 440, 443-44 (5th Cir. 2014) (citing *Garber v. Badon & Rainer*, 981 So.2d 92, 100 (La. App. 3 Cir 2008) ("[I]t is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied.")). BearBox's unjust enrichment claim (Count VI) is dismissed with prejudice.

### c.  Conversion

The Report recommended denying Lancium's Motion as to BearBox's conversion claim because BearBox has pled sufficient facts to establish the elements of conversion under Louisiana law. D.I. 143. Neither party disputes that BearBox's conversion claim is premised on the alleged conversion of electronic documents. Rather, Lancium asserts that such conduct is insufficient to establish a conversion claim under Louisiana law because "[d]eprivation of possession is a

4

necessary element," and BearBox was never deprived of its electronic documents. D.I. 146 at 4-5. Both parties agree that BearBox retained copies of electronic documents even after they were allegedly converted by Lancium. D.I. 103 at ¶¶ 84-90; D.I. 146 at 3; D.I. 143. Thus, the dispute centers around whether, under Louisiana law, a claim of conversion can be brought where an owner is not completely deprived of the property at issue, i.e., the owner has retained copies of the property.

BearBox contends that retaining copies of electronic documents does not negate a claim of conversion because Louisiana law broadly interprets conversion to include any unlawful interference with ownership or possession of one's movable property. *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So. 2d 853, 857 (La. 1998); D.I. 158 at 5, 7. Thus, "even if a plaintiff is not completely dispossessed of all copies of its property, a defendant could still be said to have taken steps to have wrongfully deprived the plaintiff of 'ownership' of the property." D.I. 158 at 7 (quoting D.I. 143). Lancium avers that wrongful interference with a party's ownership of its property is not an independent basis for a conversion claim. D.I. 146 at 7. Rather, wrongful deprivation of one's property—which necessitates *complete* dispossession—is an underlying requirement for a conversion claim. *Id.* at 6 (emphasis added).

Louisiana defines conversion as "an act in derogation of the plaintiff's possessory rights, *and* any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time . . . ." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985) (emphasis added); *see also Dileo v. Horn*, 189 So. 3d 1189, 1198 (La. Ct. App. 5 Cir. 2016) ("Conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights.").

5

Guided by the Louisiana Supreme Court's illustrations,[1] a conversion is committed when:

> 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

*Dual Drilling*, 721 So.2d at 857 (La. 1998).

Based on the Court's review of Louisiana case law, conversion is not solely limited to instances of depriving an owner of its possessory rights in its property. Rather, conversion is a broadly defined tort that seeks to remedy "acts inconsistent with the owner's rights." *F.G. Bruschweiler (Antiques), Ltd. v. GBA Great British Antiques, L.L.C.*, 860 So. 2d 644, 649 (La. Ct. App. 5 Cir. 2003). Such acts can, and do, include wrongfully interfering with an owner's electronic documents, regardless of whether the owner has retained copies of the documents. *See Mabile v. BP, P.L.C.*, 2016 WL 5231839, at \*1, \*23 (E.D. La. Sept. 22, 2016) (permitting a conversion claim that was premised on the defendants obtaining plaintiff's electronic schematic although plaintiff also retained a copy). Contrary to Lancium's assertion, "deprivation of possession" is not a necessary element to conversion, but instead is one example of many enumerated by the Louisiana Supreme Court. *See, e.g.*, *Dual Drilling*, 721 So.2d at 857 (La. 1998); *MCI Commc'ns Servs., Inc. v. Hagan*, 74 So. 3d 1148, 1154 (La. 2011).

Furthermore, the Court is not persuaded by Lancium's citation to *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 2019 WL 2865359 (La. Ct. App. 1 Cir. 2019). *CamSoft*, a decision by the Court of Appeal of Louisiana, First Circuit, held that plaintiff's conversion claim could not

---

[1] Lancium is correct that "a federal court applying state law has a duty to decide a case as it believes the state's highest court would have done." D.I. 146 at 6 n. 4 (citing *Valley Forge Ins. Co. v. Jefferson*, 628 F. Supp. 502, 510 (D. Del. 1986)). Yet in the same breath, Lancium ignores binding Louisiana Supreme Court precedent illustrating seven examples where a conversion has been committed.

6

survive summary judgment where plaintiff retained copies of its allegedly converted property—confidential business information—and thus did not dispute that it was not completely deprived of its property. *See CamSoft*, 2019 WL 2865359, at \*2-3.  On this basis, Lancium extrapolates that total deprivation of an owner's possessory rights is a required element and, thus, the existence of copies vitiates a conversion claim. D.I. 146 at 6-7. The Court does not read *CamSoft*[2] so narrowly. As *CamSoft* acknowledges, Louisiana law is clear that a conversion claim can be made out not only when a party unlawfully interferes with an owner's possession of a movable, but also when a party unlawfully interferes with the party's ownership of a movable.  *See CamSoft*, 2019 WL 2865359, at \*2 (citing *Dual Drilling*, 721 So.2d at 856).  Thus, as the Report correctly concludes, "this leaves some room for a conversion claim as to property (such as the electronic data at issue here), where, even if a plaintiff is not completely dispossessed of all copies of that property, a defendant could still be said to have taken steps to have wrongfully deprived the plaintiff of 'ownership' of the property." D.I. 143.

Accordingly, conversion under Louisiana law includes unlawfully interfering with a plaintiff's ownership of movable property regardless of whether the plaintiff retains a copy of that movable property. That is what BearBox has alleged. D.I. 103 at ¶¶ 84-90. BearBox's Second Amended Complaint asserts that Lancium took BearBox's technology that BearBox rightfully owned, wrongfully assumed dominion and control over that technology, and then improperly used

---

[2] Although the Court declines to harmonize *CamSoft*'s holding with Louisiana's conversion jurisprudence, the Court acknowledges BearBox's assertion that *CamSoft*'s holding—which "decline[d] to extend the tort of conversion to immovable, intangible information [in electronic form]"—appears at odds with established Louisiana precedent. D.I. 158 at 9; *cf. South Central Bell Telephone Co. v. Barthelemy*, 643 So. 2d 1240, 1246 (La. 1994) (recognizing that conversion protects digital or electronic property); *State v. Williamson*, 81 So. 3d 156 (La. Ct. App. 5 Cir. 2011) (same); *see also First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 2016 WL 5869787, at \*5 (E.D. La. Oct. 7, 2016) (rejecting the argument that digital information stored on the cloud is not subject to conversion under Louisiana law).

8

that technology in Lancium's Smart Response software, i.e., in a manner indicating to the world that they—not BearBox—owned that technology. *Id.* at ¶¶ 87-90. As such, the Court, having reviewed the record *de novo*, agrees with the Report's conclusion that BearBox has pled sufficient facts to state a claim of conversion under Louisiana law. Lancium's objection is overruled, and Lancium's Motion is denied as to BearBox's conversion claim (Count V).

The Court will issue an order consistent with this Memorandum Opinion.