IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LANCIUM LLC, MICHAEL T. ) <br> MCNAMARA, and RAYMOND E. CLINE, ) <br> JR. ) <br> ) <br> Defendants. ) | C.A. No. 21-534-GBW-CJB <br><br> **REDACTED VERSION** |

**DEFENDANTS' MOTION FOR DISCLOSURE
OF THIRD-PARTY LITIGATION FUNDING ARRANGEMENTS**

Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr. respectfully move the Court to enter an Order requiring Plaintiffs to disclose all Third-Party Funders for this litigation. In support of this Motion, Defendants state as follows.

1. During discovery, it has come to the Defendants' attention that Plaintiffs BearBox LLC and Austin Storms (collectively, BearBox) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2. BearBox has not formally disclosed to Defendants, or to the Court, the identity or identities of all third parties who may have a financial interest in this matter or who may need to be consulted for strategy or settlement decisions.

3. Chief Judge Colm F. Connolly's Standing Order Regarding Third-Party Litigation Funding Arrangements, entered April 18, 2022, requires that any party who has made arrangements to receive from a person or entity that is not a party (a "Third-Party Funder") funding for some or all of the party's attorney fees and/or expenses to litigate an action on a non-recourse basis in exchange for (1) a financial interest that is contingent upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal loan, bank loan, or insurance, to disclose the following:

    a.   The identity, address, and, if a legal entity, place of formation of the Third-Party Funder(s);

    b.   Whether any Third-Party Funder's approval is necessary for litigation or settlement decisions in the action, and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval; and

    c.   A brief description of the nature of the financial interest of the Third-Party Funder(s).

(*See* Exhibit A.) The Chief Judge requires this disclosure within thirty days of a party's first filing in the litigation. *Id.* *See also In re: Amendment of Local Civil Rules*, (D. N.J. June 21, 2021), https://www.njd.uscourts.gov/sites/njd/files/Order7.1.1%28signed%29.pdf (In 2021, the District of New Jersey adopted a local rule requiring disclosure of TPLF-related information within 30 days of a filing of a case); and *Standing Order for all Judges of the Northern District of California, Contents of Joint Case Management Statement*, § 19, https://www.cand.uscourts.gov/wpcontent/uploads/judges/Standing_Order_All_Judges_11.1.2018.pdf (In 2018, The Northern District of California has also adopted its own TPLF disclosure requirement for class actions.) Defendants believe that disclosure of all Third-Party Funders should be compelled here, as explained below.

4. 

5. Defendants, however, do not know whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

6.      A full disclosure of Third-Party Funding sources is crucial to ensuring that this Court can remain clear of any conflicts.  For instance, the Code of Conduct for United States Judges requires that "[a] judge should avoid impropriety and the appearance of impropriety in all activities" including financial interest or other ties to either party or the outcome of the litigation. Code of Conduct for United States Judges, 175 F.R.D. 363, 366 (2019).  The Code of Judiciary and Judicial Procedure further cautions that a federal judge "shall disqualify himself" where he has any "interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C.A. § 455.  The identities of Third-Party Funder(s) are therefore essential to properly clear judicial conflicts.  *See Nunes v. Lizza*, No. 20-CV-4003-CJW, 2021 WL 7186264, at *5 (N.D. Iowa Oct. 26, 2021) (recognizing that a party's "professed lack of knowledge about who is paying Plaintiffs' lawyers at least raises the possibility that an undisclosed entity related to [Plaintiffs] has a pecuniary interest in the outcome of the case that would be pertinent to the Court's assessment of conflicts"); *Centripetal Networks, Inc. v. Cisco Sys*., Inc., 38 F.4th 1025, 1034 (Fed. Cir. 2022) (vacating and remanding several district court rulings upon finding that, based on Section 455, the judge should have recused himself for a conflict of interest; namely, that his wife owned less than $5,000 of stock in one of the party's competitors).

7.      In addition to conflicts, Third-Party Funders can pose other challenges to litigation. Prior to adopting his litigation funding standing order, Chief Judge Connolly granted a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and lack of standing in a litigation-funded case. *Uniloc U.S., Inc. v. Motorola Mobility, LLC*, No. CV 17-1658-CFC, 2020 WL 7771219, at *1 (D. Del. Dec. 30, 2020).  At issue was a loan that Uniloc received from Fortress Investment Group to fund various patent litigation efforts.  *Id.*  Under the terms of the funding arrangement, if Uniloc's lawsuits (one in the District of Delaware and two elsewhere) collectively failed to return a specified threshold amount, Uniloc ceded rights in the patents to Fortress.  *Id.*  Because Uniloc

had not met its contractual return target, defendant Motorola argued that Uniloc had defaulted on the loan and had accordingly ceded critical rights to Fortress such that it no longer had standing to pursue the infringement claim.  *Id.*  Chief Judge Connolly agreed that because Uniloc did not possess the exclusionary rights of the patent when it filed suit it lacked standing and therefore the Court lacked subject matter jurisdiction over the case.  *Id.* at *8.

8. To promote judicial efficiency, conserve the parties' resources, and avoid potential eleventh-hour complications in this matter, Defendants respectfully request that this Court enter an order requiring Plaintiffs to disclose their Third-Party Funders in a manner consistent with the procedure outlined in the Chief Judge's Standing Order, or at minimum in a manner sufficient for this Court to clear potential conflicts of interest.

Dated:  October 18, 2022
**Public Version filed on October 25, 2022**

BARNES & THORNBURG LLP

 */s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19801-1050
Tel: (302) 300-3474
Email: chad.stover@btlaw.com

Mark C. Nelson (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
Email:  mark.nelson@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Darrick Hooker (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  (312) 214-8319
Email: adam.kaufmann@btlaw.com
Email: darrick.hooker@btlaw.com
Email: dana.sarros@btlaw.com

David M. Lisch (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Tel: (214) 258-4156
Email: david.lisch@btlaw.com

*Attorneys for Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*