IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) |
| Plaintiffs, | ) **REDACTED PUBLIC VERSION** ) |
| v. | ) C.A. No. 21-534-GBW-CJB ) |
| LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR. | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' OPPOSITION TO MOTION FOR DISCLOSURE OF
THIRD-PARTY LITIGATION FUNDING ARRANGEMENTS**

*Of Counsel:*

Benjamin T. Horton
John R. Labbé
Raymond R. Ricordati, III
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated: November 1, 2022

ASHBY & GEDDES
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Plaintiffs
BearBox LLC and Austin Storms*

{01852101;v1 }

Plaintiffs BearBox LLC and Austin Storms respectfully oppose Defendants' Motion for Disclosure of Third-Party Litigation Funding Arrangements. In opposition of this Motion, Plaintiffs state as follows.

1. Eight months ago, during the deposition of Mr. Austin Storms, Defendants learned ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Fact discovery closed on February 18, 2022.

2. Notwithstanding the absence of any explanation as to the untimeliness of the Motion, Defendants' Motion is also a direct violation of Judge Burke's August 25, 2022 oral Order (D.I. 52), which dictates the procedure to be used to raise discovery motions. This is a discovery motion that Defendants should have brought before Magistrate Judge Burke *during discovery*, not weeks before trial long after the close of discovery.

3. In any case, information about litigation funding is not relevant to the issues in this case. *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) ("The Court agrees with the plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant.") (collecting cases); see also *Mullen Industries LLC v. Apple Inc.*, 6-22-cv-00145 (W.D. Tex. Oct. 19, 2022) (citing *Art Akiane LLC v. Art & Soulworks LLC*, No. 19 C 2952, 2020 WL 5593242, *6 (N.D. Ill. Sep. 18, 2020) ("the real (not theoretical) significance and purpose of the inquiry [into litigation funding efforts] is to learn whether litigation funding is involved in the case")); see also *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, *2 (N.D. Ill. Dec. 5, 2019) ("[a]s a general matter, courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case") (collecting cases).

4. In addition, courts find documents pertaining to litigation funding to be protected by the work-product doctrine. *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 14-1430-LPS (D. Del. Nov. 19, 2020); See also, e.g. *Viamedia, Inc. v. Comcast Corp.*, No. 16-cv-5486, 2017 WL 2834535, at *1 (N.D. Ill. June 30, 2017); *In re Int'l Oil Trading Co.*, LLC, 548 B.R. 825, 835–39 (Bankr. S.D. Fla. 2016); *Doe v. Society of Missionaries*, No. 11-cv-02518, 2014 WL 1715376, at *4 (N.D. Ill. May 1, 2014); *United States v. Homeward Residential, Inc.*, Case No. 4:12-CV-461, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016).

5. Defendants articulate three alternative, and purely speculative, bases to support its Motion: (1) a potential standing issue, (2) determining who may need to be consulted for settlement decisions, and (3) identifying any conflicts of interest for Your Honor. D.I. 214. Defendants concede these are speculative reasons, stating they "do not know" if a third party has some settlement authority, that some third party "may have" a financial interest," and raising only a "possibility" of conflicts. D.I. 214 at ¶ 2, 5-6. This alone is a sufficient basis to deny Defendants motion. *United Access Techs., LLC v. AT&T Corp.*, C.A. No. 11-338-LPS, 2020 WL 3128269, at *2 (D. Del. June 12, 2020) (denied motion to compel litigation funding documents for failure to demonstrate relevance, stating "mere speculation" is insufficient).

6. As to standing, Defendants sole citation to *Uniloc* is misplaced, as *Uniloc* involved a plaintiff that, prior to filing its patent infringement suit, had assigned rights in the asserted patents to a third party litigation funder, which was found to have interfered with the plaintiffs standing to assert those patents. Here, Plaintiffs are not enforcing a patent, but are rather seeking to correct inventorship of a patent. Plaintiffs accordingly have no interest in the patent-in-suit that they could have assigned to a third-party funder.

7. ████████████████████████████████████████████████████████

████████████████████████████████████████

{01852101;v1 }                                    2

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Andrew C. Mayo* |
|  | _____ |
|  | Andrew C. Mayo (#5207) |
|  | 500 Delaware Avenue, 8th Floor |
| *Of Counsel:* | P.O. Box 1150 |
|  | Wilmington, DE  19899 |
| Benjamin T. Horton | (302) 654-1888 |
| John R. Labbé | amayo@ashbygeddes.com |
| Raymond R. Ricordati, III |  |
| Chelsea M. Murray | *Attorneys for Plaintiffs* |
| MARSHALL, GERSTEIN & BORUN LLP | *BearBox LLC and Austin Storms* |
| 233 South Wacker Drive |  |
| 6300 Willis Tower |  |
| Chicago, IL 60606-6357 |  |
| (312) 474-6300 |  |

Dated:  November 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2022, the attached **PLAINTIFFS' OPPOSITION TO MOTION FOR DISCLOSURE OF THIRD-PARTY LITIGATION FUNDING ARRANGEMENTS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Chad S.C. Stover, Esquire<br>Barnes & Thornburg LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801 | VIA ELECTRONIC MAIL |
| Mark C. Nelson, Esquire<br>Barnes & Thornburg LLP<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX 75201 | VIA ELECTRONIC MAIL |
| Adam M. Kaufmann, Esquire<br>Barnes & Thornburg LLP<br>One N. Wacker Drive, Suite 4400<br>Chicago, IL 60606-2833 | VIA ELECTRONIC MAIL |

*/s/ Andrew C. Mayo*

Andrew C. Mayo

{01852101;v1 }