# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LANCIUM LLC, MICHAEL T. ) <br> MCNAMARA, and RAYMOND E. CLINE, ) <br> JR. ) <br> ) <br> Defendants. ) | C.A. No. 21-534-GBW-CJB |

**DEFENDANTS' REPLY LETTER BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION TO STRIKE PLAINTIFFS' NEWLY DISCLOSED, UNTIMELY EXPERT REPORT AND REQUEST FOR EXPEDITED BRIEFING**

Dr. McClellan's supplemental report and the opinions and analysis therein should be excluded because (1) they could and should have been offered during the expert discovery period, and (2) these newly minted-opinions are different than his original opinions and thus are highly prejudicial to Defendants on the eve of trial. Plaintiffs' Response wholly ignores Dr. McClellan's ability to have addressed Defendants' expert Dr. Ehsani's interpretation of the claims—which the Court agreed with in its claim construction ruling—in Dr. McClellan's reply report. Plaintiffs' Response also ignores their prior representation that "even under sort of the tortured proposed construction … that defendants have proposed, Dr. McClellan's analysis holds." Defendants' MIL 1, Ex. 1 at 31:6-15. Instead, Plaintiffs sidestep these issues, repeatedly asserting that Dr. McClellan's supplemental report does not provide new opinions and thus should be permitted. But if Dr. McClellan's supplement truly did not provide new opinions and analysis, Plaintiffs and Dr. McClellan would have no reason to provide the supplemental report. As demonstrated below, the supplemental report provides new opinions, which impose undue prejudice on Defendants.

First, Plaintiffs' contention that Dr. McClellan did not have the opportunity to address the Court's claim construction during expert discovery is flat wrong. The Court's claim construction ruling adopted Defendants' proposed constructions of "power option agreement" and "minimum power threshold." *See, e.g.,* D.I. 218 at 12 ("the Court will adopt Lancium's proposed construction for the term 'power option agreement'"), 14 ("The Court finds that the claim language supports Lancium's construction" of "minimum power threshold"). Plaintiffs ignore that the constructions adopted by the Court were the interpretations applied by Defendants' expert, Dr. Ehsani in his rebuttal to Dr. McClellan's opening report. *See, e.g.*, Defendants' MIL 1, Ex. 3 at ¶ 42-43, 107, 109, 16-117. Dr. McClellan thus could have addressed those constructions in his reply report, but did not. Plaintiffs' position is further undercut because Dr. McClellan's reply report even acknowledges that he and Dr. Ehsani have differing opinions on the meaning of the claim language (*see* D.I. 151, Ex. 4 at ¶ 8 ("Dr. Ehsani alleges that I fundamentally misunderstand the claim" language)), but fails to address those differences. Thus, not only could Dr. McClellan have addressed this difference of interpretation of the claims in his reply report, he had an obligation to do so.[1] *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, No. 04-1436, 2012 WL 1015993, at *5 (D. Del. Mar. 26, 2012) ("When claim construction remains an open issue at the time the parties serve expert reports … the parties have an obligation 'to prepare for the fact that the court may adopt [the other party's claim] construction.'" (quoting *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 270 F. Supp. 2d 519, 524 (D. Del. 2003)); *see also iCeutica Pty Ltd v. Novitium Pharma LLC*, No. 18-99, 2019 WL 4604029, at *2 (D. Del. Sept. 23, 2019). Dr. McClellan should not be allowed to offer new opinions on the eve of trial that he could have offered and was obligated to offer earlier.

Second, Dr. McClellan's supplemental report does not "clarify" his previous opinions—it does an about-face from his previous opinions.[2] For example, Dr. McClellan now opines and

---

[1] Plaintiffs' contention that Defendants are to blame for Dr. McClellan's untimely report is meritless. Plaintiffs' conclusory discovery responses asserting that they applied Defendants' interpretation of the claims from a previous litigation did not put Defendants on notice of the parties' claim construction dispute, instead they hid the fact that Plaintiffs were not applying the proper construction, which only became clear after Dr. McClellan's deposition. Defendants, thereafter, promptly raised this dispute with the Court during summary judgment.

[2] For this reason, *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, No. 05-737, 2010 WL

explains how Mr. Storms allegedly conceived of and disclosed the concept of a *power entity* having the option to reduce the amount of power used by a load. *See* Ex. 1 at ¶¶ 25-26.[3] Previously, however, as the Court noted in its claim construction ruling, Dr. McClellan's opinion was that **the load, not the power entity, held the option** in a power option agreement. *See* D.I. 218 at 7 n.3. His original reports did not include any analysis or discussion of how Mr. Storms allegedly conceived of a system where the power entity held the option. *See generally*, D.I. 151, Ex. 3 (McClellan Opening Report), Ex. 4 (McClellan Reply Report). Similarly, Dr. McClellan now opines that in the context of the claimed "minimum power threshold," "use" and "consume" are interchangeable. *See* Ex. 1 at ¶ 10. But previously, he opined that a load was not required to use the "minimum power threshold." *See* D.I. 151, Ex. 5 at 84:18-85:1. In sum, faced with a claim construction that is at odds with their previous positions, Plaintiffs and Dr. McClellan now offer new opinions (opposite of their earlier opinions) less than one month before trial, opinions they could and should have offered in response to Dr. Ehsani's report. *See, e.g.,* Ex. 1 at ¶¶ 24-26.

Third, Dr. McClellan's new opinions are highly prejudicial to Defendants. Courts routinely find undue prejudice from expert reports offering new opinions shortly before trial. *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-64 (D. Del. 2005); *Masimo Corp. v. Philips Elec. North Am. Corp.*, No. 09-80, 2013 WL 2178047, at *12 (D. Del. May 20, 2013); *INVISTA North America S.a.r.l. v. M&G USA Corp.*, No. 11-1007, 2013 WL 3216109, at *3-4 (D. Del. June 25, 2013); *Reckitt Benckiser Inc. v. Tris. Pharma, Inc.*, No. 09-3125, 2011 WL 6722707, at *7 (D.N.J. Dec. 21, 2011); *see also Medtronic Sofamor Danek USA, Inc. v. Nuvasive, Inc.*, No. 08-1512, 2011 WL 13116772, at *1 (S.D. Cal. Dec. 8, 2011) (precluding expert "from testifying about the supplemental matters at the bench trial."). And notably, although a deposition of Dr. McClellan on his supplemental report in the few remaining days before trial would not cure the prejudice to Defendants, Plaintiffs do not even offer as much.[4] Rather, they seek to have Dr. McClellan offer opinions at trial that Defendants and their experts have not had a full and fair opportunity to explore, challenge, or respond to.

The Court should strike Dr. McClellan's supplemental report and the opinions therein.

---

2044931 (D. Del. May 20, 2010) does not support allowing Dr. McClellan's supplemental report. Plaintiffs' reliance on *Integra Lifesciences Corp. v. HyperBranch Med. Tech., Inc.*, No. 15-819, 2018 WL 1785033 (D. Del. Apr. 4, 2018) is also misplaced. In *Integra*, the court excluded expert opinions that were inconsistent with the Court's claim construction. *Id.* at *5. Thus, *Integra* supports doing the same here with Dr. McClellan's original reports.

[3] The annotated figure in Paragraph 25 of Dr. McClellan's supplemental report also comes from Plaintiffs' summary judgment opposition brief, which did not provide a supplemental report from Dr. McClellan. *See* D.I. 176 at 22. This suggests that Dr. McClellan's supplemental report is either simply parroting Plaintiffs' summary judgment arguments or Dr. McClellan prepared his new analysis months ago but waited until the eve of trial to provide it to Defendants.

[4] Plaintiffs did offer to discuss having Dr. Ehsani provide a supplemental report to address Dr. McClellan's opinions (*see* Ex. 3), but this would only compound the prejudice by forcing Defendants and their expert to expend limited, valuable trial preparation time to prepare an additional report. Moreover, if Plaintiffs and Dr. McClellan were to then seek a reply to such report or depose Dr. Ehsani, this would further prejudice Defendants' trial preparation.

| | |
|---|---|
| Dated:  November 20, 2022 | BARNES & THORNBURG LLP |
| | |
| | */s/ Chad S.C. Stover*<br>Chad S.C. Stover (No. 4919)<br>222 Delaware Ave., Suite 1200<br>Wilmington, Delaware 19801-1050<br>Telephone: (302) 300-3474<br>E-mail: chad.stover@btlaw.com |
| | |
| | Mark C. Nelson (admitted *pro hac vice*)<br>David M. Lisch (admitted *pro hac vice*)<br>Benjamin T. Pendroff (admitted *pro hac vice*)<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX  75201<br>Tel:  (214) 258-4140<br>E-mail: mark.nelson@btlaw.com<br>E-mail: david.lisch@btlaw.com<br>E-mail: bpendroff@btlaw.com |
| | |
| | Adam M. Kaufmann (admitted *pro hac vice*)<br>Darrick Hooker (admitted *pro hac vice*)<br>Dana Amato Sarros (admitted *pro hac vice*)<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel:  (312) 214-8319<br>Email: adam.kaufmann@btlaw.com<br>Email: darrick.hooker@btlaw.com<br>Email: dana.sarros@btlaw.com |
| | |
| | *Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.* |