**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BEARBOX LLC and AUSTIN STORMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-534-GBW-CJB |
| | ) | |
| LANCIUM LLC, MICHAEL T. | ) | |
| MCNAMARA, and RAYMOND E. CLINE, | ) | **PUBLIC VERSION** |
| JR. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION FOR DISCLOSURE
OF THIRD-PARTY LITIGATION FUNDING ARRANGEMENTS**

Lancium's[1] Motion for Disclosure of Third-Party Litigation Funding Arrangements
(D.I. 214) ("Motion") should be granted.  Plaintiffs' Opposition does not dispute the propriety of
disclosing *information* relating to third-party funding, but rather attempts to recast Lancium's
Motion as a discovery dispute regarding the disclosure of funding-related *documents*.  But
Lancium's Motion did not seek the disclosure of such documents.  Instead, it simply requested the
Court require Plaintiffs to disclose *information* about third-party funding arrangements as Chief
Judge Connolly and the entire District of New Jersey requires.  *See* N.J. Civ. RULE 7.1.1
("Disclosure of Third-Party Litigation Funding").

Plaintiffs argue that disclosure of third-party funding arrangements is not relevant to this
case.  Opposition at 1.  But Chief Judge Connolly and the District of New Jersey would not have
ordered disclosure of irrelevant information.  Additionally, as set forth in Lancium's motion, such
disclosure is relevant to avoid conflicts, promote efficiency, and assure there are no eleventh-hour
complications in this case.

---

[1] Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr are herein referred
to as "Lancium."

Plaintiffs next argue that *documents* pertaining to litigation funding are protected by the work-product doctrine.  However, as stated above, Lancium is not presently requesting Plaintiffs' litigation funding documents.  Lancium is only requesting disclosure of the arrangements.

Finally, Plaintiffs attempt to brush aside Lancium's arguments as speculative, citing *United Access Techs., LLC v. AT&T Corp.*, No. CV 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020).  There is nothing speculative about Lancium's request—Mr. Storms testified under oath that a third party was paying his attorneys' fees.  Moreover, *United Access* is inapposite because, again, Lancium's requested relief is merely a disclosure of information—not documents.

For all these reasons, Lancium respectfully asks the Court to grant its Motion and require Plaintiffs to formally disclose their third-party litigation funding arrangement(s).


Dated:  November 8, 2022
**Public Version filed on**
**November 22, 2022**

BARNES & THORNBURG LLP

*/s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Ave., Suite 1200
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
E-mail: chad.stover@btlaw.com

Mark C. Nelson (admitted *pro hac vice*)
David M. Lisch (admitted *pro hac vice*)
Benjamin T. Pendroff (admitted *pro hac vice*)
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel:  (214) 258-4140
E-mail: mark.nelson@btlaw.com
E-mail: david.lisch@btlaw.com
E-mail: bpendroff@btlaw.com

Adam M. Kaufmann (admitted *pro hac vice*)
Darrick Hooker (admitted *pro hac vice*)
Dana Amato Sarros (admitted *pro hac vice*)
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel:  (312) 214-8319
Email: adam.kaufmann@btlaw.com
Email: darrick.hooker@btlaw.com
Email: dana.sarros@btlaw.com

*Attorneys for Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline Jr.*