IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEARBOX LLC and AUSTIN STORMS, <br><br> Plaintiffs, <br><br> v. <br><br> LANCIUM LLC, MICHAEL T. MCNAMARA, and RAYMOND E. CLINE, JR., <br><br> Defendants. | C.A. No. 21-534-GBW <br><br> UNSEALED ON NOV. 30, 2022 |

## MEMORANDUM ORDER

At Wilmington, Delaware this 23rd day of November 2022.

Having reviewed the parties' letter briefing and other materials filed with respect to Defendants Lancium LLC, Michael T. McNamara, and Raymond E. Cline, Jr.'s (collectively, "Lancium") Motion to Strike Plaintiffs BearBox LLC and Austin Storms's (collectively, "BearBox") Supplemental Expert Report of Dr. Stanley McClellan ("Dr. McClellan's Supplemental Report"), IT IS HEREBY ORDERED that Lancium's Motion to Strike (D.I. 236) is **GRANTED** and Dr. McClellan's Supplemental Report is **STRICKEN**.

The Court recognizes that the exclusion of otherwise admissible testimony because of a party's failure to meet a timing requirement is a harsh measure and should be avoided where possible. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994). "However, sometimes, such exclusion is necessary; fidelity to the constraints of Scheduling Orders and deadlines is critical to the Court's case management responsibilities," because "flouting of discovery deadlines causes substantial harm to the judicial system." *Finch v. Hercules, Inc.*, 1995 WL 785100, at *9 (D.Del. 1995) (internal citations omitted). As a sanction for failure to comply

1

with the Scheduling Order, the Court has the authority to sanction a party by "prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b).

Courts in the Third Circuit apply the *Pennypack* factors when considering whether to strike an expert report. *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457 (D. Del. 2005), *rev'd on other grounds*, 543 F.3d 1306 (Fed. Cir. 2008). The *Pennypack* factors are as follows:

> (1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence.

*LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).

Here, the weight of the *Pennypack* factors favor excluding Dr. McClellan's Supplemental Report. At the outset, comparing both Dr. McClellan's Opening Report, *see* D.I. 151-1, Ex. 3, and his Reply Report, *see id.* at Ex. 4, with Dr. McClellan's Supplemental Report, it is clear that Dr. McClellan is offering new legal theories and opinions related to BearBox's alleged conception and communication of the subject matter of the '433 patent. For example, Dr. McClellan's Supplement Report offers an analysis of how Austin Storms allegedly conceived of a system where the power entity held the option. *See* D.I. 237, Ex. 1 at ¶¶ 25-26. However, Dr. McClellan was previously of the opinion that the load, not the power entity, held the option in a power option agreement. *See* McClellan Dep. Tr. at 157:1-18 (testifying that the plain and ordinary meaning of "power option agreement" is "opting to purchase power ahead of time at a certain rate . . . I'm going to pay for that power, that's the option."). Although Dr. McClellan contends that his understanding of the claim terms is consistent with the Court's adopted construction, *see* D.I. 237, Ex. 1 at ¶ 6, this subtle distinction supplies the justification Dr. McClellan relies upon when advancing the new

theory that the "power entity associated with the delivery of power to a load" is depicted as "generation assets" in the diagram communicated by BearBox to Lancium. *See id.* at ¶¶ 25-26.

Further, Dr. McClellan offers a new opinion related to "minimum power threshold" and what is required of the load. *See id.* at ¶¶ 24-26. Specifically, Dr. McClellan's Supplemental Report now applies "consume" and "use" interchangeably—although he previously opined that a load was not required to use the "minimum power threshold," *see* D.I. 151, Ex. 5 at 84:18-85:1—and further states that BearBox's system "was designed for the miners to receive instructions to consume, or use, a fixed amount of energy by mining Bitcoin" unless otherwise instructed. *See* D.I. 237, Ex. 1 at ¶¶ 25-26. But, neither Dr. McClellan's Opening Report nor his Reply Report explain how BearBox's system operated by maintaining "a minimum amount of power a load must use during an associated time interval" (i.e., "minimum power threshold") as defined by the power option agreement. While a comparison of an expert's reports does not require "verbatim consistency," *see Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 2010 WL 2044931, at *2 (D. Del. May 20, 2010) (quoting *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 585 F. Supp. 2d 568, 581 (D. Del. 2008)), Dr. McClellan's opinions in his Supplemental Report are beyond mere "elaboration" or "clarification." Instead, Dr. McClellan advances untimely new legal theories and opinions which would ultimately prejudice Lancium, especially at this late juncture of the case.[1]

Beyond offering new opinions, Dr. McClellan's Supplemental Report is untimely. The Court's Scheduling Order requires opening expert reports to be served on April 5, 2022, rebuttal

---

[1] Even assuming that BearBox was correct that Dr. McClellan's Supplemental Report does not offer new opinions, the Court cannot reasonably conclude that exclusion of that report—which would necessarily reiterate the same opinions proffered in Dr. McClellan's Opening Report and Reply Report—would harm BearBox.

3

reports be served by May 6, 2022, and reply reports be served by May 20, 2022. *See* D.I. 35. The parties stipulated to extending the expert discovery deadline, which ultimately closed on June 6, 2022. D.I. 109. But it was not until November 11, 2022, nearly three weeks before the start of a three day bench trial, that Dr. McClellan filed his Supplemental Report. *See* D.I. 237 at Ex. 2, Ex. 3. What is more, in contravention of the Court's Scheduling Order, BearBox neither sought leave of the Court or consent from Lancium to serve Dr. McClellan's Supplemental Report. *See id.* at ¶ 7(f)(i) ("No other expert reports will be permitted without either the consent of all parties or leave of the Court."). BearBox's disregard of the express terms of the Court's Scheduling Order indicates bad faith which weighs in favor of exclusion. *See, e.g., Praxair*, 231 F.R.D. at 463-64; *Masimo Corp. v. Philips Elec. North Am. Corp.*, 2013 WL 2178047, at *11-13 (D. Del. May 20, 2013) (recommending striking untimely supplemental expert report), *recommendation adopted by Masimo Corp. v. Philips Elec. North Am. Corp.*, 62 F. Supp. 3d 368, 388-389 (D. Del. 2014).

Additionally, BearBox's proffered excuse that its delay in serving Dr. McClellan's Supplemental Report is the creation of Lancium's untimely request for claim construction is meritless. *See* D.I. 241 at 1-3. Contrary to BearBox's assertion, applying or analyzing the "plain and ordinary" meaning of the disputed terms was evident to BearBox by at least May 2022, when Lancium's expert—Dr. Ehsani—applied the "plain and ordinary" meaning in his rebuttal expert report. *See Praxair*, 231 F.R.D. at 463-64 (excluding defendants' supplemental expert report in part because defendants were aware of plaintiff's differing opinion "months ago when the expert reports were filed."); *see* D.I. 154, Ex. A at ¶¶ 42-43, 107, 109, 116-117. That the Court only recently adopted Lancium's proposed "plain and ordinary" meaning of the disputed terms as the proper construction does not alter the fact that both BearBox and Dr. McClellan were equipped with Lancium's proposed constructions six months prior to supplementing Dr. McClellan's

4

reports. In fact, Dr. McClellan had an obligation to address Lancium's arguments and analysis related to the plain and ordinary meaning of these disputed terms. *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Matshushita Elec. Indus. Co., Ltd.*, 2012 WL 1015993, at *5 (D. Del. Mar. 26, 2012) ("When claim construction remains an open issue at the time the parties serve expert reports . . . the parties have an obligation 'to prepare for the fact that the court may adopt [the other party's claim] construction.'" (quoting *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 270 F. Supp. 2d 519, 524 (D. Del. 2003)). Even more, Dr. McClellan acknowledged that he and Lancium's expert disagreed on the plain and ordinary meaning of the disputed terms, *see* D.I. 151, Ex. 4 at ¶ 86, yet failed to apply or analyze what Lancium's expert considered to be the "plain and ordinary" meaning. *Id.* at ¶ 8.

Finally, because Dr. McClellan's Supplement Report was served on November 11, 2022, and a three day bench trial is set to begin on December 6, 2022, Lancium has no meaningful opportunity to conduct rebuttal discovery, prepare a supplemental rebuttal report, or prepare for an additional deposition. *See, e.g., Praxair*, 231 F.R.D. at 463-64; *Masimo Corp.*, 2013 WL 2178047, at *12; *INVISTA North America S.a.r.l. v. M&G USA Corp.*, 2013 WL 3216109, at *3-4 (D. Del. June 25, 2013). While BearBox's offer to have Dr. Ehsani provide a supplemental report to address Dr. McClellan's Supplemental Report may cure some prejudice, *see* D.I. 243 at 2 n.4, this would undoubtedly disrupt the trial process. Moreover, in light of the approaching Thanksgiving holiday, such a strained schedule exacerbates the potential prejudice.

The risk of prejudice suffered by Lancium is uncurable in light of the strained schedule and quickly approaching trial. Therefore, because the *Pennypack* factors favor exclusion of Dr. McClellan's Supplemental Report, Lancium's Motion to Strike is granted.

5

WHEREFORE, at Wilmington this 23rd day of November, 2022, **IT IS HEREBY ORDERED** that Lancium's Motion to Strike (D.I. 236) is **GRANTED**, and BearBox's Supplemental Expert Report of Dr. McClellan is **STRICKEN**.

Because the Memorandum Order is filed under seal, the parties shall meet and confer and, no later than November 29, 2022, submit a joint proposed redacted version, accompanied by a supporting memorandum, detailing how, under applicable law, the Court may approve any requested redactions. In the absence of a timely, compliant request, the Court will unseal the entire order.

```
                    _____
                         GREGORY B. WILLIAMS
                       UNITED STATES DISTRICT JUDGE
```