1              IN THE UNITED STATES DISTRICT COURT

2              IN AND FOR THE DISTRICT OF DELAWARE

3
   BEARBOX LLC and AUSTIN STORMS,        )
4              Plaintiffs,               )
   v.                                    )
5                                        )   C.A. No.
   LANCIUM LLC, MICHAEL T.               )   21-534-MN-CJB
6  MCNAMARA, and RAYMOND E. CLINE,       )
   JR.                                   )
7              Defendants.               )

8

9
                              - - - -
10
                         Wilmington, Delaware
11                       Tuesday, November 29, 2022
                         Pretrial Transcript
12                            - - - -
13

14

15
     BEFORE:  HONORABLE GREGORY B. WILLIAMS
16            UNITED STATES DISTRICT COURT JUDGE

17                            - - - -
18

19

20

21

22

23

24
                              Michele L. Rolfe, RPR, CRR
25

1      APPEARANCES:

2

3

4

5                      ASHBY & GEDDES
                       BY: ANDREW C. MAYO, ESQ.

6                          -and-

7                      MARSHALL, GERSTEIN & BORUN LLP
                       BY: BENJAMIN T. HORTON, ESQ.
8                          JOHN LABBE, ESQ.
                               For the Plaintiffs
9

10                     BARNES & THORNBURG LLP
                       BY:  WILLIAM BURTON, ESQ.
11                         MARK C. NELSON, ESQ.
                           ADAM M. KAUFMANN, ESQ.
12                         DERRICK HOOKER, ESQ.
                               For the Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

1                          - - - - -

2                    P R O C E E D I N G S

3

4          (REPORTER'S NOTE:  The following pretrial hearing was

5     held in Courtroom 6-B, beginning at 3:00 p.m.)

6                    THE COURT:  Good afternoon.  You may be seated.

7                    All right.  So we're here for the final pretrial

8     conference in BearBox LLC, et al versus Lancium LLC, et al.

9     Civil Action No. 21-534.

10                    There's a three-day bench trial scheduled to

11    start on Tuesday, December 6th at 9:00 a.m.

12                    So I have reviewed the proposed pretrial order

13    submitted by the parties and I just want to go through

14    and -- go through the various sections and see what needs to

15    be done and then decide on the motions in limine.

16                    So let's start by having counsel put their

17    appearances on the record.

18                    MR. MAYO:  Good afternoon, Your Honor.

19                    THE COURT:  Good afternoon, Mr. Mayo.

20                    MR. MAYO:  Andrew Mayo from Ashby & Geddes on

21    behalf of plaintiffs BearBox and Mr. Austin Storms.  I'm

22    joined today by my co-counsel from Marshall Gerstein Ben

23    Horton and John Labbe.

24                    MR. LABBE:  Good afternoon.

25                    MR. BURTON:  Good afternoon, Your Honor.

1       William Burton of Barnes & Thornburg on behalf of

2       defendants.  With me today is Mark Nelson, Adam Kaufmann and

3       Derrick Hooker all from Barnes & Thornburg and all have been

4       admitted pro hac.

5                   Mr. Stover wanted me to let you know he's with

6       Judge Fallon right now, but he does intend on joining us

7       once that's over.

8                   THE COURT:  Okay.

9                   So first with respect to trial exhibits and

10      objections thereto, I see that the parties have separate

11      list of exhibits.  What I'd like the parties to do is to

12      meet and confer and compile a joint -- a common list of

13      exhibits in an attempt to reach agreement on any remaining

14      objections.

15                  The common list of exhibits should be filed no

16      later than Friday, December 2nd, along with a list of any

17      exhibits that remain in dispute.  And for those that remain

18      in dispute, I want the specific objections to the proposed

19      exhibit with citations and any response to those objections

20      with citations.

21                  With respect -- you know, the purpose is to

22      narrow the objections down as much as possible and to

23      have -- it looks like many of the exhibits are the same, so

24      instead of having plaintiffs and defendants, let's just have

25      a common exhibit list.

                    And then to the extent that there are some

exceptions where you guys just can't reach an agreement,

then we can have them as, you know, Plaintiffs Exhibits and

Defense Exhibits, but the record will be clearer with as

many common exhibits as we can have.

                    Next with respect to demonstrative exhibits, any

party proposing to use demonstrative exhibits during their

examination of witnesses should produce the proposed

demonstrative to the other side at least 24 hours in advance

before its intended use and meet and confer about any

proposed objections.

                    If the parties cannot reach agreement on

demonstratives, it should be brought to the Court's

attention for resolution prior to the start of the hearing

on the proposed demonstratives to be used.

                    Next with respect to witnesses, are there any

significant disputes with respect to the calling of any

witnesses identified by either side that the Court needs to

resolve?

                    In looking at the witness list, none was

apparent to me.

                    MR. NELSON:  Your Honor, there's one issue

that's come up, I don't think it's going to be a problem,

but Rachel Arndt is on the may call list for defendants.  It

came to our attention last night that she is likely

1  unavailable.  She lives in Chicago and her husband is out of

2  town this time period when the trial is going to occur and

3  she doesn't have anybody to watch her kids.

4          I think it's unlikely -- I brought this up to

5  opposing counsel this morning.  I think it's unlikely we

6  will call her, given the current posture of the case, but

7  she is amendable to appearing by Zoom or some other method

8  in the event she were to be called if the Court would

9  consider that.

10          THE COURT:  Okay.  If it is necessary to call

11  her, she's on the may call list, so if it becomes an issue

12  where you need to -- where defendants decide they want to

13  call her, defendants should confer with counsel for

14  plaintiffs to see whether they have any objection to her

15  appearing remotely.  And if you guys can't reach agreement

16  on it, then I'll weigh in on it.  Hopefully the parties will

17  be able to reach agreement if necessary.

18          MR. NELSON:  Thank you, Your Honor.

19          THE COURT:  Any other issues with respect to

20  witnesses?

21          MR. HORTON:  Your Honor, we have designated in

22  the pretrial order that we intend to call in our

23  case-in-chief by deposition some limited deposition

24  designations from two of the defendant's witnesses.  We

25  discussed that with counsel today during a meet and confer,

1    and counsel didn't have a position whether they were going

2    to object or not to that.  So we wanted to raise that as a

3    potential issue as well.

4              THE COURT:  Okay.  So what's the issue with

5    respect to deposition designations?

6              MR. NELSON:  Well, Your Honor, we were -- we

7    wanted some time to research the issue.  It's my experience

8    that some courts permit deposition designations to be played

9    when the witnesses are also present live and other courts do

10   not.  And if plaintiff wants to call an adverse witness in

11   their case-in-chief, then they call the person live.  And I

12   don't know what Your Honor's preference is at all, but we

13   wanted to research the issue to make a decision.

14             THE COURT:  Right.  Did you intend to call these

15   witnesses live as well?

16             MR. HORTON:  No, Your Honor, just limited

17   deposition testimony.  The rule -- the rule on point, we

18   think, on some point here, Your Honor, is Rule 32(a)(3).

19   And the witnesses that we're talking about here, Your Honor,

20   are also parties to the case, and that's what we believe

21   Rule 32(a)(3) covers.

22             THE COURT:  Okay.  Are these witnesses that the

23   defendants will call as well?

24             MR. HORTON:  I believe so, Your Honor, but I --

25             MR. NELSON:  Who is it; is it Cline and

1    McNamara?

2                    MR. HORTON:  Yes, that's correct.

3                    MR. NELSON:  Yeah, I think it's highly likely

4    we'll call both McNamara and Cline.

5                    THE COURT:  Okay.  So if these witnesses are

6    going to be live witnesses, why not just call them as cross

7    in your case-in-chief?

8                    MR. HORTON:  Rule 32(a)(3), Your Honor, says

9    that we can use the parties' testimony taken by deposition

10   for any purpose; and so that's the purpose we'd like to use

11   it for.

12                   We also think it would be more efficient and

13   orderly for those pieces of information and authentication

14   of documents to be done by deposition rather than through,

15   for example, cross-examination or calling an adverse witness

16   live.

17                   THE COURT:  Okay.

18                   All right.  You said you may do it or are you

19   sure you're going to do it?

20                   MR. HORTON:  I think we're sure we're going to

21   do it, Your Honor.

22                   THE COURT:  Okay.

23                   All right.  So, defendants, you wanted some time

24   to look at the issue further.  Let me know your position,

25   defendants, on it by noon on Friday.

```
 1                    MR. NELSON:  Yes, Your Honor.

 2                    One thing that would help us -- and I don't know

 3        if you're willing to do this or not -- was to know what

 4        portions of the depo designations they intend to play.

 5        Because if it's simply authenticating documents or something

 6        like that, you know, that may well be something that we're

 7        more likely to agree to than significant portions of

 8        depositions that we think might be out of context or

 9        whatever.

10                    I don't know if it's something you're willing to

11        do is to tell us what you're going to play in advance so we

12        can have a better feel for whether we're going to object or

13        not.

14                    MR. HORTON:  So, Your Honor, we've exchanged

15        deposition designations, as Your Honor probably knows those

16        start out broad and they get narrowed through the process.

17        We're in the process of narrowing that.  I believe under the

18        current pretrial order that we proposed, we would have to

19        provide the actual designations we intend to play by

20        Saturday.

21                    THE COURT:  Yes.

22                    MR. HORTON:  So that is our plan.

23                    THE COURT:  Okay.

24                    All right.  And then the defendants will have an

25        opportunity to designate their counter-designations.  So it
```

1    sounds like by Saturday plaintiffs will let defendants know

2    the specific designations that they proposed to play.  Is it

3    video as well?

4              MR. HORTON:  That's correct, Your Honor, yes.

5              THE COURT:  Okay.  And then defendants will have

6    the opportunity to counter-designate or raise any objections

7    that you have and if it's -- so why don't we make

8    defendants -- if there's still an issue by Monday morning,

9    you get me your position.  And if it's something that I need

10   to resolve, you'll let me know.

11             MR. NELSON:  That sounds good, Your Honor.

12   Thank you.

13             THE COURT:  Okay.  And the next topic was going

14   to be deposition designations, so parties are going to

15   continue to meet and narrow your deposition designations and

16   any objections to it.

17             Any proposed deposition designations that either

18   side intends to present should be presented to the other

19   side in accordance with the instructions of the Court; and,

20   thereafter, the opposing side has the opportunity to make

21   counter-designations.

22             And if there's still any objections, the parties

23   should bring it to the Court's attention before the day that

24   the counter-designations are proposed to be read into the

25   record.

1              Next is just time allocation.  It's a three-day

2      bench trial, so basically we're dealing with about 20 hours.

3      Each side will be allocated a total of one hour for opening

4      and closings.  Each side will be allocated up to

5      seven-and-a-half hours to present their case or their

6      defense case-in-chief and rebuttal through testimony.  So

7      seven-and-a-half hours total each side.

8              Sidebar objections will be charged to the

9      parties.

10             With respect to openings and closings, you know,

11     it's a bench trial, you can decide whether or not you want

12     to give an opening or closing, but, you know, we'll just set

13     aside one hour.

14             If you decide that you don't want it and would

15     rather have that time in your presentation of your case,

16     just let me know and we can have that time added to you.

17             But the parties should meet and confer about

18     that and let me know about that prior to the start of trial.

19             MR. NELSON:  Your Honor, may I ask a question?

20             THE COURT:  Sure.

21             MR. NELSON:  I think I know the answer, but when

22     you say one hour for openings and closings, do you mean each

23     or the total?

24             THE COURT:  I mean each.

25             MR. NELSON:  So one hour openings and one hour

 1   for closing?

 2               THE COURT:  No, one hour per side.

 3               MR. NELSON:  Okay.

 4               THE COURT:  You can divvy up your hour between

 5   opening and closing as you like.

 6               MR. NELSON:  All right.  Thank you.

 7               THE COURT:  All right.  Moving to the motions in

 8   limine.  I've reviewed the motions in limine.

 9               I'll start with plaintiff's motion in limine

10   one, which is motion in limine to preclude defendants from

11   presenting evidence, testimony or argument at trial about

12   any of their patents, patent applications or inventions

13   other than the '433 patent.

14               That motion in limine is denied.  Evidence of

15   Lancium's '632 application and other evidence of Lancium's

16   patent portfolio is relevant to plaintiff's claims and

17   defendant's defenses thereto, and its probative value is not

18   substantially outweighed by the danger of unfair prejudice.

19               Moving to plaintiff's motion in limine two,

20   which is the motion in limine to preclude defendants from

21   presenting evidence, testimony or argument at trial about

22   any purported conception of any element of the inventions

23   claimed in the '433 patent that defendants withheld during

24   fact discovery.

25               That motion in limine is denied.  Lancium

provided over 30 pages of dates and evidence supporting

their claim of conception of the '433 patent.  Lancium later

provided additional evidence on an element-by-element basis

through Dr. Ehsani's expert report.  After Lancium

supplemented its response to Interrogatory No. 3, BearBox

never moved to compel for any alleged deficiency in the

response, thus Lancium had reason to believe its response

was sufficient.  And the *Pennypack* factors favor inclusion

of the evidence.

Moving to plaintiff's motion in limine number

three, which is motion in limine to preclude defendants from

presenting evidence, testimony or argument at trial

suggesting that plaintiffs cannot prove inventorship or

conversion by relying on nonconfidential information.

That motion in limine is granted in part; denied

in part.  Lancium is able to present evidence, testimony or

argument about the public nature of BearBox's disclosures,

which is relevant to Lancium's defense against BearBox's

claim of joint inventorship, i.e., to prove there was no

collaboration between Lancium, including McNamara and/or

Cline and Mr. Storms.  However, Lancium cannot make blanket

statements that the alleged public nature of BearBox's

disclosures precludes a finding of joint inventorship.  Such

a statement is not supported by the law.  See the

*Dana-Farber* case, 964 F.3d, 1365 at 1371 to 1372.

1           Moving to Lancium's first motion in limine,

2   which is a motion in limine to preclude expert testimony

3   inconsistent with the Court's claim construction ruling and

4   to include new expert testimony or opinions outside the

5   scope of expert's reports.

6           That motion is granted in part; denied in part.

7   Defendant's motion in limine number one is granted in part

8   to the extent it seeks to preclude Dr. McClellan from

9   testifying inconsistently with the Court's *Markman* opinion.

10  Ultimately, any concern of prejudice can be adequately

11  addressed during trial by proper objection or through

12  cross-examination of Dr. McClellan.

13          Defendant's motion in limine number one is

14  denied in part as moot based on the Court's November 23rd

15  order striking Dr. McClellan's supplemental report.

16          Moving to Lancium's motion in limine number two,

17  which is a motion in limine to preclude plaintiffs from

18  using pejorative terms like "thief, theft, steal, stealing

19  or robbery."

20          Defendant's motion in limine number two is

21  denied as moot.  Conversion is no longer a claim to be tried

22  and this is no longer a jury trial.

23          Moving to Lancium's motion in limine number

24  three, motion in limine to preclude any argument or evidence

25  regarding discovery disputes.  The ruling is that neither

1    side should refer to Lancium's source code or any discovery

2    dispute related to such matter.

3              At the same time, Lancium cannot not produce

4    such information but try to use such information in its

5    defense.

6              BearBox cannot refer or attempt to use any

7    discovery the disputes.

8              That's all the rulings on the motions in limine.

9              That is all that I had on my list.

10             Anything else that counsel believes that we need

11   to discuss this afternoon?

12             One thing I need to raise is set up of

13   electronic equipment.  The parties requested that the Court

14   grant them access to the courtroom on Monday, December 5th

15   to allow the parties to set up electronic and computer

16   devices to be used during trial.  That's fine.  There's

17   nothing on the Court's schedule in this courtroom on that

18   date, so the parties will be granted access to set up their

19   electronic equipment.

20             Just call chambers and coordinate to make sure

21   the courtroom is open so that you can set up your equipment.

22             MR. HORTON:  Your Honor, one other -- it may be

23   too early to ask, but we wanted to ask about post-trial

24   briefing for conclusions of law and those findings of fact.

25   We started to discuss this with opposing counsel and we

1    didn't know whether you would prefer sequential briefing or

2    simultaneous briefing.  And I think the one thing we're in

3    agreement on is that we'd like to ask for maybe five to

4    six weeks for the opening briefs to put them a little after

5    the holidays, the next round wouldn't be due until

6    thereafter.  We're sort of in agreement on that.

7                   If that's amendable to Your Honor, we can put a

8    proposed schedule, but I think we need your guidance on your

9    preference for -- I think our preference would be sequential

10   briefing, I can't speak -- we didn't reach an agreement on

11   that aspect of anything, but our preference would be that we

12   would file briefs, they would respond and then we would have

13   an opportunity to reply as well as the plaintiffs.

14                   MR. NELSON:  And so I guess we are in agreement

15   with the other side with respect to trying to have

16   post-trial briefing done sort of after the holidays.  It

17   would be our preference, I think, to have simultaneous

18   briefing or if it is sequential briefing we would get a

19   sur-reply so each side would get the same number of papers.

20                   THE COURT:  Okay.  I'm fine with the schedule

21   after the holidays.

22                   You guys meet and confer and set a proposed

23   order.

24                   With respect to whether simultaneous or

25   sequential, I think it would be more -- it's more productive

1    for the Court to have sequential briefing, but I will grant

2    your request for sur-reply so that each side has the same

3    amount of times to address the Court.

4              MR. NELSON:   Thank you, Your Honor.

5              MR. HORTON:   Okay.  I think with that advice, we

6    can meet and confer and put together a proposal.

7              MR. NELSON:   One more pretrial issue, Your

8    Honor.

9              THE COURT:   Go ahead.

10             MR. NELSON:   How does the Court prefer that we

11   bring up judgment as a matter of law, motion for directed

12   verdict, things like that during the course of once they

13   rest, assuming that we would make such a motion and then

14   again once we rest.

15             THE COURT:   Yes.  Just make your motion orally

16   and let me know that you're making your motion.  I assume

17   that you'll follow up with, you know, written papers.  So if

18   I have it then you can make your motion and hand up your

19   written submission.  If you're going to do it -- a follow

20   up, you know, after your oral -- at some later date, you

21   know, let me know.

22             MR. NELSON:   Okay.  It would be our preference

23   to do it at a later date and make the motions orally at the

24   time just to preserve the record.

25             THE COURT:   Okay.  But they should be -- they

1    will be due within -- the written submissions will be due

2    within five days after the completion of trial.

3                 MR. NELSON:  Five days, Your Honor?

4                 THE COURT:  Yes.  Five -- so seven days, yes.

5    So a week after the completion of the trial.

6                 MR. NELSON:  Thank you, Your Honor.  That's

7    fine.

8                 THE COURT:  Anything else?

9                 MR. HORTON:  I guess I'll raise it, it is our

10   position that there's no such thing as a motion for a

11   directed verdict or for judgment as a matter of law for a

12   bench trial.  I think the rule specifically says with

13   respect to a jury trial, so that would be our position with

14   respect to those motions that they wouldn't be appropriate

15   for a bench trial.

16                THE COURT:  Okay.

17                All right.  We'll take it under advisement.  If

18   that is indeed the law, then it's easy to denial.

19                MR. NELSON:  Okay, thank you, Your Honor.

20                THE COURT:  Anything else?

21                MR. HORTON:  No, Your Honor.

22                THE COURT:  All right.

23                MR. NELSON:  No, Your Honor.

24                THE COURT:  All right.  We will recess.

25                We'll look for your proposed orders and we'll

1    see you for trial on Tuesday.

2                (Whereupon, the following proceeding concluded

3    at 3:26 p.m.)

4                     I hereby certify the foregoing is a true

5    and accurate transcript from my stenographic notes in the

6    proceeding.

7                          /s/ Michele L. Rolfe, RPR, CRR
                              U.S. District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**'**

**'433** [3] - 12:13, 12:23, 13:2
**'632** [1] - 12:15

**/**

**/s** [1] - 19:7

**1**

**1365** [1] - 13:25
**1371** [1] - 13:25
**1372** [1] - 13:25

**2**

**20** [1] - 11:2
**2022** [1] - 1:11
**21-534** [1] - 3:9
**21-534-MN-CJB** [1] - 1:5
**23rd** [1] - 14:14
**24** [1] - 5:9
**29** [1] - 1:11
**2nd** [1] - 4:16

**3**

**3** [1] - 13:5
**30** [1] - 13:1
**32(a)(3** [2] - 7:21, 8:8
**32(a)(3)** [1] - 7:18
**3:00** [1] - 3:5
**3:26** [1] - 19:3

**5**

**5th** [1] - 15:14

**6**

**6-B** [1] - 3:5
**6th** [1] - 3:11

**9**

**964** [1] - 13:25
**9:00** [1] - 3:11

**A**

**a.m** [1] - 3:11
**able** [2] - 6:17, 13:16
**access** [2] - 15:14, 15:18
**accordance** [1] - 10:19
**accurate** [1] - 19:5

**Action** [1] - 3:9
**actual** [1] - 9:19
**Adam** [1] - 4:2
**ADAM** [1] - 2:11
**added** [1] - 11:16
**additional** [1] - 13:3
**address** [1] - 17:3
**addressed** [1] - 14:11
**adequately** [1] - 14:10
**admitted** [1] - 4:4
**advance** [2] - 5:9, 9:11
**adverse** [2] - 7:10, 8:15
**advice** [1] - 17:5
**advisement** [1] - 18:17
**afternoon** [6] - 3:6, 3:18, 3:19, 3:24, 3:25, 15:11
**agree** [1] - 9:7
**agreement** [9] - 4:13, 5:2, 5:12, 6:15, 6:17, 16:3, 16:6, 16:10, 16:14
**ahead** [1] - 17:9
**al** [2] - 3:8
**alleged** [2] - 13:6, 13:22
**allocated** [2] - 11:3, 11:4
**allocation** [1] - 11:1
**allow** [1] - 15:15
**amendable** [2] - 6:7, 16:7
**amount** [1] - 17:3
**AND** [1] - 1:2
**Andrew** [1] - 3:20
**ANDREW** [1] - 2:5
**answer** [1] - 11:21
**apparent** [1] - 5:21
**APPEARANCES** [1] - 2:1
**appearances** [1] - 3:17
**appearing** [2] - 6:7, 6:15
**application** [1] - 12:15
**applications** [1] - 12:12
**appropriate** [1] - 18:14
**argument** [5] - 12:11, 12:21, 13:12, 13:17, 14:24
**Arndt** [1] - 5:24
**Ashby** [1] - 3:20
**ASHBY** [1] - 2:4
**aside** [1] - 11:13
**aspect** [1] - 16:11

**assume** [1] - 17:16
**assuming** [1] - 17:13
**attempt** [2] - 4:13, 15:6
**attention** [3] - 5:14, 5:25, 10:23
**AUSTIN** [1] - 1:3
**Austin** [1] - 3:21
**authenticating** [1] - 9:5
**authentication** [1] - 8:13

**B**

**Barnes** [2] - 4:1, 4:3
**BARNES** [1] - 2:10
**based** [1] - 14:14
**basis** [1] - 13:3
**BearBox** [4] - 3:8, 3:21, 13:5, 15:6
**BEARBOX** [1] - 1:3
**BearBox's** [3] - 13:17, 13:18, 13:22
**becomes** [1] - 6:11
**BEFORE** [1] - 1:15
**beginning** [1] - 3:5
**behalf** [2] - 3:21, 4:1
**believes** [1] - 15:10
**Ben** [1] - 3:22
**bench** [5] - 3:10, 11:2, 11:11, 18:12, 18:15
**BENJAMIN** [1] - 2:7
**better** [1] - 9:12
**between** [2] - 12:4, 13:20
**blanket** [1] - 13:21
**BORUN** [1] - 2:7
**briefing** [8] - 15:24, 16:1, 16:2, 16:10, 16:16, 16:18, 17:1
**briefs** [2] - 16:4, 16:12
**bring** [2] - 10:23, 17:11
**broad** [1] - 9:16
**brought** [2] - 5:13, 6:4
**Burton** [1] - 4:1
**BURTON** [2] - 2:10, 3:25
**BY** [2] - 2:5, 2:10

**C**

**C.A** [1] - 1:5
**cannot** [5] - 5:12, 13:13, 13:21, 15:3, 15:6
**case** [9] - 6:6, 6:23, 7:11, 7:20, 8:7, 11:5, 11:6, 11:15, 13:25

**case-in-chief** [4] - 6:23, 7:11, 8:7, 11:6
**certify** [1] - 19:4
**chambers** [1] - 15:20
**charged** [1] - 11:8
**Chicago** [1] - 6:1
**chief** [4] - 6:23, 7:11, 8:7, 11:6
**citations** [2] - 4:19, 4:20
**Civil** [1] - 3:9
**claim** [4] - 13:2, 13:19, 14:3, 14:21
**claimed** [1] - 12:23
**claims** [1] - 12:16
**clearer** [1] - 5:4
**CLINE** [1] - 1:6
**Cline** [3] - 7:25, 8:4, 13:21
**closing** [3] - 11:12, 12:1, 12:5
**closings** [3] - 11:4, 11:10, 11:22
**co** [1] - 3:22
**co-counsel** [1] - 3:22
**code** [1] - 15:1
**collaboration** [1] - 13:20
**common** [4] - 4:12, 4:15, 4:25, 5:5
**compel** [1] - 13:6
**compile** [1] - 4:12
**completion** [2] - 18:2, 18:5
**computer** [1] - 15:15
**conception** [2] - 12:22, 13:2
**concern** [1] - 14:10
**concluded** [1] - 19:2
**conclusions** [1] - 15:24
**confer** [7] - 4:12, 5:10, 6:13, 6:25, 11:17, 16:22, 17:6
**conference** [1] - 3:8
**consider** [1] - 6:9
**construction** [1] - 14:3
**context** [1] - 9:8
**continue** [1] - 10:15
**conversion** [2] - 13:14, 14:21
**coordinate** [1] - 15:20
**correct** [2] - 8:2, 10:4
**counsel** [8] - 3:16, 3:22, 6:5, 6:13, 6:25, 7:1, 15:10, 15:25
**counter** [4] - 9:25, 10:6, 10:21, 10:24

**counter-designate** [1] - 10:6
**counter-designations** [3] - 9:25, 10:21, 10:24
**course** [1] - 17:12
**Court** [8] - 5:18, 6:8, 10:19, 15:13, 17:1, 17:3, 17:10, 19:7
**COURT** [32] - 1:1, 1:16, 3:6, 3:19, 4:8, 6:10, 6:19, 7:4, 7:14, 7:22, 8:5, 8:17, 8:22, 9:21, 9:23, 10:5, 10:13, 11:20, 11:24, 12:2, 12:4, 12:7, 16:20, 17:9, 17:15, 17:25, 18:4, 18:8, 18:16, 18:20, 18:22, 18:24
**Court's** [6] - 5:13, 10:23, 14:3, 14:9, 14:14, 15:17
**courtroom** [3] - 15:14, 15:17, 15:21
**Courtroom** [1] - 3:5
**courts** [2] - 7:8, 7:9
**covers** [1] - 7:21
**cross** [3] - 8:6, 8:15, 14:12
**cross-examination** [2] - 8:15, 14:12
**CRR** [2] - 1:24, 19:7
**current** [2] - 6:6, 9:18

**D**

**Dana** [1] - 13:25
**Dana-Farber** [1] - 13:25
**danger** [1] - 12:18
**date** [3] - 15:18, 17:20, 17:23
**dates** [1] - 13:1
**days** [3] - 18:2, 18:3, 18:4
**dealing** [1] - 11:2
**December** [3] - 3:11, 4:16, 15:14
**decide** [4] - 3:15, 6:12, 11:11, 11:14
**decision** [1] - 7:13
**defendant's** [5] - 6:24, 12:17, 14:7, 14:13, 14:20
**defendants** [16] - 4:2, 4:24, 5:24, 6:12, 6:13, 7:23, 8:23, 8:25, 9:24, 10:1, 10:5, 10:8, 12:10,

12:20, 12:23, 13:11
**Defendants** [2] - 1:7, 2:12
**defense** [3] - 11:6, 13:18, 15:5
**Defense** [1] - 5:4
**defenses** [1] - 12:17
**deficiency** [1] - 13:6
**DELAWARE** [1] - 1:2
**Delaware** [1] - 1:10
**demonstrative** [3] - 5:6, 5:7, 5:9
**demonstratives** [2] - 5:13, 5:15
**denial** [1] - 18:18
**denied** [6] - 12:14, 12:25, 13:15, 14:6, 14:14, 14:21
**depo** [1] - 9:4
**deposition** [11] - 6:23, 7:5, 7:8, 7:17, 8:9, 8:14, 9:15, 10:14, 10:15, 10:17
**depositions** [1] - 9:8
**Derrick** [1] - 4:3
**DERRICK** [1] - 2:12
**designate** [2] - 9:25, 10:6
**designated** [1] - 6:21
**designations** [13] - 6:24, 7:5, 7:8, 9:4, 9:15, 9:19, 9:25, 10:2, 10:14, 10:15, 10:17, 10:21, 10:24
**devices** [1] - 15:16
**directed** [2] - 17:11, 18:11
**disclosures** [2] - 13:17, 13:23
**discovery** [4] - 12:24, 14:25, 15:1, 15:7
**discuss** [2] - 15:11, 15:25
**discussed** [1] - 6:25
**dispute** [3] - 4:17, 4:18, 15:2
**disputes** [3] - 5:17, 14:25, 15:7
**District** [1] - 19:7
**DISTRICT** [3] - 1:1, 1:2, 1:16
**divvy** [1] - 12:4
**documents** [2] - 8:14, 9:5
**done** [3] - 3:15, 8:14, 16:16
**down** [1] - 4:22
**Dr** [4] - 13:4, 14:8, 14:12, 14:15
**due** [3] - 16:5, 18:1

**during** [6] - 5:7, 6:25, 12:23, 14:11, 15:16, 17:12

### E

**early** [1] - 15:23
**easy** [1] - 18:18
**efficient** [1] - 8:12
**Ehsani's** [1] - 13:4
**either** [2] - 5:18, 10:17
**electronic** [3] - 15:13, 15:15, 15:19
**element** [2] - 12:22, 13:3
**element-by-element** [1] - 13:3
**equipment** [3] - 15:13, 15:19, 15:21
**ESQ** [7] - 2:5, 2:7, 2:8, 2:10, 2:11, 2:11, 2:12
**et** [2] - 3:8
**event** [1] - 6:8
**evidence** [10] - 12:11, 12:14, 12:15, 12:21, 13:1, 13:3, 13:9, 13:12, 13:16, 14:24
**examination** [3] - 5:8, 8:15, 14:12
**example** [1] - 8:15
**exceptions** [1] - 5:2
**exchanged** [1] - 9:14
**exhibit** [2] - 4:19, 4:25
**exhibits** [9] - 4:9, 4:11, 4:13, 4:15, 4:17, 4:23, 5:5, 5:6, 5:7
**Exhibits** [2] - 5:3, 5:4
**experience** [1] - 7:7
**expert** [3] - 13:4, 14:2, 14:4
**expert's** [1] - 14:5
**extent** [2] - 5:1, 14:8

### F

**F.3d** [1] - 13:25
**fact** [2] - 12:24, 15:24
**factors** [1] - 13:8
**Fallon** [1] - 4:6
**Farber** [1] - 13:25
**favor** [1] - 13:8
**file** [1] - 16:12
**filed** [1] - 4:15
**final** [1] - 3:7
**findings** [1] - 15:24
**fine** [3] - 15:16, 16:20, 18:7
**first** [2] - 4:9, 14:1

**five** [4] - 16:3, 18:2, 18:3, 18:4
**follow** [2] - 17:17, 17:19
**following** [2] - 3:4, 19:2
**FOR** [1] - 1:2
**foregoing** [1] - 19:4
**Friday** [2] - 4:16, 8:25

### G

**Geddes** [1] - 3:20
**GEDDES** [1] - 2:4
**Gerstein** [1] - 3:22
**GERSTEIN** [1] - 2:7
**given** [1] - 6:6
**grant** [2] - 15:14, 17:1
**granted** [4] - 13:15, 14:6, 14:7, 15:18
**GREGORY** [1] - 1:15
**guess** [2] - 16:14, 18:9
**guidance** [1] - 16:8
**guys** [3] - 5:2, 6:15, 16:22

### H

**hac** [1] - 4:4
**half** [2] - 11:5, 11:7
**hand** [1] - 17:18
**hearing** [2] - 3:4, 5:14
**held** [1] - 3:5
**help** [1] - 9:2
**hereby** [1] - 19:4
**highly** [1] - 8:3
**holidays** [3] - 16:5, 16:16, 16:21
**Honor** [27] - 3:18, 3:25, 5:22, 6:18, 6:21, 7:6, 7:16, 7:18, 7:19, 7:24, 8:8, 8:21, 9:1, 9:14, 9:15, 10:4, 10:11, 11:19, 15:22, 16:7, 17:4, 17:8, 18:3, 18:6, 18:19, 18:21, 18:23
**Honor's** [1] - 7:12
**HONORABLE** [1] - 1:15
**HOOKER** [1] - 2:12
**Hooker** [1] - 4:3
**hopefully** [1] - 6:16
**HORTON** [14] - 2:7, 6:21, 7:16, 7:24, 8:2, 8:8, 8:20, 9:14, 9:22, 10:4, 15:22, 17:5, 18:9, 18:21
**Horton** [1] - 3:23
**hour** [7] - 11:3, 11:13,

11:22, 11:25, 12:2, 12:4
**hours** [4] - 5:9, 11:2, 11:5, 11:7
**husband** [1] - 6:1

### I

**i.e** [1] - 13:19
**identified** [1] - 5:18
**IN** [2] - 1:1, 1:2
**include** [1] - 14:4
**including** [1] - 13:20
**inclusion** [1] - 13:8
**inconsistent** [1] - 14:3
**inconsistently** [1] - 14:9
**indeed** [1] - 18:18
**information** [4] - 8:13, 13:14, 15:4
**instead** [1] - 4:24
**instructions** [1] - 10:19
**intend** [5] - 4:6, 6:22, 7:14, 9:4, 9:19
**intended** [1] - 5:10
**intends** [1] - 10:18
**Interrogatory** [1] - 13:5
**inventions** [2] - 12:12, 12:22
**inventorship** [3] - 13:13, 13:19, 13:23
**issue** [9] - 5:22, 6:11, 7:3, 7:4, 7:7, 7:13, 8:24, 10:8, 17:7
**issues** [1] - 6:19

### J

**John** [1] - 3:23
**JOHN** [1] - 2:8
**joined** [1] - 3:22
**joining** [1] - 4:6
**joint** [3] - 4:12, 13:19, 13:23
**JR** [1] - 1:6
**Judge** [1] - 4:6
**JUDGE** [1] - 1:16
**judgment** [2] - 17:11, 18:11
**jury** [2] - 14:22, 18:13

### K

**KAUFMANN** [1] - 2:11
**Kaufmann** [1] - 4:2
**kids** [1] - 6:3
**knows** [1] - 9:15

### L

**LABBE** [2] - 2:8, 3:24
**Labbe** [1] - 3:23
**Lancium** [9] - 3:8, 12:25, 13:2, 13:4, 13:7, 13:16, 13:20, 13:21, 15:3
**LANCIUM** [1] - 1:5
**Lancium's** [7] - 12:15, 13:18, 14:1, 14:16, 14:23, 15:1
**last** [1] - 5:25
**law** [5] - 13:24, 15:24, 17:11, 18:11, 18:18
**least** [1] - 5:9
**likely** [3] - 5:25, 8:3, 9:7
**limine** [22] - 3:15, 12:8, 12:9, 12:10, 12:14, 12:19, 12:20, 12:25, 13:10, 13:11, 13:15, 14:1, 14:2, 14:7, 14:13, 14:16, 14:17, 14:20, 14:23, 14:24, 15:8
**limited** [2] - 6:23, 7:16
**list** [9] - 4:11, 4:12, 4:15, 4:16, 4:25, 5:20, 5:24, 6:11, 15:9
**live** [5] - 7:9, 7:11, 7:15, 8:6, 8:16
**lives** [1] - 6:1
**LLC** [4] - 1:3, 1:5, 3:8
**LLP** [2] - 2:7, 2:10
**look** [2] - 8:24, 18:25
**looking** [1] - 5:20
**looks** [1] - 4:23

### M

**MARK** [1] - 2:11
**Mark** [1] - 4:2
**Markman** [1] - 14:9
**Marshall** [1] - 3:25
**MARSHALL** [1] - 2:7
**matter** [3] - 15:2, 17:11, 18:11
**Mayo** [2] - 3:19, 3:20
**MAYO** [3] - 2:5, 3:18, 3:20
**McClellan** [2] - 14:8, 14:12
**McClellan's** [1] - 14:15
**McNamara** [3] - 8:1, 8:4, 13:20
**MCNAMARA** [1] - 1:6
**mean** [2] - 11:22,

11:24
**meet** [7] - 4:12, 5:10, 6:25, 10:15, 11:17, 16:22, 17:6
**method** [1] - 6:7
**MICHAEL** [1] - 1:5
**Michele** [2] - 1:24, 19:7
**might** [1] - 9:8
**Monday** [2] - 10:8, 15:14
**moot** [2] - 14:14, 14:21
**morning** [2] - 6:5, 10:8
**motion** [25] - 12:9, 12:10, 12:14, 12:19, 12:20, 12:25, 13:10, 13:11, 13:15, 14:1, 14:2, 14:6, 14:7, 14:13, 14:16, 14:17, 14:20, 14:23, 14:24, 17:11, 17:13, 17:15, 17:16, 17:18, 18:10
**motions** [6] - 3:15, 12:7, 12:8, 15:8, 17:23, 18:14
**moved** [1] - 13:6
**moving** [6] - 12:7, 12:19, 13:10, 14:1, 14:16, 14:23
**MR** [37] - 3:18, 3:20, 3:24, 3:25, 5:22, 6:18, 6:21, 7:6, 7:16, 7:24, 7:25, 8:2, 8:3, 8:8, 8:20, 9:1, 9:14, 9:22, 10:4, 10:11, 11:19, 11:21, 11:25, 12:3, 12:6, 16:14, 17:4, 17:5, 17:7, 17:10, 17:22, 18:3, 18:6, 18:9, 18:19, 18:21, 18:23

### N

**narrow** [2] - 4:22, 10:15
**narrowed** [1] - 9:16
**narrowing** [1] - 9:17
**nature** [2] - 13:17, 13:22
**necessary** [2] - 6:10, 6:17
**need** [5] - 6:12, 10:9, 15:10, 15:12, 16:8
**needs** [2] - 3:14, 5:18
**Nelson** [1] - 4:2
**NELSON** [22] - 2:11, 5:22, 6:18, 7:6, 7:25, 8:3, 9:1, 10:11,

11:19, 11:21, 11:25, 12:3, 12:6, 16:14, 17:4, 17:7, 17:10, 17:22, 18:3, 18:6, 18:19, 18:23
**never** [1] - 13:6
**new** [1] - 14:4
**next** [5] - 5:6, 5:16, 10:13, 11:1, 16:5
**night** [1] - 5:25
**nonconfidential** [1] - 13:14
**none** [1] - 5:20
**noon** [1] - 8:25
**NOTE** [1] - 3:4
**notes** [1] - 19:5
**nothing** [1] - 15:17
**November** [2] - 1:11, 14:14
**number** [7] - 13:10, 14:7, 14:13, 14:16, 14:20, 14:23, 16:19

### O

**object** [2] - 7:2, 9:12
**objection** [2] - 6:14, 14:11
**objections** [10] - 4:10, 4:14, 4:18, 4:19, 4:22, 5:11, 10:6, 10:16, 10:22, 11:8
**occur** [1] - 6:2
**OF** [1] - 1:2
**once** [3] - 4:7, 17:12, 17:14
**one** [15] - 5:22, 9:2, 11:3, 11:13, 11:22, 11:25, 12:2, 12:10, 14:7, 14:13, 15:12, 15:22, 16:2, 17:7
**open** [1] - 15:21
**opening** [4] - 11:3, 11:12, 12:5, 16:4
**openings** [3] - 11:10, 11:22, 11:25
**opinion** [1] - 14:9
**opinions** [1] - 14:4
**opportunity** [4] - 9:25, 10:6, 10:20, 16:13
**opposing** [3] - 6:5, 10:20, 15:25
**oral** [1] - 17:20
**orally** [2] - 17:15, 17:23
**order** [5] - 3:12, 6:22, 9:18, 14:15, 16:23
**orderly** [1] - 8:13
**orders** [1] - 18:25
**outside** [1] - 14:4

**outweighed** [1] - 12:18

### P

**p.m** [2] - 3:5, 19:3
**pages** [1] - 13:1
**papers** [2] - 16:19, 17:17
**part** [6] - 13:15, 13:16, 14:6, 14:7, 14:14
**parties** [13] - 3:13, 4:10, 4:11, 5:12, 6:16, 7:20, 10:14, 10:22, 11:9, 11:17, 15:13, 15:15, 15:18
**parties'** [1] - 8:9
**party** [1] - 5:7
**patent** [5] - 12:12, 12:13, 12:16, 12:23, 13:2
**patents** [1] - 12:12
**pejorative** [1] - 14:18
**Pennypack** [1] - 13:8
**per** [1] - 12:2
**period** [1] - 6:2
**permit** [1] - 7:8
**person** [1] - 7:11
**pieces** [1] - 8:13
**plaintiff** [1] - 7:10
**plaintiff's** [4] - 12:9, 12:16, 12:19, 13:10
**plaintiffs** [7] - 3:21, 4:24, 6:14, 10:1, 13:13, 14:17, 16:13
**Plaintiffs** [3] - 1:4, 2:8, 5:3
**plan** [1] - 9:22
**play** [4] - 9:4, 9:11, 9:19, 10:2
**played** [1] - 7:8
**point** [2] - 7:17, 7:18
**portfolio** [1] - 12:16
**portions** [2] - 9:4, 9:7
**position** [5] - 7:1, 8:24, 10:9, 18:10, 18:13
**possible** [1] - 4:22
**post** [2] - 15:23, 16:16
**post-trial** [2] - 15:23, 16:16
**posture** [1] - 6:6
**potential** [1] - 7:3
**preclude** [7] - 12:10, 12:20, 13:11, 14:2, 14:8, 14:17, 14:24
**precludes** [1] - 13:23
**prefer** [2] - 16:1, 17:10
**preference** [6] - 7:12, 16:9, 16:11, 16:17,

17:22
**prejudice** [2] - 12:18, 14:10
**present** [4] - 7:9, 10:18, 11:5, 13:16
**presentation** [1] - 11:15
**presented** [1] - 10:18
**presenting** [3] - 12:11, 12:21, 13:12
**preserve** [1] - 17:24
**Pretrial** [1] - 1:11
**pretrial** [6] - 3:4, 3:7, 3:12, 6:22, 9:18, 17:7
**pro** [1] - 4:4
**probative** [1] - 12:17
**problem** [1] - 5:23
**proceeding** [2] - 19:2, 19:6
**process** [2] - 9:16, 9:17
**produce** [2] - 5:8, 15:23
**productive** [1] - 16:25
**proper** [1] - 14:11
**proposal** [1] - 17:6
**proposed** [12] - 3:12, 4:18, 5:8, 5:11, 5:15, 9:18, 10:2, 10:17, 10:24, 16:8, 16:22, 18:25
**proposing** [1] - 5:7
**prove** [2] - 13:13, 13:19
**provide** [1] - 9:19
**provided** [2] - 13:1, 13:3
**public** [2] - 13:17, 13:22
**purported** [1] - 12:22
**purpose** [3] - 4:21, 8:10
**put** [4] - 3:16, 16:4, 16:7, 17:6

### R

**Rachel** [1] - 5:24
**raise** [4] - 7:2, 10:6, 15:12, 18:9
**rather** [2] - 8:14, 11:15
**RAYMOND** [1] - 1:6
**reach** [6] - 4:13, 5:2, 5:12, 6:15, 6:17, 16:10
**read** [1] - 10:24
**reason** [1] - 13:7
**rebuttal** [1] - 11:5
**recess** [1] - 18:24
**record** [4] - 3:17, 5:4,

10:25, 17:24
**refer** [2] - 15:1, 15:6
**regarding** [1] - 14:25
**related** [1] - 15:2
**relevant** [2] - 12:16, 13:18
**relying** [1] - 13:14
**remain** [2] - 4:17
**remaining** [1] - 4:13
**remotely** [1] - 6:15
**reply** [3] - 16:13, 16:19, 17:2
**report** [2] - 13:4, 14:15
**REPORTER'S** [1] - 3:4
**reports** [1] - 14:5
**request** [1] - 17:2
**requested** [1] - 15:13
**research** [2] - 7:7, 7:13
**resolution** [1] - 5:14
**resolve** [2] - 5:19, 10:10
**respect** [12] - 4:9, 4:21, 5:6, 5:16, 5:17, 6:19, 7:5, 11:10, 16:15, 16:24, 18:13, 18:14
**respond** [1] - 16:12
**response** [4] - 4:19, 13:5, 13:7
**rest** [2] - 17:13, 17:14
**reviewed** [2] - 3:12, 12:8
**robbery** [1] - 14:19
**Rolfe** [2] - 1:24, 19:7
**round** [1] - 16:5
**RPR** [2] - 1:24, 19:7
**rule** [3] - 7:17, 18:12
**Rule** [3] - 7:18, 7:21, 8:8
**ruling** [2] - 14:3, 14:25
**rulings** [1] - 15:8

### S

**Saturday** [2] - 9:20, 10:1
**schedule** [3] - 15:17, 16:8, 16:20
**scheduled** [1] - 3:10
**scope** [1] - 14:5
**seated** [1] - 3:6
**sections** [1] - 3:14
**see** [5] - 3:14, 4:10, 6:14, 13:24, 19:1
**seeks** [1] - 14:8
**separate** [1] - 4:10
**sequential** [5] - 16:1, 16:9, 16:18, 16:25, 17:1

**set** [6] - 11:12, 15:12, 15:15, 15:18, 15:21, 16:22
**seven** [3] - 11:5, 11:7, 18:4
**seven-and-a-half** [2] - 11:5, 11:7
**side** [13] - 5:9, 5:18, 10:18, 10:19, 10:20, 11:3, 11:4, 11:7, 12:2, 15:1, 16:15, 16:19, 17:2
**sidebar** [1] - 11:8
**significant** [2] - 5:17, 9:7
**simply** [1] - 9:5
**simultaneous** [3] - 16:2, 16:17, 16:24
**six** [1] - 16:4
**sort** [2] - 16:6, 16:16
**sounds** [2] - 10:1, 10:11
**source** [1] - 15:1
**specific** [2] - 4:18, 10:2
**specifically** [1] - 18:12
**start** [6] - 3:11, 3:16, 5:14, 9:16, 11:18, 12:9
**started** [1] - 15:25
**statement** [1] - 13:24
**statements** [1] - 13:22
**STATES** [2] - 1:1, 1:16
**steal** [1] - 14:18
**stealing** [1] - 14:18
**stenographic** [1] - 19:5
**still** [2] - 10:8, 10:22
**storms** [1] - 13:21
**Storms** [1] - 3:21
**STORMS** [1] - 1:3
**stover** [1] - 4:5
**striking** [1] - 14:15
**submission** [1] - 17:19
**submissions** [1] - 18:1
**submitted** [1] - 3:13
**substantially** [1] - 12:18
**sufficient** [1] - 13:8
**suggesting** [1] - 13:13
**supplemental** [1] - 14:15
**supplemented** [1] - 13:5
**supported** [1] - 13:24
**supporting** [1] - 13:1
**sur** [2] - 16:19, 17:2
**sur-reply** [2] - 16:19,

17:2

## T

**terms** [1] - 14:18
**testifying** [1] - 14:9
**testimony** [9] - 7:17, 8:9, 11:6, 12:11, 12:21, 13:12, 13:16, 14:2, 14:4
**THE** [32] - 1:1, 1:2, 3:6, 3:19, 4:8, 6:10, 6:19, 7:4, 7:14, 7:22, 8:5, 8:17, 8:22, 9:21, 9:23, 10:5, 10:13, 11:20, 11:24, 12:2, 12:4, 12:7, 16:20, 17:9, 17:15, 17:25, 18:4, 18:8, 18:16, 18:20, 18:22, 18:24
**theft** [1] - 14:18
**thereafter** [2] - 10:20, 16:6
**thereto** [2] - 4:10, 12:17
**thief** [1] - 14:18
**Thornburg** [2] - 4:1, 4:3
**THORNBURG** [1] - 2:10
**three** [4] - 3:10, 11:1, 13:11, 14:24
**three-day** [2] - 3:10, 11:1
**today** [3] - 3:22, 4:2, 6:25
**together** [1] - 17:6
**topic** [1] - 10:13
**total** [3] - 11:3, 11:7, 11:23
**town** [1] - 6:2
**Transcript** [1] - 1:11
**transcript** [1] - 19:5
**trial** [20] - 3:10, 4:9, 6:2, 11:2, 11:11, 11:18, 12:11, 12:21, 13:12, 14:11, 14:22, 15:16, 15:23, 16:16, 18:2, 18:5, 18:12, 18:13, 18:15, 19:1
**tried** [1] - 14:21
**true** [1] - 19:4
**try** [1] - 15:4
**trying** [1] - 16:15
**Tuesday** [3] - 1:11, 3:11, 19:1
**two** [4] - 6:24, 12:19, 14:16, 14:20

## U

**U.S** [1] - 19:7
**ultimately** [1] - 14:10
**unavailable** [1] - 6:1
**under** [2] - 9:17, 18:17
**unfair** [1] - 12:18
**UNITED** [2] - 1:1, 1:16
**unlikely** [2] - 6:4, 6:5
**up** [12] - 5:23, 6:4, 11:4, 12:4, 15:12, 15:15, 15:18, 15:21, 17:11, 17:17, 17:18, 17:20

## V

**value** [1] - 12:17
**various** [1] - 3:14
**verdict** [2] - 17:12, 18:11
**versus** [1] - 3:8
**video** [1] - 10:3

## W

**wants** [1] - 7:10
**watch** [1] - 6:3
**week** [1] - 18:5
**weeks** [1] - 16:4
**weigh** [1] - 6:16
**WILLIAM** [1] - 2:10
**William** [1] - 4:1
**WILLIAMS** [1] - 1:15
**willing** [2] - 9:3, 9:10
**Wilmington** [1] - 1:10
**withheld** [1] - 12:23
**witness** [3] - 5:20, 7:10, 8:15
**witnesses** [11] - 5:8, 5:16, 5:18, 6:20, 6:24, 7:9, 7:15, 7:19, 7:22, 8:5, 8:6
**written** [3] - 17:17, 17:19, 18:1

## Z

**Zoom** [1] - 6:7