# EXHIBIT 1

## Kaufmann, Adam

| | |
|---|---|
| **From:** | Nelson, Mark |
| **Sent:** | Monday, October 31, 2022 4:50 PM |
| **To:** | Benjamin T. Horton; John R. Labbe; Andrew Mayo |
| **Cc:** | Stover, Chad; Kaufmann, Adam |
| **Subject:** | BearBox et al v. Lancium et al |
| **Attachments:** | Letter.pdf |

Ben,

Please see attached correspondence.  -mark

**Mark Nelson** | Partner
Barnes & Thornburg LLP
2121 N. Pearl Street Suite 700, Dallas, TX 75201
Direct: (214) 258-4140  | Mobile: (214) 796-1319

   



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis
New Jersey | New York | Ohio | Philadelphia | Raleigh | Salt Lake City | Texas | Washington, D.C.

Learn more about our COVID-19 Resources

1


**BARNES & THORNBURG** LLP

2121 N. Pearl Street, Suite 700<br>
Dallas, TX 75201 U.S.A.<br>
(214) 258-4200<br>
Fax: (214) 258-4199<br><br>
www.btlaw.com

Mark C. Nelson
Partner
(214) 258-4140
mark.nelson@btlaw.com

October 31, 2022

<u>**Via Email**</u>
Benjamin T. Horton
Marshall, Gerstein & Borun LLP
233 S. Wacker Dr.
6300 Willis Tower
Chicago, IL 60606-6357
bhorton@marshallip.com

Re:   *BearBox LLC, et al. v. Lancium LLC, et al.*, C.A. No. 21-534-GBW-CJB

Dear Ben:

I write regarding Plaintiffs' failure to comply with its obligation to perform an inquiry reasonable under the circumstances for its legal contentions, both prior to asserting its claims and as an ongoing obligation during litigation. This failure is evidenced by, among other things, at least the court's ruling in Lancium's favor on numerous motions, the latest of which is the court's claim construction ruling (D.I. 218 & 219) that fully adopted Lancium's proposed constructions. Lancium reserves its right to pursue fees and costs for the entire case, but fully intends to pursue such with respect to Plaintiffs' inventorship claims to the extent Plaintiffs' continue to pursue them in light of the court's claim construction. Put simply, by this letter, Defendants put Plaintiffs on notice that Plaintiffs do not have a good faith basis to continue to assert their inventorship claims after the Court's claim construction ruling. Defendants, therefore, request that Plaintiffs withdraw their inventorship claims immediately, and with prejudice.

As you are aware, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2012). An exceptional case is one that, under the totality of the circumstances, "stands out from others with respect to the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014). "[A] case is exceptional when a party continues to litigate claims that have become baseless in view of a district court's claim construction opinion." *Innovation Scis., LLC v. Amazon.com*, Inc., 842 F. App'x 555, 557 (Fed. Cir. 2021). Additionally, under its inherent power, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quotation omitted). Lastly, a

October 31, 2022
Page 2

court may impose sanctions pursuant to Rule 11 for pursuance of claims no longer tenable. *See, e.g., Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356, 1362 (Fed. Cir. 2003) (affirming district court's grant of Rule 11 sanctions after plaintiff continued pursuit of claims no longer tenable after adverse claim construction ruling).

Plaintiffs' Second Amended Complaint (D.I. 103) asserts claims for sole inventorship (Count I) or alternatively for joint inventorship (Count II) of U.S. Patent No. 10,608,433 (the "'433 patent"). The Court's claim construction opinion and order explicitly rejects Plaintiffs' claim construction positions and wholly adopts Lancium's constructions. *See* D.I. 218 & 219. Thus, to the extent Plaintiffs ever had good faith basis to assert their inventorship claims, the court's claim construction ruling extinguished such basis. And, as such, any further pursuit of these claims is objectively unreasonable, baseless, and frivolous. Accordingly, while Lancium reserves its right to seek fees and costs for the entire case, Lancium intends to seek such for any further pursuit by Plaintiffs of their inventorship claims the extent applicable and allowed by law, including but not limited to 35 U.S.C. § 285, the court's inherent powers, Rule 11, and 28 U.S.C. § 1927.

Very truly,

*Mark Nelson*

Mark C. Nelson

**BARNES & THORNBURG** LLP