# EXHIBIT 6

```
                         IN THE UNITED STATES DISTRICT COURT

                         IN AND FOR THE DISTRICT OF DELAWARE


BEARBOX LLC and AUSTIN STORMS,          )
         Plaintiffs,                    )
v.                                      )
                                        )   C.A. No.
LANCIDM LLC, MICHAEL T.                 )   21-534-MN-CJB
MCNAMARA, and RAYMOND E. CLINE,         )
JR.                                     )
         Defendants.                    )


                                   - - - -

                         Wilmington, Delaware
                         Thursday, October 20, 2022
                         Markman Transcript

                                   - - - -



   BEFORE:   HONORABLE GREGORY B. WILLIAMS
             UNITED STATES DISTRICT COURT JUDGE


                                   - - - -







                                         Michele L. Rolfe, RPR, CRR
```

```
 1    APPEARANCES:

 2

 3

 4
                  ASHBY & GEDDES
 5                BY: ANDREW C. MAYO, ESQ.

 6                    -and-

 7                MARSHALL, GERSTEIN & BORUN LLP
                  BY: BENJAMIN T. HORTON, ESQ.
 8
                          For the Plaintiffs
 9

10                BARNES & THORNBURG LLP
                  BY:   CHAD S.C. STOVER, ESQ.
11                      MARK C. NELSON, ESQ.
                        ADAM M. KAUFMANN, ESQ.
12
                          For the Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        - - - - -
 2                     P R O C E E D I N G S
 3           (REPORTER'S NOTE:  The following Markman hearing was
 4   held in Courtroom 6-B, beginning at 10:00 a.m.)
 5              THE COURT:  Good morning.  We are here this
 6   morning to conduct a claim construction of two claims of the
 7   patent issue in BearBox LLC, et al versus Lancium LLC, et
 8   al.  21-534.
 9              The defendant has identified two claim terms
10   that it believes needs to be construed by the Court for
11   purposes of deciding at least one of the summary judgment
12   motions that's pending, and that is the reason why we're
13   here.  The Court as allocated an hour for this claim
14   construction to be divided equally between the two sides.
15              So with that introduction, have the parties
16   discussed, has counsel discussed who wants to go first and
17   whether we'll go -- I'd like to go term-by-term.
18              I know typically plaintiff goes first, but
19   defendant asked for the claim construction, so have you guys
20   discussed that between yourselves?
21              MR. NELSON:  This is Mr. Nelson for defendants.
22   No, we have not actually discussed that between ourselves.
23   I guess it would be our preference for plaintiffs to go
24   first, but, you know, we're at the Court's -- whatever the
25   Court wants to decide is fine with us.
```

1       THE COURT:  So are you saying that what the

2  dispute is whether that zero can just be during some

3  interval, during the total interval of the power option

4  agreement or whether you're saying it can be zero at all

5  times?

6       MR. HORTON:  So the specification doesn't

7  expound upon that.  Defense counsel's point about well, if

8  it was always zeros all the time there wouldn't be much of

9  an invention there, you know, that's well taken.  But I

10 think the specification is clear that a minimum power

11 threshold may be zero.

12      Now the claim requires a set of minimum power

13 thresholds associated with a set of time intervals.  And so

14 the implication there is it may be zero for one or more of

15 those, but not all.  And so what we just want to be clear

16 about is a minimum power threshold can be zero.

17      And for the other portion, the strikethrough

18 portion there, again we're striking through "must use during

19 associated time period."  Again, it's this "must use."

20 Nobody contests that the context of this invention more

21 often than not, if not always, is going to be in the context

22 of consuming power by the load.  But the claims don't

23 require it.  The claims meet up to it.

24      And Mr. Nelson pointed to the last limitation

25 there:  Providing instructions to the set of computing

1  systems to perform one or more computational operations.

2  What the claim does not say is the computing systems wherein

3  perform computation operations.  The system here that's

4  being claimed is setting it all up; it's setting the table

5  for what happens next.

6          And, again, this is just sort of a slide to

7  remind me, Your Honor, to state, again, that our position --

8  and we've laid this out in the summary judgment briefing --

9  is that even under Lancium's proposed plain and ordinary

10 meaning for these terms, which is large, unwieldy, and at

11 times redundant, we think reading in a limitation, is still

12 not dispositive on summary judgment.

13         We've laid out our case that Dr. McClellan, the

14 evidence supports conception and communication of that

15 invention to Lancium, even if "use" is read into the claims.

16         Any questions, Your Honor?

17         THE COURT:  Not at this time.

18         MR. HORTON:  Thank you.

19         MR. NELSON:  So let's go to slide 33.  And so

20 really what a lot of this dispute boils down to is trying to

21 read the -- at least in our view, the purpose of the patent

22 out of the patent.

23         The whole idea of the structure that's set up in

24 Claim 1 is that you have a system that requires ultimately

25 the load to use a certain amount of power.  Because if the

1    parties have had the opportunity to present their positions
2    to the Court with the appropriate support.
3             MR. HORTON:  Thank you, Your Honor.
4             MR. NELSON:  May I say one thing, Your Honor,
5    I'll be really quick, I promise.
6             So the claims were different, you know, when we
7    talked about bifurcation before.  And also the statement
8    counsel made about the issues being interrelated, I'm not
9    sure they are, because the statements that were made to
10   overcome our preemption argument --
11            THE COURT:  Again, I don't want to --
12            MR. NELSON:  I'll stop there.
13            THE COURT:  All right.
14            Thank you all.
15            ALL COUNSEL:  Thank you, Your Honor.
16            (Whereupon, the following proceeding concluded
17   at 11:08 p.m.)
18                 I hereby certify the foregoing is a true
19   and accurate transcript from my stenographic notes in the
20   proceeding.
21                           /s/ Michele L. Rolfe, RPR, CRR
                                 U.S. District Court
22
23
24
25