# EXHIBIT 3

1

2                        IN THE UNITED STATES DISTRICT COURT

                         IN AND FOR THE DISTRICT OF DELAWARE

3

4   BEARBOX LLC and AUSTIN STORMS,        )
              Plaintiffs,                  )
5   v.                                     )
                                           )   C.A. No.
6   LANCIDM LLC, MICHAEL T.                )   21-534-MN-CJB
    MCNAMARA, and RAYMOND E. CLINE,        )
7   JR.                                    )
              Defendants.                  )

8

9

10                               - - - -

11                        Wilmington, Delaware
                          Thursday, October 20, 2022
12                        Markman Transcript

13                               - - - -

14

15

16    BEFORE:  HONORABLE GREGORY B. WILLIAMS
               UNITED STATES DISTRICT COURT JUDGE
17

18                               - - - -

19

20

21

22

23

24

25                              Michele L. Rolfe, RPR, CRR

```
 1    APPEARANCES:

 2

 3

 4
                      ASHBY & GEDDES
 5                    BY: ANDREW C. MAYO, ESQ.

 6                        -and-

 7                    MARSHALL, GERSTEIN & BORUN LLP
                      BY: BENJAMIN T. HORTON, ESQ.
 8
                              For the Plaintiffs
 9

10                    BARNES & THORNBURG LLP
                      BY:  CHAD S.C. STOVER, ESQ.
11                         MARK C. NELSON, ESQ.
                           ADAM M. KAUFMANN, ESQ.
12
                              For the Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    in our papers?

2            MR. HORTON:  I wouldn't say that it is

3    inconsistent, Your Honor, I think it's an attempt to try to

4    simplify the issues for the Court in the sense that we can

5    reach a construction that everyone can agree on and so we

6    can advance the case.  I don't think it's inconsistent, I

7    think it might be an attempt at a compromise.

8            THE COURT:  Okay.

9            MR. HORTON:  The struck through language below

10   minimum power threshold, Your Honor, is a combination of

11   some redundancy, it's further describing a minimum power

12   threshold.  It includes a limitation that we think is being

13   read into the claims that is not present in the plain

14   language of the claims, and that is the requirement that the

15   load must use at least the amount of power subject to the

16   option.  I'll explain a little bit why that's the case.

17           Looking at representative Claim 1, Your Honor,

18   the claims do not require power consumption.  There's no

19   limitation here that they do.  I don't think anyone is

20   contesting or, you know, doesn't realize that the typical

21   context in which this invention would be used is one in

22   which power is consumed.  But the claims don't require it,

23   the claims require a set of computing systems, a control

24   system configured to monitor conditions, receive power

25   option data based on a power option agreement, set minimum

1    power thresholds, link those minimum power threshold to time

2    intervals, determine a performance strategy, and then set

3    power consumption targets based on the performance strategy

4    and then provide instructions.  At no point in the claim

5    does it say power is consumed.  It stops short of that.  So

6    reading in that limitation we think would run afoul of one

7    of the canons of claim construction.

8              And so a little bit more walking through why

9    we're proposing to strikethrough the last half of the

10   purposed construction that Lancium has proffered.

11             We think the first part of the construction

12   takes care of all of it, where it says:  "The delivery of

13   power to a load where the load provides the power entity

14   with the option to reduce the amount of power delivered..."

15             If delivery of power is reduced by X, then it

16   necessarily follows that X amount of power is already being

17   delivered.  It doesn't need to be any more complicated than

18   that.

19             It's unclear what Lancium means by "use" in the

20   struck through language; use of power is not required by the

21   claims.  And the word "use" is inconsistent with the

22   patent's repeated discussion of consumption to the extent

23   those two terms are different.

24             And, finally, power can be consumed in crypto

25   mining as taught in the patent -- and, again, this is not

1    buy power at a certain price is much closer to a power

2    purchase agreement; it reads the option out of power option

3    agreement completely.

4              Thank you, Your Honor.

5              THE COURT:  Question for you, Mr. Nelson.

6              MR. NELSON:  Yes.

7              THE COURT:  You saw BearBox's proposed, I guess,

8    compromise in terms of striking -- deleting some of the

9    language at the end of Lancium's proposed construction.

10             What's Lancium's response to that?

11             MR. NELSON:  Your Honor, I did see it briefly.

12   I haven't had a full chance to digest it because we did not

13   exchange slides in advance, so this was new.

14             THE COURT:  Okay.

15             MR. NELSON:  And I did not know about that

16   compromise in advance.

17             THE COURT:  Okay.

18             MR. NELSON:  We certainly would consider it.

19   And we're glad that at least they seem to agree with the

20   first half of our definition.  But I think from Lancium's

21   perspective what's important here -- the terms "power option

22   agreement" and "minimum power threshold," they somewhat

23   interrelate.  And the idea here is this system that is the

24   '433 patent discusses helping to balance the grid.  And you

25   balance the grid by committing to use that amount of power

1    systems to perform one or more computational operations.

2    What the claim does not say is the computing systems wherein

3    perform computation operations.  The system here that's

4    being claimed is setting it all up; it's setting the table

5    for what happens next.

6            And, again, this is just sort of a slide to

7    remind me, Your Honor, to state, again, that our position --

8    and we've laid this out in the summary judgment briefing --

9    is that even under Lancium's proposed plain and ordinary

10   meaning for these terms, which is large, unwieldy, and at

11   times redundant, we think reading in a limitation, is still

12   not dispositive on summary judgment.

13           We've laid out our case that Dr. McClellan, the

14   evidence supports conception and communication of that

15   invention to Lancium, even if "use" is read into the claims.

16           Any questions, Your Honor?

17           THE COURT:  Not at this time.

18           MR. HORTON:  Thank you.

19           MR. NELSON:  So let's go to slide 33.  And so

20   really what a lot of this dispute boils down to is trying to

21   read the -- at least in our view, the purpose of the patent

22   out of the patent.

23           The whole idea of the structure that's set up in

24   Claim 1 is that you have a system that requires ultimately

25   the load to use a certain amount of power.  Because if the

1   power threshold, it's the amount of power that load must use

2   during the time interval.  That's what the structure of

3   Claim 1 and the other claims is setting up; that in order to

4   operate in accordance with the claim, the structure of the

5   transaction is the minimum power threshold is the amount of

6   power that the load must use during an associated time

7   interval.

8            It's not enough to just purchase it, it's not

9   enough that it's delivered because it could be sold back.

10  And that's what BearBox's argument is, well, selling it

11  back, not using it somehow it counts, and it doesn't.  The

12  claim is clear.  And we ask that the Court adopt our

13  constructions.

14           And we think the issue -- if our constructions

15  are adopted, we think it is dispositive on summary judgment.

16  Because Dr. McClellan was asked -- and this is in the

17  briefing -- did BearBox's system consider this kind of

18  scenario?  And he said no.  It's an nonsensical scenario.

19  BearBox's system looks at this from the point of view of the

20  Bitcoin miner.  And is it more profitable for me than a

21  Bitcoin miner to sell my power back to the grid or -- or to

22  the wind farm or to mine Bitcoin.  The option to the extent

23  there even is one is with the Bitcoin mine in his system.

24  He has never thought of any of this.  Whereas it's clear

25  from the patent that the option is with the power entity,

1  indication from the specification that says a minimum power

2  threshold may be zero.  But I think what we can do is point

3  to the claim construction itself, it sort of takes care of

4  the notion that it can't all be zeros by the fact that the

5  last limitation contemplates providing an instruction to

6  perform one or more computational operations.

7          I think that means that there's got to be at

8  least some value for at least one minimum power threshold in

9  the set of minimum power thresholds.

10          THE COURT:  Okay.

11          All right.  Anything else?

12          MR. HORTON:  I think that's all, Your Honor.

13          THE COURT:  All right.

14          Mr. Nelson, anything else?

15          MR. NELSON:  One second.  My co-counsel is

16  writing here, so I'm not sure...

17          (Discussion held between counsel off the

18  record.)

19          MR. NELSON:  No, Your Honor.

20          THE COURT:  All right.  The Court is going to

21  take the arguments under advisement.

22          Thank both counsel for your presentations today.

23          One thing that I will ask the parties to do is

24  to meet and confer about the proposed compromise on power

25  option agreement and get back with me, let's say, by end of

1    the day on Monday to let us know that you guys were able to

2    reach an agreement on that.  And we will hold off on issuing

3    a ruling until we hear back from you on that.

4              And I'd ask you to file something in writing.

5    I'll ask the plaintiff, since it is your proposal, to

6    consult with defendants and file a letter in writing by

7    5:00 p.m. on Monday, letting us know whether you were able

8    to reach an agreement on that term.  And we will try to get

9    you a -- we will try to get the parties a construction on

10   these terms as soon as we can.

11             MR. HORTON:  Thank you, Your Honor.

12             MR. NELSON:  Thank you, Your Honor.

13             THE COURT:  With respect to -- just thinking in

14   the future, with respect to trial in this matter, if we have

15   a trial, the two inventorship claims for the Court -- is a

16   jury issue.

17             I understand there's a summary judgment pending

18   on that issue, but in the event that, you know, the

19   possibility that those things -- we still end up with at

20   least one bench issue and one issue for the jury to decide,

21   have the parties given thought about whether we have just

22   one trial and the Court decides what it has to decide and

23   let the jury decide what it has to decide or whether we

24   bifurcate.

25             Have the parties discussed it amongst

1    parties have had the opportunity to present their positions

2    to the Court with the appropriate support.

3                    MR. HORTON:  Thank you, Your Honor.

4                    MR. NELSON:  May I say one thing, Your Honor,

5    I'll be really quick, I promise.

6                    So the claims were different, you know, when we

7    talked about bifurcation before.  And also the statement

8    counsel made about the issues being interrelated, I'm not

9    sure they are, because the statements that were made to

10   overcome our preemption argument --

11                    THE COURT:  Again, I don't want to --

12                    MR. NELSON:  I'll stop there.

13                    THE COURT:  All right.

14                    Thank you all.

15                    ALL COUNSEL:  Thank you, Your Honor.

16                    (Whereupon, the following proceeding concluded

17   at 11:08 p.m.)

18                    I hereby certify the foregoing is a true

19   and accurate transcript from my stenographic notes in the

20   proceeding.

21                            /s/ Michele L. Rolfe, RPR, CRR
                                U.S. District Court
22

23

24

25