# EXHIBIT 17

```
                                                              Page 1
 1              IN THE UNITED STATES DISTRICT COURT
 2               IN AND FOR THE DISTRICT OF DELAWARE
 3                           - - -
 4
      BEARBOX LLC and AUSTIN        )
 5    STORMS,                       )
                                    )
 6           Plaintiffs,            )
                                    )
 7    vs.                           ) Civil Action No.
                                    ) 21-534-MN-CJB
 8    LANCIUM LLC, MICHAEL T.       )
      MCNAMARA, and RAYMOND E.      )
 9    CLINE, JR.,                   )
                                    )
10           Defendants.            )
11
                              - - -
12
                       Wilmington, Delaware
13                    Friday, April 22, 2022
                      Motion to Strike Hearing
14                             and
                    Discovery Dispute Hearing
15
                              - - -
16
      BEFORE:  HONORABLE CHRISTOPHER J. BURKE, Magistrate Judge
17
                              - - -
18    APPEARANCES:
19
               ASHBY & GEDDES, P.A.
20             BY:  ANDREW COLIN MAYO, ESQ.
21                  and
               MARSHALL GERSTEIN BORUN LLP
22             BY:  BENJAMIN HORTON, ESQ., and
23                  JOHN R. LABBE, ESQ.
                    (Chicago, Illinois)
24                     Counsel for Plaintiffs
```

Veritext Legal Solutions
215-241-1000 ~ 610-434-8588 ~ 302-571-0510 ~ 202-803-8830

```
 1   APPEARANCES:   (Continued)
 2
             BARNES & THORNBURG LLP
 3           BY:   CHAD S.C. STOVER, ESQ.
 4                 and
 5           BARNES & THORNBURG LLP
             ADAM KAUFMANN, ESQ.
 6           (Chicago, Illinois)
 7                 and
 8           BARNES & THORNBURG LLP
             MARK C. NELSON, ESQ.
 9           (Dallas, Texas)
10                         Counsel for Defendants
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

Page 42

1  dismiss that when it was recommending to the district
2  court that leave to amend should be granted, it was
3  talking about the claims that were actually dismissed
4  without prejudice in that prior motion to dismiss
5  briefing.
6            In fact, in articulating to the district
7  court why it is that the Court should permit leave to
8  amend, the Court was referring to the substance of the
9  parties' arguments about those two claims, neither of
10 which were trade secret misappropriation claims.  So it's
11 not the case that the Court intended its order to be
12 referring to any possible claims that the plaintiffs
13 might possibly want to bring later.
14           Now, that said, all that being said, I
15 would not cite to that as a reason why the motion to
16 strike should be granted because, of course, the
17 plaintiff could have filed a separate motion for leave to
18 amend with regard to these trade secret misappropriation
19 claims.  And I'm prepared to -- since I've had extensive
20 briefing here, I'm prepared to consider the plaintiffs'
21 briefs here as a de facto motion for leave because we
22 really should be addressing these squarely.  So I'll
23 consider the plaintiffs' motion for leave to amend to
24 have been raised by their briefing.

Page 47

1  have given me the documents, they would have been
2  required to point me to the portions of the documents
3  that provided this notice.
4           If they had done that in the briefings,
5  the defendants would have the opportunity to look at that
6  argument, and they might have said, We disagree, Judge.
7  Look at the portion of the documents that the plaintiffs
8  are pointing to.  That doesn't tell you anything about
9  what their claim is now.  But, again, the defendants
10 couldn't do that because the plaintiffs didn't make the
11 record.  And so that's why we have the briefing process
12 so that the record can be made and the arguments can be
13 set out by the parties, and it wasn't done here.
14           So, anyway, it's clear to me that I don't
15 have a sufficient record to demonstrate good cause on the
16 plaintiffs' part so I don't have a record to permit the
17 amendment and, therefore, the motion to strike, which
18 relies on the lack of good cause is well taken.
19           So I'm going to order that the motion to
20 strike be granted, and that the trade secret
21 misappropriation counts in the second amended complaint
22 be stricken in that regard.
23           Now with that said, that takes us to our
24 discovery dispute issue.  And that dispute has a

Page 82

1  free to do so, okay?
2          All right.  So with all that said,
3  Counsel, thanks for your patience today.  I appreciate
4  it.  I wish everybody continued health and safety.  And
5  if there's nothing further, we'll end our teleconference
6  today and go off the record.  I wish everyone a great
7  weekend.
8          (The hearing concluded at 4:57 p.m.)

Page 83

1                    C E R T I F I C A T E

2

3

4       I do hereby certify that the foregoing hearing was

5    taken before me, pursuant to notice, at the time and

6    place indicated; that the statements of participants were

7    correctly recorded in machine shorthand by me and

8    thereafter transcribed under my supervision with

9    computer-aided transcription; that the transcript is a

10    true record of the statements made by the participants;

11    and that I am neither of counsel nor kin to any party in

12    said action, nor interested in the outcome thereof.

13

14       WITNESS my hand and official seal this 27th day of

15    April A.D. 2022.

16                                  *[signature: Carrie Elizabeth Gold]*

17    _____

            Notary Public

18

19

20

21

22

23

24