# EXHIBIT 7

1

1                    IN THE UNITED STATES DISTRICT COURT

2                    IN AND FOR THE DISTRICT OF DELAWARE

3

4   BEARBOX LLC and AUSTIN STORMS,        )
                Plaintiffs,               )
5   v.                                    )
                                          )   C.A. No.
6   LANCIDM LLC, MICHAEL T.               )   21-534-MN-CJB
    MCNAMARA, and RAYMOND E. CLINE,       )
7   JR.                                   )
                Defendants.               )

8

9

10                              - - - -

11                      Wilmington, Delaware
                        Thursday, October 20, 2022
12                      Markman Transcript

13                              - - - -

14

15

16    BEFORE:   HONORABLE GREGORY B. WILLIAMS
                UNITED STATES DISTRICT COURT JUDGE
17

18                              - - - -

19

20

21

22

23

24

25                              Michele L. Rolfe, RPR, CRR

1    APPEARANCES:

2

3

4
                        ASHBY & GEDDES
5                       BY: ANDREW C. MAYO, ESQ.

6                           -and-

7                       MARSHALL, GERSTEIN & BORUN LLP
                        BY: BENJAMIN T. HORTON, ESQ.
8
                                For the Plaintiffs
9

10                      BARNES & THORNBURG LLP
                        BY:  CHAD S.C. STOVER, ESQ.
11                           MARK C. NELSON, ESQ.
                             ADAM M. KAUFMANN, ESQ.
12
                                For the Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

1    buy power at a certain price is much closer to a power

2    purchase agreement; it reads the option out of power option

3    agreement completely.

4              Thank you, Your Honor.

5              THE COURT:  Question for you, Mr. Nelson.

6              MR. NELSON:  Yes.

7              THE COURT:  You saw BearBox's proposed, I guess,

8    compromise in terms of striking -- deleting some of the

9    language at the end of Lancium's proposed construction.

10             What's Lancium's response to that?

11             MR. NELSON:  Your Honor, I did see it briefly.

12   I haven't had a full chance to digest it because we did not

13   exchange slides in advance, so this was new.

14             THE COURT:  Okay.

15             MR. NELSON:  And I did not know about that

16   compromise in advance.

17             THE COURT:  Okay.

18             MR. NELSON:  We certainly would consider it.

19   And we're glad that at least they seem to agree with the

20   first half of our definition.  But I think from Lancium's

21   perspective what's important here -- the terms "power option

22   agreement" and "minimum power threshold," they somewhat

23   interrelate.  And the idea here is this system that is the

24   '433 patent discusses helping to balance the grid.  And you

25   balance the grid by committing to use that amount of power

1       and -- because otherwise there's nothing to curtail.

2                   And so whether it be -- you know, that's going

3       to be the dispute with minimum power threshold.  So I guess

4       to answer your question directly, Your Honor, can I have a

5       little while to think about it?

6                   THE COURT:  Okay.  Understood.  Understood.

7                   Mr. Horton, question for you -- a couple of

8       questions, follow-up questions on the power option agreement

9       term.

10                  What is BearBox's plain and ordinary meaning of

11      power option agreement?

12                  MR. HORTON:  Your Honor, I would submit that

13      it's the compromise that we put up, we'd be satisfied with

14      that.

15                  THE COURT:  I understand that --

16                  MR. HORTON:  Plain and ordinary meaning.

17                  THE COURT:  -- that's your construction today,

18      proposed construction today.  You -- that doesn't appear to

19      be the construction that your expert was giving.

20                  MR. HORTON:  Yeah, I disagree with that, Your

21      Honor.  Our interpretation of the claim terms has -- was

22      made clear in this case going back to, I believe, mid-2021

23      when we're responding to the initial set of interrogatories

24      from the defendants asking us to map our evidence of

25      consumption to each and every limitation of each and every

1           So moving on to minimum power threshold, Your

2    Honor.  Again, BearBox's construction has always been plain

3    and ordinary meaning.  That was Lancium's construction of

4    the term as well up until the summary judgment brief was

5    filed.  That was Lancium's interpretation -- was consistent

6    with BearBox's or at least they didn't dispute it all the

7    way through fact discovery, all the way through expert

8    reports, and only in summary judgment did they raise an

9    issue.  Trying to --

10           THE COURT:  Didn't both sides reserve the right

11    to request claim construction in the future if necessary?

12           MR. HORTON:  They did, Your Honor.  They did.

13           So if we're trying to resolve a perceived issue

14    about what the plain and ordinary meaning is, this is an

15    attempt at a compromise to try to harmonize, again, the

16    claim.

17           A minimum power threshold, BearBox's proposes

18    would be a minimum amount of power delivered to a load

19    unless the power entity exercises the option.  And, again,

20    the option would be discussed in the previous plain and

21    ordinary meaning of power option agreement.

22           What we want to be clear about here, though, is

23    that a minimum power threshold may be zero.  We didn't think

24    this was controversial until the summary judgment briefing,

25    because the patent is so clear about that.

1    parties have had the opportunity to present their positions

2    to the Court with the appropriate support.

3              MR. HORTON:   Thank you, Your Honor.

4              MR. NELSON:   May I say one thing, Your Honor,

5    I'll be really quick, I promise.

6              So the claims were different, you know, when we

7    talked about bifurcation before.  And also the statement

8    counsel made about the issues being interrelated, I'm not

9    sure they are, because the statements that were made to

10   overcome our preemption argument --

11             THE COURT:   Again, I don't want to --

12             MR. NELSON:   I'll stop there.

13             THE COURT:   All right.

14             Thank you all.

15             ALL COUNSEL:   Thank you, Your Honor.

16             (Whereupon, the following proceeding concluded

17   at 11:08 p.m.)

18                  I hereby certify the foregoing is a true

19   and accurate transcript from my stenographic notes in the

20   proceeding.

21                            /s/ Michele L. Rolfe, RPR, CRR
                                 U.S. District Court

22

23

24

25